# In the United States Court of Federal Claims

Case No. 06-360C
(Filed: April 20, 2007)

***************************************************
THE RAVENS GROUP, *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant,* *
*
and *
*
ROWE CONTRACTING SERVICES, INC., *
*Intervenor.* *
***************************************************

## ORDER

The Court held a Preliminary Status Conference in the above-captioned case on April 20, 2007. This order summarizes the results of that conference.

The Parties clarified several factual issues. The Parties confirmed that The Ravens Group has been performing continuously since the first award of the Contract, despite the series of protests, re-evaluations, awards and purported terminations. The two numbers referenced in the complaint (HHM402-05-R-0017 and HHM402-06-C-0026 ) refer to the same Contract – the first is the Solicitation or RFP number, the second is the actual Contract number. Finally, although Option Year 2 will expire in October of 2007, the Contract includes additional option years, increasing the time period at stake in the dispute.

**The Parties shall file a Joint Status Report ("JSR") no later than 12:00 p.m. (noon) on Thursday, April 26, 2007, updating the Court on the status of the following matters.**

**A second telephonic Status Conference has been tentatively scheduled for Friday, April 27, 2007, at 10:00 a.m.**

Intervenors:

Rowe Contracting Services, Inc. ("Rowe"), the recipient of the most recent award of this Contract, made a motion to intervene. **Rowe's motion to intervene was GRANTED**. Olympus Building Services ("Olympus") is also a bidder on the Contract and has a pending bid protest before the GAO. Olympus has not yet determined whether it will intervene. **Olympus shall inform the Court when it makes its decision and shall participate or not in the second Status Conference accordingly.**

Temporary Restraining Order:

The Plaintiff has not requested a Temporary Restraining Order ("TRO"). The Plaintiff does not anticipate the need for a TRO because it is currently performing under the Contract, and has not received a formal notice of termination. **The Parties shall discuss arrangements for Contract performance during the course of litigation and inform the Court if a TRO may be sought.**

Filing of the Administrative Record:

The Parties discussed the possible contents of the Administrative Record. **The Defendant shall inform the Court in the JSR how long it will take for the Administrative Record to be compiled.**

Protective Order:

The Parties confirmed that sections of the record in this case will need to be protected. The Court will provide the Parties with a copy of its standard provisional Protective Order and allow the parties to suggest in the JSR any changes which may be necessary.

Briefing Schedule:

At least some of the Parties anticipate filing motions to dismiss, unless the Parties can reach an agreement about dropping counts from the case. **The Parties shall agree on a briefing schedule for any motions to dismiss. The Parties shall also agree on a tentative briefing schedule for motions for judgment on the administrative record as to any issues remaining in the case.** The schedules shall be set forth in the JSR.

**IT IS SO ORDERED.**

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge