# In the United States Court of Federal Claims

Case No. 07-243C
(Filed: April 20, 2007)

| | |
|---|---|
| THE RAVENS GROUP, INC. *Plaintiff*, | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant,* | * |
| and | * |
| ROWE CONTRACTING SERVICES, INC., *Intervenor.* | * |

## SPECIAL PROCEDURES ORDER

*(Bid Protest Case)*
*(Revised July 31, 2006)*

Pursuant to Rules of the United States Court of Federal Claims (RCFC), the following procedures will apply in this case:

1. **Settlement and Alternative Dispute Resolution (ADR).** The Court wishes to encourage the parties to resolve this dispute by agreement, rather than litigation. The Court will be responsive to every suggestion by the parties that furthers this goal, and can offer resources to aid in settlement.

2. **Initial Procedures.** The parties will carefully review Appendix C to the RCFC, which describes this Court's standard practices in bid protest cases. After the filing of the complaint, the Court will hold a telephonic Preliminary Status Conference as soon as possible. No Joint Preliminary Status Report will be filed. The purpose of the conference is to set schedules for the filing of: the Administrative Record and its amendments, if any; dispositive motions; and oral argument, should it prove necessary.

   Scheduling the telephonic preliminary status conference is counsels' joint responsibility. Please call the Court's Judicial Assistant, Ms. Denise Lawson, at (202) 357-6500, proposing three mutually convenient alternate dates.

   The defendant shall file or make available for inspection the Administrative Record by the date established at the Preliminary Status Conference. Motions to supplement the Administrative Record shall require leave of the Court and are disfavored. **Under no circumstances will the Administrative Record be supplemented after the filing of dispositive motions.**

3. **Counsel Attendance and Preparation.** Routine status conferences will be on the record via telephone. Defendant will initiate the conference call with plaintiff, before calling the Judge's chambers. Counsel are expected to be well prepared and to have previously met and discussed all matters thoroughly. A casual knowledge of the issues will not suffice.

4. **Enlargements of Time.** Counsel are expected to follow diligently the provisions of RCFC 6(b) with respect to motions for enlargement of time. Motions should be filed sufficiently in advance of the due date to permit the other party to respond, and to permit the Court to rule. **Enlargements which are unavoidably filed close to or after the due date must seek leave of Court and must state explicitly the unusual circumstances necessitating the late motion and the requested enlargement.** Courtesy copies of late motions should be sent by facsimile.

5. **<u>Motions: In General</u>.** Motions may be made orally in open Court or in writing. **When made in writing, the motion shall be separately captioned and briefly titled, and shall set forth the party's request in simple, direct language, with citation to the proper rule or statutory authority. Alternative requests shall be set forth as such. Supporting memoranda or briefs shall be separately captioned and titled. The Court does not recognize motions set forth in the text of memoranda or in footnotes.**

6. **<u>Briefs and Appendices</u>.** The Court looks with favor on briefs written in clear, dark print, in plain English, and which avoid footnotes, especially substantive footnotes, string cites and other surplusage. **The Court will be especially gratified if counsel using variable font print submissions in Arial, 14-point, as used in this order.** Authorities chiefly relied upon should be so indicated in the Table of Authorities by bold-face, asterisks, or otherwise.

   **When filing substantive briefs, the parties are to include an appendix including all documents and exhibits relied upon for the submission. The appendix shall be bound separately from briefs, motions, and other submissions. The appendix shall also contain a table of contents and all documents shall be separated by tabs.** The appendix should include a chronology where appropriate, a list of significant persons who are referred to in the documents, together with their positions and other identifying characteristics, and a glossary of unusual terms and acronyms. In some cases, the Court may require the parties to file a joint appendix prior to oral argument. However, this will ordinarily not be the case provided the initial submissions are clear and understandable.

7. **<u>Reply Briefs</u>.** A moving party's Reply brief is limited to responding to matters contained in the other party's opposition brief. A party wishing to advance new arguments in a reply brief must request leave of Court. **Requests are disfavored.**

8. **Rule 52.1(b) Consolidated Statement of Facts: In General.** In order to make the factual aspects of the case more manageable, **the Court orders the parties to jointly submit a Consolidated Statement of Facts (CSF) drawing upon and citing to portions of the Administrative Record that bear upon the issues presented to the Court. This Consolidated Statement combines the submissions required by RCFC 52.1(b) into one document. The parties should NOT file individual Statements and Counter-Statement of Fact.**

   The CSF should be submitted in conjunction with briefing of RCFC 52.1(b) Judgments on the Administrative Record and prior to oral argument, **but in no event later than one week following the close of briefing.** The CSF should be tailored appropriately for the motion(s), containing only material facts upon which the motion(s) is based.

9. **Consolidated Statement of Facts: Format.** The Court expects parties to **strictly** adhere to the following instructions:

   - The CSF shall consist of the factual assertions of the parties arranged in a logical order, numbered sequentially, and identified as to originating party. Each assertion should contain citations to the pages of the Administrative Record which, in the party's view, support the assertion.

   - Each assertion should be in bold-faced type. If the other party contests an assertion, it should append a short statement of the objection immediately following the asserted fact. The controverted words should be lined out in a manner that permits the text to be read. The objecting party should cite to pages in the Administrative Record supporting the objection. Each contested assertion with its objection should be on one page.

   - If the statement is not controverted, it should remain as is; do not add "uncontroverted" or similar text. A sequence of uncontroverted assertions may appear on the same page.

**The parties are encouraged to remember that:** 1) inferences are not facts, and should be reserved for argument; 2) the absence of a fact should be included only if explicitly addressed in the record; and 3) an asserted lack of relevance is not a basis for objection.

10. **Oral Argument.** When it appears that the resolution of a matter will be facilitated by oral argument, the Court may invite the parties to appear in person or by telephone for this purpose. Ordinarily, oral argument will follow completion of written briefing on the matter.

    **Oral presentations will be limited to arguments and authorities contained in the written submissions.**

    **New matters advanced during argument may be ruled out of order.** A party wishing to refer at oral argument to authority not previously contained in the written submissions **must notify the other parties and the Court at the earliest possible time,** in writing if time permits. **Newly discovered authority** must be specially identified as such at oral argument. It is always in order to advise the Court and parties of **newly decided authority.**

11. **Communication With the Court. All communications with the Court shall be by motion filed with the Clerk of Court or made in open court. Letters and conversations with Chambers are not acceptable substitutes**. Scheduling questions should be addressed to Ms. Lawson or one of my law clerks. Questions regarding filing requirements and standard procedures of the Court should be addressed to the Clerk of Court at (202) 357-6400.

12. **Courtroom Technology.** The Court may, from time to time, conduct hearings and trials in Courtrooms 4-6, the technology-enabled courtrooms in the National Courts Building. Any party wishing to utilize the Court's technology shall make arrangements to do so by contacting Ms. Lawson or one of my law clerks, at the earliest possible date.

13. **Courtesy Copies.** Copies may be sent to the Chambers by facsimile at (202) 357-6506. **Originals must be filed with the Clerk of Court.**

IT IS SO ORDERED.

/s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge