**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| The Ravens Group, Inc.<br>Plaintiff,<br>v.<br>United States<br>Defendant,<br>and<br>Rowe Contracting Services, Inc.<br>Third party/Intervenor. | CFC No. 07-243<br>Judge Baskir |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR ROWE CONTRACTING SERVICES, INC.'S MOTION TO DISMISS**

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com

Counsel for Intervenor

Date: April 26, 2007

# Table of Contents

Table of Authorities ........................................................................ ii

Statement of Questions Involved ....................................................... iii

Statement of the Case ....................................................................... 1

*Discussion* ............................................................................... 1

Count I should be dismissed pursuant
to Rule 12(b)(1) and (6) ................................................ 6

Count II should be dismissed pursuant
to Rule 12(b)(1) and (6) ................................................ 7

Count III should be dismissed pursuant
to Rule 12(b)(1) and (6) ................................................ 7

Count IV should be dismissed pursuant
to Rule 12(b)(6) ........................................................... 10

Count V should be dismissed pursuant
to Rule 12(b)(1) and (6) ................................................ 11

Count VI should be dismissed pursuant to
to Rule 12(b)(6) ........................................................... 11

Count VII should be dismissed pursuant
to Rule 12(b)(1) and (6) ................................................ 12

*Conclusion* ................................................................................ 12

Certificate of Service ........................................................................ 13

***Appendix filed separately.*

# Table of Authorities

<u>Cases</u> page.

* *Statistica, Inc. v. Christopher*, 102 F.3d 1577 (Fed. Cir. 1996).......... 5

* *Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578
(Fed. Cir. 1995) .......................................................... 9

<u>Federal Acquisition Regulation</u>

§17.207(c)(3)........................................................................ 4

§17.207(e)........................................................................... 4

§ 33.104 .............................................................................. 10

§ 49.502(b)(1)(i) ................................................................. 8

§ 52.249-2............................................................................ 6, 8

§ 52.249-2(e)........................................................................ 6

§ 52.249-2(g)........................................................................ 9

## STATEMENT OF QUESTIONS INVOLVED

1. Whether the Complaint should be dismissed, in whole or in part, for lack of jurisdiction over the subject matter.

2. Whether the Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

Pursuant to Rule 12(b)(1) and (6), Intervenor Rowe Contracting Services, Inc. ("Rowe") hereby files its Memorandum of Law in Support of its Motion to Dismiss the Complaint of The Ravens Group, Inc, ("Ravens").

## Discussion

In its Complaint Ravens seeks injunctive and declaratory relief regarding the decision of the United States Defense Intelligence Agency ("DIA") to award a janitorial/custodial services contract to Rowe. Complaint, page 1. However, nowhere in the Complaint does Ravens allege that Ravens' proposal was misevaluated. Nowhere in the Complaint does Ravens allege that the proposal of Rowe, the awardee, was misevaluated. This omission is telling because it highlights the true nature of Ravens' protest. Ravens' complaint is not that Ravens offered the best proposal to DIA. Instead, Ravens repeatedly argues that Rowe cheated to win the contract. *See* Complaint ¶¶ 17, 23, 24, 35-39, and 68-73. These allegations of unfair competition by a competitor do not state a cause of action over which the Court has jurisdiction.

The same allegations being made by Ravens in this case previously were made by Ravens to both DIA and the U.S. Government Accountability Office ("GAO"). And, Ravens has admitted that both DIA and GAO rejected

Ravens' assertions. Complaint ¶ 24. What Ravens fails to tell the Court is that Ravens submitted the same statements that it attached to its Complaint, as Exhibits A-D, to GAO in April and June 2006. And, Ravens also ignores the fact that in a July 14, 2006 decision by GAO, GAO found that Ravens "mischaracterize[d] the Ravens employee's statements." *See* The Ravens Group, Inc. – Reconsideration, B-296741.7, July 14, 2006 at 3. (Attached as Exhibit 1 to the Appendix are GAO decisions dated May 19, 2006, July 14, 2006 and March 15, 2007, which together deny the five protests filed by Ravens.) The allegations made by Ravens in the protests are mimicked by Ravens in its Complaint. The Court can take judicial notice of these published GAO decisions. Federal Rules of Evidence, Rule 201.

