GAO
Accountability • Integrity • Reliability

United States Government Accountability Office
Washington, DC 20548

Office of General Counsel

# Facsimile Transmission Sheet

Number of pages, including this cover sheet: 3

If transmission problems occur, please call 202-512-9710.
Our fax number is 202-512-9749.

**Date:** August 2, 2005

**Re:** B-296914
Protest of Olympus Building Services, Inc.

**From:** Jacqueline Maeder, Senior Attorney

| Name | Firm/Agency | Phone | Fax |
|---|---|---|---|
| Ruth Gannister | Rosenthal and Ganister | 610-430-6890 | 610-430-6889 |
| Major Peter H. Tran | Department of the Army | 703-696-2825 | 703-696-1535 |

**Comments:** None

COPY

ROSENTHAL AND GANISTER
ATTORNEYS AND COUNSELORS AT LAW

31 TURNER LANE
WEST CHESTER, PA 19380
(610) 430-6890
FAX (610) 430-6889
E-MAIL: ROSEGANIST@AOL.COM

August 3, 2005

*Copy Via Telefax and Overnight Courier*
*202-512-9749*

Jacqueline Maeder, Esquire
Senior Counsel
Office of General Counsel
Government Accountability Office
441 "G" Street, N.W.
Room 1139
Washington, D.C. 20548

Attn: Procurement Law Control Group

Re: Protest of Olympus Building Services, Inc.
Solicitation No. HHM402-05-R-0017
Bid Protest No. B-296914

Dear sir:

Please be advised that this office represents Olympus Building Services, Inc. (herein "Olympus") of 244 S. Main Street, New Hope, PA 18938-1212; telephone: (215)862-5066; fax (215) 862-7066 with regard to the afore-referenced solicitation and protest. By letter dated this date and enclosing a copy of the Contracting Officer's Notice of Corrective action, the agency has advised that it is taking corrective action with regard to the evaluation of offers under said solicitation. Accordingly, it appears that the issues raised by the protest may be mooted by the corrective action which the agency has indicated it intends to take. Therefore, on behalf of Olympus we herewith withdraw said protest subject to reinstatement should the agency not take the corrective action proposed.

Sincerely,

Ruth E. Ganister

cc: Major Peter Tran, Esquire (via fax and regular mail) ✓
Tony Hipple, President (via fax and regular mail)
Olympus Building Services, Inc.

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2825; DSN 426; Fax ext. 1537
E-mail: Peter.Tran@hqda.army.mil

REPLY TO
ATTENTION OF

August 3, 2005

Contract Appeals Division

**VIA FACSIMILE**

Ms. Jacqueline Maeder, Esq.
Office of the General Counsel
U.S. Government Accountability Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of Olympus Building Services, B-296914

Dear Ms. Maeder:

Enclosed please find a letter from the Contracting Officer indicating the Agency's intent to take corrective action. Based upon this corrective action, the agency requests that the subject protests be dismissed as academic. *Dyna-Air Engineering Corp.*, B-278037, Nov. 7, 1997, 97-2 CPD ¶ 132.

If you have any questions regarding this matter, please contact MAJ Peter Tran at (703) 696-2825, facsimile (703) 696-1537.

Sincerely,

Peter H. Tran

Peter H. Tran
Major, U.S. Army
Trial Attorney

Copies Furnished by facsimile:

Protester:

Ruth Ganister, Esq., Rosenthal and Ganister
Telephone: (610) 430-6890; Facsimile: (610) 430-6889

Contracting Officer:

Guy Torres, Defense Intelligence Agency, Virginia Contracting Agency

Telephone: (202) 231-8077; Facsimile: (202) 231-2831

Field Attorney:

LtCol Joe Treanor, Esq., Defense Intelligence Agency
Telephone: (202) 231-2821; Facsimile: (202) 231-2831

**DEFENSE INTELLIGENCE AGENCY**
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

August 2, 2005

U-2053/AE-2A

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team I, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296914; Protest of Olympus Building Services, Inc.

Contracting Officer's Notice of Corrective Action

RFP HHM402-05-R-0017 (the "Solicitation") for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building was issued on 14 April 2005. The Solicitation closed on 13 May 2005. Nine offers were received in response to the Solicitation. Award was made to The Ravens Group, LLC, on 17 June 2005. Olympus Building Services, Inc. was debriefed on 12 July 2005. On 19 July 2005, Olympus filed a protest of the award with the Government Accountability Office (GAO) (B-296914).

The Government has reviewed the allegations contained in the protest filed by Olympus Building Services, Inc. Although the protest is not clearly meritorious, the Agency has decided to take the following corrective action. The Agency intends to re-evaluate the nine proposals that were received at the close of the original submission deadline on May 13, 2005. Once the proposals have been re-evaluated, award may be made without discussions. If the Agency determines that discussions are warranted, a competitive range will be established and discussions will be conducted with all offerors within the range. Upon completion of discussions, offerors within the competitive range will be provided the opportunity to submit final revised proposals.

In light of the serious detrimental impact that would result from work stoppage under the present awarded contract, current janitorial and custodial services will continue unimpeded. If after the evaluation, another contractor is deemed the appropriate awardee, the contract with The Ravens Group, LLC, will be terminated for convenience and the appropriate offeror awarded a contract for the reminder of the services required. An amendment to the Solicitation will be issued implementing the corrective action at the close of the protest.

GUY A. TORRES
Contracting Officer

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: August 3, 2005

Re: GAO Protest of **Olympus Building Services, Inc. (B-296914)**

From: Tracy Williams, Paralegal Specialist

---

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Jacqueline Maeder* | *GAO* | *202-512-4517* | *202-512-9749* |
| *Ruth E. Ganister* | *Protester* | *610-430-6890* | *610-430-6889* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the notice of corrective action for the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.

ONFIDENTIAL

******************************
*** MULTI TX/RX REPORT ***
******************************

TX/RX NO 2974
INCOMPLETE TX/RX
TRANSACTION OK (1) 9912025129749
(2) 9916104306889
(3) 9912022312831
ERROR

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: August 3, 2005

Re: GAO Protest of **Olympus Building Services, Inc. (B-296914)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Jacqueline Maeder* | *GAO* | *202-512-4517* | *202-512-9749* |
| *Ruth E. Ganister* | *Protester* | *610-430-6890* | *610-430-6889* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the notice of corrective action for the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**



**Confidentiality Notice**

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named

G A O
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

Ruth E. Ganister, Esq.
Rosenthal and Ganister

Major Peter H. Tran
Department of the Army

August 8, 2005

**File:** B-296914
**Protester:** Olympus Building Services, Inc.
**Agency:** Department of the Army
**Solicitation No.:** HHM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

**CONFIRMATION OF WITHDRAWAL**

The protest identified above has been withdrawn. We have closed our file without further action.

–For the Senior Associate General Counsel

**FOR FURTHER INFORMATION:**

GAO Attorney: Jacqueline Maeder; 202-512-9710
Case Status Calls: 202-512-5436; Fax Number: 202-512-9749

Jun 29 05 01:46p Janice Davis 202-530-5717 p.2

# DAVIS & STEELE

ATTORNEYS AT LAW

1100 15th Street, N.W.
Suite 300
Washington, DC 20005

Telephone : (202) 530-5828
Facsimile : (202) 530-5717
E-mail : davis.steele@att.net

June 29, 2005

B-296741

**Contains Privileged and Confidential Information That the USAF Academy is Prohibited From Communicating to Any Party and is Protected from Release by the Trade Secrets Act, 18 U.S.C. 1905. Information in this Letter Will Also be Subject to a Protective Order if One is Issued by GAO.**

2005 JUN 29 PM 2:50
RECEIVED
USGAO

**VIA FACSIMILE & HAND DELIVERY**
Office of the General Counsel
General Accounting Office
441 G Street, N.W.
Washington, DC 20548

Attention: Procurement Law Control Group

Re: **Protest of NOSLOT Cleaning Services, Inc. Under Defense Intelligence Agency Solicitation No. HHM402-05-R-0017**

Dear Sir:

NOSLOT Cleaning Services, Inc. ("NOSLOT") through undersigned counsel, protests the decision of the Defense Intelligence Agency ("DIA"), to award the above-referenced solicitation to an offeror other than NOSLOT. The Contracting Officer for this procurement is Juanita Jones, Virginia Contracting Activity (AE-2A), 200 MacDill Blvd., Bolling AFB, DC 20340-5100. The Contracting Officer's telephone number is (202) 231-3613. A copy of this protest is being sent by facsimile ((202) 231-2831) and by overnight mail to the Contracting Officer.

## I. Jurisdiction

NOSLOT first learned of the information upon which this protest is based, including the prejudice to NOSLOT, on June 27, 2005. Because this protest is being filed within ten (10) days of NOSLOT's receipt of information upon which this protest is based, the protest is timely. 4 C.F.R. § 21.2(a)(2).

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order



06/29/2005 WED 14:41 [TX/RX NO 9089] 002

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



NOSLOT is an interested party, as defined by 4 C.F.R. § 21.0(a), to file this protest because NOSLOT is an actual offeror whose direct economic interest is affected by the DIA's failure to award the contract to NOSLOT. NOSLOT challenges the DIA's failure to insist upon strict adherence to the solicitation requirements and its relaxation of the requirements for the purported awardee.

## II. Factual Background

On April 14, 2005 the Defense Intelligence Agency ("DIA") at Bolling AFB issued Solicitation No. HHM402-05-R-0017 (the "Solicitation") for custodial services. The Solicitation calls for the contractor to provide all personnel, labor, equipment, tools, supplies, supervision, materials and other items and services necessary to perform Custodial Services at the Defense Intelligence Analysis Center ("DIAC") located at Bolling Air Force Base ("AFB"). *See* Solicitation at 2.

The Solicitation required offerors to have twenty percent of security clearances approved before contract award. Specifically, the solicitation stated:

> **Before award of the contract the contractor shall have 20%** of their security clearances approved as required for performance of this contract. This requirement can be waived only if the contractor has ample cleared personnel to escort cleaning employees to fully satisfy all cleaning objectives.

*Id.* at 6 (emphasis original).

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



In addition, offerors were required to provide a proposed service schedule that would include all areas in the scope of work and assure timely cleaning. According to the solicitation, "This schedule will include quality control inspections, periodic cleaning time tables (frequencies) and supply inventory control. Final bids will include the proposed service schedule." *Id.* The Solicitation required offers to be submitted by May 13, 2005. NOSLOT timely submitted its proposal.

Subsequently, on June 22, 2005, NOSLOT learned that another offeror, The Ravens Group, LLC, (TRG") was on site at Bolling AFB, surveying the area and preparing to commence work. NOSLOT also learned that TRG does not have the requisite 20% cleared personnel to commence work.

NOSLOT to date has not received any notification regarding the outcome of the procurement. Despite repeated attempts via telephone and email to receive information from the Contracting Officer (*see, e.g.*, email message from Mr. Tolson to Juanita Jones, dated June 22, 2005, attached hereto as attachment 1), NOSLOT has yet to be advised of the final procurement decision. However, the presence of TRG at Bolling AFB, and the fact that TRG is already preparing to commence performance compels the conclusion that DIAC has decided to award the contract to TRG.

On information and belief, TRG does not have the requisite 20% approved security clearances, nor does it have ample cleared personnel to escort cleaning employees. The

solicitation required that these requirements be met **before contract award.** In addition, it is doubtful that TRG submitted a thorough service schedule as required by the solicitation. Moreover, TRG lacks sufficient past performance. Under the circumstances, any award to TRG would be improper. Accordingly, NOSLOT's protest must be sustained.

## III. Protest Grounds

### A. DIA Performed an Improper Technical Evaluation of TRG's Proposal vis à vis NOSLOT's Proposal

In addressing the evaluation criteria for award, the solicitation provides:

> Non-price factors (Technical and Past Performance), when combined, are more important than price. Of the non-price factors, technical is more important than Past Performance.

Solicitation, at 43.

In addition, in the criteria for contract award, the Solicitation states, in Section B, Management Area, that contractors were to, "Furnish separate evidence and rosters to show that 20% of the work force will have their security clearances at the start of work as required by the Statement of Objectives." Solicitation at 43.

It is highly unlikely that TRG has met the solicitation requirement to have 20% cleared personnel prior to the award of the contract. The incumbent personnel signed exclusive commitment letters with NOSLOT. Thus, TRG could not have truthfully represented that the existing incumbent cleared personnel would be available to work for it. Hence, TRG could not have provided reliable evidence that the existing incumbent work force would be used to satisfy the 20% cleared personnel requirement. Moreover, there is a scarcity of available custodial workers with a level 6 security clearance. Consequently, it is highly unlikely that TRG has been

able to obtain, prior to contract award, the requisite 20% cleared personnel. For the same reasons, it is highly unlikely that TRG has "ample cleared personnel to escort cleaning employees" as required by the solicitation.

By contrast, NOSLOT provided evidence and rosters to show that 20% of the work force would have their security clearances prior to contract award. NOSLOT provided evidence in the form of commitment letters from incumbent personnel as well as information on additional employees that would be available to work at the DIAC.

Clearly, DIA has placed significant emphasis on compliance with the technical requirements of the solicitation. An offer that satisfies the technical requirements of the solicitation must be rated higher than an offer that does not. Although agencies maintain broad discretion in the manner in which they conduct their technical evaluations, GAO will overturn agency evaluations that it determines are unreasonable. *See, e.g., Programmatics Inc.* B-228916.2, 88-1 CPD ¶ 35. As demonstrated herein, DIA's technical evaluation of NOSLOT's technical proposal vis-à-vis TRG's was improper and unreasonable. Consequently, DIA's evaluation cannot be allowed to stand.

NOSLOT submitted a detailed, logical, and comprehensive technical proposal which should have been evaluated as superior to TRG's, particularly for the subfactors comprising the technical proposal: Understanding and Compliance with Requirements and Soundness of approach. For this reason, NOSLOT's protest should be sustained.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



**B. DIA Did Not Properly Evaluate TRG's Proposal for the Past Performance Evaluation Criteria**

The RFP required offerors to identify past performance on contracts involving similar work that the offeror has held within the past three years, and similar contracts currently in progress. Solicitation at 41. NOSLOT's proposal demonstrated substantial significant experience in providing custodial services at Government installations like the DIAC at Bolling AFB. NOSLOT has over two decades of experience in providing custodial services at Government installations.

TRG, in stark contrast, is a management consulting concern whose principal business involves providing administrative management and general management consulting services. *See* Dun & Bradstreet Report, at 5, attached hereto as attachment 2. They have no demonstrated expertise in the area of custodial services. With this procurement, TRG would be foraying into new territory, whereas NOSLOT has experience identical to that called for by the solicitation. Given that NOSLOT possesses requisite experience while TRG has no identical, or even substantially similar experience, there is no rational basis for awarding the procurement to TRG rather than NOSLOT. *See, NavCom Defense Electronics, Inc.*, B-276163, 97-1 CPD ¶ 189. For this additional reason, this protest must be sustained.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



**C. Conclusion and Relief Requested**

Based on the above, it is clear that the DIA's decision to award to TRG lacked any reasonable basis. Furthermore, the award to TRG was in violation of law. Accordingly, NOSLOT respectfully requests:

i. That the DIA produce the documents listed on the "Request for Documents" listed below.

ii. A hearing on this protest, which is necessary to show the inconsistency between the DIA's evaluation of the NOSLOT and TRG proposals.

iii. A ruling by the Comptroller General sustaining this protest and recommending award to NOSLOT or that the DIA perform a proper technical evaluation of the competing proposals and make a new, best value award decision.

iv. Attorneys' fees and related protest costs.

v. Other relief that the Comptroller General deems appropriate.

**D. Request for Documents[1]**

Pursuant to 4 C.F.R. § 21.3(c) and § 21.3(e), the protestor requests that the contracting agency be required to provide, in addition to those documents and reports required to be provided pursuant to § 21.3(c), the following documents:

i. The Government's independent estimate of pricing.

[1] "Document" or "Documents" refer to, and include, but are not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: communications, hearings and reports, correspondence, telegrams, memoranda, summaries of records of meetings or conferences, summaries or reports of evaluations or negotiations, opinions or reports of consultants, photographs, video tape, emails, drafts, letters, any marginal comments appearing on any documents, and all other writings.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



ii. All documents concerning, relating to, or reflecting the evaluation notes and scoring sheets of the proposals of the protestor and TRG for all evaluations, including the initial evaluations and the re-evaluations.

iii. All documents concerning, relating to, or reflecting the contemporaneous evaluation narratives and the ratings of all evaluators with respect to the proposals of NOSLOT and TRG;

iv. All documentation concerning, relating to, or reflecting the evaluation of the NOSLOT and TRG proposals;

v. A copy of all letters requesting clarification or discussions with any offerors of this solicitation;

vi. Copies of all written correspondence, including meeting memoranda or written oral discussions with all offerors;

vii. All tape recordings and/or transcripts of all meetings and/or discussions with all offerors;

viii. All documents concerning, relating to, or reflecting the source selection plan used in the source selection process;

ix. All documents concerning, relating to, or reflecting the evaluation plan used in the source selection process;

x. All documents concerning, relating to, or reflecting the information used in making the source selection decision;

xi. All documents concerning, relating to, or reflecting any best value analysis performed by the agency;

xii. All other documents concerning, related to, or reflecting the source selection;

xiii. All documents concerning, related to, or reflecting recommendations and revisions thereof to or by the source selection authority;

xiv. All communications to and from the source selection authority; and

xv. All drafts or revisions of any of the documents requested in items I through xiv.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**

Office of the General Counsel
June 29, 2005
Page 9

**E. Request for Protective Order**

In accordance with 4 C.F.R. § 21.4, NOSLOT requests that GAO issue a protective order in this protest.

Respectfully submitted,

Janice Davis
Counsel for NOSLOT Cleaning Services, Inc.

DAVIS & STEELE
1100 15th Street, N.W.
Suite 300
Washington, DC 20005
Phone (202) 530-5828
Fax (202) 530-5717

Enclosure

cc: Juanita Jones, Contracting Officer

ATTACHMENT 1

**Janice Davis**

**From:** David Tolson [twsinc@erols.com]

**Sent:** Wednesday, June 22, 2005 1:51 PM

**To:** 'Jones, Juanita'

**Subject:** Follow-up Regarding Janitorial Requisition #448/0114Z/05

Hi Ms. Jones,

I have heard a "rumor" that the above referenced contract has been awarded. If so, when do you expect to send out the official notice of award? And furthermore, please let this serve as an official notice for a debriefing for NOSLOT Cleaning Services, Inc. if it has been awarded. We can do the debriefing by telephone if it is more convenient; however, I would like to have it before July 1, 2005, since I will be on travel for about 10 days.

Sincerely,

David R. Tolson
301-704-3309

ATTACHMENT 2

D&B | Small Business Solutions

Comprehensive Insight Plus Report for
RAVENS GROUP LLC, THE
Report Printed: June 29, 2005

D-U-N-S #: 01-377-8225

- Print this report
- **To save this report to your PC:** Select File and then Save As from the browser menu bar. Click on the Save in: drop-down menu and select a location for your file. Enter a file name and save the report as a .html or .txt file.

Copyright 2004 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber Janice Davis, Davis & Steele



# Company Snapshot

## Business Summary

**Profile**
**RAVENS GROUP LLC, THE**
1101 Pennsylvania Ave Nw
Washington, DC 20004

**Tel:** 202 756-4556
www.theravensgroup.com
**D-U-N-S #:** 01-377-8225
**D&B Rating:** 2A2

**Company Stats**

| | |
|---|---|
| **Year started** | 2000 |
| **Management control** | 2001 |
| **Employees** | 3 |
| **Financing** | SECURED |
| **Financial condition** | GOOD |
| **Financial statement date** | Dec 31, 2004 |
| **Net worth F** | $816,707 |
| **Sales F** | $2,164,380 |
| **Chief Executive** | Joe N Ballard , Member |
| **S.I.C.** | 8748<br>8742 |

**Industry**
Business consulting srvcs, management consulting srvcs, building maintenance srvcs

This is a single location.

**Likelihood this company will not pay on time over the next 12 months** MODERATE ⚠

**Credit Score Class: 3**

1 Low 2 3 Moderate 4 5 High

**Likelihood this company will experience financial distress in the next 12 months** LOW ☑

**Financial Stress Class: 1**

1 Low 2 3 Moderate 4 5 High

**Timeliness of historical payments for this company**** UNAVAILABLE

**Payment performance trend over the past 90 days** UNAVAILABLE

D&B has not received a sufficient sample of payment experiences to establish a PAYDEX score.

**Based on 3 trade experiences on file with D&B

The Net worth amount in this section may have been adjusted by D&B to reflect typical deductions, such as certain intangible assets.

**D&B offers guidance on credit limits for this company based on its profile as well as profiles of other companies similar in size, industry, and credit usage** Get details

**Evidence of bankruptcy, fraud, or criminal proceedings in the history of this business or its management** NO ☑

**Noteworthy special events in this company's file** YES ⚠

**Total number of suits, liens and judgments in this company's file** 0 ☑

**Value of open suits, liens and judgments for this company** $0 ☑

Value of open records refers only to 10 most recent filings for each record type.

## Creditworthiness

### Summary

**Likelihood this company will experience financial distress in the next 12 months** LOW ✓

**Likelihood this company will not pay on time over the next 12 months** MODERATE ⚠

**D&B Rating: 2A2**
Financial strength: 2A is $750,000 to 1 million.
Composite credit appraisal: 2 is good.
This credit rating was assigned because of D&B's assessment of the company's financial ratios and its cash flow. For more information, see the D&B Rating Key.

### Default on Payment: Financial Stress Summary

**Likelihood this company will experience financial distress in the next 12 months** LOW ✓

Financial Stress Class: 1




During the prior year, firms in this Financial Stress Class had a failure rate of 0.49%, which is 0.35 times lower than the national average.

Financial stress national percentile: 91 (high risk: 1%; low risk: 100%)
National percentile industry norm: 50 (high risk: 1%; low risk: 100%)

**Key Factors**
- 3 trade experiences exist for this company.
- Financial Stress Score: 1521 (high risk: 1,001;low risk: 1,850)
- No record of open suit(s), lien(s), or judgement(s) in the D&B files.
- 33% of trade experiences indicate slow payment(s) are present.
- Control age or date entered in D&B files indicates higher risk.
- D&B files indicate a net worth of $816,707.

### Payment within Terms: Credit Score Summary

**Likelihood this company will not pay on time over the next 12 months** MODERATE ⚠

Credit Score Class: 3




The Credit Score class of 3 for this company shows that during the previous year, 12.3% of the firms with this classification paid one or more bills severely delinquent, which is lower than the national average.

Credit score percentile: 51 (high risk: 1%; low risk: 100%)
Industry norm percentile: 46 (high risk: 1%; low risk: 100%)

**Key Factors**
- 3 trade experiences exist for this company.
- 33% of trade experiences indicate slow payment(s) are present.
- No record of open suit(s), lien(s) or judgment(s) in the D&B files.
- Control age or date entered in D&B files indicates higher risk.
- D&B files indicate a net worth of $816,707.
- Business does not own facilities.

### Additional Information

**Financial Stress Summary**
- The Financial Stress Class indicates that this firm shares some of the same business and financial characteristics of other companies with this classification. It does not mean the firm will necessarily experience financial stress.
- The Incidence of Financial Stress shows the percentage of firms in a given Class that discontinued operations over the past year with loss to creditors. The Incidence of Financial Stress - National Average represents the national failure rate and is provided for comparative purposes.
- The Financial Stress National Percentile reflects the relative

**Credit Score Summary**
- The Incidence of Delinquent Payment is the percentage of companies with this classification that were reported 90 days past due or more by creditors. The calculation of this value is based on an inquiry weighted sample.
- The Percentile ranks this firm relative to other businesses. For example, a firm in the 80th percentile has a lower risk of paying in a severely delinquent manner than 79% of all scorable companies in D&B's files.

50

ranking of a company among all scorable companies in D&B's file.
- The Financial Stress Score offers a more precise measure of the level of risk than the Class and Percentile. It is especially helpful to customers using a scorecard approach to determining overall business performance.
- All Financial Stress Class, Percentile, Score and Incidence statistics are based on 2002.

Company Snapshot Creditworthiness Payment History & Trends Public Filings History & Operations Banking & Finance

# Payment History

## Summary

| | | | |
|---|---|---|---|
| **Average payment performance trend when weighted by dollar amount** | UNAVAILABLE | **Company's payment performance over the past 12 months compared with its peers** | UNAVAILABLE |

## Payment History Overview

| | | | |
|---|---|---|---|
| **Payment experiences on file with D&B:** | 3 | Average highest credit: | $883 |
| Payments made within terms: | N/A | Largest high credit: | $2,500 |
| Amount placed for collections: | 0 (0%) | Highest now owing: | $50 |
| | | Highest past due: | $0 |

D&B has not received a sufficient sample of payment experiences to establish a PAYDEX score.

## Payment History Details

| Date Reported | Paying Record | High Credit ($) | Now Owes ($) | Past Due ($) | Selling Terms | Last Sale Within (months) |
|---|---|---|---|---|---|---|
| 05/05 | Slow 5 | 100 | 50 | 0 | Net30 | 1 |
| 04/05 | Prompt | 50 | 0 | 0 | | 4-5 |
| 07/04 | Prompt | 2,500 | 0 | 0 | PROX | 6-12 |

Payment experiences reflect how bills are met in relation to the terms granted. In some instances payment beyond terms can be the result of dispute over merchandise, skipped invoices, etc.
Each experience shown is from a separate supplier. Updated trade experiences replace those previously reported.

Company Snapshot Creditworthiness Payment History & Trends Public Filings History & Operations Banking & Finance

# Public Filings

## Summary of Court Actions

**The following data includes both open and closed filings found in D&B's database on the subject company.**

| Record Type | Open Records | Open Value | Total Records | Most Recent Filing Date |
|---|---|---|---|---|
| **Suits** | 0 | 0 | 0 | - |
| **Liens** | 0 | 0 | 0 | - |
| **Judgments** | 0 | 0 | 0 | - |
| **UCC Filings** | 3 | N/A | 3 | 09/27/2004 |
| **Bankruptcy Proceedings** | 0 | N/A | 0 | - |

51

Public filing data is for informational purposes only and is not the official record. Certified copies can only by obtained from the official source. Number and value of open records refers only to 10 most recent filings for each record type.

### Special Events

**05/19/2005** The Chief Executive Officer is now Joe N Ballard, Member.

### UCC Filings

| Collateral | Type | Sec. Party | Debtor | Date Filed | Additional Details |
|---|---|---|---|---|---|
| All Inventory and proceeds - All Account(s) and proceeds - All General intangibles(s) and proceeds - All Equipment and proceeds - All Chattel paper and proceeds | Original | ACACIA FEDERAL SAVINGS BANK, FALLS CHURCH, VA | THE RAVENS GROUP, LLC | 09/27/2004 | Filing number: 4269761 5<br>Filed with: SECRETARY OF STATE/UCC DIVISION, DOVER, DE<br>Latest info Received: 10/21/2004 |
| All Inventory - All Account(s) - All General intangibles(s) - All Equipment - All Chattel paper | Original | ACACIA FEDERAL SAVINGS BANK, FALLS CHURCH, VA | THE RAVENS GROUP, LLC | 09/16/2004 | Filing number: 2004128324<br>Filed with: FINANCE & REVENUE DEPT, WASHINGTON, DC<br>Latest info Received: 11/22/2004 |
| Accounts receivable including proceeds and products - Account(s) including proceeds and products - Computer equipment including proceeds and products | Original | BRANCH BANKING AND TRUST COMPANY, COLLEGE PARK, MD | THE RAVENS GROUP, LLC | 06/07/2002 | Filing number: 2167153 0<br>Filed with: SECRETARY OF STATE/UCC DIVISION, DOVER, DE<br>Latest info Received: 08/22/2002 |

The public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed. Any public filings displayed in red are open.

### Government Activity

| Activity Summary | |
|---|---|
| Borrower (Dir/Guar) | No |
| Administrative Debt | No |
| Contractor | Yes |
| Grantee | No |
| Party Excluded from Federal Program(s) | No |

| Possible Candidate for Socio-Economic Program Consideration | |
|---|---|
| Labor Surplus Area | N/A |
| Small Business | Yes (2005) |
| 8(A) Firm | N/A |

The details provided in the Government Activity section are as reported to D&B by the federal government and other sources.

Company Snapshot Creditworthiness Payment History & Trends Public Filings History & Operations Banking & Finance

## History & Operations

| Topic | Description |
|---|---|
| History | Detailed information on the history of a company, including background information on the management team and key principals, and information on related companies. |
| Company Operations | Detailed information on a company's operations, including the identity of the parent company, the geographic scope of the business, and the key holdings. |
| Industry Classification | Details on the specific industry within which a company is classified. |

52

### History

**Officer(s):** JOE N. BALLARD, PRES-CEO
**Director(s):** THE OFFICER(S)

Corporate Details unavailable.

Business started 2001. 100% of capital stock is owned by Joe N. Ballard.

JOE N BALLARD born 1942. 2000 present active here. 1996-2000 he was the Chief Executive Officer for U.S Army Corporation. He graduated with a Bachlor of Science degree in electrical engineering from Southern University. He also received his Masters Degree in Engineering Management from the University Of Missouri.

Business address has changed from 1201 Pennsylvania Ave N.w., Suite #300, Washington, DC, 20004 to 1101 Pennsylvania Ave N.w., 6th Floor, Washington, DC, 20004.

### Company Operations

**Description:** Engaged in business consulting services. Provides management consulting services.

Net 10 days and contractual basis. Sells to commercial concerns.

**Employees:** 3 which includes officer(s).

**Facilities:** 1,494 sq. ft. on 7th floor of 11 story concrete block building.

### Industry Classification

| SIC | | NAICS | |
|---|---|---|---|
| 87480000 | Business consulting, nec | 541618 | Other Management Consulting Services |
| 87420000 | Management consulting services | 541611 | Administrative Management and General Management Consulting Services |

Based on information in our file, D&B has assigned this company an extended 8-digit SIC. D&B's use of 8-digit SICs enables us to be more specific to a company's operations than if we use the standard 4-digit code.
The 4-digit SIC numbers link to the description on the Occupational Safety & Health Administration (OSHA) Web site. Links open in a new browser window.

Company Snapshot Creditworthiness Payment History & Trends Public Filings History & Operations Banking & Finance

## Banking & Finance

### Statement Update

**05/23/2005**

**Fiscal statement dated DEC 31 2004:**

53

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | 257,290 | Accts pay | 109,492 |
| Accts rec | 8,303 | Bank loans | 92,062 |
| Contracts receivable | 636,478 | Credit cards payable | 84,336 |
| Unbilled revenue | 828,182 | Taxes | 23,752 |
| Prepaid | 3,478 | Total equip lease payable | 5,520 |
| | | Loan payable-insurance/other | 104,183 |
| | | Other curr liabs | 489,887 |
| **Current Assets** | **$1,733,731** | **Current Liabilities** | **$909,232** |

| | | | |
|---|---|---|---|
| Fixt & equip | 121,937 | Loan payable-company/bank | 191,987 |
| Loan to officer | 58,588 | Total equipment lease payable | 9,636 |
| Deposits | 13,306 | Addit. pd.-in cap | 155,875 |
| | | Member distribution | (31,500) |
| | | Retained earnings | 892,332 |
| **Total Assets** | **$1,927,562** | **Total Liabilities** | **$1,927,562** |

From JAN 01 2004 to DEC 31 2004 annual sales $2,164,380; cost of goods sold $1,097,821. Gross profit $1,066,559; operating expenses $1,007,466. Operating income $59,093; other expenses $17,807; net income before taxes $41,287; net income $41,287.

Extent of audit, if any, not indicated.

Fixed assets shown net less $34,308 depreciation.

## Key Business Ratios

**Statement date:** Dec 31 2004

| | Industry Norms based on 43 establishments | | |
|---|---|---|---|
| | This Business | Industry Median | Industry Quartile |
| **Profitability** | | | |
| Return on Sales | 1.9 | 2.7 | 3 |
| Return on Net Worth | 5.1 | 16.5 | 3 |
| **Short-Trem Solvency** | | | |
| Current Ratio | 1.9 | 2.1 | 3 |
| Quick Ratio | 1.9 | 1.8 | 2 |
| **Efficiency** | | | |
| Assets Sales | 89.1 | 39.7 | 4 |
| Sales / Net Working Capital | 2.6 | 4.9 | 4 |
| **Utilization** | | | |
| Total Liabilities / Net Worth | 136.0 | 80.8 | 3 |

## Finance

**05/19/2005**

**One-year statement comparative:**

| | Fiscal Dec 31 2003 |
|---|---|
| Current Assets | 1,240,139 |
| Current Liabs | 249,056 |
| Current Ratio | 4.98 |
| Working Capital | 991,083 |
| Other Assets | 67,950 |
| Net Worth | 805,420 |
| Sales | 994,859 |
| Long Term Liab | 253,613 |
| Net Profit (Loss) | 711,071 |

**Fiscal statement dated DEC 31 2003:**

54

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | 105,831 | Accts pay | 104,068 |
| Accts rec | 5,826 | Equipment lease payable | 1,336 |

| | | | |
|---|---|---|---|
| Contracts rec | 207,948 | Accruals | 2,515 |
| Unbilled revenue | 917,748 | Taxes | 12,597 |
| Prepaid | 2,786 | Loans payable | 70,130 |
| | | Line of credit | 58,410 |
| **Current Assets** | **$1,240,139** | **Current Liabilities** | **$249,056** |
| Fixt & equip | 39,898 | Note/loan payable | 242,857 |
| Loan to officer | 15,079 | Equipment lease payable | 10,756 |
| Deposits | 12,973 | Addit. pd.-in cap | 155,875 |
| | | Retained earnings | 649,545 |
| **Total Assets** | **$1,308,089** | **Total Liabilities** | **$1,308,089** |

From JAN 01 2003 to DEC 31 2003 sales $994,859; cost of goods sold $96,958. Gross profit $897,901; operating expenses $186,830. Operating income $711,071. Net income $711,071.

Submitted JUL 15 2004 by Irma Hilario, Controller. Prepared from statement(s) by Accountant: Unknown.

**Accountant's Opinion**
The financial statement was reviewed by the accountant.

Fixed assets shown net less $12,140 depreciation.

On May 11, 2005, Joe N Ballard, Member, confirmed company name, address, principals, annual sales and operational information using Dun & Bradstreet's Internet-based update method (eUpdate) at www.dnb.com.

Company_Snapshot Creditworthiness Payment History_&_Trends Public Filings History & Operations Banking_& Finance

**Customer Service**

- Email us with your questions at sbsSupport@dnb.com
- If you'd like to speak to one of our member support technicians directly, call toll-free 1-866-472-7362, Monday through Friday, 7:00AM to 7:00 PM CST
- If this is a report on your own company use eUpdate, our easy online tool, to inform D&B of any changes to your business information.

---

- Print this report
- **To save this report to your PC:** Select File and then Save As from the browser menu bar. Click on the Save in: drop-down menu and select a location for your file. Enter a file name and save the report as a .html or .txt file.

---

Copyright 2004 Dun & Bradstreet -- Provided under contract for the exclusive use of subscriber Janice Davis, Davis & Steele

55

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2821 DSN 426; Fax ext. 1537
E-mail : Peter.Tran@hqda.army.mil

REPLY TO
ATTENTION OF

July 1, 2005

Contract Appeals Division

Mary Curcio, Esq.
Office of the General Counsel
U.S. Government Accountability Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of NOSLOT Cleaning Services, B-296741

Dear Ms. Curcio:

Pursuant to 4 Code of Federal Regulations ("CFR") § 21.3(b), enclosed please find the Army's motion to summarily dismiss the subject protest. A copy of this motion has been sent to Janice Davis, Esq., counsel for NOSLOT Cleaning Services (hereafter "Protester" or "NOSLOT"), on this date. This motion does not contain protected material. Any comments by the Protester regarding this motion should be sent directly to your office with a copy forwarded to:

MAJ Peter H. Tran
Contract Appeals Division, Team I
ATTN: JALS-CA
901 North Stuart Street, Suite 500
Arlington, Virginia 22203-1837

This protest concerns a solicitation for custodial services for the Defense Intelligence Agency ("DIA"). The protest is premature because it has been filed before the debriefing date offered to the Protester. Accordingly, we ask that this protest be summarily dismissed. We

believe this motion is well founded and if granted will dispose of this protest. As such, we do not plan to file a formal Agency Report unless so directed by the GAO.

## FACTUAL SUMMARY

1. On June 17, 2005, the Virginia Contracting Agency awarded Contract No. HHM402-05-C-0026 to The Ravens Group, LLC. (Exhibit 1)

2. On June 22, 2005, before receiving official notice from the Agency of the award, NOSLOT request a debriefing from the Agency. (Exhibit 1)

3. On June 27, 2005, official notice to unsuccessful offerors was sent out by the Agency. (Exhibit 1)

4. On June 30, 2005, NOSLOT was notified of a debriefing scheduled for Friday, July 8, 2005 at the Defense Intelligence Analysis Center. (Exhibit 1)

5. 4 C.F.R. § 21.2(a)(2) provides:

> Protests other than those covered by paragraph (a)(1) of this section shall be filed not later than 10 days after the basis of the protest is known or should have been known (whichever is earlier), with the exception of protests challenging a procurement conducted on the basis of competitive proposals under which a debriefing is requested and, when requested, is required. **In such cases, with respect to any protest basis which is known or should have been known either before or as a result of the debriefing, the initial protest shall not be filed before the debriefing date offered to the protester, but shall be filed not later than 10 days after the date on which the debriefing is held.**

(Emphasis added.)

## ARGUMENT

This protest must be dismissed because it is premature. It is well settled that the GAO "will not consider a protest conducted on the basis of competitive proposals where a debriefing is requested and required, if the protest is filed before the debriefing date offered to the protester."

4 C.F.R. § 21.2(a)(2); *Pentec Envirnonmental, Inc.*, B-276874.2, Jun. 2, 1997, 1997 CPD ¶ 199; *The Real Estate Center*, B-274081, Aug. 20, 1996, 1996 CPD ¶ 74.

Here, the Protester is scheduled to receive its debriefing on July 8, 2005. Any protest filed before that date is premature. As the GAO has clearly stated that this rule is designed to encourage "meaningful debriefings and to preclude strategic or defensive protests, i.e. protests filed before actual knowledge that a protest exists or in anticipation of improper actions by the contracting agency." *The Real Estate Center, supra.* Quite simply, this protest is premature and must be dismissed.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, the Army respectfully requests that this protest be summarily dismissed. If you have any questions regarding this matter, please contact Major Peter Tran at (703) 696-2825; facsimile (703) 696-1537.

Sincerely,

Peter H. Tran
Major, U.S. Army
Trial Attorney
Contract Appeals Division

Copies Furnished by facsimile:

Protester:

Janice Davis, Esq., DAVIS & STEELE
Telephone: (202) 530-5828; Facsimile: (202) 530-5717

Contracting Officer:

Guy Torres, Defense Intelligence Agency, Virginia Contracting Agency
Telephone: (202) 231-8077; Facsimile: (202) 231-2831

Field Attorney:

LtCol Joe Treanor, Esq., Defense Intelligence Agency
Telephone: (202) 231-2821; Facsimile: (202) 231-2831

# AGENCY

# EXHIBIT

# 1