HHM402-05-R-0017
B-296741

**Contracting Officer's Statement**
**HHM402-05-R-0017**

**Introductory Summary**

This requirement is to provide janitorial/custodial service for the entire DIAC at Bolling AFB. The contractor shall provide all operations to assure building 6000 is neat, clean, and dust free. The estimated square footage is 767,000 for current building and 470,000 square footage for the new building. The period of performance is for one base year and four (4) one year options.

This action was publicized in FEDBIZOPS as full and open competition (FOC) on 06 April 2005 with a scheduled site visit for 13 April 2005. The solicitation was issued on 13 Apr 2005 with a closing date of 14 May 2005. The action resulted in 20 contractors requesting a copy of solicitation HHM402-05-R-0017.

**EVENTS IN CHRONOLOGICAL ORDER**

06 April 2005 Synopsis posted on FEDBIZOPS

13 April 2005 Site Visit held

27 Apr 2005 Amendment 0001 issued publishing questions and answers and site visit attendees.

03 May 2005 Amendment 0002 issued publishing questions and answers.

05 May 2005 Amendment 0003 issued publishing questions and answers.

13 May 2005 Closing date. Nine (9) offerors proposals received

19 May 2005 Technical Panel Concludes evaluations with recommendations.

07 June 2005 Amendment 0004 issued to request revised proposals and a closing date of 9 June 2005.

09 June 2005 Revised proposals received.

17 June 2005 The Ravens Group was informed that they had been selected for award. The Ravens Group signed the award document.

22 June 2005 NOSLOT request a debriefing

HHM402-05-R-0017
D 296741

27 June 2005 Notification of award to unsuccessful offerors sent.

30 June 2005 Agency notifies NOSLOT that debriefing is scheduled for Friday, July 8, 2005 at the Defense Intelligence Analysis Center.

Guy A. Torres
Contracting Officer

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 1, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 8

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Janice Davis* | *Protester* | *202-530-5828* | *202-530-5717* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's motion for summary dismissal in the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.

ONFIDENTIAL

07/01/05 FRI 15:05 FAX 703 696 1537 001

******************************
*** MULTI TX/RX REPORT ***
******************************

| | | |
|---|---|---|
| TX/RX NO | 2846 | |
| INCOMPLETE TX/RX | | |
| TRANSACTION OK | (1) | 9912025129749 |
| | (2) | 9912025305717 |
| | (3) | 9912022312831 |
| ERROR | | |

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 1, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 8**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Janice Davis* | *Protester* | *202-530-5828* | *202-530-5717* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's motion for summary dismissal in the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**



**Confidentiality Notice**

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2825; DSN 426; Fax ext. 1537
E-mail: Peter.Tran@hqda.army.mil

REPLY TO
ATTENTION OF

July 1, 2005

Contract Appeals Division

**VIA FACSIMILE**

Ms. Mary Curcio, Esq.
Office of the General Counsel
U.S. Government Accountability Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of NOSLOT Cleaning Services, B-296741

Dear Ms. Curcio:

This letter is to inform you that in accordance with 31 U.S.C. § 3553(d)(3)(C)(i)(I) and FAR 33.104(c)(2)(i), the Head of the Contracting Activity (HCA) for the Defense Intelligence Agency (DIA) determined that the best interest of the United States will not permit waiting for the decision of the Comptroller General and has authorized the Contracting Officer to continue performance of Contract No. HHM402-05-C-0026 awarded to The Ravens Group, LLC.

If you have any questions regarding this matter, please contact MAJ Peter Tran at (703) 696-2825, facsimile (703) 696-1537.

Sincerely,

Peter H. Tran
Major, U.S. Army
Trial Attorney

Copies Furnished by facsimile:

Protester:

Janice Davis, Esq., DAVIS & STEELE
Telephone: (202) 530-5828; Facsimile: (202) 530-5717

Contracting Officer:

Guy Torres, Defense Intelligence Agency, Virginia Contracting Agency
Telephone: (202) 231-8077; Facsimile: (202) 231-2831

Field Attorney:

LtCol Joe Treanor, Esq., Defense Intelligence Agency
Telephone: (202) 231-2821; Facsimile: (202) 231-2831

******************************
*** MULTI TX/RX REPORT ***
******************************

TX/RX NO 2845
INCOMPLETE TX/RX
TRANSACTION OK (1) 9912025129749
(2) 9912025305717
(3) 9912022312831
ERROR

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 1, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):** ~~5~~ 4

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Janice Davis* | *Protester* | *202-530-5828* | *202-530-5717* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's notice of a CICA Override Stay in the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**



Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 1, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):** ~~5~~ 4

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Janice Davis* | *Protester* | *202-530-5828* | *202-530-5717* |
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's notice of a CICA Override Stay in the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

**This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.**

ONFIDENTIAL

**DEFENSE INTELLIGENCE AGENCY**
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

July 01, 2005

U-2052/AE-2A

MEMORANDUM FOR Contracting Officer, DIA Office of the Acquisition Executive
Bolling AFB, Washington DC 20340

SUJECT: Request for Authority to Continue Contract Performance in Face of Government Accountability Office (GAO) Protest

Reference DIA Vice Deputy Director for Administration memorandum, dated June 30, 2005, subject above.

Based upon the referenced Directorate for Administration memorandum and the Contracting Officer's Determination and Findings, approval to continue performance of contract number HHM402-05-C-0026 for janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) building and DIAC expansion building is granted while the GAO Protest No. B-296741 is resolved.

The rationale for approving the override request is that it is in the best interests of the Government. The contracting officer shall comply with the requirements of FAR 33.104 (d), to include a notice to the GAO.

Denise B. Carter
Denise B. Carter,
Head of Contracting Activity

2 Enclosures:
DA Memorandum (30 Jun 05)
Contracting Officer's Determination and Findings (1 Jul 05)

UNITED STATES GOVERNMENT

# memorandum

U-669-05

DATE: 30 June 2005

REPLY TO ATTN OF: Deputy Directorate for Administration

SUBJECT: Request for Continuation of Custodial Contract

TO: Denise Carter, AE

1. The continuation of the Defense Intelligence Agency Center (DIAC)'s campus custodial contract is critical to the health, safety, morale and welfare of our workforce population as well as continuity of DIA mission operations.

2. Besides improving the appearance of the DIAC, the DIAC custodial contract is an essential element of providing internal protection of our employee's health and provides them a safe work environment. Discontinuation or a single day's break in service will result in an estimated one half ton of refuse build up, over half of which includes food scraps from our DIAC cafeteria. Without custodial contract support, refuse will accumulate and the risk of rodents in our facility exponentially increases. This places our workforce health at risk and potentially impacts mission performance should portions of the building become inaccessible due to health and safety reasons.

3. Within the current DIAC facility, we have seventy six restrooms that require daily cleaning and restocking. Without a custodial contract in place, these basic but essential welfare areas will be uninhabitable. The contractor is also responsible for providing basic health items for our workforce such as toilet paper, fungicidal soap and hand towels.

4. Request your support in ensuring custodial contract service remain uninterrupted.

Kristi Waschull

Kristi Waschull
Vice Deputy Director for Administration



OPTIONAL FORM NO. 10
(REV. 1-80)
GSA FPMR(41 CFR)101-11.6
5010-114

SECRET//NOFORN//X1

DEFENSE INTELLIGENCE AGENCY CONTRACTING OFFICE

DETERMINATION AND FINDINGS

PROTEST OF NOSLOT CLEANING SERVICES (B-296741)

REQUEST FOR AUTHORITY TO PROCEED NOTWITHSTANDING PROTEST

(U) Upon the basis of the following findings, I, Guy A. Torres, Contracting Officer, DIA Contracting Office-AE-2A, have determined that performance of the HHM402-05-C-7, awarded to The Ravens Group (TRG), LLC on June 17, 2005 should be authorized to proceed in the face of a post-award Government Accountability Office (GAO) protest (B-296741) filed by NOSLOT Cleaning Services (B-296741). The award provides janitorial/custodial service for the entire Defense Intelligence Analysis Center (DIAC) at Bolling AFB. The period of performance is one 4-month base year (1 July 2005 – 30 October 2005), with four 12-month option years.

(U) NOSLOT Cleaning Services protests the award of the contract to TRG on the basis that (1) DIA performed an improper technical evaluation of TRG's Proposal vis –a- vis NOSLOT's proposal and (2) DIA did not properly evaluate TRG's proposal for the past performance evaluation criteria.

(U) The evaluation factors set forth in the award are: Technical Approach (understanding and compliance with requirements and soundness of approach); Management Plan (Program Management Controls, Past Performance/Relevant Experience, Key Personnel) and Price (if Technical and Past Performance were adequate, then price is the determining factor). Each company was evaluated using the same technical evaluation parameters. The company's ability to perform the work and provide ample cleared personnel at the beginning of the contract period is paramount. As stated in the SOO, before award of the contract the contractor shall have 20% of their security clearances approved as required for performance of this contract. This requirement can only be waived if the contractor has ample cleared personnel to escort cleaning employees to fully satisfy all cleaning objectives. However, within six months after contract award the contractor must have a minimum of 60% cleared cleaning personnel. The contractor will maintain throughout the life of the award, ample cleared personnel to achieve all contract objectives.

(U) Based on the technical evaluation, TRG was selected because [redacted] the best technical rating against the nine other proposals received. TRG received an [redacted] past performance rating and proposed and far exceeded 20% of cleared personnel as required in the SOO to responsively commence services. Additionally, TRG provided the best staffing plan to maintain cleanliness for the newly constructed DIAC expansion building.

(U) With respect to the second protest ground, NOSLOT asserts that it has demonstrated significant experience in providing custodial services in an office environment, whereas TRG does not. The technical evaluation panel specifically addressed the factor [redacted] technical review panel rated NOSLOT's past performance [redacted] TRG as [redacted]

[redacted] total cost of TRG proposal is [redacted] higher ([redacted]) than NOSLOT [redacted]). The difference of ([redacted] due to the current condition of the DIAC [redacted] anticipated opening of the [redacted] facility, and the arrival of the Director of National Intelligence being resident at the DIAC. The higher price is determined to be in the best interest of the government. Additionally, the awardee will provide the necessary quality of cleanliness to ensure EPA standards are met. TRG's proposal will ensure a superior level of cleanliness to mitigate many existing complaints of health related issues in the DIAC that senior level executives in the agency are consistently addressing.

SECRET//NOFORN//X1

(U) It is imperative that TRG continue performance under the new award, including implementation of the necessary personnel and resources so that the DIAC maintains full mission capability on 1 July 2005 and there is no gap in the janitorial/custodial services... A break in service will pose immediate health related issues at the DIAC and could ultimately force the facility to be shut down or at the very least experience a substantially diminished workforce from health concerns.

(U) Official notification from GAO was received by DIA late yesterday afternoon. The override will prevent a disruption in DIAC essential services. I have determined that in accordance with FAR 33.104(c)(2)(i), that the best interest of the United States will not permit awaiting the decision of the GAO and that contract performance should continue notwithstanding this protest.

Dated: 1 July 2005
2 Enclosure

GUY A. TORRES
Contracting Officer
Office of the Acquisition Executive, AE-2A

CONTRACTS MANAGEMENT OFFICE

OFFICE OF THE ACQUISITION EXECUTIVE

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Major Peter Tran | FROM: Guy Torres |
| COMPANY: US Army Legal | DATE: 7/1/2005 |
| FAX NUMBER: 703-696-1537 | TOTAL NO. OF PAGES INCLUDING COVER: 5 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: Overide Request (NOSLOT protest) | YOUR REFERENCE NUMBER: |

☑ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Major Trane,

As requested:

- Memo from DIA HCA requesting continuation of services in face of GAO protest
- DA Memorandum (30 Jun05)
- CO's Determination and Findings (1 July 2005)

v/r

Guy A. Torres CPCM
Chief, Operations Support Branch
Contract Operations Division
(O) 202-231-8077
guy.torres@dia.mil

DEFENSE INTELLIGENCE AGENCY
BOLLING AFB. ATTN: AE-2/GUY TORRES
WASHINGTON DC 20340
UNCLASS FAX: 202-231-2831

G A O
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** NOSLOT Cleaning Services, Inc.

**File:** B-296741

**Date:** July 8, 2005

## DECISION

NOSLOT Cleaning Services, Inc. protests the award of a contract to The Ravens Group, LLC under request for proposals No. HHM402-05-R-0017, issued by the Department of the Army.

We dismiss the protest.

NOSLOT was advised of the selection on June 27, 2005 and protested to our Office on June 29. NOSLOT also timely requested a debriefing from the Army, scheduled for July 8. Section 21.2(a)(2) of our Bid Protest Regulations, 4 C.F.R. § 21.2(a)(2) (2005), provides that our Office will not consider a protest challenging a procurement conducted on the basis of competitive proposals where, as here, a debriefing is required, if the protest is filed before the debriefing date offered to the protester; the protest instead should be filed not later than 10 days after the debriefing. This rule is designed to encourage early and meaningful debriefings and to preclude strategic or defensive protests. The Real Estate Ctr., B-274081, Aug. 20, 1996, 96-2 CPD ¶ 74.

We therefore dismiss the protest. See Global Eng'g & Constr. Joint Venture, B-275999.3, Feb. 19, 1997, 97-1 CPD ¶ 77. As section 21.2(a)(2) provides, a protest filed within 10 days of the debriefing will be considered timely with respect to bases known before or as a result of the debriefing. We point out, however, that the law requires the stay of contract performance only if the agency receives notice of a protest filing within 5 days after the offered debriefing date, or within 10 days after the award, whichever is later. 31 U.S.C. § 3553(d) (2000).

Anthony H. Gamboa
General Counsel

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2884 |
| CONNECTION TEL | 9912022312831 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 07/13 10:44 |
| USAGE T | 01'18 |
| PGS. | 4 |
| RESULT | OK |

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 13, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Juanita Jones* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the GAO Decision and After Action Report for the above- mentioned protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Attorney for Protests at DSN 426-2825 or commercial at 703-696-2825.**

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: July 13, 2005

Re: GAO Protest of **NOSLOT Cleaning Services (B-296741)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Juanita Jones* | *Contracting Officer* | *202-231-3613* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the GAO Decision and After Action Report for the above- mentioned protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Attorney for Protests at DSN 426-2825 or commercial at 703-696-2825.**

Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.

ONFIDENTIAL

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2850 DSN 426; Fax ext. 1537
E-mail: Tracy.Williams@hqda.army.mil

REPLY TO
ATTENTION OF

**S: 25 July 2005**

JALS-CA (715y) 08 July 2005

MEMORANDUM FOR HQ, Virginia Contracting Activity/Defense Intelligence Agency, ATTN: LTC Joe Treanor, DIAC-DAP-2, Building 6000, Bolling Air Force Base, Washington, DC 20340-5100

SUBJECT: GAO Protest by **NOSLOT Cleaning Services (B-296741)**

1. We enclose for your information and appropriate action a copy of the decision dismissing the subject protests.

2. In accordance with AFARS § 33.190-1, you are required to submit a bid protest after-action report (including agency-level protest) to this office not later than 15 days following the notification of resolution of the protests, including resolution by withdrawal.

3. If you should have any questions or comments, please contact Ms. Tracy Williams, Paralegal Specialist, at DSN 426-2850 or commercial 703-696-2850. Ms. Tracy Williams e-mail address is Tracy.Williams@hqda.army.mil.

Sincerely,

for Tracy Williams

RAYMOND M. SAUNDERS
Chief Attorney for Bid Protests
Contract Appeals Division

Encls
1. Decision
2. After-Action Report Form

Copies Furnished:
Virginia Contracting Activity/Defense Intelligence Agency, ATTN: Juanita Jones, Contracting Officer, Building 6000, Bolling Air Force Base, Washington, DC 20840-5100,
Via facsimile: 202-231-2831

# DAVIS & STEELE

ATTORNEYS AT LAW

1100 15th Street, N.W.
Suite 300
Washington, DC 20005

Telephone : (202) 530-5828
Facsimile : (202) 530-5717
E-mail : davis.steele@att.net

Report due – 8.11.5
Close due – 10.20

B-296741-2

July 12, 2005

**Contains Privileged and Confidential Information That the Defense Intelligence Agency is Prohibited From Communicating to Any Party and is Protected from Release by the Trade Secrets Act, 18 U.S.C. 1905. Information in this Letter Will Also be Subject to a Protective Order if One Is Issued by GAO.**

**VIA FACSIMILE & HAND DELIVERY**
Office of the General Counsel
General Accounting Office
441 G Street, N.W.
Washington, DC 20548

RECEIVED USGAO
2005 JUL 12 PM 4:46

Attention: Procurement Law Control Group

**Re: Post-Award Protest of NOSLOT Cleaning Services, Inc. Under Defense Intelligence Agency Solicitation No. HHM402-05-R-0017**

Dear Sir:

NOSLOT Cleaning Services, Inc. ("NOSLOT")[1] through undersigned counsel, protests the decision of the Defense Intelligence Agency ("DIA"), to award the above-referenced solicitation to an offeror other than NOSLOT. **NOSLOT BELIEVES THAT DIA HAS ALREADY REQUESTED THE RAVENS GROUP, LLC TO BEGIN PERFORMANCE. ACCORDINGLY, NOSLOT REQUESTS THAT THE GENERAL ACCOUNTING OFFICE ("GAO") NOTIFY DIA IMMEDIATELY THAT THIS PROTEST HAS BEEN FILED, SO THAT THE COMMENCEMENT OF ANY PERFORMANCE IS STAYED PURSUANT TO 31 U.S.C. § 3553(c). THE CONTRACTING OFFICER FOR THIS PROCUREMENT IS JUANITA JONES, VIRGINIA CONTRACTING ACTIVITY (AE-**

[1] Noslot Cleaning Services, Inc. ("NOSLOT") is located at 303 Post Office Road, Suite B-3, Waldorf, Maryland. 20602. NOSLOT's telephone number is 301-843-4743, and its fax is 301-843-1136.

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



**2A), 200 MACDILL BLVD., BOLLING AFB, DC 20340-5100. THE CONTRACTING OFFICER'S TELEPHONE NUMBER IS (202) 231-3613. HER FAX NUMBER IS (202) 231-2831.**[2] A copy of this protest is being sent by facsimile ((202) 231-2831) and by overnight mail to the Contracting Officer.

Because the issues in this protest are simple and straightforward, NOSLOT requests that GAO decide this protest under the express option as set forth in GAO Rule 21.10. Moreover, NOSLOT believes it is in DIA's interest to use the express option, so as to minimize the delays in DIA's ability to obtain the goods and services it needs.

## I. JURISDICTION

NOSLOT first learned of the information upon which this protest is based, including the prejudice to NOSLOT, on or about July 8, 2005, when NOSLOT attended the scheduled debriefing. Because this protest is being filed within five (5) days of the scheduled debriefing and within five (5) days of NOSLOT's receipt of information upon which this protest is based, the protest is timely. 4 C.F.R. § 21.2(a)(2). In addition, the law requires the stay of contract performance if the Agency receives notice of a protest filing within 5 days after the offered debriefing date. 31 U.S.C. § 3553(d)(2000). Since this protest falls within the 5 day period, a stay of contract performance is required.



[2] The DIA counsel who was the point of contact for an earlier protest involving the same procurement was LTC Joe Treanor. Mr. Treanor's telephone number is (202) 231-2821 and his fax number is (202) 231-2831.

There are no urgent or compelling circumstances that would justify overriding the automatic stay. There is nothing to suggest that the incumbent cannot resume performance. NOSLOT should not be penalized by the DIA's inexplicable and dilatory conduct in waiting until the close of business on the eve of contract performance to notify NOSLOT of its award decision.

NOSLOT is an interested party, as defined by 4 C.F.R. § 21.0(a), to file this protest because NOSLOT is an actual offeror whose direct economic interest is affected by the DIA's failure to award the contract to NOSLOT. DIA advised NOSLOT during the debriefing that it was next in line for award.

## II. FACTUAL BACKGROUND

On April 14, 2005 the Defense Intelligence Agency ("DIA") at Bolling AFB issued Solicitation No. HHM402-05-R-0017 (the "Solicitation") for custodial services. The Solicitation calls for the contractor to provide all personnel, labor, equipment, tools, supplies, supervision, materials and other items and services necessary to perform Custodial Services at the Defense Intelligence Analysis Center ("DIAC") located at Bolling Air Force Base ("AFB"). *See* Solicitation at 2.

The Solicitation required offerors to have twenty percent of security clearances approved before contract award. Specifically, the solicitation stated:

> **Before award of the contract the contractor shall have 20%** of their security clearances approved as

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



> required for performance of this contract. This requirement can be waived only if the contractor has ample cleared personnel to escort cleaning employees to fully satisfy all cleaning objectives.

*Id.* at 6 (emphasis original).

In addition, offerors were required to provide a proposed service schedule that would include all areas in the scope of work and assure timely cleaning. According to the solicitation, "This schedule will include quality control inspections, periodic cleaning time tables (frequencies) and supply inventory control. Final bids will include the proposed service schedule." *Id.* The Solicitation required offers to be submitted by May 13, 2005. NOSLOT timely submitted its proposal.

On June 17, 2005, DIA informed TRG that it had been selected for award. However, contrary to the requirement in FAR § 15.503(b)(1) to notify unsuccessful offerors that their proposal was not selected for award, DIA did not notify NOSLOT until the close of business on June 30, 2005, the eve of commencement of contract performance.[3]

On June 22, 2005, NOSLOT learned that another offeror, The Ravens Group, LLC, (TRG") was on site at Bolling AFB, surveying the area and preparing to commence work. NOSLOT also learned that TRG did not have the requisite 20% cleared personnel to commence work.

[3] Had DIA complied with the requirements of the FAR, unsuccessful offerors could have filed protests before the commencement of contract performance.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



NOSLOT attempted repeatedly via telephone and email messages to the Contracting Officer (*see, e.g.*, email message from Mr. Tolson to Juanita Jones, dated June 22, 2005, attached hereto as attachment 1), to find out whether an award decision had been made. As of June 29, 2005, NOSLOT had yet to be advised of the final procurement decision. Due to the presence of TRG at Bolling AFB, and the fact that TRG seemed to be preparing to commence performance, NOSLOT conluded that DIA had decided to award the contract to TRG. By letter dated June 29, 2005, NOSLOT filed a timely protest challenging DIA's apparent decision to award the contract to TRG. By email dated June 30, 2005, the Contracting Officer confirmed that an award had been made to TRG. That communication further invited NOSLOT to attend a debriefing on July 8, 2005.[a]

During the debriefing, NOSLOT learned that DIA received responses from 9 sources, including NOSLOT and TRG. DIA also told NOSLOT that it had submitted the lowest priced quote and that it was ranked second overall behind TRG.

NOSLOT learned at the debriefing that the DIA arrived at the following technical ratings:

| | NOSLOT | TRG |
|---|---|---|
| Technical | [redacted] | |

[a] In light of the fact that DIA had unilaterally offered NOSLOT a debriefing, the initial protest became moot. It was ultimately dismissed with your Office noting that another protest could still be filed within 10 days of the debriefing, or within 5 days of the offered debriefing date in order to obtain a stay of contract performance. *See* Decision in *NOSLOT Cleaning Services, Inc.*, B-296741 (July 8, 2005).

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**

Office of the General Counsel
July 12, 2005
Page 6

Past Performance [redacted]

At the debriefing, DIA identified three alleged weaknesses that resulted in NOSLOT's rating of Marginal in the Technical evaluation factor. However, as detailed below, the alleged weaknesses are simply not supported by the facts. If the Agency had properly evaluated NOSLOT's proposal, NOSLOT would have received arating of [redacted] Furthermore, DIA's rating [redacted] is unreasonable because, on information and belief, TRG's proposal failed to satisfy the mandatory requirement that 20% of the contractor's workforce possessing approved Level 6 security clearances, as required for contract performance.

On information and belief, TRG does not have the requisite 20% approved security clearances, nor does it have ample cleared personnel to escort cleaning employees. The solicitation required that these requirements be met **before contract award**. During the debriefing we learned that TRG did not seek or obtain a waiver from this requirement.

In addition, it is doubtful that TRG submitted a thorough service schedule as required by the solicitation. Moreover, TRG lacks sufficient past performance. Under the circumstances, any award to TRG would be improper. Accordingly, NOSLOT's protest must be sustained.

## III. GROUNDS FOR PROTEST

### A. DIA Failed to Properly Evaluate Noslot's Proposal For the Technical Evaluation Factor

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



NOSLOT learned at the debriefing that DIA downgraded NOSLOT's proposal due to three alledged weaknesses. DIA stated that NOSLOT : (1) did not satisfy the requirement that 20% of its workforce have approved Level 6 clearances; (2) did not address how it planned to schedule cleanin in the expansion building to be made available in August 2005: and (3) did not address how it would staff cleaning in the expansion building. As explained below, these alleged "weaknesses" are not supported by the facts.

**1. Noslot Exceeded the 20% Requirement for a Cleared Workforce**

A brief perusal of NOSLOT's proposal compels the conclusion that NOSLOT not only satisfied, but exceeded the solicitation requirement for 20% of the workforce to have approved Level 6 security clearances. NOSLOT detailed, on pages 1-6 of the Managmenet Area of its proposal, how it had exceeded the solicitation requirent in securing a workforce with the requisite Level 6 security clearances. [redacted]

[redacted]

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



[redacted]

*See* NOSLOT Proposal, Management Area – Page 3 (emphasis original).

[redacted] Hence, DIA cannot seriously maintain that NOSLOT failed to satisfy the solicitation requirement when in fact NOSLOT well exceeded that requirement. It is beyond cavil that NOSLOT's proposal not only met, but exceeded the solicitation requirement. Clearly, NOSLOT should not have received [redacted] rating when it, in fact, exceeded the solicitation requirement. Accordingly, the Agency's decision to downgrade NOSLOT for this factor was unreasonable. For this reason, NOSLOT's protest must be sustained.

**2. NOSLOT Adequately Addressed Scheduled Cleaning and Staffing for the Expansion Building**

At the debriefing, DIA stated that NOSLOT's proposal failed to address how it planned to schedule cleaning and staff the effort in the expansion building. This conclusion, as well, is devoid of factual basis.

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



NOSLOT addressed schedule and staffing plans for the expansion building in several areas of its Technical proposal. Specifically, in the Technical Understanding area, NOSLOT provided a Frequency Schedule showing the frequency that NOSLOT proposed to clean the entire contract, both the existing and the expansion buildings. NOSLOT's proposal stated:

[redacted]

*See* NOSLOT Proposal, Technical Area – pp. 13-14. The chart consisted of 27 pages that detailed the number of times the specific tasks would be performed in both buildings. *Id.* at pp. 15-41. NOSLOT made no distinction between the main building and expansion building. The Frequency

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**

Office of the General Counsel
July 12, 2005
Page 10

Schedule encompassed the entire contract, including both buildings. As an example, a portion of the Frequency Chart regarding custodial requirmenets for corridors and offices reads as follows:

[redacted]

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**



[redacted]

*Id.* at p. 18.

NOSLOT also described its approach to cleaning as a "roving" approach. Specifically, NOSLOT stated:

[redacted]

*Id.* at 42.

NOSLOT proceeded to [redacted] ng. NOSLOT then explained how that approach would apply to the expansion building. Specifically, NOSLOT stated:

[redacted]

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**

Office of the General Counsel
July 12, 2005
Page 12

**building as well.**

Id. at pp. 44-45 (emphasis added). Hence, the chart depicting [redacted] main building was equally applicable to the expansion building. The only difference is that the employees would be split [redacted] to the expansion building to perform the same services in the expansion building.

Furthermore, NOSLOT provided a Periodic Schedule which specifically identifies each area of the contract, including the expansion building, and shows when they will be cleaned. That Schedule provides:

[redacted]

LAW OFFICES
DAVIS & STEELE

**CONTAINS PROTECTED INFORMATION SUBJECT TO GAO PROTECTIVE ORDER**

Office of the General Counsel
July 12, 2005
Page 13

[redacted]

Chart TA - 21

[redacted]

Chart TA - 22

[redacted]