PATRICK|HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON I. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX*
*US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC*
*USPTO Registration*

ELTON F. NORMAN
*admitted in DC, NY, CA*

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488

April 5, 2006

**VIA U.S. MAIL & FACSIMILE**

Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio
Senior Attorney
Procurement Law Control Group

Re: **B-296741.3**
**Protest of The Ravens Group, Inc.**
**Defense Intelligence Agency**
**Objection to Request to Dismiss**

Dear Ms. Curcio:

The Ravens Group, Inc., by counsel, hereby objects to the Defense Intelligence Agency's ("DIA") request to dismiss the above-referenced protest. The corrective action proposed by DIA is inadequate and does not render this protest "academic."

We will provide specific bases for out objection in subsequent correspondence, which we anticipate filing tomorrow.

Sincerely,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

cc: Major Peter H. Tran
HQ, U.S. Army Legal Services Agency

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: April 6, 2006

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **The Ravens Group, Inc. Protest of Defense Intelligence Agency's Revocation of a Contract Award to Rowe Contracting Services, Inc.** | Eleven (11) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.8234 | 202.512.9749 |
| Mr. Guy A. Torres, Contracting Officer | Virginia Contracting Activity, Bolling Air Force Base | 202.231.8077 | 202.231.2831 |
| Mr. Jeff Robertson | The Ravens Group | 301.577.8585 | 301.577.9097 |

COMMENTS:

DAJ

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

PATRICK | HENRY
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, DC, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

ELTON F. NORMAN
admitted in DC, NY, GA

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**PROTECTED MATERIAL:**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

March 27, 2006

**Via Facsimile and Hand Delivery**
Office of the General Counsel
General Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Procurement Law Control Group

**Re: Protest of The Ravens Group, Inc.**
**Under Request for Proposal HHM402-05-R-0017**
**Defense Intelligence Agency**

Dear Sir:

The Ravens Group, Inc. ("Ravens Group"), 9901 Business Parkway, First Floor, Suite H, Lanham, Maryland 20706, by its undersigned counsel, hereby protests the Defense Intelligence Agency's ("DIA" or "Agency") proposed revocation of its award to the Ravens Group of a contract pursuant to Request for Proposal No. HHM402-05-R-0017 and award of this requirement to Rowe Contracting Services. The Ravens Group's telephone number is 301.577.8585 and its facsimile number is 301.577.9097. The Contracting Officer for this procurement is Guy A. Torres, Virginia Contracting Activity, 200 MacDill Boulevard, Building 6000, Bolling Air Force Base, Washington, D.C. 20340-5100. The Contracting Officer's telephone number is 202.231.8077 and his facsimile number is 202.231.2831. A copy of this protest is being sent via facsimile and overnight mail to the Contracting Officer.

***The Ravens Group requests that GAO notify the Defense Intelligence Agency today of this protest because DIA has granted the deemed new awardee permission to immediately begin interviewing The Ravens Group's personnel—a decision which we are concerned will prove extremely disruptive to the Ravens Group. Notice today appears to be necessary to secure a "stay" of performance pursuant to FAR 33.104(c).***

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
March 27, 2006
Page 2

The Ravens Group first learned of the information upon which this protest is based, including the prejudice to the Ravens Group on March 23, 2006, via its receipt of a facsimile letter from the Contracting Officer on the same date. Because this protest is being filed within ten (10) days of the Ravens Group's notice of the bases of the protest, the protest is timely filed. 4 C.F.R. § 21.2(a)(2).

The Ravens Group is an interested party within the meaning of 4 C.F.R. section 21.0(a), to file this protest because the Ravens Group is an actual offeror whose direct economic interest is affected by DIA's decision to revoke the contract award previously made to the Ravens Group, and to award the contract to another contractor.

DIA failed to timely notify the Ravens Group of the protest of the original contract award to the Ravens Group. DIA's failure to provide notice of the protest of the original award, severely prejudiced the Ravens Group by denying the Ravens Group important procedural and substantive rights to which it was entitled, to protect its property interest in the contract it was awarded.

In addition, DIA's revocation of award to the Ravens Group and award to a new contractor on the ground that award to the new contractor presents "the best value to the Government" is unreasonable and irrational given the fact that DIA has twice made that very same finding about the Ravens Group—once nine (9) months ago at the time of the original award and a second time three (3) months ago, when it exercised the first option year of the Contract. DIA also took an unreasonably and unjustifiably long period of time to decide to revoke the Ravens Group's contract which also severely prejudiced the Ravens Group. Moreover, DIA's unreasonable delay in re-evaluating the proposals provided all offerors a competitive advantage versus the Ravens Group. Finally, it is also clear that DIA's most re-evaluation of the proposals was defective since it has already determined on two (2) prior occasions that the Ravens Group presented the "best value to the Government." In sum, the bases of this protest are as follows:

- DIA violated Federal law, including the Federal Acquisition Regulation ("FAR") when it failed to timely notify the Ravens Group of the protest of the original award to the Ravens Group and thereby denied the Ravens Group of important procedural and substantive rights to which it was entitled to protect its property interest in the contract it was awarded.
- DIA's award of the Contract to Rowe on the alleged basis that award to Rowe is in the "best interest of the Government" is unreasonable and irrational in light of the fact that DIA has on two (2) prior occasions determined that award to the Ravens Group was in the "best interest of the Government."

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

PATRICKHENRY LLP
attorneys and counselors at law



- DIA's delay in revoking the Contract award to the Ravens Group was unreasonable and highly prejudicial.
- By unreasonably delaying the revocation it now seeks, and allowing the Ravens Group to expend substantial resources in recruiting, training, and securing clearances for its personnel, DIA's re-evaluation provides an unfair competitive advantage to the other offerors versus the Ravens Group.

DIA intentionally or negligently denied the Ravens Group important procedural and substantive rights to which it was entitled under Federal law, including the FAR, to meaningfully participate in the protest of the original contract award to the Ravens Group. Due to the substantial time that has passed since the protest and the corrective action taken by DIA three (3) days ago, it is unreasonable and unfair for DIA to terminate the Ravens Group Contract which it has diligently performed for nine (9) months. For each of these reasons, and for those reasons further set forth below, GAO should grant the Ravens Group's protest and sustain its original award to the Ravens Group. In the alternative, the Comptroller General should recommend that DIA pay the Ravens Group all of its bid costs and legal fees related to this procurement.

## I. BACKGROUND

### A. Bolling Air Force Base Janitorial/Custodial Services RFP

DIA issued RFP No. HHM402-05-R-0017 for janitorial/custodial services at its facility located on Bolling Air Force Base on April 14, 2005 (the "Contract").

Among other significant requirements, the RFP required the successful offeror to have at least twenty percent (20%) of its personnel cleared with a top secret clearance with access to Special Compartmented Information ("TS-SCI") prior to award and a minimum of sixty percent (60%) of its personnel cleared with a top secret clearance within six months after contract award. *See* RFP, p. 6. As a result of the terrorist attacks of September 11, 2001, and an overhaul of security requirements, the demand for cleared personnel has increased enormously and recruitment of such personnel has become extremely difficult and expensive.

In accordance with the evaluation criteria of the RFP, award of the contract was to be made to "the responsible offeror whose offer, conforming to the solicitation, is determined to be the "best value to the Government." *See* RFP, p. 40. By awarding the Contract to the Ravens Group on June 28, 2005, DIA presumably determined that the Ravens Group provided the "best overall value to the Government" as was required by the RFP.

PATRICK HENRY
attorneys and counselors at law

General Accountability Office
March 27, 2006
Page 4

**B. DIA's Untimely Notice of the Protest of the Original Award to the Ravens Group**

The Ravens Group began performance under the Contract on or about July 1, 2005. By email, dated August 11, 2005, DIA issued the Ravens Group a Contract modification, notifying the Ravens Group for the first time of DIA's intent to re-evaluate "all technical proposals under the referenced Request for Proposals." Significantly, the email did not notify the Ravens Group that a protest had been filed or the basis for DIA's determination that re-evaluation was necessary.

By reply email, dated August 15, 2005, the Ravens Group questioned the basis for the Contract modification and the lack of any prior notice of any issues or concerns in connection with the original award of the Contract. In an undated communication to the Ravens Group, received by the Ravens Group August 30, 2005, DIA notified the Ravens Group for the first time of the protest of the original Contract award to the Ravens Group. In its notification, DIA apologized for the late notification of protest. The notice stated that the protest was received by DIA June 29, 2005, just one day after DIA executed the Contract. The notice further stated, that on August 2, 2005, based on legal review recommendations regarding technical evaluation panel members' evaluation of the nine offerors, the Contracting Officer had decided to take corrective action and re-evaluate the nine proposals that were received." The notice did not provide any detailed information regarding the findings of the legal review, or the specific basis for the corrective action recommended. Further, the Contracting Officer did not provide the Ravens Group any of the protest documents even though the protest was ongoing. Indeed, DIA has never provided the Ravens Group any evidence or documents to corroborate the original protest.

**C. DIA Unreasonably Delayed Corrective Action for Approximately (9) Months**

By Contract Modification No. 1, executed by DIA December 20, 2005, nearly four (4) months after DIA's initial notification to the Ravens Group of the protest, DIA executed the first option of the Contract, extending the Ravens Group's performance from October 31, 2005 through October 31, 2006.

By the time the Ravens Group was notified of DIA's attempt to revoke the Contract award to the Ravens Group on March 23, 2006, the Ravens Group had been working on the Contract for nearly nine (9) months. Further, in reliance that it had not been notified of DIA's determination to revoke the Contract and that DIA had executed the first option year of the Contract, the Ravens Group continued to incur substantial expenses in the recruitment, training, and securing of clearances for its personnel as well as performance of the Contract.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

PATRICKHENRY
attorneys and counselors at law



## II. BASIS OF PROTEST

### A. DIA Violated the FAR Requirement to Timely Notify the Ravens Group of the Original Protest

DIA violated Federal law and the FAR by neglecting to provide the Ravens Group timely notification of the protest of its award. The oversight greatly prejudiced the Ravens Group by depriving it of procedural and substantive legal rights to which it was entitled to **protect its property interest in the Contract it was awarded.**[1] FAR § 33.104 states that "Immediately after receipt of the GAO's written notice that a protest has been filed, the agency shall give notice of the protest to the contractor if the award has been made." In this case, DIA did not notify the Ravens Group of the protest for almost two (2) months after the protest was filed. The lack of notice deprived the Ravens Group of important substantive legal rights.

The important rights the Ravens Group was denied as a result of DIA's violation of the law, included 1) an opportunity to review the basis(es) of the protest; 2) an opportunity to review the contracting officers statement of facts regarding the conduct of the procurement award; 3) an opportunity to review the Agency legal memorandum regarding the conduct of the procurement action; 4) the opportunity to file other information relevant to the protest and the Agency's review of the protest; and 5) the opportunity to present evidence or insight that could have swayed the determination by DIA to revoke the award to the Ravens Group. By depriving the Ravens Group of these procedural rights, DIA adversely affected a substantive right to which the Ravens Group was entitled—the opportunity to protect its property interest in the contract it was awarded.

Moreover, even after DIA was placed on notice of its oversight and violation of the FAR, DIA still did not take reasonable steps to rectify the situation. DIA did not immediately provide the Ravens Group a copy of the protest or even a description of the alleged basis of the protest. Thus, the Ravens Group was deprived of critical information it needed to protect its property interest in the contract it was awarded.

---

[1] GAO has previously determined that failure to notify the awardee of a protest involves only procedural rights that entitle the protester only to a rehearing of the protest. In this case, we argue that due to the lapse of time a rehearing is not adequate and that the Agency's revocation should therefore be overruled. Moreover, we believe that the denial of an opportunity to protect its property interest violated substantive property rights in the contract the Ravens Group was awarded.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

PATRICK HENRY LLP
attorneys and counselors at law



**B. DIA's Contract Award to Rowe on the Alleged Basis that the Award Offers the Best Value to the Government is Irrational Given the Fact that DIA has Determined on Two (2) Prior Occasions that Award to the Ravens Group Provided the Best Overall Value to the Government**

DIA's attempted revocation of the Contract award to the Ravens Group and award to Rowe, based on DIA's recent determination that award to Rowe provides the best value to the government, is unreasonable and irrational given the fact that DIA has determined on two (2) prior occasions—at award of the original contract and incident to execution of the first option period—that award to the Ravens Group represented the best value to the Government.

DIA determined in June 2005, that award of the Contract to the Ravens Group provided the best value to the government. The RFP required that award be made on this basis and DIA has presented no evidence that its decision was not based on the stated criteria or that it's determination that award to the Ravens Group was based on anything other than that the Ravens Group presented the "best value to the Government."

In December 2005, DIA determined again—for a second time—that award to the Ravens Group presented the best value to the Government, when DIA exercised the first option period of the Contract.

Before exercising a Contract option, the contracting officer must review the circumstances existing at the time of its consideration of the option and make a number of important determinations. FAR § 17.207 (c) provides that a contracting officer may exercise options <u>only after</u> determining: ". . . the exercise of the option is the most advantageous method of fulfilling the Government's need, price and other factors . . . considered."

Thus, by deciding to exercise the Contract option, which it was under no obligation to do, DIA made an affirmative determination that the Ravens Group performance of the Contract still presented the best value to the Government in December 2005. DIA made this decision with full knowledge that the evaluation of the proposals had been challenged in a protest and after it had had approximately six (6) months to re-evaluate the proposals.

It is therefore unreasonable and irrational for DIA to determine three (3) months after its exercise of the option and concurrent determination that the Ravens Group presented the best value to the Government, that another contractor now presents the best value to the Government. There is simply no evidence to support such a contention.

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
March 27, 2006
Page 7

**C. DIA's Delay in Taking Corrective Action was Unreasonable and Highly Prejudicial**

DIA's unreasonable delay in taking corrective action is inexcusable and highly prejudicial to this service-disable veteran owned small business. It is undisputed that agencies should be granted a reasonable opportunity to take corrective action. In this case, however, DIA's nine (9) month delay in taking corrective action is unreasonable, irrational, and highly prejudicial.

The Ravens Group has incurred considerable expense recruiting, training, and securing clearances for the personnel assigned to the Contract. By DIA's own admission, the original award was protested June 29, 2005, just one day after Contract award. In addition, by August 11, 2005, when DIA first issued the Contract modification, DIA had apparently determined that it would have to re-evaluate the proposals. Thus, there is simply no justification for DIA's failure to complete this process within a reasonable time.

**D. DIA has Provided Rowe an Unfair Competitive Advantage**

By delaying its decision to revoke the Contract award to the Ravens Group and allowing the Ravens Group to perform on the Contract for nine (9) months, DIA created an unfair competitive advantage for Rowe and the other offerors. The Comptroller General has held that: "The record must reasonably support the evaluation of the proposals [citation omitted] and it is fundamental that the contracting agency must treat all offerors equally; it must even-handedly evaluate offers against common requirements and evaluation criteria." *See* Tidewater Homes Realty, Inc., B-274689, 96-2 CPD ¶ 241 at 3. *See also* COMARK Federal Systems, B-278343; B-278343.2, 98-1 CPD ¶ 34; Grey Advertising, Inc., B-184825, 76-1 CPD ¶ 325 (once offerors are informed of the criteria against which proposals will be evaluated, it is incumbent upon the procuring activity to adhere to those criteria). By allowing nine (9) months of performance by the Ravens Group, including the Ravens Group's recruitment, training, and acquisition of security clearances for the personnel necessary to perform this requirement, and by unreasonably delaying re-evaluation of the proposals, DIA did not adhere to those criteria in this procurement and thus The Ravens Group is entitled to remedial action.

It is clear that the recruitment, training, and acquisition of security clearances for Contract personnel, was an essential requirement of the Contract. Since receiving award of the Contract nearly nine (9) months ago, the Ravens Group has incurred substantial expenses recruiting, training, and securing clearances for its personnel.

As a result of the Ravens Group's diligent and costly work, Rowe and the other offerors did not have to devote as much time resources, consideration and planning to this important

PATRICKHENRY LLP
attorneys and counselors at law



aspect of the requirement as the Ravens Group, because they new that the Ravens Group had already completed most of this important work; they knew that they would be able to hire the incumbent personnel the Ravens Group already had in place and that they would not have to incur the same level of expense the Ravens Group had incurred. The knowledge that cleared personnel were already in place and the knowledge that they would not have to incur substantial expense to recruit, train, and clear personnel provided Rowe and the other offerors a significant and unfair competitive advantage over the Ravens Group.

It is highly unlikely that Rowe, a small company located in Louisiana would have been able to demonstrate its ability to meet the staffing and clearance requirements of the Contract but for its knowledge that the personnel were already in place.

Indeed, DIA informed the Ravens Group today of its decision to authorize Rowe to immediately begin to interview current Ravens Group personnel. This action is improper, unfair, and disruptive to the Ravens Group.

## III. CONCLUSION

The Ravens Group requests a ruling on its protest by the Comptroller General of the United States that DIA's decision to revoke award to the Ravens Group and award the Contract to another contractor is in violation of the RFP, and Federal law, including the FAR. In addition, its untimely decision is manifestly unjust and unfair. The Ravens Group therefore respectfully requests that the Comptroller General recommend that:

1. DIA reverse its decision to revoke the Contract Award to the Ravens Group and reinstate the Ravens Group; and
2. Pay the Ravens Group its attorneys fees and other costs incurred in pursuing this protest.

In the alternative, the Ravens Group requests that the Comptroller General recommend that:

1. DIA pay the Ravens Group its bid costs for preparing and submitting its proposal pursuant to the above-referenced RFP, including its submissions following the August 2005 Contract amendment; and
2. Pay the Ravens Group its legal fees and other costs incurred in pursuing this protest.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

PATRICK HENRY LLP
attorneys and counselors at law



## V. REQUEST FOR HEARING AND PROTECTIVE ORDER

If the issues in this case cannot be resolved on the basis of the documents requested, the Ravens Group requests a hearing on all of the matters set forth herein. 4 C.F.R. § 21.1(d) (2006). The Ravens Group also requests that a protective order be issued in this protest.

Respectfully submitted,

Patrick Henry LLP

Daryle A. Jordan
Counsel to The Ravens Group, Inc.

Cc: Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base

176

GAO
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.

**File:** B-296741.3

**Date:** April 6, 2006

## DECISION

The Ravens Group, Inc. protests the award of a contract to Rowe Contracting Services by the Defense Intelligence Agency under solicitation HHM402-05-R-0017. We view the protest as academic because the agency has decided to reconsider the award decision.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4.

The Government Accountability Office will not consider a protest where the issue presented has no practical consequences with regard to an existing federal government procurement, and thus is of purely academic interest. Accordingly, the protest is dismissed.

Anthony H. Gamboa
General Counsel

**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2850 DSN 426; Fax ext. 1537
E-mail: Tracy.Williams@hqda.army.mil

REPLY TO
ATTENTION OF

**S: 09 May 2006**

JALS-CA (715y) 24 April 2006

MEMORANDUM FOR Virginia Contracting Activity/Defense Intelligence Agency, ATTN: LTC Joe Treanor, DIAC-DAP-2, Building 6000, Bolling Air Force Base, Washington, DC 20340-5100

SUBJECT: GAO Protest by **The Ravens Group, Inc. (B-296741.3)**

1. We enclose for your information and appropriate action a copy of the decision dismissing the subject protest.

2. In accordance with AFARS § 33.190-1, you are required to submit a bid protest after-action report (including agency-level protest) to this office not later than 15 days following the notification of resolution of the protests, including resolution by withdrawal.

3. If you should have any questions or comments, please contact Ms. Tracy Williams, Paralegal Specialist, at DSN 426-2850 or commercial 703-696-2850. Ms. Tracy Williams e-mail address is Tracy.Williams@hqda.army.mil.

Sincerely,

for Tracy Williams

RAYMOND M. SAUNDERS
Chief Attorney for Bid Protests
Contract Appeals Division

Encls
1. Decision
2. After-Action Report Form

CF:
Virginia Contracting Activity/Defense Intelligence Agency, ATTN: Guy Torres, Contracting Officer, Building 6000, Bolling Air Force Base, Washington, DC 20840-5100,
Via facsimile: 202-231-2831

04/24/06 MON 12:08 FAX 703 696 1537 001

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4195 |
| CONNECTION TEL | 992022312831 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/24 12:07 |
| USAGE T | 01'10 |
| PGS. | 4 |
| RESULT | OK |

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: April 24, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.3)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the GAO Decision and After Action Report for the above mentioned protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: April 24, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.3)**

From: Tracy Williams, Paralegal Specialist

---

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 4

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *LTC Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Guy Torres* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the GAO Decision and After Action Report for the above mentioned protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

**This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.**