

**G A O**
Accountability • Integrity • Reliability

United States Government Accountability Office
Washington, DC 20548

Comptroller General
of the United States

# Decision

**Matter of:**   The Ravens Group, Inc.

**File:**   B-296741.4

**Date:**   April 17, 2006

## DECISION

The Ravens Group, Inc. protests the award of a contract to Rowe Contracting Services, Inc. by the Defense Intelligence Agency under solicitation HHM402-05-R-0017. We view the protest as academic because the agency has decided to reconsider the award decision.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4.

The Government Accountability Office will not consider a protest where the issue presented has no practical consequences with regard to an existing federal government procurement, and thus is of purely academic interest. Accordingly, the protest is dismissed.

Anthony H. Gamboa
General Counsel

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

# PATRICK HENRY

attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON J. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, DC, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

ELTON F. NORMAN
admitted in DC, NY, CA

**PROTECTED MATERIAL:**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

April 6, 2006

**VIA U.S. MAIL & FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention:    Procurement Law Control Group

Re:    **Protest of the Ravens Group, Inc.**
       **Under Request for Proposal No. HHM402-05-R-0017**
       **Defense Intelligence Agency**

Dear Ms. Curcio:

    The Ravens Group, Inc. ("Ravens Group"), 9901 Business Parkway, First Floor, Suite H, Lanham, Maryland 20706, by its undersigned counsel, hereby protests the Defense Intelligence Agency's ("DIA" or "Agency") proposed revocation of its award to the Ravens Group of a contract pursuant to Request for Proposal No. HHM402-05-R-0017 and award of this requirement to Rowe Contracting Services, Inc. ("Rowe"). The Ravens Group's telephone number is 301.577.8585 and its facsimile number is 301.577.9097. The Contracting Officer for this procurement is Guy A. Torres, Virginia Contracting Activity, 200 MacDill Boulevard, Building 6000, Bolling Air Force Base, Washington, D.C. 20340-5100. The Contracting Officer's telephone number is 202.231.8077 and his facsimile number is 202.231.2831. A copy of this protest is being sent via facsimile and overnight mail to the Contracting Officer.

    The Ravens Group first learned of some of the information upon which this Protest is based, including the prejudice to the Ravens Group, on March 27, 2006; the Ravens Group learned of additional information upon which this Protest is based on April 3, 2006. Because this protest is being filed within ten (10) days of the Ravens Group's notice of these bases of the Protest, the Protest is timely filed. 4 C.F.R. § 21.2(a)(2) (2006).

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487



# PATRICK HENRY LLP
*attorneys and counselors at law*

General Accountability Office
April 6, 2006
Page 2

Rowe, the purported new awardee, has engaged in improper conduct and thereby should be disqualified from participation in this procurement action. Specifically, Rowe paid employees of the Ravens Group to provide it information regarding the Ravens Group. In addition, Rowe has inexplicably and unlawfully obtained confidential information regarding the Ravens Group proposal.

## I.   BACKGROUND

### A.   Bolling Air Force Base Janitorial/Custodial Services RFP

DIA issued RFP No. HHM402-05-R-0017 for janitorial/custodial services at its facility located on Bolling Air Force Base on April 14, 2005 (the "Contract").

Among other significant requirements, the RFP required the successful offeror to have at least twenty percent (20%) of its personnel cleared with a top secret clearance with access to Special Compartmented Information ("TS-SCI") prior to award and a minimum of sixty percent (60%) of its personnel cleared with a top secret clearance within six months after contract award. *See* RFP, p. 6. As a result of the terrorist attacks of September 11, 2001, and an overhaul of security requirements, the demand for cleared personnel has increased enormously and recruitment of such personnel has become extremely difficult and expensive.

In accordance with the evaluation criteria of the RFP, award of the contract was to be made to "the responsible offeror whose offer, conforming to the solicitation, is determined to be the "best value to the Government." *See* RFP, p. 40. By awarding the Contract to the Ravens Group on June 28, 2005, DIA presumably determined that the Ravens Group provided the "best overall value to the Government" as was required by the RFP.

### B.   DIA Delayed Notice of the Protest of the Original Award to the Ravens Group

The Ravens Group began performance under the Contract on or about July 1, 2005. By email, dated August 11, 2005, DIA issued the Ravens Group a Contract modification, notifying the Ravens Group for the first time of DIA's intent to re-evaluate "all technical proposals under the referenced Request for Proposals." Significantly, the email did not notify the Ravens Group that a protest had been filed or the basis for DIA's determination that re-evaluation was necessary.

By reply email, dated August 15, 2005, the Ravens Group questioned the basis for the Contract modification and the lack of any prior notice of any issues or concerns in connection with the original award of the Contract. In an undated communication to the Ravens Group,

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER



General Accountability Office
April 6, 2006
Page 3

received by the Ravens Group August 30, 2005, DIA notified the Ravens Group for the first time of the protest of the original Contract award to the Ravens Group.

**C.    Rowe Paid Ravens Group Employees for Information**

On March 23, 2006, DIA notified the Ravens Group that it had determined to terminate the Ravens Group's Contract on the ground that it had determined that Rowe now presented the best value to the Government.  DIA's notice advised the Ravens Group that its contract would terminate April 1, 2006.

Beginning March 27, 2006, DIA allowed Scott Rowe, President of Rowe and his representatives on to the secured facility and allowed them to begin to interview the Ravens Group's employees.

Also on March 27th, Milton Grant, the Ravens Group Director of Facilities Management and Security, participated in a discussion with Scott Rowe, during which, to Mr. Grant's surprise, Mr. Rowe advised Mr. Grant of the following:  1) Rowe had bid approximately $3,000,000 overall less than the Ravens Group; and 2) that the reason Rowe originally lost the bid was that Rowe had not "submitted a work schedule" that the Ravens Group had submitted. On April 3, 2006, Mr. Rowe essentially repeated the above in front of other witnesses and also stated that he had reviewed information regarding Ravens Group employees on JPAS, a confidential network for monitoring security clearances.  See Statements of Milton Grant and Jeff Robertson, enclosed.

On March 31, 2006, DIA determined that, pursuant to the automatic stay provisions of the protest procedures, the Ravens Group would be permitted to continue its performance of the contract pending a decision in the Protest.

On April 3, 2006, Ernest Fields, one of the Ravens Group's Project Managers on the DIA Contract, upon questioning by Milton Grant, the Ravens Group Director of Facilities Management and Security, admitted that Scott Rowe, Rowe's President, had paid him and Wendy Scott, another Ravens Group employee, $500.00 to provide Rowe information regarding Ravens Group "employees and the working and scheduling" of the Ravens Group's contract effort during the pendency of the Ravens Group's Protest.  On April 5, 2006, Wendy Scott, the other Ravens Group Project Manager on the DIA Contract, also admitted that Mr. Rowe had paid her $500.00.

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

# PATRICK HENRY
*attorneys and counselors at law*

General Accountability Office
April 6, 2006
Page 4

## II.    BASIS OF PROTEST

### A.    DIA Provided the Rowe an Unfair Competitive vis-à-vis the Ravens Group by Allowing Rowe Officials on the DIA Facility and Access to the Ravens Group Employees and Work Space During the Pendency of a Prior Protest

Beginning March 27, 2006, DIA allowed Rowe officials unescorted access to the DIA facility at which the Ravens Group was performing the Contract. This improper access occurred during the pendency of a Protest filed by the Ravens Group. Accordingly, on information and belief, Rowe had access to Ravens Group confidential company information and its employees. In addition, as noted above and in the statement prepared by Mr. Grant, Rowe apparently did obtain confidential information regarding the Ravens Group, including information regarding the Ravens Group's employees, its staffing and scheduling methodology.

Thus, the new source selection review contemplated in this procurement action would be highly prejudicial and unfair to the Ravens Group.

### B.    Rowe Paid Ravens Group Employees for Information During the Pendency of the Ravens Group's Protest

The Court of Federal Claims has previously approved the disqualification of a company for using unfair or improper methods of obtaining information about a competitor. In Compliance Corp., v. United States, 22 Cl. Ct. 193 (1990), aff'd, 960 F.2d (Fed. Cir. 1992), the Court sustained the contracting officer's disqualification of the contractor after it was revealed that the contractor approached employees of the incumbent contractor, who was competing for a follow on contract, to obtain information regarding how the incumbent performed the work. In this case, Ravens Group employees have admitted that Rowe approached them and paid them cash for information during the pendency of the Ravens Group's Protest. The Court stated in Compliance Corp.

> The court finds actual or attempted "industrial espionage" to be outside the realm of normal business practices, and the contracting officer is entitled to disqualify those who engage in such conduct, not only to protect the integrity of the contracting process, but also to deter others from similar conduct.

See also Litton Sys., Inc., B-234060, 89-1 CPD ¶ 450, recons. denied 89-2 CPD ¶ 228.

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

APR-06-2006 16:47    PATRICK HENRY A CORPORATE FACILITY    P.006
From:Patrick/Henry LLP           703 256 7883          04/06/2006 16:47 #183 P.006



PATRICK HENRY

General Accountability Office
April 6, 2006
Page 5

    C.    Rowe has Obtained Confidential Information of the Ravens Group

    As discussed above, and in Mr. Grant's statement, Scott Rowe, the President of Rowe, has bragged about his ability to obtain information regarding the Ravens Group. Further, he has admitted to possessing information regarding the Ravens Group proposal, and the Ravens Group's scheduling methodologies and practices. Mr. Rowe obtained this information during the procurement process. Rowe's possession of this information is highly prejudicial to the Ravens Group and prevents a fair review of the Ravens Group in any subsequent review of this procurement action.

## III.   **CONCLUSION**

    The Ravens Group requests a ruling on its protest by the Comptroller General of the United States that DIA's decision to revoke award to the Ravens Group and award the Contract to another contractor is in violation of the RFP, and Federal law, including the FAR. The Ravens Group therefore respectfully requests that the Comptroller General recommend the disqualification of Rowe and that:

        1.    DIA reverse its decision to revoke the Contract Award to the Ravens Group and reinstate the Ravens Group; and

        2.    Pay the Ravens Group its attorneys fees and other costs incurred in pursuing this protest.

    In the alternative, the Ravens Group requests that the Comptroller General recommend that:

        1.    DIA issue a new solicitation and begin this procurement action again;

        or

        1.    DIA pay the Ravens Group its bid costs for preparing and submitting its proposal pursuant to the above-referenced RFP, including its submissions following the August 2005 Contract amendment; and

        2.    Pay the Ravens Group its legal fees and other costs incurred in pursuing this protest.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

APR-06-2006 20:50   VA CONTRACTING ACTIVITY                  P.009
  From:Patrick/Henry LLP           703 256 7883       04/06/2006 16:48 #183 P.007



PATRICK HENRY

General Accountability Office
April 6, 2006
Page 6


## IV.   DISCOVERY REQUEST

The Ravens Group requests that DIA produce the following documents:[1]

1.   All documents evidencing or reflecting the original protest of the award to the Ravens
     Group, including the original protest letter, the contracting officer's statement, the
     legal opinion, the agency report, and any other communication regarding the original
     protest.

2.   All documents evidencing or reflecting the technical evaluation of the Ravens Group
     and the other offerors.

3.   All documents evidencing or reflecting the basis for DIA's original decision to award
     the Contract to the Ravens Group and its subsequent decision to award to Rowe.

4.   All documents upon which the DIA relied in evaluating the Ravens Group and the
     other offerors.

5.   All documents evidencing or reflecting DIA's evaluation of the capabilities of the
     Ravens Group and the other offerors.

6.   All documents evidencing or reflecting DIA's consideration of the Ravens Group's
     past performance and experience in making its award decision.

7.   All documents evidencing or reflecting DIA's consideration of the Ravens Group's
     price proposal in making its award decision.

8.   All Agency communications in connection with the RFP.

9.   All documents relating to the Ravens Group and the awardees' proposals, including
     but not limited to all internal agency correspondence, memoranda and notes referring
     or relating to the RFP, including those relating to the proposals.

10.  The source selection plan, if any.

11.  Any and all other guidance provided to the evaluators, or referred to by them.

---

[1] This request includes all information relating to DIA's original evaluation which led to the award to the Ravens
Group as well as any subsequent evaluation relating to the determination to revoke the Ravens Group's award and
award to Rowe.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

ARR-06-2006 16:06   VA CONTRACTING ACTIVITY                                                   P.010
From:Patrick/Henry LLP          703 256 7665        04/06/2006 16:46 #138 P.000

# PATRICK HENRY <sub>llp</sub>

attorneys and counselors at law

General Accountability Office
April 6, 2006
Page 7


## V.    REQUEST FOR HEARING AND PROTECTIVE ORDER

If the issues in this case cannot be resolved on the basis of the documents requested, the Ravens Group requests a hearing on all of the matters set forth herein.  4 C.F.R. § 21.1(d) (2006).  The Ravens Group also requests that a protective order be issued in this protest.

Respectfully submitted,

Patrick Henry LLP

Daryl A. Jordan
Counsel to The Ravens Group, Inc.


Enclosures

Cc:    Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

www.patrickhenry.net

188



# S-W-O-R-N  S-T-A-T-E-M-E-N-T

This statement reflects a conversation that took place on Monday, March 27, 2006, inside the Defense Intelligence Agency (DIA) at Bolling Air Force Base in Washington, DC. I, Milton James Grant III ████████ was introduced to Scott E. Rowe, of Rowe Contracting Services Inc., by The Ravens Group's Contracting Offices Technical Representative (COTR) Ms. Mary Hennigan. Scott introduced himself as the company's president. Scott and I talked about the fact that he was being awarded the custodial contract we currently possessed as a result of an earlier protest lodged by an unknown company. Scott then stated that he had bid about $3,000,000.00 overall less than we did for the contract, and the only reason he did not win the original bid was because The Ravens Group submitted a work schedule and he did not. I told Scott I understood his position and that business is business. Scott began to tell me how he had Mrs. Verlene Cameron (The previous company's Project Manager) in his pocket feeding him information. Scott then stated he knew of our company in great detail. He stated that initially he thought of protesting the original contract but decided against it not wanting to incur what he felt would have been unnecessary legal fees. He stated he received a phone call some six months later inviting him to submit his bid again if he was still interested in the contract. Scott stated that he bid about 1.5 million a year less than The Ravens Group did on the contract. The following week, on Monday, April 3, 2006, in the DIA cafeteria, in the presence of the company's Executive Vice President; Jeff Robertson, Scott again stated he had bid about 1.5 million a year less than The Ravens Group, and had also reviewed several of our employees via JPAS, the network for monitoring security clearances.

## E-N-D  O-F  S-T-A-T-E-M-E-N-T

Milton J. Grant III
Director
Facilities Management and Security
The Ravens Group Inc.
9901 Business Parkway
Suite H
Lanham, MD 20706
Tel:  301-577-8585
Fax:  301-577-9097

APR-05-2006 20:90    VA CONTRACTING ACTIVITY    703 256 7883    04/06/2006 16:49 #183 P.010
From:Patrick/Henry LLP    703 256 7883



**The Ravens GROUP INC.**

*We Can Do That!*

# S-W-O-R-N  S-T-A-T-E-M-E-N-T

This statement reflects a conversation that began on Monday, April 3, 2006, at my residence; 4720 Lauriefrost Court, Alexandria, Virginia. I, Milton James Grant III █████, had engaged in a conversation with Ernest L. Fields, a recently terminated employee of The Ravens Group. I asked Ernest to confirm a rumor I heard involving him and Wendy Scott; the current Project Manager for the custodial contract at DIA both receiving cash payment in the amount of $500.00 each from Scott Rowe, President of Rowe Contracting Services Inc., in exchange for information on Ravens Group employees and the working and scheduling of the contract effort. Ernest stated that both he and Wendy Scott did in fact receive the $500.00 each from Scott Rowe in exchange for help and information to transition the contract from The Ravens Group to Rowe Contracting Services. According to Ernest Fields, this transaction took place on Tuesday, March 28, 2006 for Wendy Scott and on Wednesday, March 29, 2006 for him. The following day, on Tuesday, April 4, 2006 in my office at the company headquarters at 9901 Business Parkway, Lanham, Maryland 20706, Ernest repeated words to the same stating that Scott Rowe gave him and Wendy Scott $500.00 each in exchange for help and information. Ernest stated he returned his money to Scott in fear of being set up.

## E-N-D  O-F  S-T-A-T-E-M-E-N-T

Milton J. Grant III
Director
Facilities Management and Security
The Ravens Group Inc.
9901 Business Parkway
Suite H
Lanham, MD 20706
Tel:  301-577-8585
Fax:  301-577-9097
Cell:  703-965-6594

**190**

From:Patrick/Henry LLP          703 256 7883          04/11/2006 16:23 #202 P.001

**Patrick Henry LLP**
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM:              Daryle A. Jordan
FAX No.            703.256.7883
PHONE No.          703.256.7754
Client/Matter:     The Ravens Group, Inc.
Date:              April 11, 2006

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **Redacted Copy of April 6, 2006, Protest Letter** | Eleven (11) |
| | |

## PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| LTC Joseph V. Treanor, III | Defense Intelligence Agency | 703.696.1537 | 202.231.2821 |
| Mr. Jeff Robertson | The Ravens Group | 301.577.8585 | 301.577.9097 |

COMMENTS:          The March 27, 2006, Protest Letter does not contain protected material.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the intended recipient, please be advised that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

**191**

From:Patrick/Henry LLP          703 256 7883          04/20/2006 13:51 #222 P.002



# PATRICK HENRY
*attorneys and counselors at law*

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

April 20, 2006

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON J. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX*
*US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC*
*USPTO Registration*

ELTON F. NORMAN
*admitted in DC, NY, CA*

Attention:    Ms. Mary G. Curcio
              Senior Attorney
              Procurement Law Control Group

Re:    **Supplemental Protest of The Ravens Group, Inc.**
       **B-296741.4**
       **Defense Intelligence Agency**

Dear Ms. Curcio:

The Ravens Group, Inc. ("Ravens Group") hereby files this protest as a supplement to Protest No. B-296741.4, challenging the Defense Intelligence Agency's ("DIA") revocation of the award of a custodial/janitorial services contract to the Ravens Group and purported award of that contract to Rowe Contracting Service, Inc. ("Rowe") under Request for Proposal No. HHM402-05-R-0017 (the "RFP" or "Solicitation").

The Ravens Group first learned of the information upon which this supplemental protest is based, including the prejudice to the Ravens Group, on April 14, 2006. This Protest is being filed within ten (10) days of the date the Ravens Group first learned of the basis for this supplemental protest, and is therefore timely. 4 C.F.R. § 21.2(a)(2)(2006).[1]

---

[1] By letter, dated April 17, 2006, GAO dismissed Protest No. B-296741.4, on the ground that DIA had previously agreed to take corrective action and reconsider its award decision. Thus, according to GAO, Protest No. B-296741.4 would be of "purely academic interest." Rowe's actions were highly improper and possibly unlawful. Further, if true, Rowe's actions constitute unfair and unethical business practices, which should disqualify Rowe from continuing to participate in this procurement action. We are therefore filing this supplemental protest to preserve the Ravens Group's rights under the Protest Rules, which require a protester to file its claim within ten days after it first learns of the information upon which the protest is based.

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**192**

04/20/2006 THU 14:02 [TX/RX NO 9659] ⌀002



PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
April 20, 2006
Page 2

**I.        SUPPLEMENTAL GROUNDS FOR PROTEST**

      **A.        Rowe Improperly Obtained Privacy Information Regarding Ravens Group Personnel Currently Performing the DIA Contract and Used this Information to Tamper with the Security Clearances of Ravens Group Personnel**

      In our April 6, 2006, Protest letter, we notified the General Accountability Office ("GAO") of Rowe's disbursement of $500.00 cash payments to several Ravens Group employees to obtain information regarding the Ravens Group during the pendency of the Ravens Group March 27, 2006, Protest (B-296741.3). As discussed in the April 6th Protest letter, Scott Rowe, Rowe's President, made $500.00 cash payments to two (2) Ravens Group managers to obtain information regarding the Ravens Group. He also boasted to Ravens Group officials that he had obtained information regarding the Ravens Group, including information regarding the Ravens Group's price proposal, technical proposal, staffing methodologies, and other information which the Ravens Group considers to be company confidential and proprietary information.

      On April 14, 2006, Monica Belanger, a Ravens Group employee, was informed by her Security Manager that a routine review of her Joint Personnel Adjudication System file ("JPAS")[2] had revealed that she was employed by Rowe. This revelation surprised and greatly concerned Ms. Belanger, because she had never worked for Rowe; had no knowledge of Rowe; and had not given her permission to Rowe to access or alter her security file. Following a brief investigation to determine whether any other Ravens Group personnel had been compromised, the Ravens Group learned that Rowe had entered the JPAS and transferred all of the Ravens Group's personnel to Rowe. This was done without the Ravens Group's knowledge or authorization or the knowledge or authorization of the Ravens Group's personnel.

      Rowe's actions were improper, unethical, and potentially unlawful. Rowe's actions were also highly prejudicial. DIA could deem the discovery of inaccurate and false employment information on JPAS, a security breach. The effected personnel could lose their security clearances and their jobs. This in turn could severely impair the Ravens Group's ability to perform the Contract, which requires the Ravens Group to provide cleared personnel. Rowe's actions, therefore, could potentially cause severe financial damage to the Ravens Group as well as to the Ravens Group's reputation.

---

[2]      JPAS is an automated system for maintaining and adjudicating information for Department of Defense contractors and personnel.

**193**

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE
WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER
www.patrickhenry.net

05/02/2006 12:41 FAX    2025129749    GAO PL DIV    ☒004/006

From:Patrick Henry LLP          703 256 7883          04/20/2006 13:52 #222 P.004



## PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
April 20, 2006
Page 3

    **B.**      **Rowe's Questionable and Potentially Unlawful Conduct has Irretrievably Compromised this Procurement Action; thus, DIA Should Issue a New Solicitation and Conduct a New Source Selection**

    As discussed in the April 6th Protest letter and confirmed in this supplement, Rowe has engaged in highly questionable, unethical, and potentially unlawful conduct, to obtain confidential and proprietary information regarding the Ravens Group, to win award of this procurement. As a result of Rowe's actions, the Ravens Group is validly concerned that its technical performance strategies, staffing methods, and pricing strategies have been severely compromised. Thus, any corrective action that merely re-evaluates the proposals the offerors have already submitted would be inadequate and extremely unfair to the Ravens Group. Moreover, any corrective action that continues to deem Rowe as a viable potential awardee is improper and inconsistent with well-established tenets of fair competition.

    We therefore request that Rowe be permanently disqualified from participating in this procurement action.

**II.**      **Request for Hearing**

    If the issues in this case cannot be resolved on the basis of the documents, the Ravens Group reserves the right to request a hearing on all of the matters set forth above. 4 C.F.R. § 21.1(d) (2006).

**III.**      **Request for Relief**

    In view of the foregoing, GAO should recommend that DIA permanently disqualify Rowe from participation in this procurement and reaffirm its original award to the Ravens Group. In the alternative, DIA should permanently disqualify Rowe from this procurement, develop and issue a new solicitation, receive and review new proposals, and make a new source selection decision.

**194**

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE
WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER
www.patrickhenry.net

04/20/2006 THU 14:02 [TX/RX NO 9659] ☒004

05/02/2006 12:42 FAX  2025129749          GAO PL DIV                                      ☒005/006

From:Patrick/Henry LLP          703 256 7883          04/20/2006 13:52 #222 P.005

# PATRICK HENRY LLP

attorneys and counselors at law

General Accountability Office
April 20, 2006
Page 4

   The Ravens Group also requests the award of protest pursuit costs, including attorney fees, and such other relief as is appropriate.

          Respectfully submitted,

          Daryle A. Jordan
          Counsel for The Ravens Group, Inc.

cc:  Major Peter Tran, Esq.

**195**

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE
WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER
www.patrickhenry.net

04/20/2006 THU 14:02 [TX/RX NO 9659] ☒005

05/02/2006 12:42 FAX 2025129749                GAO PL DIV                                           ☐006/006

From:Patrick Henry LLP              703 256 7883          04/20/2006 13:51 #222 P.001

**Patrick Henry LLP**
**7619 Little River Turnpike**
**Suite 340**
**Annandale, Virginia 22003**
**(703) 256-7754**
Fax: (703) 256-7883

2006 APR 20 PM 2:52      RECEIVED USGAO

# FAX COVER SHEET

| | |
|---|---|
| FROM: | Daryle A. Jordan |
| FAX No. | 703.256.7883 |
| PHONE No. | 703.256.7754 |
| Client/Matter: | The Ravens Group, Inc. |
| Date: | April 20, 2006 |

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **Supplemental Protest of Protest No. B-296741.4** | Five (5) |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| Mr. Jeff Robertson | The Ravens Group | 301.577.8585 | 301.577.9097 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

**196**



PATRICK HENRY
*attorneys and counselors at law*

April 21, 2006

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

**Via U.S. Mail and Facismile**
Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base
200 MacDill Boulevard—Building 6000
Washington, D.C. 20340-5100

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON I. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

**Of Counsel**

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX
US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC
USPTO Registration*

ELTON F. NORMAN
*admitted in DC, NY, GA*

Re:    **DIA Corrective Action in Pursuant to
GAO Protest Nos. B-296741.3 and B-296741.4
Under Contract No. HHM40206C0026**

Dear Mr. Torres:

In our April 6, 2006, Protest letter, we notified you of information that had come to out attention of improper, unethical, and potentially unlawful conduct by Rowe Contracting Services, Inc. ("Rowe") in connection with the above-referenced procurement. Our letter, including sworn witness statements, confirmed that Rowe had made $500.00 cash disbursements to Ravens Group employees for information relating to the award of the above-referenced Contract.

In addition, Scott Rowe, Rowe's President, boasted to Ravens Group officials about information he had obtained about the Ravens Group, including information concerning the Ravens Group's pricing and technical proposal for this procurement, as well as its staffing methodologies. Based on these revelations, we requested that the Government disqualify Rowe from further participation in this procurement for its use of unfair and unethical business practices. On April 14, 2006, we received credible evidence of even more unfair and unethical business practices by Rowe; we learned that Rowe had entered the secure Joint Personnel Adjudication System ("JPAS") and transferred Ravens Group personnel security clearances to Rowe. Rowe's actions are improper, unethical, and potentially unlawful. For these reasons, we <u>again</u> request that Rowe be permanently disqualified from participating in this procurement.

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487



Mr. Guy A. Torres
April 21, 2006
Page 2

As discussed in our April 6th Protest letter, the Defense Intelligence Agency is authorized to disqualify Rowe for misconduct related to this procurement action. In Compliance Corp., v. United States, 22 Cl. Ct. 193 (1990), aff'd, 960 F.2d (Fed. Cir. 1992), the Court sustained the contracting officer's disqualification of the contractor after it was revealed that the contractor had approached employees of the incumbent contractor, who was competing for a follow on contract, to obtain information regarding how the incumbent performed the work. In this case, there is undisputable evidence that Rowe made cash payments to Ravens Group employees for confidential and proprietary information during the pendency of the Ravens Group's protest. It is also clear that Rowe unlawfully entered a secure database and tampered with the clearances of Ravens Group's personnel. As the Court stated in Compliance Corp., "the contracting officer is entitled to disqualify those who engage in such conduct, not only to protect the integrity of the contracting process, but to deter others from similar conduct.

Thus, to protect the integrity of this procurement, Rowe should be disqualified.

Sincerely,

Daryl A. Jordan

cc:    Mr. Joe N. Ballard
       President
       The Ravens Group, Inc.

       Major Tran
       Trial Attorney
       U.S. Army Legal Services Agency

From:Patrick/Henry LLP                    703 256 7883                    04/21/2006 16:34 #230 P.001/003

**Patrick Henry LLP**
7619 Little River Turnpike
Suite 340
Annandale, Virginia  22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM:           Daryle A. Jordan
FAX No.         703.256.7883
PHONE No.       703.256.7754
Client/Matter:  The Ravens Group, Inc.
Date:           April 21, 2006

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
|  |  |
| **Letter to Contracting Officer Re:  Contract No. HHM40206C0026** | Three (3) |
|  |  |
|  |  |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Mr. Guy A. Torres, Contracting Officer | Virginia Contracting Activity, Bolling Air Force Base | 202.231.8077 | 202.231.2831 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| LTG (R) Joe N. Ballard | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |
| Mr. Jeff Robertson | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |

DAJ

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the intended recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

**199**

## EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

KENNETH B. WECKSTEIN
202.861.1860
KWECKSTEIN@EBGLAW.COM

April 26, 2006

**VIA TELEFAX**

Anthony H. Gamboa, Esquire
General Counsel
General Accountability Office
441 G Street, N.W.
Washington, D.C.  20548

Re:  Protest of The Ravens Group
B-296741.4

Dear Mr. Gamboa:

Rowe Contracting Services, Inc. ("Rowe"), 5150 Highway 22, Suite C11, Mandeville, Louisiana 70471, hereby intervenes in the referenced protest. Rowe was the awardee of the contract that is the subject of the protest. Accordingly, Rowe is an intervenor as defined in 4 C.F.R. § 21.0(b). I would appreciate it if GAO and the parties would provide me with copies of all materials filed in the protest. My contact information is listed above. My protected telefax number is (202) 822-4657.

Thank you.

Very truly yours,

Kenneth B. Weckstein

KBW:cmj

cc:  Guy A. Torres, Contracting Officer
Daryle A. Jordan, Esq.
Scott Rowe
Marcy Curcio, Esq.
Major Peter H. Tran

ATLANTA · CHICAGO · DALLAS · HOUSTON · LOS ANGELES
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, DC
EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY.

**200**

DC:589558v2



**EPSTEIN BECKER & GREEN, P.C.**

ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
TEL: 202.861.0900
FAX: 202.296.2882

EPSTEIN BECKER & GREEN P.C.

**FACSIMILE COVER SHEET**

DIRECT: 202.861.0900    DIRECT FAX: 202.861.3560

## PRIVILEGED AND CONFIDENTIAL

| To: | Fax Number: | Telephone Number: |
|---|---|---|
| Major Peter H. Tran | (703) 696-1537 | (703) 696-2825 |

| From: | Kenneth B. Weckstein | Atty. No. | 052 | Pages (including cover): | 2 |
|---|---|---|---|---|---|
| Date: | April 26, 2006 | Client No.: | 53807.002 | | |

Comments:

**NOTICE OF PRIVILEGE AND CONFIDENTIALITY**

THIS TELECOPY IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED SOLELY FOR THE ADDRESSEE. ANY UNAUTHORIZED DISCLOSURE, REPRODUCTION, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

THIS COMMUNICATION DOES NOT CONFORM TO THE STANDARDS OF A COVERED OPINION WITHIN THE MEANING OF CIRCULAR 230 ISSUED BY THE UNITED STATES SECRETARY OF THE TREASURY. ACCORDINGLY, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION CANNOT BE USED, AND WAS NOT INTENDED OR WRITTEN TO BE USED, FOR THE PURPOSE OF AVOIDING UNITED STATES TAX PENALTIES. IN ADDITION, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION MAY NOT BE USED TO PROMOTE, MARKET OR RECOMMEND A TRANSACTION TO ANOTHER PERSON.

*IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING THIS TELECOPY, PLEASE CALL THE SENDER IMMEDIATELY.*

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC
EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY.

DC:605116v1

**201**



**VIRGINIA CONTRACTING ACTIVITY**
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

May 4, 2006

U-0644/AE-2A

Mr. Joseph Ballard
The Ravens Group, LLC
1101 Pennsylvania Avenue, N.W. 6th Floor
Washington, DC 2004

RE: Notice of Protest filed the Ravens Group, Inc. Under Request for Proposal
No. HHM402-05-R-0017, Defense Intelligence Agency.

Dear Mr. Ballard:

This letter is to inform you that a GAO protest has been filed by the Ravens Group (B-296741.3 ) under RFP HHM402-05-R-0017 for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building.

The Government has reviewed the allegations contained in the protest filed by the Ravens Group and has decided to take the following corrective action. The Agency intends to conduct a new source selection and a new source selection decision will be issued. There will be no new evaluation. The new source selection will be based on the current evaluation of all offerors' final proposal revision. You will be notified of future developments.

Sincerely,

Guy A. Torres
Contracting Officer

**202**

FEB-03-2004  19:21                                                        P.001



┌─────────────────────────────────────────┐
│ **VIRGINIA CONTRACTING ACTIVITY**        │
│ **P.O. BOX** 46563                       │
│ **WASHINGTON, D.C. 20005-6563**          │
└─────────────────────────────────────────┘

# Fax

| To: | MAJ TRAN | From: | GUY A TORRES |
|---|---|---|---|
| | | | (202) 231-8077 - Office |
| | | | (202) 231-2831 - Fax |

| Fax: | 703-696-1537 | Pages: | 3  Including Cover Sheet |
|---|---|---|---|
| Phone: | | Date: | 8 May 2006 |

RE:    The Raven's Group response to DIA

       corrective action letter dtd 4 May 06

Urgent    **XFor Review**    Please Comment    Please Reply    Please Recycle

Peter,

Attached is the notice of corrective action letter we worked on that was sent to TRG, also their response.

Cheong Chon (202) 231-8416 is the new CO for the effort. Juanita Jones (202) 231-3613 will remain the contract specialist.

I'll call you later today.......⌐

GUY A. TORRES

**203**



May 5, 2006

**Via U.S. Mail and Facismile**
Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base
200 MacDill Boulevard—Building 6000
Washington, D.C. 20340-5100

Re:     **DIA Corrective Action Pursuant to
        GAO Protest No. B-296741.3**

Dear Mr. Torres:

This responds to your letter, dated May 4, 2006, and requests clarification of the corrective action you agreed to take in response to our above-referenced protest.

Your letter states that there will be a "new source selection and new source selection decision" but that there <u>will not</u> be a new evaluation. How can there be a new source selection decision without a new evaluation? In addition, your letter states that the "new source selection will be based on the current evaluation of all offerors' final proposals." We interpret this provision to mean that The Ravens Group would be allowed to revise our proposal for this requirement. In our April 6, 2006, Protest letter, our April 20th supplement to that protest, and our April 21st letter to you, we notified you of compelling and credible evidence we had obtained, including sworn statements, that Rowe Contracting Services, Inc. ("Rowe") had paid for and obtained confidential and proprietary information regarding our proposal. Thus, it is essential that you allow us, at a minimum, to revise our proposal. To deny us an opportunity to revise our proposal would place this company at a severe competitive disadvantage in the "new source selection" process, and render the "corrective action" you promised to take meaningless. It is undisputable that the integrity of our proposal has been compromised by Rowe's improper, unethical, and potentially unlawful business practices. **Your refusal to honor our valid request to revise our proposal, would leave us no choice but to file another protest to protect our rights.**

Relatedly, we have not heard from you regarding our request for you to disqualify Rowe from further participation in this procurement action based on its unethical and unfair business practices. We raised serious concerns regarding Rowe's business practices as well as its potential breach of security. We are surprised and concerned that the Defense Intelligence Agency has not acted on our request or contacted us to investigate these serious charges.

We request your response to our request for clarification by close of business Wednesday, May 10, 2006, so we will have adequate time to determine whether we will have to file another protest.

Sincerely,

Joe N. Ballard
President
The Ravens Group, Inc.

# PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

ELTON F. NORMAN
admitted in DC, NY, GA

**PROTECTED MATERIAL:**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

May 12, 2006

**VIA U.S. MAIL & FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention:      Procurement Law Control Group

Re:     **Protest of the Ravens Group, Inc.**
        **Under Request for Proposal No. HHM402-05-R-0017**
        **Defense Intelligence Agency**

Dear Sir:

The Ravens Group, Inc. ("Ravens Group"), 9901 Business Parkway, First Floor, Suite H, Lanham, Maryland 20706, by its undersigned counsel, hereby protests the Defense Intelligence Agency's ("DIA" or "Agency") proposed revocation of its award to the Ravens Group of a contract pursuant to Request for Proposal No. HHM402-05-R-0017 and award of this requirement to Rowe Contracting Services, Inc. ("Rowe"). The Ravens Group's telephone number is 301.577.8585 and its facsimile number is 301.577.9097. The Contracting Officer for this procurement is Guy A. Torres, Virginia Contracting Activity, 200 MacDill Boulevard, Building 6000, Bolling Air Force Base, Washington, D.C. 20340-5100. The Contracting Officer's telephone number is 202.231.8077 and his facsimile number is 202.231.2831. A copy of this protest is being sent via facsimile to the Contracting Officer.

The Ravens Group first learned of the information upon which this Protest is based, including the prejudice to The Ravens Group, on May 4, 2006. Because this protest is being filed within ten (10) days of The Ravens Group's notice of the bases of the Protest, the Protest is timely filed. 4 C.F.R. § 21.2(a)(2) (2006).

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

MARYLAND OFFICE

5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**www.patrickhenry.net**                **205**



**PATRICK HENRY LLP**
attorneys and counselors at law

General Accountability Office
May 12, 2006
Page 2

## I.   SUMMARY

This is the third protest filed on behalf of The Ravens Group in connection with this procurement action. Protest No. B-296741.3 ("TRG Protest 1") was filed March 27, 2006. The General Accountability Office ("GAO") dismissed this Protest via a decision entered April 6, 2006, based on DIA's agreement to take corrective action and "reconsider the award decision."

We subsequently filed Protest No. B-296741.4 on April 6, 2006, and supplemented it April 20, 2006 ("TRG Protest 2"). We filed this protest after The Ravens Group discovered that Rowe had used unfair, unethical, and potentially unlawful business practices to obtain confidential and proprietary information about The Ravens Group, which Rowe used against The Ravens Group to win award of this requirement. Rowe's unfair and unethical business practices included making cash payments to Ravens Group's employees to obtain confidential and proprietary information about The Ravens Group. Using unfair and unethical business practices, Rowe obtained information regarding The Ravens Group's staffing and pricing strategies and methodologies related to this specific procurement, as well as privacy protected information regarding The Ravens Group's employees assigned to this specific procurement.

In TRG Protest 2, we notified GAO and DIA of compelling evidence of Rowe's misconduct; and clear evidence that the integrity of this procurement had been compromised by Rowe's actions. Based on this development, we requested GAO and DIA to conduct an entirely new source selection, including the opportunity for The Ravens Group (and the other offerors) to revise its proposal, and to disqualify Rowe from participation in the procurement action based on its misconduct. GAO dismissed TRG Protest 2 in a decision entered April 17, 2006, on the same ground that it dismissed TRG Protest 1—that DIA had "decided to reconsider the award decision."

By a letter received via facsimile May 4, 2006, DIA stated "There will be no new evaluation [and] The new source selection will be based on the current evaluation of all offerors' final proposal revision." *See* Copy of DIA May 4th Letter, enclosed. Thus, it does not appear that DIA will allow The Ravens Group to revise its proposal even though that proposal has clearly been compromised by Rowe. Via a letter to DIA, dated May 5, 2006, and forward to DIA on the same day, The Ravens Group reiterated its concern regarding Rowe's improper and unethical acquisition of information concerning The Ravens Group's proposal, and Rowe's adverse impact on the integrity of the procurement action. The Ravens Group's May 5th letter further requested clarification of DIA's May 4th letter. *See* Copy of The Ravens Group May 5th Letter, enclosed. To date, however, DIA has not responded to our request for clarification. Thus, we have no choice but to conclude that DIA will not allow The Ravens Group to revise its proposal. DIA's refusal to allow The Ravens Group to revise its proposal will place The Ravens

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER



General Accountability Office
May 12, 2006
Page 3

Group at a substantial competitive disadvantage vis-à-vis Rowe and other offerors who possess confidential and proprietary information regarding The Ravens Group.

For these reasons, we again request that GAO issue a decision recommending that DIA disqualify Rowe for misconduct, and conduct an entirely new source selection, including allowing The Ravens Group to revise its proposal.

## II.     BACKGROUND

### A.     Contract Award to The Ravens Group

DIA issued RFP No. HHM402-05-R-0017 for janitorial/custodial services at its facility located on Bolling Air Force Base on April 14, 2005 (the "Contract").

In accordance with the evaluation criteria of the RFP, award of the contract was to be made to "the responsible offeror whose offer, conforming to the solicitation, is determined to be the "best value to the Government." *See* RFP, p. 40. DIA awarded the Contract to The Ravens Group on June 28, 2005, and The Ravens Group began performance of the Contract on or about July 1, 2005.

### B.     Protest of Original Award to The Ravens Group

In an undated notification, received by The Ravens Group August 30, 2005, DIA notified The Ravens Group for the first time that the award of the Contract to The Ravens Group had been protested by letter, dated June 29, 2005, one day after award to The Ravens Group. The protest was ultimately dismissed based on DIA's agreement to take corrective action.

On March 23, 2006, nine (9) months following the original contract award, DIA notified The Ravens Group that it had completed the corrective action, and had decided to revoke award to The Ravens Group and re-award the procurement to Rowe.

### C.     The Ravens Group's Protests

As noted above, The Ravens Group filed TRG Protest 1 on March 27, 2006, which was dismissed by GAO on April 6, 2006, based on DIA's agreement to take corrective action.

Between March 27, 2006, and April 3, 2006, the following occurred: 1) DIA allowed Scott Rowe, President of Rowe and his representatives on to the secured facility and allowed them to begin to interviewing The Ravens Group's employees; 2) Mr. Rowe admitted to Ravens Group officials that he had made cash payments to Ravens Group employees to obtain

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER



information about The Ravens Group, which he then used to win award of the Contract from The Ravens Group. This information was corroborated by several Ravens Group employees in sworn statements.

Based on our concerns regarding Rowe's actions, we filed TRG Protest 2 on April 6, 2006. We supplemented this Protest on April 20, 2006, when we learned that Rowe had improperly accessed confidential and private information regarding The Ravens Group and its employees, and tampered with the security clearances of The Ravens Group and its employees. In this protest, we again asked GAO and DIA to disqualify Rowe for misconduct and award the Contract to The Ravens Group, or, in the alternative, allow The Ravens Group to revise its proposal in connection with DIA's corrective action.

**III.    BASIS OF PROTEST**

**A.    The Corrective Action Contemplated by DIA—A New Source Selection and Source Selection Decision Based Solely on The Ravens Group's Current Proposal—Would be Inherently Unfair, Prejudicial, and Anti-Competitive**

As we interpret DIA's May 4th letter, DIA will not allow The Ravens Group to revise its technical or price proposal, and will base the new source selection decision solely on the offerors' current proposals. Evaluation of The Ravens Group proposal on this basis, would be unfair, prejudicial, and anti-competitive. .

As discussed, and documented in TRG Protest 1 and TRG Protest 2, Rowe used unfair, unethical, and potentially unlawful practices to obtain confidential and proprietary information about The Ravens Group, which it used to seize the Contract from The Ravens Group. Rowe's misconduct occurred during the pendency of DIA's proposal review and purported award to Rowe, and subsequently, during the pendency of The Ravens Group's protest.

We know that Rowe made cash payments to Ravens Group employees to obtain information about The Ravens Group. Rowe has admitted to obtaining information regarding The Ravens Group's staffing and pricing strategies and methodologies. In addition, we know that Rowe improperly obtained access to confidential and private information concerning The Ravens Group's employees and used this information to improperly tamper with the security clearances of The Ravens Group and its employees.

A new source selection and source selection decision, that does not take Rowe's unfair business practices into consideration, and that does not allow The Ravens Group to revise its proposal, would be invalid. Such a process and decision would also be manifestly unfair and prejudicial to The Ravens Group, whose proposal has clearly been compromised by Rowe.

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER



**PATRICK HENRY** LLP
attorneys and counselors at law

General Accountability Office
May 12, 2006
Page 5

    **B.**    **Based on its Misconduct, Rowe Should be Disqualified from further Participation in this Procurement Action**

Based on Rowe's misconduct, it would be proper and appropriate for DIA to disqualify Rowe from further participation in this procurement action. See Compliance Corp., v. United States, 22 Cl. Ct. 193 (1990), aff'd, 960 F.2d (Fed. Cir. 1992) (court approval of disqualification of contractor that unfairly attempted to obtain information from incumbent contractor). As discussed in our prior protests, in this case, the evidence is conclusive that Rowe approached and paid several Ravens Group employees $500.00 cash to spy for Rowe. Further, Scott Rowe, Rowe's President, boasted to Ravens Group officials regarding his acquisition of information regarding The Ravens Group.

There is no doubt that Rowe used unfair and unethical business tactics to obtain information about The Ravens Group. It is also unquestionable that Rowe obtained confidential, proprietary, and private information about The Ravens Group and its employees that Rowe used to its competitive advantage. Rowe, therefore, should be disqualified from participation in this procurement due to its misconduct.

**III.**    <u>**CONCLUSION**</u>

The Ravens Group requests a ruling on its protest by GAO that DIA's decision to revoke award of the Contract to The Ravens Group and re-award the Contract to Rowe, is in violation of the RFP, and Federal law. The Ravens Group therefore respectfully requests that the GAO recommend the disqualification of Rowe and that:

    1.    DIA reverse its decision to revoke the Contract Award to the Ravens Group and reinstate the Ravens Group; and

    2.    Pay the Ravens Group its attorneys fees and other costs incurred in pursuing this protest.

In the alternative, the Ravens Group requests that GAO recommend that:

    1.    DIA issue a new solicitation and begin this procurement action again, including the receipt and review of new proposals;

or

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER



PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
May 12, 2006
Page 6

1.  DIA pay the Ravens Group its bid costs for preparing and submitting its proposal pursuant to the above-referenced RFP, including its submissions following the August 2005 Contract amendment; and

2.  Pay the Ravens Group its legal fees and other costs incurred in pursuing this protest.

## IV.  DISCOVERY REQUEST

The Ravens Group requests that DIA produce the following documents:[1]

1.  All documents evidencing or reflecting the original protest of the award to The Ravens Group, including the original protest letter, the contracting officer's statement, the legal opinion, the agency report, and any other communication regarding the original protest.

2.  All documents evidencing or reflecting the technical evaluation of The Ravens Group and the other offerors.

3.  All documents evidencing or reflecting the basis for DIA's original decision to award the Contract to The Ravens Group and its subsequent decision to award to Rowe.

4.  All documents upon which The DIA relied in evaluating the Ravens Group and the other offerors.

5.  All documents evidencing or reflecting DIA's evaluation of the capabilities of The Ravens Group and the other offerors.

6.  All documents evidencing or reflecting DIA's consideration of The Ravens Group's past performance and experience in making its award decision.

7.  All documents evidencing or reflecting DIA's consideration of The Ravens Group's price proposal in making its award decision.

8.  Any and all information and communications between the Agency and Rowe related to the award of the Contract to Rowe, and Rowe's commencement of performance.

---

[1] This request includes all information relating to DIA's original evaluation which led to the award to the Ravens Group as well as any subsequent evaluation relating to the determination to revoke the Ravens Group's award and award to Rowe.

PROTECTED MATERIAL:  TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER