PATRICK HENRY LLP
attorneys and counselors at law



9. All Agency communications in connection with the RFP.

10. All documents relating to The Ravens Group and the awardees' proposals, including but not limited to all internal agency correspondence, memoranda and notes referring or relating to the RFP, including those relating to the proposals.

11. The source selection plan, if any.

12. Any and all other guidance provided to the evaluators, or referred to by them.

## V. REQUEST FOR HEARING AND PROTECTIVE ORDER

If the issues in this case cannot be resolved on the basis of the documents requested, the Ravens Group requests a hearing on all of the matters set forth herein. 4 C.F.R. § 21.1(d) (2006). The Ravens Group also requests that a protective order be issued in this protest.

Respectfully submitted,

Patrick Henry LLP

Daryl A. Jordan
Counsel to The Ravens Group, Inc.

Enclosures

Cc: Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base

**VIRGINIA CONTRACTING ACTIVITY**
**200 MACDILL BLVD., BLDG 6000**
**BOLLING AIR FORCE BASE**
**WASHINGTON, D.C. 20340-5100**

May 4, 2006

U-0644/AE-2A

Mr. Joseph Ballard
The Ravens Group, LLC
1101 Pennsylvania Avenue, N.W. 6th Floor
Washington, DC 2004

RE: Notice of Protest filed the Ravens Group, Inc. Under Request for Proposal No. HHM402-05-R-0017, Defense Intelligence Agency.

Dear Mr. Ballard:

This letter is to inform you that a GAO protest has been filed by the Ravens Group (B-296741.3 ) under RFP HHM402-05-R-0017 for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building.

The Government has reviewed the allegations contained in the protest filed by the Ravens Group and has decided to take the following corrective action. The Agency intends to conduct a new source selection and a new source selection decision will be issued. There will be no new evaluation. The new source selection will be based on the current evaluation of all offerors' final proposal revision. You will be notified of future developments.

Sincerely,

Guy A. Torres
Contracting Officer

TOTAL P.002

The Ravens GROUP INC.
We Can Do That!

May 5, 2006

**Via U.S. Mail and Facismile**
Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base
200 MacDill Boulevard—Building 6000
Washington, D.C. 20340-5100

Re: **DIA Corrective Action Pursuant to GAO Protest No. B-296741.3**

Dear Mr. Torres:

This responds to your letter, dated May 4, 2006, and requests clarification of the corrective action you agreed to take in response to our above-referenced protest.

Your letter states that there will be a "new source selection and new source selection decision" but that there will not be a new evaluation. How can there be a new source selection decision without a new evaluation? In addition, your letter states that the "new source selection will be based on the current evaluation of all offerors' final proposals." We interpret this provision to mean that The Ravens Group would be allowed to revise our proposal for this requirement. In our April 6, 2006, Protest letter, our April 20th supplement to that protest, and our April 21st letter to you, we notified you of compelling and credible evidence we had obtained, including sworn statements, that Rowe Contracting Services, Inc. ("Rowe") had paid for and obtained confidential and proprietary information regarding our proposal. Thus, it is essential that you allow us, at a minimum, to revise our proposal. To deny us an opportunity to revise our proposal would place this company at a severe competitive disadvantage in the "new source selection" process, and render the "corrective action" you promised to take meaningless. It is undisputable that the integrity of our proposal has been compromised by Rowe's improper, unethical, and potentially unlawful business practices. **Your refusal to honor our valid request to revise our proposal, would leave us no choice but to file another protest to protect our rights.**

Relatedly, we have not heard from you regarding our request for you to disqualify Rowe from further participation in this procurement action based on its unethical and unfair business practices. We raised serious concerns regarding Rowe's business practices as well as its potential breach of security. We are surprised and concerned that the Defense Intelligence Agency has not acted on our request or contacted us to investigate these serious charges.

We request your response to our request for clarification by close of business Wednesday, May 10, 2006, so we will have adequate time to determine whether we will have to file another protest.

Sincerely,

Joe N. Ballard
President
The Ravens Group, Inc.

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2825; DSN 426; Fax ext. 1537
E-mail: Peter.Tran@hqda.army.mil

REPLY TO
ATTENTION OF

May 16, 2006

Contract Appeals Division

**VIA FACSIMILE**

Ms. Mary G. Curcio, Esq.
Office of the General Counsel
U.S. Government Accountability Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of The Ravens Group, Inc., B-296741.4 .5 ~~.4~~

Dear Ms. Curcio:

Enclosed please find a letter from the Contracting Officer clarifying the Agency's corrective action. If you have any questions regarding this matter, please contact MAJ Peter Tran at (703) 696-2825, facsimile (703) 696-1537.

Sincerely,

Peter H. Tran
Major, U.S. Army
Trial Attorney

Copies Furnished by facsimile:

Protester:

Daryle Jordan, Esq., Patrick Henry LLP
Telephone: (703) 256-7754; Facsimile: (703) 256-7883

Intervener:

Kenneth Weckstein, Esq., Epstein Becker & Green, P.C.,
Telephone: (202) 861-0900; Facsimile: (202) 822-4657

**DEFENSE INTELLIGENCE AGENCY**

WASHINGTON, D.C. 20340-

U-2053/AE-2A

May 15, 2006

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team I, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296741.5; Protest of The Ravens Group, Inc.

Contracting Officer's Statement

In response to GAO's request for clarification of the Contracting officer's Notice of Corrective Action, dated April 3, 2006, the following is provided. As the April 3, 2006 Notice of Corrective Action states,

> The Agency intends to conduct a new source selection and a new Source Selection Decision will be issued. If after the new source selection is conducted and a contractor other than Rowe is deemed to be the appropriate awardee, the contract with Rowe will be terminated for convenience and the appropriate offeror awarded a contract for the reminder of the services required.

The Agency simply intends to conduct a new source selection. The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection will be based on the offerors' previously submitted proposals, which does not include a review of any Joint Personnel Adjudication System ("JPAS") files. The JPAS is a database managed by the DoD Agency Central Adjudication Facilities and is used to confirm the clearance validity of contractor personnel. The JPAS is a contract administration tool that is not used during the procurement process.

for [signature]
GUY A. TORRES
Contracting Officer

******************************
*** MULTI TX/RX REPORT ***
******************************

| | | |
|---|---|---|
| TX/RX NO | 4284 | |
| INCOMPLETE TX/RX | | |
| TRANSACTION OK | (1) | 9912025129749 |
| | (2) | 9917032567883 |
| | (3) | 9912028224657 |
| | (4) | 9912022312831 |
| ERROR | | |

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: April 4, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.3)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 3**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Kenneth Weckstein* | *Intervener* | *202-861-0900* | *202-822-4657* |
| *Guy Torres* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**



**Confidentiality Notice**

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: April 4, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.3)**

From: Tracy Williams, Paralegal Specialist

---

NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 3

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Kenneth Weckstein* | *Intervener* | *202-861-0900* | *202-822-4657* |
| *Guy Torres* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.

EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

KENNETH B. WECKSTEIN
202.861.1860
KWECKSTEIN@EBGLAW.COM

May 22, 2006

**VIA TELEFAX**

Anthony H. Gamboa, Esquire
General Counsel
General Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Re: Protest of The Ravens Group
B-296741.5 and .6

Dear Mr. Gamboa:

Rowe Contracting Services, Inc. ("Rowe"), 5150 Highway 22, Suite C11, Mandeville, Louisiana 70471, hereby intervenes in the referenced protests Rowe was the awardee of the contract that is the subject of the protests. Accordingly, Rowe is an intervenor as defined in 4 C.F.R. § 21.0(b). I would appreciate it if GAO and the parties would provide me with copies of all materials filed in the protests. My contact information is listed above. My protected telefax number is (202) 822-4657.

Thank you.

Very truly yours,

Kenneth B. Weckstein

KBW:cmj

cc: Guy A. Torres, Contracting Officer
Daryle A. Jordan, Esq.
Scott Rowe
Marcy Curcio, Esq.
Major Peter H. Tran

EBG
EPSTEIN BECKER & GREEN P.C.

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
TEL: 202.861.0900
FAX: 202.296.2882

# FACSIMILE COVER SHEET

DIRECT: 202.861.0900 DIRECT FAX: 202.861.3560

## PRIVILEGED AND CONFIDENTIAL

| To: | Fax Number: | Telephone Number: |
|---|---|---|
| Major Peter H. Tran | (703) 696-1537 | (703) 696-2825 |

| | | | | | |
|---|---|---|---|---|---|
| From: | Kenneth B. Weckstein | Atty. No. | 052 | Pages (including cover): | 2 |
| Date: | May 22, 2006 | Client No.: | 53807.002 | | |

Comments:

NOTICE OF PRIVILEGE AND CONFIDENTIALITY
THIS TELECOPY IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED SOLELY FOR THE ADDRESSEE. ANY UNAUTHORIZED DISCLOSURE, REPRODUCTION, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

THIS COMMUNICATION DOES NOT CONFORM TO THE STANDARDS OF A COVERED OPINION WITHIN THE MEANING OF CIRCULAR 230 ISSUED BY THE UNITED STATES SECRETARY OF THE TREASURY. ACCORDINGLY, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION CANNOT BE USED, AND WAS NOT INTENDED OR WRITTEN TO BE USED, FOR THE PURPOSE OF AVOIDING UNITED STATES TAX PENALTIES. IN ADDITION, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION MAY NOT BE USED TO PROMOTE, MARKET OR RECOMMEND A TRANSACTION TO ANOTHER PERSON.

*IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING THIS TELECOPY, PLEASE CALL THE SENDER IMMEDIATELY.*

GAO
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group

**File:** B-296741.5; B-296741.6

**Date:** May 19, 2006

**DECISION**

The Ravens Group protests the award of a contract to Rowe Contracting Services, Inc., under Defense Intelligence Agency (DIA) request for proposals (RFP) No. HHM402-05-R-0017, for janitorial and custodial services.

We dismiss the protest.

The solicitation, issued on April 14, 2005, provided for award on a "best value" basis, considering cost and technical factors. On June 28, DIA made award to Ravens. On June 29, NOSLOT Cleaning Services, Inc. protested the award to our Office. On August 2, DIA decided to take corrective action in response to the NOSLOT protest by allowing offerors to submit final proposal revisions, reevaluating the proposals and making a new best value determination. As a result, our Office dismissed NOSLOT's protest (B-296741.2, Aug. 4, 2005). Following the submission of revised proposals and the reevaluation, DIA selected Rowe for award. Ravens filed a protest in our Office challenging that decision (B-296741.3; B-296741.4). The agency again proposed corrective action, this time in the form of reconsidering the award decision; accordingly, we dismissed Ravens's protest. DIA is currently implementing the proposed corrective action.

Ravens protests certain actions by Rowe that allegedly occurred after DIA selected Rowe for award following the NOSLOT protest. Specifically, Ravens claims that Rowe obtained access to the automated system the Department of Defense uses to maintain information regarding its employees and contractors (JPAS), and manipulated the data to make it appear that Ravens's personnel were Rowe employees, all without the knowledge of Ravens or the personnel involved. Ravens further asserts that, while its initial protest was pending in our Office, Rowe obtained information about Ravens's proposal by making payments to Ravens employees. According to Ravens, these actions compromised the procurement and warrant eliminating Rowe from the competition.

Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4. Toward this end, our Bid Protest Regulations, 4 C.F.R. § 21.1(c)(4) and (f) (2006), require that a protest include a detailed statement of the legal and factual grounds for protest, and the grounds stated be legally sufficient. These requirements contemplate that protesters will provide, at a minimum, either allegations or evidence sufficient, if uncontradicted, to establish the likelihood that the protester will prevail in its claim of improper agency action. Id.

Ravens's assertions do not constitute a valid basis of protest because, even if we found them meritorious, they would not provide a basis for sustaining the protest. In this regard, prejudice is an essential element of any viable protest and, even where the record establishes a procurement deficiency, we will sustain a protest only where the deficiency resulted in competitive prejudice to the protester. See Johnson Controls World Servs., Inc., B-285144, July 6, 2000, 2000 CPD ¶ 108 at 3. Ravens has not demonstrated competitive prejudice here. Proposals were submitted prior to the alleged actions about which Ravens complains, and DIA's proposed corrective action is limited to reconsidering its award decision based on the proposals as already submitted; DIA will not request new or revised proposals, and will not reevaluate the proposals but, rather, will only review the evaluations that followed NOSLOT's protest and the award to Rowe, and make a new best value determination. Since the new award decision will be based on the proposals as submitted before Rowe's alleged improper actions, Rowe will be unable to gain any competitive advantage from those actions. It follows that Ravens was not competitively prejudiced, and that there would be no basis for sustaining the protest.[1]

The protest is dismissed.

Anthony H. Gamboa
General Counsel

---

[1] Ravens irrationally asserts that the only way to eliminate competitive harm to Ravens is to allow offerors to submit revised proposals. If Ravens's allegations are correct, Rowe would potentially benefit from its actions if DIA solicits revised proposals. Thus, DIA's plan not to allow offerors to submit revised proposals is the appropriate way to protect Ravens from competitive harm.

GAO
Accountability • Integrity • Reliability
United States Government Accountability Office
Washington, DC 20548

# Facsimile Transmission Sheet

**Date:** May 23, 2006 Number of pages, including this cover sheet: 3

**Re:** B-296741.5
Protest of The Ravens Group

**From:** Mary G. Curcio, Senior Attorney

| Name | Firm/Agency | Phone | Fax |
|---|---|---|---|
| Daryle A. Jordan, Esq. | Patrick Henry LLP | 703-256-7754 | 703-256-7883 |
| Major Peter H. Tran, Esq. | Defense Intelligence Agency | 703-696-2825 | 703-696-1537 |
| Kenneth B. Weckstein, Esq. | Epstein Becker & Green, P.C. | 202-861-0900 | 202-822-4657 |

**Comments:** *Corrected Copy

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, DC, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

ELTON F. NORMAN
admitted in DC, NY, CA

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**PROTECTED MATERIAL:
TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

June 1, 2006

**VIA U.S. MAIL AND FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Procurement Law Control Group

**Re: REQUEST FOR RECONSIDERATION
B-296741.5; B-296741.6
Protest of The Ravens Group, Inc.
Under Request for Proposal No. HHM402-05-R-0017
Defense Intelligence Agency**

Dear Sir:

The Ravens Group, Inc. ("Ravens Group"), by its undersigned counsel, hereby requests reconsideration of the Government Accountability Office's ("GAO") May 19, 2006, decision dismissing The Ravens Group's Protests of the Defense Intelligence Agency's ("DIA" or "Agency") proposed corrective action in connection with the above-referenced procurement action. A copy of this Request for Reconsideration is being sent via facsimile to the Contracting Officer.

The Ravens Group first learned of the information upon which this Request for Reconsideration is based, on May 22, 2006 via a facsimile from GAO. Because this Request for Reconsideration is being filed within ten (10) days of The Ravens Group's receipt of the information upon which the Request for Reconsideration is based, the Protest is timely filed. 4 C.F.R. § 21.14(b) (2006).

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
June 1, 2006
Page 2

GAO's May 19th decision contains substantial errors of fact and law. Contrary to the conclusions in GAO's May 19th decision, some of Rowe Contracting Services, Inc.'s ("Rowe") most significant and harmful actions against The Ravens Group, were taken prior to Rowe's selection as contract awardee. GAO's mistaken factual determinations include: 1) its determination that "[all] Proposals were submitted prior to Rowe's alleged misconduct; and 2) its determination that the corrective action and new award decision contemplated by DIA would be based only on proposals submitted before Rowe's alleged misconduct.

Further, relying on the above-referenced factual errors, GAO reached erroneous legal conclusions, including: 1) GAO's determination that Rowe would not be able to gain a competitive advantage from its actions, and 2) GAO's determination that The Ravens Group was not competitively prejudiced by Rowe's actions. As this Request will demonstrate, Rowe has essentially admitted to obtaining a competitive advantage based on confidential and/or proprietary information it [improperly] obtained about The Ravens Group.

Thus, based on this Request for Reconsideration, including a sworn witness statement, and the discussion and sworn witness statements in The Ravens Group's April 6, 2006, Protest, as supplemented April 20, 2006, and the discussion in The Ravens Group's May 12, 2006, Protest, GAO should reverse its earlier decision and reinstate The Ravens Group's Protest.

***Please note that in our previous Protests, we did not omit the factual discussion that forms the bases of this Request for Reconsideration. Indeed, the substance of everything we discuss in this Request was addressed in previous Protests. We are convinced, however, that GAO misinterpreted important aspects of those previous discussions. Thus, this Request attempts to clarify factual assertions and arguments made in previous protests, not to introduce entirely new information or arguments that could have been produced or made in previous protests.***

## I. LEGAL STANDARD

In order to sustain a Request for Reconsideration, the Bid Protest Regulations and GAO state that the requesting party must show that GAO's "prior decision contains errors of either fact or law, or must present information not previously considered, upon which reversal or modification of the decision is deemed warranted." 4 C.F.R. § 21.14(a) (2006); *see also* Wackenhut International, Inc.; B-295352.3, B-295352.4; *2005 U.S. Comp. Gen. LEXIS 70* (April 19, 2005). In this instance, GAO's prior decision contains significant errors of fact and law.

PATRICK HENRY LLP
attorneys and counselors at law



## II. ARGUMENT

As discussed above, GAO's May 19th decision is based on several important but false factual determinations. These are detailed below.

### A. Rowe Submitted Its Proposal Following Its Unauthorized Acquisition of Confidential and/or Proprietary Information Belonging to The Ravens Group

Contrary to the assertion in GAO's May 19th decision, all of the proposals were not submitted prior to Rowe's misconduct. More importantly, Rowe did not submit its proposal until after it had improperly acquired confidential and/or proprietary information belonging to The Ravens Group.

GAO's conclusion in this regard is refuted by Scott Rowe's own statements, as recounted in the sworn witness statements of J. Jeff Robertson and Milton Grant, two Ravens Group's officials with whom Mr. Rowe personally discussed Rowe's questionable business tactics. ***See* Exhibit A, J. Jeff Robertson Sworn Statement, dated June 1, 2006, enclosed; *see also* J. Jeff Robertson's and Milton Grant's Sworn Statements enclosed to The Ravens Group's April 6, 2006, Protest, and the discussion thereto.**

First, during his discussion with The Ravens Group's officials, Mr. Rowe acknowledged that DIA had contacted him approximately six (6) months after the original award to The Ravens Group and requested that Rowe resubmit a bid if Rowe were still interested in the requirement. This would have been during the period of time that DIA was taking corrective action in connection with the protest filed by NOSLOT.[1] *Id.*

In addition, according to Mr. Robertson, Mr. Rowe admitted to him on April 3, 2006, that the only reason Rowe won the award after DIA's corrective action [pursuant to the NOSLOT protest], was Rowe's submission of a work schedule it developed based on one The Ravens Group had submitted. The information regarding scheduling was key to The Ravens Group's proposal and carefully guarded information within the company. Thus, if Rowe had detailed knowledge about The Ravens Group's schedule, which Mr. Rowe suggests he had, Rowe's acquisition of that information would clearly have been unauthorized. *Id.*

---

[1] As discussed in our Protest letter, dated March 27, 2006 ("Protest No. B-296741.3), we noted that, in response to the NOSLOT protest, DIA had decided to take corrective action August 2, 2005, approximately one month following NOSLOT's protest. The corrective action included re-evaluation of all of the offerors proposals, and that offerors determined to be in the competitive range would be provided the opportunity to submit final "revised proposals. ***See* Exhibit B, DIA Memorandum (Undated), enclosed**. As also discussed in Protest No. B-296741.3, it took DIA nine (9) months to complete the corrective action.

PATRICK HENRY
attorneys and counselors at law



Based on the above, it is clear that all of the proposals, and particularly Rowe's proposal, had not been submitted prior to Rowe's alleged misconduct.

B. If GAO's May 19th Decision is not Reversed, the Corrective Action Contemplated by DIA and DIA's New Award Decision Would be Based on Rowe's Revised Proposal Submitted Following Rowe's Misconduct and Thus Extremely Prejudicial to The Ravens Group

As discussed above, Scott Rowe has admitted to obtaining some of the information most damaging to The Ravens Group during the pendency of the corrective action DIA undertook in response to the NOSLOT protest. In particular, Rowe admitted to obtaining information about The Ravens Group's price proposal and its technical proposal, including its scheduling strategy and methodology—a key aspect of The Ravens Group's proposal. Moreover, Rowe admitted to using this information in its revised proposal. Indeed, Rowe admitted that but for its acquisition and use of confidential and proprietary information it improperly obtained about The Ravens Group, it would not have received award of the Contract.

C. Rowe's Acquisition and Use of The Ravens Group's Confidential Information Clearly Gave Rowe an Unfair Competitive Advantage

We agree that competitive prejudice is an essential element of every viable protest. We disagree that we have not demonstrated competitive prejudice in this instance. To demonstrate prejudice, the protestor generally must establish that but for the actions complained of, it would have had a substantial chance of receiving award. McDonald-Bradley, B-270126, 96-1 CPD ¶ 54. In CDA Investment Technologies, Inc., B-272093.3, 97-1 CPD ¶ 103, GAO broadened the test to include a "reasonable possibility that the protestor would have otherwise been the successful offeror", as a sufficient basis for sustaining a protest.

In this case, prejudice is clear. The Ravens Group was the **initial awardee** on this procurement. It is undisputed that Rowe won award during DIA's implementation of corrective action pursuant to the NOSLOT protest. It is also undisputed that DIA requested revised proposals pursuant to the corrective action. Most importantly, Rowe has admitted that the only reason it won the contract award, was its acquisition and use of knowledge about The Ravens Group's proposal, including The Ravens Group's scheduling strategy and methodology and pricing information. Rowe obtained this information improperly and potentially unlawfully, and used the information to its competitive advantage and the competitive disadvantage of The Ravens Group.

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
June 1, 2006
Page 5

## III. UNFAIR BUSINESS PRACTICE DISCUSSION IN PREVIOUS PROTESTS

In previous protests, in addition to Rowe's misconduct discussed above, we discussed other unfair and potentially unlawful business practices by Rowe, including its cash payments to Ravens Group employees to obtain information about The Ravens Group, and its unauthorized tampering with The Ravens Group's personnel clearances. We believe that this conduct was egregious and warrants Rowe's disqualification from participation in this procurement action. Rowe's actions discussed above, however, directly affected the outcome of the corrective action DIA undertook pursuant to the NOSLOT protest, and placed The Ravens Group at a severe competitive disadvantage vis-à-vis Rowe.

## IV. CONCLUSION

The Ravens Group requests that the Comptroller General of the United States reverse its decision to dismiss the above-referenced Ravens Group Protests, that it reinstate those Protests, and that it grant the relief requested in those Protests.

## V. REQUEST FOR HEARING

If the issues in this case cannot be resolved on the basis of the documents requested in the original Protests, the Ravens Group requests a hearing on all of the matters set forth herein. 4 C.F.R. § 21.1(d) (2006).

Respectfully submitted,

Patrick Henry LLP

Daryle A. Jordan
Counsel to The Ravens Group, Inc.

Enclosures

Cc: Mr. Guy A. Torres
Contracting Officer
Virginia Contracting Activity
Bolling Air Force Base

PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

The Ravens GROUP INC.
*We Can Do That!*

## SWORN STATEMENT

## OF

## J. JEFF ROBERTSON

On Monday, April 3, 2005 around 7:45 am while in the Defense Intelligence Agency (DIA) cafeteria, Milton Grant and I was approached by Scott Rowe, President of Rowe Contracting Services, and one of his project managers. Scott began to engage Milton and me in a conversation about the DIA custodial contract. During the conversation Mr. Rowe informed us that during the initial bid The Ravens Group submitted a schedule whereas his company did not submit one. This schedule was a key aspect of The Ravens Group's proposal, and as such, was carefully guarded information within the company. The only way Mr. Rowe could have known about our schedule was if he inspected our proposal, and we are certain that we did not authorize Mr. Rowe to review our technical proposal. Thus, any access he had to our technical proposal was unauthorized and improper. Mr. Rowe also stated that he knew this was the only reason Rowe did not win the original bid. He told us that he received a phone call from DIA 6 months after the original award to The Ravens Group requesting that he resubmit his bid. This would have been pursuant to the corrective action DIA agreed to take in response to the protest by NOSLOT. Mr. Rowe went on to say that Rowe's resubmitted bid was $1.5 million less than The Ravens Group's price. This statement suggested that Mr. Rowe had also seen our price proposal. Mr. Rowe admitted to having the above information prior to the best and final offer being submitted by Rowe in response to DIA's request for a best and final offer following DIA's agreement to take corrective action based on NOSLOT's protest. Mr. Rowe asserted that he won the award after corrective action because Rowe provided a work schedule based on the one that he had learned The Ravens Group had submitted. Furthermore, he submitted a lower quote then our quote since he was made aware of our numbers.

I solemnly swear affirm and declare under penalties of perjury and upon personal knowledge that the foregoing is true and correct.

6/01/06
Date

[signature]
J. Jeff Robertson
Executive Vice President

9901 Business Parkway • Suite H • Lanham, MD 20706 • 301-577-8585 voice • 301-577-9097 fax
1101 Pennsylvania Ave, NW • 6th Floor • Washington, DC 20004 • 202-756-4556 voice
www.theravensgroup.com

EXHIBIT A

**DEFENSE INTELLIGENCE AGENCY**

**WASHINGTON, D.C. 20340-5100**

The Ravens Group, LLC
9901 Business Parkway
Lanham, MD 20706
Attn: Mr. Joseph B. Ballard

Subject: **NOTIFICATION OF GAO PROTEST**

Mr. Ballard,

In accordance with FAR 33.104 DIA Contracting should have informed you in a timely manner that at GAO protest was filed against the Government on the recently awarded custodial services contract (HHM402-05-C-0026). I apologize to your sir that this was not administered in a timely fashion. The GAO protest filed by NOSLOT cleaning services was received by DIA on June 29, 2005. An override stay was sent to GAO on July 1, 2005 for the continuation of this essential service at the DIAC. On August 2, 2005, based on legal review recommendations regarding the technical evaluation panel members' evaluation of the nine offerors, the DIA contracting officer decided to take corrective action and re-evaluate the nine proposals that were received a the close of the original submission deadline on May 13, 2005. An amendment was issued by the DIA contracting specialist (Ms. Jones) notifying the nine companies of the reevaluation. Once the proposals have been re-evaluated, award may be made without discussions. If the Agency determines that discussions are warranted, a competitive range will be established and discussion will be conducted with all offerors within the range. Upon completion of discussion, offerors within the competitive range will be provided the opportunity to submit final revised proposals.

Again, the Government apologizes for the lack of responsiveness of our part.

Sincerely,

Guy A. Torres
Contracting Officer
DIA

EXHIBIT
B

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

| | |
|---|---|
| FROM: | Daryle A. Jordan |
| FAX No. | 703.256.7883 |
| PHONE No. | 703.256.7754 |
| Client/Matter: | The Ravens Group, Inc. |
| Date: | June 1, 2006 |

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **REQUEST FOR RECONSIDERATION** | Eight (8) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.8234 | 202.512.9749 |
| Mr. Guy A. Torres, Contracting Officer | Virginia Contracting Activity, Bolling Air Force Base | 202.231.8077 | 202.231.2831 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| LTG (R) Joe N. Ballard | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |
| Mr. Jeff Robertson | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

KENNETH B. WECKSTEIN
TEL: 202.861.0900
FAX: 202.861.3560
KWECKSTEIN@EBGLAW.COM

June 14, 2006

**VIA TELEFAX**

Mary G. Curcio, Esquire
U.S. General Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Re: Protest of The Ravens Group, Inc.
Request For Reconsideration
B-296741.007

Dear Ms Curcio:

This firm is counsel to Rowe Contracting Services, Inc. ("Rowe") regarding the referenced Request For Reconsideration ("Request") filed by The Ravens Group, Inc. ("Ravens"). Based on the information in the redacted Request that has been provided to Rowe, the Request should be denied.

The heart of the Request is the June 1, 2006, Sworn Statement attached as Exhibit A to the Request. To the extent that the Sworn Statement introduces new facts based on the alleged April 3, 2006 conversation, the statement should be disregarded. Arguments based on such alleged facts are untimely.

Secondly, as discussed below, Rowe denies any wrongdoing of any kind. While Rowe cannot discern the specific facts alleged by Ravens (because portions of the Request have been redacted), if Ravens is claiming that Rowe obtained proprietary data of Ravens and used such data to submit its proposal, Ravens is wrong. And, significantly, any such allegation would require a full-scale, private litigation between Ravens and Rowe in which Rowe would have the opportunity to obtain full discovery from Ravens, assert appropriate counterclaims (for defamation and other causes of action) and question any witnesses for Ravens under cross-examination before a jury. The Government Accountability Office ("GAO") is not the proper forum to resolve such disputes between private parties. This is especially so when the allegations are totally devoid of merit.

Thirdly, Ravens' Request is based on two allegations. First, Ravens speculates that Scott Rowe "inspected our [Ravens'] proposal..." See Sworn Statement. As best we can tell, this allegation was not in the two protests that are the subject of the Request. And, in any event, Mr. Rowe never has seen Ravens' proposal. Second, Ravens objects to the fact that, as part of DIA's corrective action last year, DIA asked Rowe to "resubmit his bid" and Mr. Rowe said that "Rowe's resubmitted bid was [redacted] less than The Ravens Group's price." See Sworn Statement.

In its Request, Ravens apparently is alleging that Rowe was able to underbid Ravens because it knew Ravens' price. Rowe did not (and does not) know what price Ravens proposed in the most-recent and ongoing competition. However, Rowe did know what price Ravens proposed in the initial procurement. This is because by letter dated June 27, 2005, DIA notified all offerors, included Rowe, that the contract had been awarded to Ravens at the price of $21,731,005.09. A copy of DIA's letter is attached. Rowe properly had this information about Ravens' contract price and Rowe did submit a proposal below that price. That fact does not provide a basis for a protest or for Ravens' Request For Reconsideration.

For the above reasons, Rowe submits that GAO should deny Ravens' Request For Reconsideration.

Very truly yours,

Kenneth B. Weckstein

KBW:cmj

Enclosures

cc: Major Peter H. Tran, Esq.
Daryle A. Jordan, Esq.

DC:592012v2

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

JUN 27 2005

U-0115/AE-2A

Mr. Scott Eugene Rowe, President
5150 Hwy 22, Ste C-11
Mandeville, LA 70471

Dear Mr. Rowe

Your firm responded to this Agency Request for Proposal (RFP) for the Janitorial/Custodial Services for the Defense Intelligence Agency. Bolling AFB, Washington, DC. RFP was issued to 20 contractors and only nine (9) proposals were received.

After through evaluation of all proposals utilizing the evaluation criterial set forth in the RFP, it was determined to be in the best interest of the Government to award to the following contractor as being the best value to the Government, price and other factors considered:

The Ravens Group, LLC
1101 Pennsylvania Avenue N.W.
Washington, DC 20004

Total price including the base period and all options --- $21,731,005.09

If you desire a debriefing, please submit your request via fax to (202) 231-2831 as soon as possible but no later than 13 July 2005 to Juanita Jones (202) 231-3613.

Your proposal indicated that considerable effort was involved in its preparation and DIA desires to express its appreciation for your request in this effort.

Sincerely,

GUY A. TORRES
Contracting Officer

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$ 1.87
FB METER 7250983
U.S. POSTAGE
WASHINGTON DC JUN 29 2005

Rc'd July 20, 2005

EBG
EPSTEIN BECKER & GREEN P.C.

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
TEL: 202.861.0900
FAX: 202.296.2882

**FACSIMILE COVER SHEET**

DIRECT: 202.861.0900 DIRECT FAX: 202.861.3560

## PRIVILEGED AND CONFIDENTIAL

| To: | Fax Number: | Telephone Number: |
|---|---|---|
| Major Peter H. Tran | (703) 696-1537 | (703) 696-2825 |

| | | | | |
|---|---|---|---|---|
| From: | Kenneth B. Weckstein | Atty. No. | 052 | Pages (including cover): 4 |
| Date: | June 14, 2006 | Client No.: | 53807.002 | |

**Comments:**

**NOTICE OF PRIVILEGE AND CONFIDENTIALITY**

THIS TELECOPY IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED SOLELY FOR THE ADDRESSEE. ANY UNAUTHORIZED DISCLOSURE, REPRODUCTION, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

THIS COMMUNICATION DOES NOT CONFORM TO THE STANDARDS OF A COVERED OPINION WITHIN THE MEANING OF CIRCULAR 230 ISSUED BY THE UNITED STATES SECRETARY OF THE TREASURY. ACCORDINGLY, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION CANNOT BE USED, AND WAS NOT INTENDED OR WRITTEN TO BE USED, FOR THE PURPOSE OF AVOIDING UNITED STATES TAX PENALTIES. IN ADDITION, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION MAY NOT BE USED TO PROMOTE, MARKET OR RECOMMEND A TRANSACTION TO ANOTHER PERSON.

*IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING THIS TELECOPY, PLEASE CALL THE SENDER IMMEDIATELY.*

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON I. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX*
*US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC*
*USPTO Registration*

ELTON F. NORMAN
*admitted in DC, NY, GA*

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

June 16, 2006

**VIA U.S. MAIL & FACSIMILE**

Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio
Senior Attorney
Procurement Law Control Group

**Re: B-296741.7**
**Protest of The Ravens Group, Inc.**
**Request for Reconsideration**
**Response to Rowe Contracting Services, Inc.**

Dear Ms. Curcio:

This is in response to Rowe Contracting Services, Inc.'s ("Rowe") June 14, 2006, letter, requesting the General Accountability Office ("GAO") to deny The Ravens Group's June 1, 2006, Request for Reconsideration referenced above. As the following discussion clearly establishes, the weight of the arguments, including Rowe's argument for additional discovery, provides ample justification for GAO to grant our Request for Reconsideration.

First, our Request for Reconsideration is timely. Our Request for Reconsideration, including the Sworn Statement attached as Exhibit A, does not introduce any new theories or new evidence. It merely reiterates, emphasizes, and clarifies evidence we previously produced and discussed.

**Moreover, the evidence we have produced—several sworn witness statements—is unchallenged by any other evidence. The sworn statements provide clear, credible, and compelling evidence that Rowe improperly obtained confidential information regarding The Ravens Group and used that information to The Ravens Group's competitive disadvantage. This evidence is wholly unrefuted. Rowe's counsel disputes the sworn statements, but his statements are not evidence. He was not present at any of the meetings between Mr. Rowe and our witnesses.**

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
June 16, 2006
Page 2

In addition, we disagree with Rowe that GAO is not the appropriate forum to review this dispute. To the contrary, at the heart of this dispute, are serious issues regarding the integrity of the procurement process, and particularly, the integrity of the process that resulted in DIA's decision to terminate the Contract originally awarded to The Ravens Group, and to re-award that requirement to Rowe.

We agree with Rowe that further proceedings, including additional discovery and investigation are critical to a proper resolution of this matter. That is why we urge GAO to grant our Request for Reconsideration and allow our Protest to proceed.[1] We are confident that if we are provided an opportunity to review Rowe's initial proposal, its revised proposal, and the other discovery we have requested to review under a Protective Order, the evidence will clearly corroborate Mr. Rowe's statements to Ravens Group officials, that Rowe would not have won re-award of the Contract but for its acquisition of information in The Ravens Group's proposal.

Further, The Ravens Group does not have to speculate that Rowe "inspected its [Ravens'] proposal." Scott Rowe, Rowe's President admitted to Ravens Group officials that he had inspected The Ravens Group's proposal, as documented in several sworn statements.

Finally, whether or not DIA's approval of Rowe's revised price following DIA's disclosure of The Ravens Group's price is objectionable, there is credible and compelling evidence, including Scott Rowe's own admission, that Rowe sought and acquired key confidential and proprietary information regarding The Ravens Group's technical proposal. It then used this information to The Ravens Group's competitive disadvantage to receive re-award of the Contract.

For these reasons, as well as those originally discussed in our June 1, 2006, letter, GAO should grant our Request for Reconsideration.

Sincerely,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

cc: Major Peter H. Tran

Kenneth B. Weckstein, Esquire

---

[1] At this point it would probably be more efficient to allow DIA to complete its source selection review. If DIA determines that the Contract award should remain with The Ravens Group, there would be no further need for The Ravens Group to protest. If, however, DIA determines that the Contract should be awarded to Rowe, The Ravens Group should be permitted an opportunity to resume its Protests.

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

| | |
|---|---|
| FROM: | Daryle A. Jordan |
| FAX No. | 703.256.7883 |
| PHONE No. | 703.256.7754 |
| Client/Matter: | The Ravens Group, Inc. |
| Date: | June 16, 2006 |

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **Response to Rowe Contracting Services, Inc.'s June 14th Letter** | Three (3) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Mary G. Curcio, Esq. | Office of the General Counsel, GAO | 202.512.8234 | 202.512.9749 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| LTG (R) Joe N. Ballard | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |
| Mr. Jeff Robertson | The Ravens Group, Inc. | 301.577.8585 | 301.577.9097 |
| Kenneth B. Weckstein, Esq. | Epstein Becker & Green, P.C. | 202.861.0900 | 202.861.3560 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

KENNETH B. WECKSTEIN
TEL: 202.861.0900
FAX: 202.861.3560
KWECKSTEIN@EBGLAW.COM

June 16, 2006

**VIA TELEFAX**

Mary G. Curcio, Esquire
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Re: Protest of The Ravens Group, Inc.
Request For Reconsideration
B-296741.007

Dear Ms. Curcio:

This firm is counsel to Rowe Contracting Services, Inc. ("Rowe") with respect to the referenced Request For Reconsideration. Rowe briefly responds to the June 16, 2006 letter of The Ravens Group, Inc. ("Ravens").

In its letter, Ravens essentially admits that its protests are premature. *See* Ravens' letter at Footnote 1. GAO does not consider premature protests. Ravens complains about the decision of DIA to terminate Ravens' contract. *See* Ravens' letter at page 2, first paragraph. That is an issue of contract administration that is not appropriate for consideration by GAO. Ravens also argues that its request should be granted because it requires additional discovery (presumably from Rowe). GAO's rules do not allow for such discovery.

As previously noted, Ravens' request merely repeats arguments already expressed in its protest, simply expresses disagreement with GAO's prior decision and provides information which could have been, but was not, provided during the protest.

For all of the above reasons, Ravens' request should be denied.

Very truly yours,

Kenneth B. Weckstein

KBW:cmj

cc: Major Peter H. Tran, Esq.
Daryle A. Jordan, Esq.

EBG
EPSTEIN BECKER & GREEN P.C.

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
TEL: 202.861.0900
FAX: 202.296.2882

**FACSIMILE COVER SHEET**

DIRECT: 202.861.0900 DIRECT FAX: 202.861.3560

## PRIVILEGED AND CONFIDENTIAL

| To: | Fax Number: | Telephone Number: |
|---|---|---|
| Major Peter H. Tran | (703) 696-1537 | (703) 696-2825 |

| | | | | | |
|---|---|---|---|---|---|
| From: | Kenneth B. Weckstein | Atty. No. | 052 | Pages (including cover): | 3 |
| Date: | June 16, 2006 | Client No.: | 53807.002 | | |

**Comments:**

**NOTICE OF PRIVILEGE AND CONFIDENTIALITY**

THIS TELECOPY IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED SOLELY FOR THE ADDRESSEE. ANY UNAUTHORIZED DISCLOSURE, REPRODUCTION, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

THIS COMMUNICATION DOES NOT CONFORM TO THE STANDARDS OF A COVERED OPINION WITHIN THE MEANING OF CIRCULAR 230 ISSUED BY THE UNITED STATES SECRETARY OF THE TREASURY. ACCORDINGLY, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION CANNOT BE USED, AND WAS NOT INTENDED OR WRITTEN TO BE USED, FOR THE PURPOSE OF AVOIDING UNITED STATES TAX PENALTIES. IN ADDITION, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION MAY NOT BE USED TO PROMOTE, MARKET OR RECOMMEND A TRANSACTION TO ANOTHER PERSON.

*IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING THIS TELECOPY, PLEASE CALL THE SENDER IMMEDIATELY.*