GAO
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** NOSLOT Cleaning Services, Inc.

**File:** B-296741.2

**Date:** August 4, 2005

**DECISION**

NOSLOT Cleaning Services, Inc. protests the award of a contract to The Ravens Group, LLC by the Department of the Army under request for proposals (RFP) No. HHM402-05-R-0017.

Subsequent to the filing of this protest, the agency granted the relief requested, which rendered the protest academic. Since it is not our practice to consider academic questions, the protest is dismissed. Dyna-Air Eng'g Corp., B-278037, Nov.7, 1997, 97-2 CPD ¶ 132.

Anthony H. Gamboa
General Counsel

GAO
Accountability * Integrity * Reliability
**United States Government Accountability Office**
**Washington, DC 20548**

Ruth E. Ganister, Esq.
Rosenthal and Ganister

Major Peter H. Tran
Department of the Army

August 8, 2005

**File:** B-296914
**Protester:** Olympus Building Services, Inc.
**Agency:** Department of the Army
**Solicitation No.:** HHM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

**CONFIRMATION OF WITHDRAWAL**

The protest identified above has been withdrawn. We have closed our file without further action.

–For the Senior Associate General Counsel

**FOR FURTHER INFORMATION:**

GAO Attorney: Jacqueline Maeder; 202-512-9710
Case Status Calls: 202-512-5436; Fax Number: 202-512-9749

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. Contract ID Code | Page 1 | of Pages 2

| 2. Amendment/Modification No. | 3. Effective Date | 4. Requisition/Purchase Req. No. | 5. Project No. (if applicable) |
|---|---|---|---|
| 0005 | Aug 11, 2005 | 448/0114Z/05 | |

| 6. Issued By — Code HHQ402 | 7. Administered By (If other than Item 6) — Code ZD50 |
|---|---|
| a Contracting Activity<br>: AE-2<br>Bolling AFB, Bldg. 6000<br>Washington, D.C. 20340-5100 | Virginia Contracting Activity<br>Building 6000<br>Washington, DC 20340-5100<br>ATTN: DIAC, AE-2 |

8. Name and Address of Contractor (*No., Street, County, and Zip Code*)

| (X) | |
|---|---|
| | 9A. Amendment of Solicitation No. HHM402-05-R-0017 |
| X | 9B. Date (*See Item 11*) Apr 14, 2005 |
| | 10A. Modification of Contract/Order No. |
| | 10B. Date (*See Item 13*) |

Code | Facility Code

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

[X] The above numbered solicitation is amended as set forth in item 14. The hour and date specified for receipt of Offers [ ] is extended [X] is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing items 8 and 15, and returning 1 copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. Accounting and Appropriation Data (*if required*)

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACT/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

This change order is issued pursuant to: (*Specify authority*) The changes set forth in item 14 are made in the Contract Order No. in item 10A.

B. The above numbered Contract/Order is modified to reflect the administrative changes (*such as changes in paying office, appropriation date, etc.*) Set fourth item 14, pursuant to the authority of FAR 43.103 (b)

C. This supplemental agreement is entered into pursuant to authority of:

D. Other (*Specify type of modification and authority*)

**E. IMPORTANT:** Contractor [ ] is not, [X] is required to sign this document and return 1 copies to the issuing office.

14. Description of Amendment/Modification (*Organized by UCF section headings, including solicitation/contract subject matter where feasible.*)

**SEE PAGE 2**

273

Except as provided herein, all terms and conditions of the document referenced in item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. Name and Title of Signer (*Type or Print*) | | 16A. Name and title of Contracting Officer (*Type or Print*) | |
|---|---|---|---|
| 15B. Contractor/Offeror<br>(Signature of person authorized to sign) | 15C. Date Signed | 16B. United States of America<br>(Signature of Contracting Officer) | 16C. Date Signed |

NSN 7540-01-152-8070
PREVIOUS EDITIONS UNUSABLE

**Exhibit 7**

**STANDARD FORM 30** (REV. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

**The Purpose of this modification is to accomplish the following:**

**1. ___rovide all offerors with notice that the Government intends to re-evaluate all technical proposals su___ed May 13, 2005 in reference to HHM402-05-R-0017.**

**2. To inform all offerors that technical evaluations will commence on 22 Aug 2005.**

**3. Once proposals have been re-evaluated, award may be made without discussions. If the Agency determines that discussions are warranted, a competitive range will be established and discussions will be conducted with all offerors within the range. Upon completion of discussion, offerors within the competetive range will be provided the opportunity to submit final revised proposals.**

**4. Please submit all questions regarding this amendment in writing to juanita.jones@dia.mil.**

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

U-0348/AE-2A

NOV 0 8 2005

Ravens Group
Attn: Joe N. Ballard, President
1101 Pennsylvania Avenue, N.W.
Suite 706
Washington, DC 20004

SUBJECT: Re-Evaluation of HHM402-05-R-0017 Custodial/Janitorial Services

Dear Sir:

In Response to a protest with the GAO, the Agency decided on August 2, 2005 to re-evaluate all the proposals originally submitted on RFP HHM402-05-R-0017. We have completed our evaluation of your Proposal, dated 13 May 2005. The Government has determined that further discussions are necessary. Therefore a competitive range was established. Your proposal is within the competitive range, and this letter is being forwarded to advise you of the following:

1. Weaknesses and deficiencies in the proposal.
2. Provide guidance for preparing and submitting a final revised proposal.

The following deficiencies and weaknesses were identified:

Deficiencies:

No deficiencies were noted.

Weaknesses:

The Government noted several weaknesses in your proposal. The following recommendations are provided. Your proposal should clearly present:

(1) A specific and detailed transition plan for the DIAC Expansion.
(2) A plan how you will be prepared to handle requirements of the conference rooms and conference center in the DIAC Expansion.
(3) A plan and schedule addressing the custodial servicing of conference rooms, classrooms, and conference center.
(4) A plan detailing how supplies, tools, and equipment will be provided at contract start date and detailing how supplies, tools, and equipment will be maintained.

(5) An explanation of how the staffing numbers were derived using the methodology cited (BSCAI standards for cleaning government office space) to demonstrate (providing formulas and computations for what work needs to be done, when, by who, and how long it will take) that appropriate personnel and equipment will be positioned efficiently to carry out the requirements from contract start date.

(6) A more detailed transition plan for the DIAC and DIAC Expansion.

(7) A more detailed incentive plan addressing retention of "6" level employees.

(8) Demonstrate past performance experience in performing similar work to that described in the Statement of Objectives (Provide evidence of specific experience in performing similar work to the custodial servicing the DIAC and DIAC Expansion requires).

(9) Demonstrate experience in specific contracts of this type.

NOTE: for (8) and (9) current performance at the DIAC is admissible.

(10) Complete resumes for management personnel to include on-site supervisor personnel.

(11) A specific and detailed plan to retrain current employees.

If you are still interested in competing for this procurement, you are afforded the opportunity to submit your Best and Final Offer (BAFO). The closing date for this submission has been established as 1700 EST, 22 November 2005. Please submit an original and 3 copies to the following address:

MAIL:

Virginia Contracting Activity
ATTN: AE2A, Juanita Jones
Bldg 6000, Bolling AFB
Washington, D.C. 20340-5100

All technical and/or cost revisions to your proposals must be fully documented and accompanied by an index indicating the location and nature of the changes. You are encouraged to submit changes in the form of clearly marked replacement pages.

BAFO's received at DIA after the specified time and date shall be treated as a late proposal in accordance with provisions "LATE SUBMISSIONS, MODIFICATIONS AND WITHDRAWALS OF PROPOSAL" (far 52.215-10). Telegrams and facsimile transmissions are NOT AUTHORIZED.

After the specified closing date, no further information will be furnished to any offeror until an award has been made.

Sincerely,

Cheong Chon
Contracting Officer

**DEFENSE INTELLIGENCE AGENCY**
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

April 3, 2006

U-2053/AE-2A

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team I, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296741.3; Protest of The Ravens Group, Inc.

Contracting Officer's Notice of Corrective Action

RFP HHM402-05-R-0017 (the "Solicitation") for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building was issued on 14 April 2005. The Solicitation closed on 13 May 2005. Nine offers were received in response to the Solicitation. Award was made to The Ravens Group, LLC, on 17 June 2005. On 12 July 2005 and 19 July 2005, two separate protests were filed with the GAO (B-296741.2 and B-296914). The Agency notified GAO that it intended to take corrective action on 3 August 2005. Consistent with the notice to GAO, the Agency re-evaluated the proposals, conducted discussions and allowed offerors the opportunity to submit final proposal revisions. From the re-evaluation, a new award was made to Rowe Contracting Service, Inc. on 22 March 2006. On 29 March 2006, GAO notified the Agency that Ravens Group had filed a protest. On 31 March 2006, Rowe was notified of the protest and the required stay of performance.

The Government has reviewed the allegations contained in the protest filed by Ravens Group. Although the protest is not clearly meritorious, the Agency has decided to take the following corrective action. The Agency intends to conduct a new source selection and a new Source Selection Decision will be issued. If after the new source selection is conducted and a contractor other than Rowe is deemed to be the appropriate awardee, the contract with Rowe will be terminated for convenience and the appropriate offeror awarded a contract for the reminder of the services required.

GUY A. TORRES
Contracting Officer



**Exhibit 9**

TOTAL P.02

G A O
Accountability • Integrity • Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.

**File:** B-296741.3

**Date:** April 6, 2006

---

**DECISION**

The Ravens Group, Inc. protests the award of a contract to Rowe Contracting Services by the Defense Intelligence Agency under solicitation HHM402-05-R-0017. We view the protest as academic because the agency has decided to reconsider the award decision.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4.

The Government Accountability Office will not consider a protest where the issue presented has no practical consequences with regard to an existing federal government procurement, and thus is of purely academic interest. Accordingly, the protest is dismissed.

Anthony H. Gamboa
General Counsel

G A O
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.

**File:** B-296741.4

**Date:** April 17, 2006

**DECISION**

The Ravens Group, Inc. protests the award of a contract to Rowe Contracting Services, Inc. by the Defense Intelligence Agency under solicitation HHM402-05-R-0017. We view the protest as academic because the agency has decided to reconsider the award decision.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4.

The Government Accountability Office will not consider a protest where the issue presented has no practical consequences with regard to an existing federal government procurement, and thus is of purely academic interest. Accordingly, the protest is dismissed.

Anthony H. Gamboa
General Counsel

**DEFENSE INTELLIGENCE AGENCY**

WASHINGTON, D.C. 20340-

U-2053/AE-2A

May 15, 2006

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team I, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296741.5; Protest of The Ravens Group, Inc.

Contracting Officer's Statement

In response to GAO's request for clarification of the Contracting officer's Notice of Corrective Action, dated April 3, 2006, the following is provided. As the April 3, 2006 Notice of Corrective Action states,

> The Agency intends to conduct a new source selection and a new Source Selection Decision will be issued. If after the new source selection is conducted and a contractor other than Rowe is deemed to be the appropriate awardee, the contract with Rowe will be terminated for convenience and the appropriate offeror awarded a contract for the reminder of the services required.

The Agency simply intends to conduct a new source selection. The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection will be based on the offerors' previously submitted proposals, which does not include a review of any Joint Personnel Adjudication System ("JPAS") files. The JPAS is a database managed by the DoD Agency Central Adjudication Facilities and is used to confirm the clearance validity of contractor personnel. The JPAS is a contract administration tool that is not used during the procurement process.

for GUY A. TORRES
Contracting Officer



**Exhibit 12**

TOTAL P.002

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group

**File:** B-296741.5; B-296741.6

**Date:** May 19, 2006

## DECISION

The Ravens Group protests the award of a contract to Rowe Contracting Services, Inc., under Defense Intelligence Agency (DIA) request for proposals (RFP) No. HHM402-05-R-0017, for janitorial and custodial services.

We dismiss the protest.

The solicitation, issued on April 14, 2005, provided for award on a "best value" basis, considering cost and technical factors. On June 28, DIA made award to Ravens. On June 29, NOSLOT Cleaning Services, Inc. protested the award to our Office. On August 2, DIA decided to take corrective action in response to the NOSLOT protest by allowing offerors to submit final proposal revisions, reevaluating the proposals and making a new best value determination. As a result, our Office dismissed NOSLOT's protest (B-296741.2, Aug. 4, 2005). Following the submission of revised proposals and the reevaluation, DIA selected Rowe for award. Ravens filed a protest in our Office challenging that decision (B-296741.3; B-296741.4). The agency again proposed corrective action, this time in the form of reconsidering the award decision; accordingly, we dismissed Ravens's protest. DIA is currently implementing the proposed corrective action.

Ravens protests certain actions by Rowe that allegedly occurred after DIA selected Rowe for award following the NOSLOT protest. Specifically, Ravens claims that Rowe obtained access to the automated system the Department of Defense uses to maintain information regarding its employees and contractors (JPAS), and manipulated the data to make it appear that Ravens's personnel were Rowe employees, all without the knowledge of Ravens or the personnel involved. Ravens further asserts that, while its initial protest was pending in our Office, Rowe obtained information about Ravens's proposal by making payments to Ravens employees. According to Ravens, these actions compromised the procurement and warrant eliminating Rowe from the competition.

Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4. Toward this end, our Bid Protest Regulations, 4 C.F.R. § 21.1(c)(4) and (f) (2006), require that a protest include a detailed statement of the legal and factual grounds for protest, and the grounds stated be legally sufficient. These requirements contemplate that protesters will provide, at a minimum, either allegations or evidence sufficient, if uncontradicted, to establish the likelihood that the protester will prevail in its claim of improper agency action. Id.

Ravens's assertions do not constitute a valid basis of protest because, even if we found them meritorious, they would not provide a basis for sustaining the protest. In this regard, prejudice is an essential element of any viable protest and, even where the record establishes a procurement deficiency, we will sustain a protest only where the deficiency resulted in competitive prejudice to the protester. See Johnson Controls World Servs., Inc., B-285144, July 6, 2000, 2000 CPD ¶ 108 at 3. Ravens has not demonstrated competitive prejudice here. Proposals were submitted prior to the alleged actions about which Ravens complains, and DIA's proposed corrective action is limited to reconsidering its award decision based on the proposals as already submitted; DIA will not request new or revised proposals, and will not reevaluate the proposals but, rather, will only review the evaluations that followed NOSLOT's protest and the award to Rowe, and make a new best value determination. Since the new award decision will be based on the proposals as submitted before Rowe's alleged improper actions, Rowe will be unable to gain any competitive advantage from those actions. It follows that Ravens was not competitively prejudiced, and that there would be no basis for sustaining the protest.[1]

The protest is dismissed.

Anthony H. Gamboa
General Counsel

---

[1] Ravens irrationally asserts that the only way to eliminate competitive harm to Ravens is to allow offerors to submit revised proposals. If Ravens's allegations are correct, Rowe would potentially benefit from its actions if DIA solicits revised proposals. Thus, DIA's plan not to allow offerors to submit revised proposals is the appropriate way to protect Ravens from competitive harm.

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.–Reconsideration

**File:** B-296741.7

**Date:** July 14, 2006

## DECISION

The Ravens Group, Inc. requests reconsideration of our May 16, 2006 dismissal (B-296741.5, B-296741.6) of its protest regarding request for proposals (RFP) No. HHM402-05-R-0017, issued by the Defense Intelligence Agency (DIA) for janitorial and custodial services.

We deny the request.

The solicitation was issued on April 14, 2005, and DIA made award to Ravens on June 28. On June 29, NOSLOT Cleaning Services, Inc. challenged the award in a protest filed in our Office. We dismissed the protest on August 4 (B-296741.2), after DIA notified our Office that it intended to take corrective action. In implementing the corrective action, DIA reevaluated the proposals it had received, conducted discussions, received and evaluated final proposal revisions, evaluated the revised proposals, and selected Rowe Contracting Services for award on March 22, 2006. Ravens protested the award decision on March 27 and April 6. We dismissed those protests (B-296741.3, B-296741.4) as academic on April 6 and April 17, respectively, after the agency again proposed corrective action, this time in the form of reconsidering the award decision.

While DIA was implementing the second round of corrective action, Ravens filed two additional protests (B-296741.5, B-296741.6), in which it alleged that Rowe had improperly obtained access to the automated system (JPAS) the Department of Defense uses to maintain information regarding its employees and contractors, and manipulated data to make it appear that Ravens's personnel were Rowe employees. Ravens further asserted that, while its initial protest was pending in our Office, Rowe improperly obtained information about Ravens's proposal by making payments to Ravens employees. Ravens argued that these actions compromised the procurement and required that Rowe be eliminated from the competition. We dismissed the protests on May 19 for failure to state a valid protest basis, because the proposals on

which the award to Rowe was based were submitted prior to the actions about which Ravens was complaining. Since DIA's proposed corrective action was to be based on a reevaluation of those same proposals, and Rowe therefore would be unable to use any of the allegedly improperly acquired information to gain a competitive advantage, we concluded, Ravens would not be competitively prejudiced even if its allegations were correct. Ravens requests that we reconsider our decision.

To obtain reconsideration, the requesting party either must show that our prior decision contains errors of fact or law, or must present information not previously considered that warrants reversal or modification of the decision. 4 C.F.R. § 21.14(a) (2006). We will not reconsider a decision where the request is based on information that was available to the requester and could have been presented during our initial consideration of the protest. Department of Commerce–Recon., B-294121.5, Apr. 12, 2005, 2005 CPD ¶ 64; Specialty Marine, Inc.–Recon., B-292053.2, July 29, 2003, 2003 CPD ¶ 135 at 3 n.2.

Ravens argues that our decision is based on errors of fact and law because at least some of Rowe's allegedly improper conduct took place while NOSLOT's protest was pending, that is, prior to the time that offerors submitted their revised proposals. Thus, Ravens asserts, our decision wrongly concluded that the new evaluation and award decision will be based on proposals submitted before Rowe's improper conduct. To support this argument, Ravens points to sworn statements by Ravens employees that were submitted with Ravens's April 6 protest. Ravens maintains that these statements recount how, on April 3, 2006[1] and March 27, 2006, respectively, a Rowe official told these Ravens employees that Rowe received the award following the original corrective action because Rowe submitted a work schedule that was based on the schedule that Ravens submitted with its initial proposal.[2] Ravens argues that these statements show both that Rowe obtained information–Ravens's

[1] This statement actually indicates that the conversation took place on April 3, 2005. However, since this is before the solicitation was issued, it appears that the date in the statement is a typographical error.

[2] Ravens's reconsideration request includes another sworn statement by this employee, dated June 1, 2006, in which the employee now recounts that during the April 3 communication the Rowe official admitted having certain information about Ravens's proposal while the agency was implementing the corrective action in response to the NOSLOT protest, that is, before final proposal revisions (FPR) were submitted. This conversation allegedly took place on April 3, however, so that the information was available on April 6, when Ravens first protested Rowe's allegedly improper conduct. Since the information was not presented at that time, it cannot now be used to form the basis of a reconsideration request. Department of Commerce–Recon., supra; Specialty Marine, Inc.–Recon., supra.

work schedule–from Ravens's proposal before Rowe submitted its final proposal revision, and that Rowe used the information in its final proposal revision to win the award.

Ravens mischaracterizes the Ravens employee's statements. The first statement declares, in relevant part, that "[the Rowe representative] informed me that during the initial bid The Ravens Group submitted a schedule whereas his company did not submit one." Similarly, the second statement recounts, in relevant part, that "[the Rowe representative stated] the only reason he did not win the original bid was because The Ravens Group submitted a work schedule and he did not." These statements do not indicate that the Rowe official stated that its employees viewed Ravens's work schedule before, or even after, Rowe submitted its FPR, or stated that the firm's work schedule was based on Ravens's. Further in this regard, Ravens stated in its April 6 protest that its employees admitted that Rowe had paid them for information regarding Ravens's schedule and employees "during the pendency of the Ravens Group's Protest."[3] Ravens's protests, as discussed above, were submitted after Rowe received the contract award and, therefore, after Rowe's FPR had been submitted. We conclude that Ravens has not demonstrated that our decision was based on an error of fact or law.

The request for reconsideration is denied.

Gary L. Kepplinger
General Counsel

---

[3] Ravens also reiterates its argument that we should require the agency to eliminate Rowe from the competition based on its allegedly improper business practices –accessing the JPAS database and paying Ravens's employees for information. However, this constitutes no more than disagreement with our conclusion that these actions did not cause any competitive harm to Ravens. Accordingly, this argument provides no basis for us to reconsider the decision. See HK Sys., Inc.–Protest and Recon., B-291647.6, B-291647.7, Aug. 29, 2003, 2003 CPD ¶ 159.

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

U-00589/AE-2A

SEP 13 2006

Mr. Joseph Ballard, President
The Ravens Group, LLC
1101 Pennsylvania Avenue, N.W. 6th Floor
Washington, DC 20004

Dear Mr. Ballard:

Your firm responded to this Agency's Request for Proposal (RFP) for the Janitorial/Custodial Services for the Defense Intelligence Agency, Bolling AFB, Washington, DC. The RFP was issued to twenty (20) contractors and only nine (9) proposals were received. A competitive range was established and, a result, there were five (5) offerors that qualified within the competitive range.

Upon careful reconsideration by the new Source Selection Authority, the following offeror's proposal was selected as being the best value to the Government, price and other factors considered:

NOSLOT Cleaning Services, Inc.
303 Post Office Road, Suite B-3
Waldorf, MD 20602

Total price including the base period and all options --- $19,401,698.00

If you desire a debriefing, please submit your request via fax to Juanita Jones at (202) 231-2831 within three (3) calendar days from receipt of this letter. The Government will provide a written debriefing.

Your proposal indicated that considerable effort was involved in its preparation and DIA appreciates your effort.

Sincerely,

CHEONG J. CHON
Contracting Officer

Exhibit 15

*****************************
*** MULTI TX/RX REPORT ***
*****************************

TX/RX NO 4752
INCOMPLETE TX/RX
TRANSACTION OK (1) 992025129749
(2) 997032567883
(3) 997036974276
(4) 992022312831
ERROR

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: October 4, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.8)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 35**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Robert Berry* | *DIA* | *703-697-3945* | *703-697-4276* |
| *Cheong Chon* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Agency's Motion to Dismiss the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT APPEALS DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: October 4, 2006

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.8)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 35**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Robert Berry* | *DIA* | *703-697-3945* | *703-697-4276* |
| *Cheong Chon* | *Contracting Officer* | *202-231-8077* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Agency's Motion to Dismiss the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to Major Peter Tran, Trial Attorney at 703-696-2825 or DSN 426-2825.**

Confidentiality Notice

**This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.**

ONFIDENTIAL

Tran

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: October 13, 2006

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **Objection to DIA's October 4, 2006, Letter Protest No. B-296741.8** | Four (4) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Major Peter H. Tran, Trial Attorney | U.S. Army Legal Services Agency | 703.696.2825 | 703.696.1537 |
| Mr. Joe Ballard | The Ravens Group | 301.577.8585 | 301.577.9097 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, DC, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

ELTON F. NORMAN
admitted in DC, NY, CA

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

October 13, 2006

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio
Senior Attorney
Procurement Law Control Group

**Re: Protest No. B-296741.8**
**Defense Intelligence Agency**
**Objection to DIA's October 4, 2006, Letter**

Dear Ms. Curcio:

The Ravens Group, Inc. ("Ravens Group") hereby responds to the Defense Intelligence Agency's ("DIA" or the "Agency") October 4, 2006, letter, requesting summary dismissal of the above-referenced protest. As discussed below, DIA makes several significant misstatements of fact, which refute its request for summary dismissal. Accordingly, GAO should deny DIA's request.

First, DIA suggests that The Ravens Group should have asserted that the original award was proper when NOSLOT protested on June 27, 2005, and July 8, 2005. DIA, however, ignores the important fact that DIA did not initially notify The Ravens Group of either of the aforementioned protests. Indeed, DIA did not notify The Ravens Group of the protests until August 11, 2005, several weeks after NOSLOT filed its protests and after DIA decided to take corrective action. Thus, as a result of DIA's failure to notify The Ravens Group of the protests, The Ravens Group was deprived of an important procedural right to which it was entitled under the Federal Acquisition Regulation.

PATRICK HENRY
attorneys and counselors at law

General Accountability Office
October 13, 2006
Page 2

Additionally, DIA alleges that The Ravens Group's protest does not "state a basis for review by GAO." In particular, DIA states that The Ravens Group should "provide, at a minimum, either allegations or evidence sufficient, if uncontradicted, to establish the likelihood of the protester's claim of improper agency action." Our contention—that the initial award to The Ravens Group was proper; that there was no impropriety in the initial award to The Ravens Group; and, therefore, the decision to terminate The Ravens Group's contract was not justified—is supported by ample evidence, including the undeniable fact that DIA determined on two (2) occasions, that The Ravens Group provided the "best value" to the Government.

First, it is undisputed that DIA determined The Ravens Group to be the "best value" when it originally awarded the contract to The Ravens Group. DIA challenges our contention—that DIA determined The Ravens Group to be the "best value" a second time when it exercised the option; however, it is a fact, that the FAR requires an agency to make such a determination before exercising an option. Since DIA exercised the option, and did not express any exception to the required finding, it is certainly reasonable to assume that DIA contracting officials followed the law and made the required finding prior to exercising the option. Thus, DIA's assertion, that we have presented no evidence, is simply wrong.

Moreover, DIA's suggestion that it had no other alternative and was therefore somehow coerced into exercising the option with The Ravens Group, is groundless. Counsel knows that DIA had numerous options at its discretion, to meet the agency's contractual needs while taking corrective action.

DIA also erroneously contends that "Protester's simple, unsupported assertion amounts to nothing more than a mere disagreement with the Agency's source selection." To the contrary, the problem with this procurement is the Agency's disagreement with its own source selection. Using the same solicitation, applying the same evaluation factors, and evaluating the same contractors, the agency has nonetheless, determined that three (3) different contractors presented the "best value" to the Government. Thus, DIA's source selection *ipso facto* is unreasonable.

Finally, DIA's reasoning, that our protest is untimely because "Protester was silent during the period between the August 2, 2005, notice and the March 22, 2006, award to Rowe," is also fatally flawed. As discussed above and in The Ravens Group's March 23, 2006, protest, due to the Agency's negligence, The Ravens Group was not timely notified of NOSLOT's protests, and did not receive notice until August 11, 2005, after the Agency had already notified GAO of its intent to take corrective action.

PATRICK HENRY LLP
attorneys and counselors at law

General Accountability Office
October 13, 2006
Page 3

Based on the above, GAO should deny DIA's request and order DIA to file an Agency Report.

Respectfully submitted,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

cc: Major Peter Tran, Esq.

GAO Accountability * Integrity * Reliability

Comptroller General of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.

**File:** B-296741.8

**Date:** December 6, 2006

---

**DECISION**

The Ravens Group, Inc. protests the award of a contract to NOSLOT Cleaning Services, Inc. under the Defense Intelligence Agency solicitation No. HHM 402-05-R-0017. We view the protest as academic because DIA has decided to terminate NOSLOT's contract and make a new award determination.

The jurisdiction of our Office is established by the bid protest provisions of the Competition in Contracting Act of 1984, 31 U.S.C. §§ 3551-3556 (2000), amended by the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, Pub. L. No. 108-375, § 326, 118 Stat. 1811 (2004). Our role in resolving bid protests is to ensure that the statutory requirements for full and open competition are met. Pacific Photocopy and Research Servs., B-278698, B-278698.3, Mar. 4, 1998, 98-1 CPD ¶ 69 at 4.

The Government Accountability Office will not consider a protest where the issue presented has no practical consequences with regard to an existing federal government procurement, and thus is of purely academic interest. Accordingly, the protest is dismissed.

Gary L. Kepplinger
General Counsel

EBG
EPSTEIN BECKER & GREEN P.C.

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
TEL: 202.861.0900
FAX: 202.296.2882

## FACSIMILE COVER SHEET

DIRECT: 202.861.0900 DIRECT FAX: 202.861.3560

## PRIVILEGED AND CONFIDENTIAL

| To: | Fax Number: | Telephone Number: |
|---|---|---|
| Cheong J. Chon | (202) 231-2831 | (202) 231-8416 |

| | | | | |
|---|---|---|---|---|
| From: | Kenneth B. Weckstein | Atty. No. | 052 | Pages (including cover): 79 |
| Date: | September 25, 2006 | Client No.: | 053807.002 | |

Comments:

**PROTECTED MATERIAL**

**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**

**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

NOTICE OF PRIVILEGE AND CONFIDENTIALITY
THIS TELECOPY IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED SOLELY FOR THE ADDRESSEE. ANY UNAUTHORIZED DISCLOSURE, REPRODUCTION, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

THIS COMMUNICATION DOES NOT CONFORM TO THE STANDARDS OF A COVERED OPINION WITHIN THE MEANING OF CIRCULAR 230 ISSUED BY THE UNITED STATES SECRETARY OF THE TREASURY. ACCORDINGLY, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION CANNOT BE USED, AND WAS NOT INTENDED OR WRITTEN TO BE USED, FOR THE PURPOSE OF AVOIDING UNITED STATES TAX PENALTIES. IN ADDITION, ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION MAY NOT BE USED TO PROMOTE, MARKET OR RECOMMEND A TRANSACTION TO ANOTHER PERSON.

*IF YOU DO NOT RECEIVE ALL PAGES OR HAVE ANY PROBLEMS IN RECEIVING THIS TELECOPY, PLEASE CALL THE SENDER IMMEDIATELY.*

EPSTEIN BECKER & GREEN, P.C.
ATTORNEYS AT LAW
1227 25TH STREET, NW, SUITE 700
WASHINGTON, DC 20037-1175
202.861.0900
FAX: 202.296.2882
EBGLAW.COM

KENNETH R. WECKSTEIN
TEL: 202.861.0900
FAX: 202.861.3560
KWECKSTEIN@EBGLAW.COM

September 25, 2006

**VIA FACSIMILE**

Anthony Gamboa, Esquire
General Counsel
Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548
Attn: Procurement Law Control Group

**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

Re: Protest of Rowe Contracting Services, Inc.
Under RFP HHM402-05-R-0017

Dear Mr. Gamboa:

Rowe Contracting Services, Inc. ("Rowe"),[1] through its undersigned counsel, files this protest against the selection decision of the Virginia Contracting Activity ("Government" or "Agency") to award a contract for Janitorial/Custodial Services for the Defense Intelligence Agency ("DIA"), Bolling Air Force Base, Washington, DC, to NOSLOT Cleaning Services, Inc. ("NoSlot") under the referenced solicitation ("RFP" or

[1] Rowe's address is 5150 Hwy 22, Suite C-11, Mandeville, LA 70471. Rowe's telephone and fax numbers are (985) 845-2217 and (985) 845-2337. The email address of Mr. Scott Rowe, the corporate officer in charge of this matter, is rowecont@bellsouth.net.

PROTECTED MATERIAL TO BE DISCLOSED
ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY
OFFICE PROTECTIVE ORDER

"Solicitation").[2] As discussed in more detail below, the selection decision was unreasonable and arbitrary and contrary to the Solicitation.

A copy of this protest will be furnished to the contracting officer within one day of filing with GAO.

## I. ROWE IS AN INTERESTED PARTY.

Rowe is an interested party for the purpose of this protest because Rowe was an actual offeror who previously was awarded the contract under this Solicitation. On information and belief, Rowe also was the offeror that was rated as having submitted the highest rated technical proposal and the lowest price proposal. Specifically, the Agency evaluated Rowe as "Excellent" in technical, and "Excellent" in past performance, and as having the lowest price proposal. But for DIA's arbitrary actions, Rowe would have been selected (a second time) for award. Accordingly, Rowe's direct economic interest is affected by the contemplated award of a contract to NoSlot. 4 C.F.R. § 21.0(a).

## II. ROWE'S PROTEST IS TIMELY.

Rowe received its written debriefing from the Agency on September 15, 2006. Accordingly, this protest is timely filed. 4 C.F.R. § 21.2(a)(2) ("the initial protest shall not be filed before the debriefing date offered the protester, but shall be filed not later than 10 days after the date on which the debriefing is held.")

---

[2] The Contracting Officer is Cheong Chon. Her telephone number is (202) 231-8416. Her fax number is (202) 231-2831. Her email address is cheong.chon@dia.mil.

## III. FACTUAL BACKGROUND

***The History of the Procurement:***

The referenced procurement has been the subject of a series of protests and agency corrective actions. The solicitation first was issued on or about April 14, 2005. On June 28, 2005, award was made to The Ravens Group ("Ravens"). NoSlot protested that award on June 29, 2005. The Agency took corrective action in response to the NoSlot protest. As part of that corrective action, offerors were afforded the opportunity to submit final proposal revisions, the Agency reevaluated the final proposals and made a new "best value" award determination. As a result of the Agency's corrective action, the NoSlot protest was dismissed by GAO.

Subsequently, Rowe was selected for award. And, the Agency made contract award to Rowe on or about March 23, 2006. Ravens subsequently filed a protest with the Government Accountability Office ("GAO") challenging the selection of Rowe. That protest was dismissed by GAO, after the Agency proposed corrective action. As its corrective action, the Agency specifically advised GAO:

> The Agency simply intends to conduct a new source selection. **The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors.** The new source selection will be based on the offerors' previously submitted proposals, which does not include a review of any Joint Personnel Adjudication System ("JPAS") files.

*See* Memorandum from Guy A. Torres, dated May 15, 2006, attached to fax from Peter H. Tran to Ms. Mary G. Curcio, dated May 16, 2006, included hereto as Exhibit 1 (emphasis added).

**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

Even though the contract was awarded to Rowe, to date, Ravens (not Rowe) has been performing the work covered by the Solicitation.

***The Solicitation:***

As noted, the Solicitation sought a contractor to provide janitorial/custodial services at the DIA facility at Bolling Air Force Base in Washington, DC. DIA's "mission is to provide timely, objective and cogent military intelligence to war fighters, defense planners, and defense and national security policymakers." Solicitation, at 6. According to the Solicitation, DIA's visitors "include high level members of the intelligence community, high ranking military officials, [C]ongressmen, senators and ambassadors from other nations." *Id.*

The janitorial/custodial services under the resulting contract would be provided to the DIA Building 6000, which included "office space in the Power House, the Remote Delivery Facility (2 restrooms and 1 shower area), the T-Modules which are primarily classrooms (3 restrooms) and the Q-Modules (2 restrooms)." Solicitation, at 9. "The estimated square footage of Building 6000 is 767,000, the Remote Delivery Facility is 3,200, the T-Module is 28,702 and the Q-Module is 4,320." *Id.* The Solicitation also included janitorial/custodial services for the DIAC Expansion building that was scheduled to open in July 2005. The Expansion building had an estimated square footage of 470,000. *Id.*

The resulting contract was to be awarded as a firm fixed price contract. *See* Solicitation, at 28 (FAR 52.216-1). It included a base period plus four one-year option periods. The base period was to run from 1 April 2006 through 30 Oct. 2006. *See*

Solicitation, Amendment 10, included as Exhibit 2, hereto. The Option Years were scheduled as follows: Option Year I (31 Oct. 2006 through 30 Oct. 2007); Option Year II (31 Oct. 2007 through 30 Oct. 2008); Option Year III (31 Oct. 2008 through 30 Oct. 2009); Option Year IV (31 Oct. 2009 through 30 Oct. 2010). *Id.*

Among other things, the RFP specifically explained:

> **Before award of the contract** the contractor shall have 20% of their security clearances approved as required for performance of this contract. This requirement can be waived only if the contractor has ample cleared personnel to escort cleaning employees to fully satisfy all cleaning objectives. However, within six months after contract award the contractor must have a minimum of 60% cleared cleaning personnel. The contractor will maintain, throughout the life of the award, ample cleared personnel to achieve contract objectives.

Solicitation, at 7 (emphasis added). Additionally, the Solicitation required submission of a DD Form 254, Department of Defense, Contract Security Classification Specification, with a "Top Secret" Facility Clearance. *See* DD Form 254, included with Solicitation. The DD Form 254 expressly provides:

> THE CONTRACTOR WILL BE REQUIRED TO HAVE A TOP SECRET FACILITY CLEARANCE GRANTED BY THE DEFENSE SECURITY SERVICE (DSS) **PRIOR TO CONTRACT IMPLEMENTATION.**

*Id.* (Emphasis added).

The Government explained that the Basis for Award would be "best overall value". The Solicitation stated:

> CRITERIA FOR CONTRACT AWARD:
>
> (a) Basis for Award. Award will be made to the responsible offeror whose offer, conforming to the solicitation, is

> determined to be the best overall value to the Government, price and other factors considered.
>
> (b) The Government will perform a trade-off analysis of non-price factors against price to determine the best value to the Government. Offers that are unrealistically low in total price will be considered indicative of a lack of understanding of the complexity and risk in meeting contract requirements and will not be considered for award.
>
> (c) Relative weight. Non-price factors (Technical and Past Performance), when combined, **are more important than price.** Of the non-price factors, technical is more important than Past Performance. The importance of price in the evaluation for award will increase as the relative differences in non-price factors decreases.

*See* Solicitation, at 41 (emphasis added). The RFP also provided for the following subfactors under the Technical Area: (1) Understanding and Compliance of Requirements; and (2) Soundness of Approach. *Id.* at 41-42. And, the RFP provided for the following subfactors under the Management Area: (1) Program Management Controls; (2) Past Performance/Relevant Experience; and (3) Key Personnel. *Id.* at 42.

The possible Evaluation Ratings were: Excellent, Good, Marginal, and Unacceptable. Under the RFP, a rating of "Excellent" was defined to mean:

> The Contractor's proposal provides evidence that the Government can expect superior performance for the tasks and deliverables listed in the Statement of work, with minimal risk of substandard performance. An excellent rating indicates that the proposal contains significant strengths and few or no weaknesses.

Solicitation, at 43.

Offerors also were required to submit a price proposal. *See* Solicitation, at 39. The Solicitation stated in part: