# SOURCE SELECTION DECISION

CONTRACT NO: HHM402-07-C-0006
SOLICITATION: HHM402-05-R-0017
PURCHASE REQUEST (PR) NO: 447/0001Z/07

CONTRACTOR: Rowe Contracting Service, Inc.
5150 Hwy 22, suite C-11
Mandeville, LA 70471

CONTRACTING OFFICE: Virginia Contracting Office
Office of the Acquisition Executive (AE-2A)
200 MacDill Blvd. Bldg 6000
Bolling AFB, DC 20332-5100

SUBJECT: JANITORIAL/CUSTODIAL SERVICES FOR DEFENSE INTELLIGENCE ANALYSIS CENTER AND EXPANSION

## REQUIREMENT

This requirement is for a firm-fixed-price contract to provide janitorial/custodial service for the entire Defense Intelligence Analysis Center (DIAC) at Bolling AFB. The contractor shall provide all operations to assure building 6000 is neat, clean, and dust free. The estimated square footage is 767,000 for the current building and 470,000 square footage for the new expansion building. The period of performance is for one base year and four (4) one year options.

901

## INTRODUCTORY SUMMARY

The requirement was synopsized in FEDBIZOPPS on April 6, 2005. As a result of the synopsis, the Agency received letters requesting a copy of solicitation HHM402-05-R-0017 from 23 prospective contractors. The proposal was due on May 13, 2005. There was a site visit that was held on April 13, 2005 for this requirement with 20 companies attending. Of the 20 companies attending the site visit, nine offerors submitted proposals to the solicitation.

An award was made to The Ravens Group on June 23, 2005 with a contract price of $21,731,005.09. On June 27, 2005, letters to all unsuccessful offerors were sent out providing the opportunity for debriefings. On June 29, 2005 NOSLOT Cleaning Services filed a GAO protest alleging improper technical evaluations. However, because the janitorial service was and is a critical service, the Head of Contracting Activity (HCA) issued an override to the CICA

stay for the continuation of services. Because the incumbent, Akima, declined to continue performing these critical services, the new contract awardee (The Ravens Group) was allowed to perform pending the resolution of the protest. GAO was notified of the override on July 1, 2005. Debriefings were scheduled for unsuccessful offerors beginning on July 5, 2005 and concluding on July 15, 2005. The Agency received two subsequent GAO Protests as a result of the debriefings. On July 12, 2005, the second protest was received from NOSLOT alleging that technical evaluations were erroneous. On July 19, 2005, the third protest was received from Olympus Building Services, alleging improper technical evaluations. On August 2, 2005, the Agency notified GAO of its intent to take corrective action. The Agency intended to re-evaluate the nine proposals that were received at the close of the original submission deadline on May 13, 2005. An amendment to the solicitation was issued to all nine original offerors informing them of the Agency's decision to re-evaluate all proposals received by May 13, 2005. Based on this corrective action, GAO dismissed all of the protests. In implementing the corrective action, the Agency re-evaluated the original proposals, established a competitive range, and conducted discussions with all offerors within the competitive range. After discussions were conducted, Final Proposal Revisions (FPRs) were requested from all offerors within the competitive range. As a result of the re-evaluation, the Agency made an award to Rowe Contracting Services, Inc. on 22 March 2006 for the performance period of a 7-month base period with four 1-year options.

Subsequent to the notice of award to Rowe, The Ravens Group submitted a protest to the GAO on March 29, 2006. In accordance with CICA, a stay of performance was issued on the award to Rowe, and The Ravens Group was allowed to continue performance pending the resolution of the protest. The Agency, on April 3, 2006, notified the GAO that it intended to take corrective action by conducting a new source selection and issuing a new source selection decision. The Agency clarified that it would not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection would be based on the offerors' previously submitted FPRs received by the Agency on November 29, 2005. Based on the Agency's notice of intent to take corrective action, GAO dismissed Raven's protest on April 6, 2006. Following the dismissal of its first protest, The Ravens Group filed multiple supplemental protests, which were each summarily dismissed by GAO. With GAO's final denial of The Ravens Group's request for reconsideration on July 14, 2006, the Agency was finally able to complete the proposed corrective action submitted in April of 2006.

902

As the new Source Selection Authority (SSA) for this solicitation, I have conducted a new source selection. I have carefully considered the Technical Evaluation Panel's (TEP's) evaluation of the proposals and am making my own determination.

I had made an initial source decision and award to NOSLOT; however, both Rowe and Olympus filed protests which caused me to re-examine certain evaluation issues, as well as NOSLOT's facility clearance. I discovered NOSLOT failed to meet the solicitation requirement that it possess a current facility clearance. The analysis below will expand upon these issues. After reviewing all factors, I have determined that Rowe, the next best value offeror after NOSLOT in my initial determination, now constitutes the Best Value for the Government and will be awarded the contract. The following facts document my decision.

COST OF AWARD

In accordance with 10 U.S.C.2410(a) and FAR 32.703-3(b) annual funds may cross Fiscal Years if the period of the contract awarded does not exceed one year and the services are severable. DAN2 is the activity providing annual funds to obtain this procurement. The Independent Government Cost Estimate (IGCE) was provided by the requiring activity (DAN2) and was based on the original base year and option years specified in the solicitation.

ORIGINAL INDEPENDENT GOVERNMENT COST ESTIMATE:

| | Period Of Performance | Amount |
|---|---|---|
| Base Year | 1 July 2005 – 30 October 05 | [redacted] |
| Option Year I | 31 October 05 – 30 October 06 | [redacted] |
| Option Year II | 31 October 06 – 30 October 07 | [redacted] |
| Option Year III | 31 October 07 – 30 October 08 | [redacted] |
| Option Year IV | 31 October 08 – 19 September 09 | [redacted] |

The total IGCE, based on the original base year and option periods, was approximately [redacted]. However, the IGCE is over a year old and does not adequately reflect the prices received for this solicitation. Consequently, price reasonableness is established by adequate price competition in accordance with FAR 15.404-1(b)(2)(i).

The following table depicts Rowe's FPR prices based on the changing base period and option years:

**Rowe's Final Proposed Pricing**

| | Period of Performance | Amount |
|---|---|---|
| Base Year | 1 April 2006 – 30 October 06 | [redacted] |
| Option Year I | 31 October 06 – 30 October 07 | [redacted] |
| Option Year II | 31 October 07 – 30 October 08 | [redacted] |
| Option Year III | 31October 08 – 30 October 09 | [redacted] |
| Option Year IV | 31 October 09 – 30 October 10 | [redacted] |

The total estimated cost of the contract awarded to Rowe (Base Period plus four one-year Options) is [redacted]. Although Rowe's offer is higher than the Government's estimate (which contemplated a four-month base period rather than a seven-month base period), Rowe's price is the lowest among the remaining competitors.

**SECTION I. SUMMARY OF KEY DOCUMENTS AND ATTACHMENTS**

A. Summary of Key Documents:

(a) Solicitation: 14 April 2005
(b) DCAA Report: N/A
(c) ACO Report: N/A
(d) Technical Advisory Reports: 23 February 2006.

B. List of Attachments:

(a) Source Selection Plan
(b) Synopsis
(c) Solicitation
(d) Amendment 0001
(e) Amendment 0002
(f) Amendment 0003
(g) Amendment 0004
(h) Amendment 0005
(i) Amendment 0006
(j) Amendment 0007
(k) Amendment 0008
(l) Amendment 0009
(m) Amendment 0010
(n) Technical Evaluation Report
(o) Past Performance Questionnaires

**SECTION II. BACKGROUND**

A. Procurement History:

| | |
|---|---|
| 06 Apr 2005 | Synopsis issued |
| 13 Apr 2005 | Site Visit |
| 27 Apr 2005 | Amendment 0001 Issued |
| 03 May 2005 | Amendment 0002 Issued |
| 05 May 2005 | Amendment 0003 Issued |
| 13 May 2005 | Offeror's Proposal Received |
| 19 May 2005 | Technical Evaluation Received |
| 07 Jun 2005 | Amendment 0004 Issued |
| 09 Jun 2005 | Revised proposals received |
| 09 Jun 2005 | Revised technical proposal received |
| 17 Jun 2005 | Award made to The Ravens Group |
| 27 Jun 2005 | Protest received from GAO on behalf of NOSLOT |

904

| | |
|---|---|
| 29 Jun 2005 | Protest dismissed as being premature |
| 01 Jul 2005 | Override of CICA stay for critical services forwarded to GAO |
| 05-15 Jul 05 | Debriefings scheduled for all eight offerors |
| 12 Jul 2005 | Protest received from GAO on behalf of NOSLOT |
| 19 Jul 2005 | Protest received from Olympus Building Services |
| 01 Aug 2005 | Notice of Corrective action Forwarded to GAO |
| 12 Aug 2005 | Amendment 0005 Issued |
| 22 Aug 2005 | New Re-evaluation Panel established |
| 04 Nov 2005 | Tri-Arch and Magic Brite eliminated from competitive range |
| 04 Nov 2005 | Discussion letters issued to all in competitive range |
| 10 Nov 2005 | Laro withdraw its proposal and will not be responding |
| 17 Nov 2005 | Amendment 0006 Issued |
| 06 Dec 2005 | Amendment 0007 Issued |
| 27 Dec 2005 | EMC eliminated from consideration because of late submission of final proposal revision |
| 12 Jan 2006 | Amendment 0008 Issued |
| 09 Feb 2006 | Amendment 0009 Issued |
| 23 Feb 2006 | RE-EVALUATION Consensus Technical Report received |
| 28 Feb 2006 | Amendment 0010 Issued |
| 22 Mar 2006 | Award to Rowe |
| 29 Mar 2006 | Ravens Group filed protest with GAO |
| 31 Mar 2006 | Agency issues stay of performance to Rowe |
| 04 Apr 2006 | Notice of intent to make a new source selection |
| 25 May 2006 | New Source Selection Authority (SSA) designated |
| 13 Sep 2006 | Issued termination letters to Ravens Group and Rowe and issued an award letter to NOSLOT |
| 25 Sep 2006 | Rowe filed protest with GAO |
| 27 Sep 2006 | Ravens Group filed protest with GAO |
| 13 Oct 2006 | Olympus filed protest with GAO |
| 26 Oct 2006 | Notice of intent to make a new source selection |
| 22 Nov 2006 | Award to NOSLOT Terminated for Convenience |

B. Negotiation Environment

This procurement uses the best value evaluation criteria identified in the RFP. Offerors were evaluated based on the following stated evaluation factors:

**Technical**

(1) **Technical Approach**
(2) **Management Area**

**Past Performance**

**Price**

905

**Technical, Past Performance**, and **Price** proposals were required from all offerors. In accordance with the RFP, non-price factors (**Technical** and **Past Performance**), when combined, were more

important than **Price**. Of the non-price factors, **Technical** is more important than **Past Performance**. Within the Technical evaluation factor, the Technical Approach and Management Area sub-factors were considered of equal weight. Consequently, each sub-factor was worth 50% of the overall **Technical** evaluation factor. Within the two **Technical** sub-factors (Technical Approach and Management Plan), there were a number of sub-sub-factors. The evaluation scheme is as follows:

**(1) Technical Approach (50% of Technical Factor)**

(a) Understanding and Compliance w/ Requirements (25%)
(b) Soundness of Approach (25%)

**(2) Management Area (50% of Technical Factor)**

(a) Program Management Controls (16.66%)
(b) Past Performance/Relevant Experience (16.66 %)
(c) Key Personnel (16.66%)

Within the Technical Approach sub-factor, the two identified sub-sub-factors were considered of equal weight. Therefore, each sub-sub-factor found under the Technical Approach sub-factor was worth 25% of the overall **Technical** evaluation factor. Within the Management Area sub-factor, the three identified sub-sub-factors were also considered of equal weight to each other. Therefore, each sub-sub-factor found under the Management Area sub-factor was worth 16.66% of the overall Technical evaluation factor.

The **Past Performance** factor was evaluated qualitatively in accordance with the adjectival ratings established in the RFP. The overall **Past Performance** evaluation factor incorporates the Past Performance/Relevant Experience sub-sub-factor evaluated in the **Technical** evaluation factor.

The **Price** evaluation factor was evaluated for realism and reasonableness.

**906**

C. <u>Extent Competition Solicited and Secured</u>

The requirement was synopsized in FEDBIZOPS as an unrestricted procurement on April 6, 2005. Competition was sought in accordance with FAR 6.101, Full and Open competition.

The solicitation was issued on April 14, 2005 with a closing date for receipt of proposals on May 13, 2005. Several amendments were issued. Amendment 0001 published questions and answers and published a list of all site visit attendees. Amendment 0002 published questions and answers. Amendment 0003 published questions and answers. Amendment 0004 requested revised proposals. Amendment 0005 informed all offerors that a re-evaluation was required. Amendment 0006 scheduled another site visit. Amendment 0007 changed the initial period of the performance start date. Amendment 0008 changed the period of the

performance start date. Amendment 0009 changed the period of the performance start date. Amendment 0010 changed the period of the performance start sate.

Twenty-three (23) companies requested copies of the solicitation and of the 23, the following nine offerors (in alphabetical order) submitted proposals:

**D&A Building Services**
**Engineering Maintenance Concepts (EMC)**
**Laro Service System, Inc.**
**Magic Brite Janitorial**
**NOSLOT**
**Olympus**
**Rowe Contracting Services (Rowe)**
**The Ravens Group**
**Tri-Arch Industries**

Pursuant to the Agency's notice of corrective action issued on April 3, 2005, the Agency conducted a new evaluation of all the proposals that had been previously submitted. Upon re-evaluation, a competitive range was established, and the following two companies were excluded from the competitive range because they did not meet an acceptable rating:

[redacted]

After discussions were initiated, two more offerors were excluded from final consideration:

[redacted]

Final Proposal Revisions were evaluated for the remaining five offerors:

**D&A Building Services**
**NOSLOT**
**Olympus**
**Rowe Contracting Services**
**The Ravens Group**

**907**

As previously stated, during my initial source selection determination, NOSLOT was found to be the best value offeror and was awarded the contract. However, I subsequently learned NOSLOT failed to possess the required facility clearance (the DD 254 Contractor Facility Specification Clarification) that was a part of the Solicitation. According to the Defense Security System's records, NOSLOT's facility clearance expired in 1999. This expiration was also confirmed with NOSLOT. This failure made NOSLOT ineligible for the award. Consequently, the Government has terminated the NOSLOT contract award and has removed NOSLOT

from the list of offerors eligible for final consideration. The following analysis focuses on the remaining four offerors.

D. Contract Type

1. Award is for a Firm-Fixed-Price contract.

2. It is possible to accurately predict the extent and duration of the service in the general terms required.

3. There is adequate price competition.

4. The new award to Rowe will be for a base period and four 1-year options.

E. Funding

The FY07 O&M funds are currently available for the base period (12 months) and additional funds for Option Years will be provided on an annual basis.

## SECTION III. EVALUATION (NON-PRICE FACTORS)

A. Technical Evaluation

Offerors were allowed to submit FPRs responding to the Agency's discussion letters. Based upon the FPRs submitted by the four (4) remaining offerors, each of the four companies in the competitive range were evaluated and given a rating of "EXCELLENT" by the Technical Evaluation Panel (TEP) under the **Technical** evaluation factors. I have carefully reviewed the TEP's findings regarding the strengths and weaknesses of the individual proposals, and I concur with the TEP's ratings. Using my own independent judgment and based upon the recommendations of the TEP, I find all offerors to be "EXCELLENT" under the **Technical** evaluation factor. These final four proposals were evaluated in accordance with the Solicitation, the subsequent amendments, and FAR 15.305(a).

The following table summarizes the Technical ratings of all offerors under consideration for award:

**Technical Summary** 908

| COMPANY | RATING |
|---|---|
| D&A | Excellent |
| OLYMPUS | Excellent |
| ROWE | Excellent |
| THE RAVENS GROUP | Excellent |

SELECTION CRITERIA: Each company was evaluated using the same Technical Evaluation Sheets provided by the Contracting

Office. The five sub-sub-factors of the **Technical** evaluation factor were: Understanding and Compliance (25%); Soundness of Approach (25%); Program Management Controls (16.66%); Past/Performance/Relevant Experience (16.66%), and Key Personnel (16.66%).

SELECTION METHODOLOGY: Each company was rated by each member of the panel and a consensus report was produced reflecting the TEP's consensus evaluation. Companies were evaluated one at a time against the selection criteria. Panel members were given blank Technical Evaluation Sheets and a copy of all proposals. Members were given as much time as needed to read the proposals and complete their evaluation sheets. Based on the submitted final proposal revisions (FPRs), the TEP rated all four remaining offerors as "EXCELLENT" under the Technical evaluation factor.

As the new Source Selection Authority for this procurement, I have reviewed the TEP's technical evaluations, and I concur with the TEP's evaluation. The following assessments were found by the new SSA.

**D&A** - After carefully reviewing D&A's proposal, the new SSA concurs with the Technical Evaluation Panel's rating and finds that D&A's Technical proposal is "EXCELLENT." The TEP found:

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

I concur with the TEP's evaluation and find these to be strengths and advantages to D&A's proposal. However, D&A's proposed price was the highest among the four final offerors. [redacted]

**Olympus** - After careful review of its proposal, the new SSA concurs with the TEP that Olympus' technical proposal is "EXCELLENT." The TEP found:

909

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

I concur with the TEP's evaluation and find these to be strengths and advantages to Olympus' proposal

**Rowe** – After carefully reviewing Rowe's proposal, the new SSA concurs with the TEP that Rowe's overall technical proposal is "EXCELLENT." The TEP found:

910

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]