Further, a careful reading of Ravens' Complaint shows that Ravens' assertion that Rowe made cash payments to employees of Ravens "in exchange for information regarding The Ravens Group" (Complaint ¶ 20), is based on an undated and unnotarized hearsay statement of Milton Grant included by Ravens as Exhibit B to its Complaint. That statement says that Ernest Fields told Milton Grant that Fields and Wendy Scott received $500 each "in exchange for help and information to **transition the contract** from The Ravens Group to Rowe Contracting Services." Complaint, Exhibit B

(emphasis added). Thus, Ravens' own pleading shows that its hearsay allegation relates to information obtained to transition the contract work to Rowe **after** award of the contract. Even accepting Ravens' "facts" as true, by definition, any information obtained after award could not have helped Rowe to prepare its proposal or obtain contract award.[1]

The fact is that Ravens was improperly awarded a janitorial contract on June 28, 2005. Since then DIA has made three new selection decisions, one time selecting NOSLOT Cleaning Services, Inc. and twice selecting Rowe. *See* GAO Decisions attached as Appendix, Exhibit 1. Contrary to Ravens' allegation in paragraph 41 of its Complaint, DIA did not award "this single procurement a total of six (6) times. . . applying the same evaluation factors." Contrary to Ravens' allegation in paragraph 42 of its Complaint, DIA did not determine on three separate instances that "award to The Ravens Group represented the 'best' or 'most advantageous' **contract award** to the Government." (Emphasis added.) Instead, as Ravens asserts elsewhere in its Complaint, DIA made award to Ravens

[1] Despite the fact that GAO pointed out that Ravens mischaracterized the employee statements, Ravens included the same stale, unnotarized, hearsay statements with its Complaint and again mischaracterized the statements. Also, in its Complaint, Ravens did not include any statements of Ernest Fields or Wendy Scott (the recipients of the allegedly improper payments) or update the statements that GAO found Ravens had mischaracterized.

once in June 2005 and twice exercised options under the contract. Complaint ¶¶ 7, 13, 28.

Ravens misrepresents to the Court that it was selected for "award" by DIA three times "applying the same evaluation factors." Complaint ¶¶ 41, 42. Instead, in accordance with Federal Acquisition Regulation ("FAR") §17.207(c)(3), DIA exercised the options because, given the then pending GAO protests, "[t]he exercise of the option [was] the most advantageous method of fulfilling the Government's need, price and other factors . . . considered . . . ." *See also* FAR §17.207(e) (requiring the Government to consider "continuity of operations" in determining whether to exercise an option).

Ravens also misrepresents to the Court what FAR §17.207 states. Ravens, in arguing that DIA on three occasions found that Ravens represented the best value to the Government, actually represents to the Court that FAR Subpart 17.207 required DIA to make a finding that award of the option represented the "best value" to the Government. Complaint ¶ 43. FAR Subpart 17.207 does **not** contain the words quoted by Ravens. That is another "mischaracterization."

At the end of the day, Ravens has performed a contract for almost two years even though GAO and DIA repeatedly have found that Ravens

did not offer the best value to the Government. Ravens received this two year windfall of business at the expense of Rowe, the Government, and taxpayers – which have been paying Ravens' higher prices. Ravens obtained this windfall as a result of filing multiple protests that were rejected as being without merit. For Ravens to suggest that the passage of time, which has been caused in part by its meritless protests, should prevent DIA from now starting performance of the Rowe contract is preposterous. It would reward Ravens for its delay tactics. More importantly, for purposes of this motion, the fact that Ravens has received almost two years worth of work when it has been found not to have offered the best value to the Government and it has not asserted that its proposal was misevaluated, shows that Ravens has not alleged any prejudice. Prejudice is a required element of any protest. *See Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed. Cir. 1996) (holding that the "protestor must show not simply a significant error in the procurement process, but also that the error was prejudicial, if it is to prevail in a bid protest").

Much of Ravens' Complaint also fails because it challenges issues of contract administration subject to the Contract Disputes Act ("CDA"). *See, i.e.,* Complaint ¶ 47 (seeking to enjoin DIA from terminating Ravens' contract). As the Court knows, under the standard Termination for

Convenience of the Government clause at FAR § 52.249-2, DIA has the right to terminate Ravens' contract for the convenience of the Government. In that case, Ravens' remedy would be to file a termination settlement proposal under FAR § 52.249-2(e), not to seek to enjoin the termination.

As discussed further below, the Court does not have jurisdiction over much of Ravens' Complaint; many allegations in the Complaint are contradicted by other portions of Ravens' Complaint and the statements attached as exhibits to the Complaint; Ravens has failed to state claims over which relief can be granted; Ravens has not asserted prejudice; and much of Ravens' complaints are questions of contract administration for which Ravens has not exhausted its administrative remedies or followed the procedures of the CDA.

For these reasons and those discussed below, Ravens' Complaint should be dismissed in its entirety.

## I. Count I should be dismissed pursuant to Rule 12(b)(1) and (6).

COUNT I

Count I alleges unfair business practices against Rowe. The Court does not have jurisdiction over a complaint against Rowe. Count I also fails to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(1) and (6), Count I should be dismissed.

**II. Count II should be dismissed pursuant to Rule 12(b)(6).**

COUNT II

Count II is denominated irrational contract award. Count II is at odds with facts presented by Ravens in the Complaint. Count II misrepresents the law (FAR § 17.207) on which it purports to rely.

Boiling Count II down to its essence, Ravens is alleging that because DIA exercised options in Ravens' contract, it was irrational for DIA to select Rowe's proposal as representing the best value to the Government. That, of course, does not state a basis for a claim. As the FAR provision cited by Ravens makes clear, the criteria for exercising an option under a contract are different than the evaluation criteria in the solicitation that formed the basis of the award to Rowe. Ravens' Count II fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

**III. Count III should be dismissed pursuant to Rule 12(b)(1) and (6).**

COUNT III

In Count III Ravens argues that DIA breached its implied duty of good faith and fair dealing. Ravens specifically argues that DIA notified Ravens that the contract would remain in effect until further notice. Complaint ¶ 49. Ravens interpreted that to mean that it was guaranteed continued

performance of the contract notwithstanding the reevaluation that Ravens knew or should have known was being conducted of proposals. Assuming that Ravens is correct that DIA was guaranteeing Ravens continued performance of the contract for a finite or infinite time, DIA's termination of the contract contrary to any guarantee would lead to a claim for wrongful termination redressable under the CDA, not a bid protest action.

Ravens' Count III also suffers from the same defect as its Count II. Contrary to the law, Ravens attempts to bootstrap DIA's exercise of an option into a decision that Ravens should receive contract award. Complaint ¶¶ 51, 53. And, Ravens complains that DIA exercised an option without "any reservations." *Id.* ¶ 52. Again, such argument ignores the fact that options are not exercised with reservations permitting terminations for convenience. Ravens' contract, by law, included a clause giving DIA the right to terminate the contract for any reason or no reason. FAR § 52.249-2; *see also* FAR § 49.502(b)(1)(i). ("The contracting officer shall insert the clause at 52.249.2, Termination for Convenience of Government (Fixed Price), in solicitations and contracts when a fixed-price contract is contemplated. . . .")

To the extent Ravens is arguing that any termination by DIA would be in bad faith, that claim should be rejected. Again, that is a matter of

contract administration for which Ravens has not exhausted its administrative remedies. Also, Ravens' Count III does not plead the "well-nigh irrefragable proof" required by the Federal Circuit to sustain a claim of bad faith. *See Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578, 1581 (Fed. Cir. 1995) (stating that a contractor may overcome the presumption that the government acts in good faith when contracting "only if it shows through 'well-nigh irrefragable proof' that the government had specific intent to injure it").

Ravens' Count III also alleges that Ravens was prejudiced by DIA's actions. Complaint ¶ 60. However, the facts alleged by Ravens show that Ravens was not prejudiced. Moreover, prejudice, in the terms of any extra costs incurred by Ravens in connection with a termination is totally mitigated by Ravens' right to receive payment under the Termination for Convenience clause of its contract. FAR § 52.249-2(g).

Ravens' Count III should be dismissed both because it fails to state a claim for which relief can be granted and the Court lacks jurisdiction over a contract administration claim for which Ravens has not exhausted its administrative remedies.

## IV. Count IV should be dismissed pursuant to Rule 12(b)(6).

COUNT IV

Count IV asserts a violation of the notification requirement of FAR § 33.104. That provision requires notice of protests. This count is based on Ravens' allegation that DIA did not promptly notify Ravens of a protest, almost two years ago, in June 2005. Complaint ¶ 62. Ravens further complains that it did not receive prompt notice of another protest in September (Complaint ¶ 63) and did not receive Notice of Corrective Action issued on October 24, 2006 (Complaint ¶ 64). Accepting Ravens' allegations as true, the last of these alleged failures to notify Ravens took place six months ago.

Again, even if Ravens did not receive the notices promptly, it was not prejudiced by the alleged lack of notice. The lack of notice did not cause Ravens' price to be higher than Rowe's price, and Ravens does not allege otherwise. The alleged lack of notice did not cause Ravens to submit a technical proposal to DIA that was evaluated as being less advantageous than Rowe's technical proposal, and Ravens does not allege otherwise. In fact, the only prejudice apparently asserted by Ravens is that the delayed receipt of the notice caused it to incur expense for personnel required to perform the contract that Ravens has been performing for almost two

years. Complaint, ¶ 11. In another paragraph of its Complaint, Ravens complains about being deprived "of the opportunity to request and receive a debrief." Complaint ¶ 31. Accepting all of Ravens' allegations as true, incurring costs for personnel to perform a contract for which Ravens has been compensated, and being deprived of a debrief do not make the decision to award the contract to Rowe arbitrary or in bad faith.

Count IV should be dismissed because it fails to state a claim upon which relief can be granted.

## V. Count V should be dismissed pursuant to Rule 12(b)(1) and (6).

COUNT V

Count V, like Count I, asserts unfair business practices against Rowe. That count should be dismissed under Rule 12(b)(1) and (6).

## VI. Count VI should be dismissed pursuant to Rule 12(b)(6)

COUNT VI

Count VI argues that the award to Rowe is improper because NOSLOT had no standing to protest the initial award to Ravens. Accepting Ravens' allegation as true, this argument ignores the fact that DIA legally can determine to reevaluate proposals and make a new selection decision without any protest.

Count VI should be dismissed for failing to state a claim upon which relief can be granted.

**VII. Count VII should be dismissed pursuant to Rule 12(b)(1) and (6).**

COUNT VII

Count VII alleges "Totality of the Circumstances." Count VII is merely a compilation of Ravens' complaints in Counts I through VI. For the reasons discussed above, Count VII should be dismissed pursuant to Rule 12(b)(1) and (6).

## Conclusion

For the above reasons, Intervenor Rowe requests that Ravens' Complaint be dismissed, in its entirety, with prejudice.

Respectfully submitted,

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor

DATED: April 26, 2007

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2007, I caused a copy of the foregoing Memorandum of Law in Support of Intervenor Rowe Contracting Services, Inc.'s Motion to Dismiss and Appendix to be served via email on the following:

Roger A. Hipp, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12072
Washington, DC 20530
Telefax No. (202) 307-0992

and

Daryle A. Jordan, Esquire
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, VA 22003.

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor