- [redacted]

I concur with the TEP's evaluation and find these to be strengths and advantages to Rowe's proposal.

**The Ravens Group** - After careful review of its proposal, the new SSA concurs with the TEP that The Ravens Group's technical proposal is "EXCELLENT." The TEP found:

- [redacted]
- 
- 
- 
- 
- 

I concur with the TEP's evaluation and find these to be strengths and advantages to The Ravens Group's proposal.

911

B. <u>Past Performance Evaluation</u>

The Government evaluated the proposals using the adjectival rating system provided in the solicitation. It should be noted that the RFP lists **Past Performance** as both an evaluation factor and also as a sub-sub-factor of the **Technical** evaluation factor. Consistent with the RFP, the Past Performance/Relevant Experience sub-sub-factor was evaluated as 16.66% of the overall **Technical** evaluation factor. In evaluating the Past Performance/Relevant

Experience sub-sub-factor, the TEP evaluated the quality and extent of offeror's experience deemed relevant to the requirements of the Solicitation. It should be noted that the TEP has never reviewed the offeror's past performance questionnaires in conducting its evaluation. The TEP's Past Performance/Relevant Experience evaluation was limited to only the information presented by offerors' in their proposals.

Once it was used to obtain the overall **Technical** evaluation, the Past Performance/Relevant Experience rating of the offerors' technical proposals was combined with the past performance questionnaires received from the offerors' references to derive an overall rating for the **Past Performance** evaluation factor.

The Government evaluated **Past Performance** of the offerors using the adjectival ratings and methods described in the RFP. Below is a summary of the ratings received by the companies for the **Past Performance** evaluation factor:

**Past Performance Evaluation Summary**

| COMPANY | RATING |
|---|---|
| D&A | [redacted] |
| OLYMPUS | |
| ROWE | |
| THE RAVENS GROUP | |

As the new Source Selection Authority for this procurement, I have reviewed the TEP's technical evaluations of Past Performance/Relevant Experience and the past performance questionnaires received for each offeror. I generally concur with the TEP's evaluation of the Past Performance/Relevant Experience portion of the **Technical** evaluation factor. All offerors were rated as "Excellent" by the TEP in regards to the offerors' presentation of their Past Performance/Relevant Experience in their proposals. Combining the TEP's evaluations with my own evaluation of the past performance questionnaires received on each of the offerors, I derived the above rating for the overall **Past Performance** evaluation factor.

**D&A** – [redacted]

912

Olympus – [redacted]

Rowe – [redacted].

The Ravens Group – [redacted].

SECTION IV. PRICE/COST ANALYSIS

PRICE ANALYSIS: The prices proposed by the four offerors in their final proposals are as follows:

913

Price Summary

| COMPANY | TOTAL COST |
|---|---|
| ROWE | [redacted] |
| OLYMPUS | |
| THE RAVENS GROUP | |
| D&A | |

Price analysis was based on FAR 15.404-1(b)(2)(i) and the solicitation. While all prices submitted by offerors were deemed to be realistic, not all prices were deemed to be reasonable. Labor rates proposed by the final four offerors were compared to

the Wage Determination issued by the Department of Labor, and the equipment and material were compared to the GSA schedule price.

**ROWE:** [redacted]

**OLYMPUS:** [redacted].

**THE RAVENS GROUP:** [redacted]

**D&A:** [redacted]

**SECTION V. TRADEOFF ANALYSIS**

This procurement utilizes the best value evaluation criteria identified in the solicitation. In accordance with the RFP, non-price factors (**Technical** and **Past Performance**), when combined, were more important than **Price**. Of the non-price factors, **Technical** is more important than **Past Performance**. As the difference between offerors' non-price factors decreases, the importance of their price factor increases. Award will be made to the responsible offeror whose offer, conforming to the solicitation, is determined to be the best overall value to the Government, price and other factors considered.

Of the four final offerors, Rowe proposes the lowest priced offer at a firm-fixed-price in the total amount of [redacted]

Of the four final offerors, Olympus proposes the second lowest priced offer at a firm-fixed-price in the total amount of [redacted]

914

[redacted]

All offerors were rated as "Excellent" under the **Technical** evaluation factor. However, Olympu[redacted]

A comparison between Rowe and the other two offerors (D&A and Ravens Group) is also not difficult. Because Rowe has equivalent ratings to D&A and Ravens Group in both the **Technical** and **Past Performance** evaluation factors, **Price** again becomes the determinative factor. In this comparison, Rowe would present the better value than either D&A or Ravens Group because Rowe offers the lowest price for a comparable level of performance[redacted] Therefore, I have determined that Rowe presents the overall best value to the Government when compared to all other offerors.

The table below summarizes the comparison of the offerors:

## SUMMARY OF COMPARISON

| | TECHNICAL | PAST PERFORMANCE | #of EMP | PRICE |
|---|---|---|---|---|
| ROWE | Excellent | [redacted] | [redacted] | [redacted] |
| Olympus | Excellent | [redacted] | [redacted] | [redacted] |
| Ravens | Excellent | [redacted] | [redacted] | [redacted] |
| D&A | Excellent | [redacted] | [redacted] | [redacted] |

RISK ASSESSMENT: The Government does not expect that there will be any significant risk. All things being equal, I would anticipate any offeror with an "Excellent" **Past Performance** rating be able to perform quality work.

## SECTION VI. SOURCE SELECTION DECISION

In accordance with the Request for Proposal (RFP):

> All factors considered, award will be made to the offeror whose offer, conforming to the solicitation, provides the Best Value to the Government.

The RFP includes a notice that the Government reserves the right to award to other than the lowest offeror and that an award may be made without discussions or negotiations with offerors. Accordingly, offerors were instructed to submit proposals based on the most favorable terms they could provide.

Accordingly, I find Rowe's offered price of [redacted] to be fair and reasonable and provides a better value than any other proposals. Based on the above analysis, I have determined that award will be made to the best value offeror, Rowe.

## SECTION VII. CONTRACTOR RESPONSIBILITY & COMPLIANCES

In accordance with FAR 9.104-1 General Standards, Rowe is determined to be responsible, and to:

- (a) Have adequate financial resources to perform the contract, or the ability to attain them;
- (b) Be able to comply with the required or proposed delivery or performance schedule, taking into consideration all existing commercial and governmental business commitments;
- (c) Have a satisfactory performance record;
- (d) Have a satisfactory record of integrity and business ethics;
- (e) Have the necessary organization, experience, accounting and operational controls, and technical skills;
- (f) Have the necessary manpower;

(g) Be otherwise qualified and eligible to receive an award under applicable laws and regulations.

In making this determination of responsibility, I have reviewed Rowe's Dun and Bradstreet report, as well as its past performance questionnaires. A review of the Government's Excluded Parties List System (EPLS) also indicates that Rowe is neither suspended nor barred from contracting with the federal government.

SECTION VIII. CONCLUSION

Based on the above analysis, Rowe's proposal represents the best value to the Government and therefore an award is made to Rowe. The proposed pricing is considered fair and reasonable based on adequate competition.

DATE: 15 Dec 2006

Cheong J. Chon
CHEONG J. CHON
SOURCE SELECTION AUTHORITY

**DEFENSE INTELLIGENCE AGENCY**
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

U-1076/AE-2A

DEC 15 2006

ROWE Contracting Services, Inc.
5150 Highway 22, Suite C-11
Mandeville, LA 70471

Dear Mr. Rowe:

Your firm responded to this Agency's Request for Proposal (RFP) HHM402-05-R-0017 for the Janitorial/Custodial Services for the Defense Intelligence Agency, Bolling AFB, Washington, DC.

Upon careful reconsideration by the new Source Selection Authority, your proposal is accepted as being the best value to the Government, price and other factors considered.

Before an issue of contract document, the contracting officer will contact you to discuss the contract terms within a few days. You are not authorized to purchase any equipment or material until we discuss the contract terms. If you have any questions regarding this matter, please call Ms. Juanita Jones at (202) 231-3613 or the undersigned at (202) 231-8416.

Sincerely,

CHEONG J. CHON
Contracting Officer

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

U-1084/AE-2A2

DEC 19 2006

Mr. Anthony C. Hipple, President
Olympus Building Services, Inc.
244 S. Main Street
New Hope, PA 18938

Dear Mr. Hipple:

Your firm responded to this Agency's Request for Proposal (RFP) HHM402-05-R-0017 for the Janitorial/Custodial Services for the Defense Intelligence Agency, Bolling AFB, Washington, DC. The RFP was issued to twenty (20) contractors and only nine (9) proposals were received. A competitive range was established and, as a result, there were five (5) offerors that qualified within the competitive range.

Upon careful reconsideration by the new Source Selection Authority, The following offeror's proposal was selected as being the best value to the Government, price and other factors considered:

ROWE contracting Services, Inc.
5150 Highway 22, Suite C11
Mandeville, LA 70471-3670

Total price including the base period and all options --- $19,217,512.36

If you desire a debriefing, please submit your request via fax to Cheong Chon at (202) 231-2831 within three (3) calendar days from receipt of this letter. The government will provide a written debriefing.

Your proposal indicated that considerable effort was involved in its preparation and DIA appreciates your effort.

Sincerely,

CHEONG J. CHON
Contracting Officer

Olympus Building Services, Inc.

December 19, 2006

Virginia Contracting Activity
200 Macdill Blvd., Bldg. 6000
Bolling Air Force Base
Washington, DC 20340-5100

Re: Solicitation # HHM402-05-R-0017

Dear Ms. Chon,

I am in receipt of your letter dated December 19, 2006. At this time I would like to request a debriefing pursuant of FAR 15.506, which indicates I may have a post-award debriefing. If you would kindly contact me at 215-862-5066 x100 to arrange this it would be greatly appreciated.

I look forward to hearing from you.

Sincerely,

Susan Beal
Vice-President

SB/lg



244 S. Main Street • New Hope, PA 18938 • Phone: (215) 862-5066 • Fax: (215) 862-7066

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

U-1078/AE2A

DEC 2 7 2006

Olympus Building Services, Inc.
244 S. Main Street
New Hope, PA 18938

RE: DIA Janitorial Services Post-Award debriefing

Dear Ms. Beal:

In response to your faxed letter dated 15 December 2006, the Government provides a written debriefing in accordance with the FAR 15.506(b).

The basis for award in the solicitation stated that Award will be made to the responsible offeror whose offer, conforming to the solicitation, is determined to be the best overall value to the Government, price and other factors considered. It also stated that the importance of price in the evaluation for award will increase as the relative differences in non-price factors of offerors decreases. [redacted]

The Government evaluated the proposals using the adjectival rating system provided in the solicitation. It should be noted that the RFP lists Past Performance as both an evaluation factor and also as a sub-sub-factor of the Technical evaluation factor. Consistent with the RFP, the Past Performance/Relevant Experience sub-sub-factor was evaluated as 16.66% of the overall Technical evaluation factor. In evaluating the Past Performance/Relevant Experience sub-sub-factor, the TEP evaluated the quality and extent of offeror's experience deemed relevant to the requirements of the Solicitation. It should be noted that the TEP has never reviewed the offeror's past performance questionnaires in conducting its evaluation. The TEP's Past Performance/Relevant Experience evaluation was limited to only the information presented by offerors' in their proposals.

Once it was used to obtain the overall Technical evaluation, the Past Performance/Relevant Experience rating of the offerors' technical proposals was combined with the evaluation of the past performance questionnaires received from the offerors' references to derive an overall rating for the Past Performance evaluation factor.

As the new Source Selection Authority for this procurement, I have reviewed the Technical Evaluation Panel's (TEP's) technical evaluations, and I concur with the TEP's evaluation. [redacted]

The following assessments concerning your proposal were found by me.

**Weaknesses:**

- [redacted]
- [redacted]

**Basis For Award:**

The Award is made based on evaluation factors stated in the solicitation that the importance of price in the evaluation for award will increase as the relative differences in non-price factors of offerors decreases. ROWE, a comparable offeror with a lower proposed price, was awarded the contract.

If you require additional questions, please call the undersigned at (202) 231-8416.

Sincerely,

CHEONG CHON
Contracting Officer

SEYFARTH ATTORNEYS SHAW LLP

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
202-463-2400
fax 202-828-5393
www.seyfarth.com

Writer's direct phone
(202) 828-5359

Writer's e-mail
gbateman@seyfarth.com

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

**PROTECTED MATERIAL TO BE RELEASED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

December 29, 2006

**VIA FACSIMILE 202-512-9749**
**AND U.S. MAIL**

Gary L. Kepplinger, Esq.
General Counsel
Government Accountability Office
441 G Street, NW
Washington, DC 20548

Re: Protest of Olympus Building Services, Inc., DIA Solicitation No. HHM402-05-R-0017 For Janitorial Services.

Dear Mr. Kepplinger:

We represent Olympus Building Services, Inc.,[1] ("Olympus"), an offeror in the above Defense Intelligence Agency,[2] ("DIA" or "agency") procurement for janitorial services at the Defense Intelligence Analysis Center ("DIAC") which is located at Bolling Air Force Base in Washington, D.C. Olympus protests DIA's award of a contract for this requirement to Rowe

[1] Olympus' address is 244 S. Main Street, New Hope, Pennsylvania 18938. Olympus' telephone number is (215) 862-5066 and its facsimile number is (215) 862-7066. The address, telephone and facsimile number of Olympus' counsel are set forth in our letterhead.

[2] DIA's Contracting Officer is Cheong J. Chon. Cheong Chon's mailing address is Virginia Contracting Activity, 200 MacDill Blvd., Building 6000, Bolling Air Force Base, Washington, DC 20340-5100. Cheong Chon's telephone number is 202-231-8416, and the facsimile number is 202-231-2831.

Contracting Services, Inc. ("Rowe") based upon the agency's determination that Rowe's offer to provide these services for a total price of $19,217,512.35 represents the best value to the Government.

The bases for Olympus' protest are:

1. DIA did not properly apply the evaluation factors stated in the solicitation. The solicitation stated that there were two non-price evaluation factors: Technical and Past Performance. However, DIA considered offerors' Past Performance twice, once as a "sub-sub-factor" in the Technical evaluation, and again in the Past Performance evaluation.

2. DIA's Past Performance evaluation of Olympus' proposal was irrational because it was based upon erroneous past performance information and because it is inconsistent with DIA's previous evaluation of the same past performance information.

3. DIA did not perform a proper best value analysis because instead of performing a "cost/price-technical tradeoff" between offerors' proposals as specified in the solicitation, DIA performed a "technically acceptable, low price" analysis when it selected Rowe for award.

4. The agency's best value determination is unreasonable because it is based on flawed Technical and Past Performance evaluations.

This protest is timely filed within five days of December 27, 2006, the date on which DIA provided a debriefing to Olympus in accordance with Federal Acquisition Regulation ("FAR") §15.506(b), following Olympus' timely request for a debriefing. Pursuant to the Competition In Contracting Act ("CICA"), 31 U.S.C. 3553(d), Olympus is entitled to a stay of contract

performance because Olympus has filed this protest, and the agency will receive notice of the protest, within five days of the debriefing.

## SUMMARY OF FACTS

### I. DIA Solicited Offers To Provide Janitorial Services At DIAC Facility.

#### A. The Solicitation Described A Best Value Procurement Conducted Via Competitive Negotiation.

On April 14, 2005, DIA's Virginia Contracting Activity, located at Bolling Air Force Base, issued Solicitation No. HHM402-05-R-0017 for janitorial services at DIAC. This "best value" commercial item procurement was conducted via competitive negotiation. The solicitation sought fixed-price offers for janitorial services for a base year, and four option years.

#### B. The Solicitation's Evaluation Plan Identified "Technical" And "Past Performance" As The Two Non-Price Evaluation Factors.

The Evaluation Plan in the solicitation stated that the Government would make an award to the responsible offeror whose offer, conforming to the solicitation, would be most advantageous to the Government, price and other factors considered. FAR 52.212-2. Further, the Evaluation Plan stated that the two non-price evaluation factors were "Technical" and "Past Performance:"

> The following factors shall be used to evaluate offers: **Technical and Past Performance.**

Solicitation, p. 13. Furthermore, the solicitation directed offerors to divide their proposals into three sections: Section I, "Technical Capability;" Section II, "Relevant Past and Present Performance," and Section III, "Cost/Price." Solicitation, p. 37, Paragraph 6 (Table). The solicitation did not specify that offerors were to include Past Performance information as part of the "Technical Capability" section in the solicitation. To the contrary, the solicitation provided clear notice to offerors that DIA evaluators would consider "Technical" and "Past Performance" as two separate

and distinct evaluation factors, and therefore offerors were to include Past Performance information only in the Past Performance section of their proposals.

The Addendum to the solicitation included a section entitled "Evaluation Criteria" which provided supplemental information on the agency's Evaluation Plan. The section entitled "Criteria For Contract Award" again stated that there were two non-price evaluation factors: Technical and Past Performance. The solicitation provided that of the non-price factors, Technical was more important than Past Performance, and when combined, Technical and Past Performance were more important than Price. Solicitation, p. 40.

The Addendum further provided that offerors' Technical proposals would be evaluated based upon two sub-factors: (1) Understanding and Compliance with Requirements; and (2) Soundness of Approach. Solicitation, pp. 40-41. It also provided that the other non-price factor, Past Performance, would be evaluated on the basis of three sub-factors: (1) Program Management Controls; (2) Past Performance/Relevant Experience; and (3) Key Personnel. Solicitation, p. 41.[3]

**C. The Solicitation Called For A Best Value Trade-Off Between Price And Non-Price Evaluation Factors.**

As provided in FAR §15.101-1, the solicitation stated that "[t]he Government will perform a trade-off analysis of non-price factors against price to determine the best value to the Government." Solicitation, p. 40. The solicitation did not state the relative weights of Technical, Past Performance and Price in the evaluation, however, the Evaluation Plan provided notice that DIA considered non-price factors to be more important than price:

> (c) Relative weight. Non-price factors (Technical and Past Performance), when combined, are more important than price. Of the

[3] The Addendum lists these Past Performance sub-factors under the heading "Management Area." Solicitation, p. 41.

> non-price factors, technical is more important than Past Performance. The importance of price in the evaluation for award will increase as the relative differences in non-price factors of offerors decreases.

Solicitation, p. 40, (emphasis added).

**II. Olympus Submitted A Fully-Compliant Offer.**

DIA issued the solicitation to 20 contractors, and received nine proposals in response. DIA then established a competitive range consisting of five offerors, including Olympus and Rowe. Olympus submitted a proposal that fully complied with the minimum mandatory requirements of DIA solicitation, at a total price o[redacted]

**III. DIA Evaluated Offers And Selected Rowe For Contract Award.**

**A. DIA Made, And Subsequently Canceled, Previous Awards.**

DIA received nine proposals in response to the solicitation. DIA established a competitive range, and ultimately selected Rowe for award. Prior to selecting Rowe, DIA had selected Rowe and NOSLOT Cleaning Services ("NOSLOT"), for award. However, DIA cancelled these awards in response to GAO bid protests challenging them. Specifically, on October 13, 2006, Olympus protested the award to NOSLOT. In response to Olympus' protest, DIA took corrective action by canceling the award to NOSLOT and notifying offerors that DIA would make a new contract award based upon the offerors' initial technical, past performance, and price proposals. Olympus Building Services, Inc.; B-296741.10 (November 13, 2006).

**B. DIA Gave Olympus "Excellent" Ratings For Both Technical And Past Performance During The Initial Evaluation Of Proposals.**

Prior to taking corrective action in response to Olympus' protest, DIA provided Olympus a written debriefing that summarized its analysis of Olympus' proposal. DIA's October 11, 2006 debriefing stated: "The Government found Olympus' technical proposal and past performance to be

"EXCELLENT." (Debriefing I, Attachment A.) The debriefing stated that Olympus' technical proposal had six specific Advantages, and no Disadvantages.[4] The six specific Advantages focused on aspects of Olympus' technical proposal, including scheduling, planning, employees' security clearances, orientation and recruitment, organization, and security awareness training. Attachment A, pp. 1-2.

During this initial evaluation, DIA properly excluded Past Performance from among the factors it considered in evaluating Olympus' technical proposal, because Past Performance was a separate non-price evaluation factor. The debriefing merely noted that DIA had given Olympus an "Excellent" Past Performance rating, without commenting on the details of this evaluation. Attachment A, p. 1.

### C. DIA Selected Rowe For Award; Olympus Timely Requested A Debriefing.

By letter dated December 19, 2006, DIA informed the offerors within the competitive range that it had selected Rowe for contract award. (Attachment B.) DIA noted that there were five offerors within the competitive range, and that Rowe's proposal was determined to be the best value to the Government, price and other factors considered. Olympus timely requested a debriefing.

## IV. DIA Provided A Second Debriefing To Olympus.

### A. Without Explanation, The Second Debriefing Stated That Olympus' Past Performance Rating Was Downgraded From "Excellent" To "Good."

DIA provided a second debriefing to Olympus by letter dated December 27, 2006. (Debriefing II, Attachment C.) In the December 27, 2006 debriefing document, DIA indicated that [redacted]

[4] DIA debriefing mistakenly listed as a disadvantage of Olympus' technical proposal that: "The offered price is the third highest price offered." Price is clearly not part of the technical proposal.

[redacted]

The debriefing document further indicated that the relative ranking of the offerors was as follows:

[redacted]

Attachment C. On information and belief, based upon this ranking, Olympus is next in line for award after Rowe.

**B. The Second Debriefing Revealed That DIA Mistakenly Considered Past Performance In Both The Technical And Past Performance Evaluations.**

The debriefing also revealed that instead of following the Evaluation Plan stated in the solicitation which identified Technical and Past Performance as the two non-price evaluation factors, DIA had considered Past Performance twice: once as a separate non-price evaluation factor, and a second time as a "sub-sub-factor" in the Technical evaluation. Without explanation or any citation to the solicitation, DIA stated that the Technical Evaluation Panel ("TEP") had applied the following evaluation criteria:

> Consistent with the RFP, the Past Performance/Relevant Experience sub-sub-factor was evaluated as 16.66% of the overall Technical evaluation factor. In evaluating the Past Performance/Relevant Experience sub-sub-factor, the TEP evaluated the quality and extent of [sic] offeror's experience deemed relevant to

> the requirements of the Solicitation. It should be noted that the TEP has never reviewed the offeror's past performance questionnaires in conducting this evaluation. The TEP's Past Performance/Relevant Experience evaluation was limited to only the information presented by offerors in their proposals.

Attachment C, p. 1 (emphasis added).

[redacted]

**D. The Second Debriefing Also Revealed That DIA Had Not Made A Proper Cost/Price-Technical Tradeoff Determination, Instead Selecting The Low-Price Technically Acceptable Offer.**

The second debriefing further revealed that DIA had not performed a proper cost/price-technical tradeoff as provided in the Evaluation Plan. Instead, the debriefing indicated that DIA had given Olympus, along with three other offerors, an "Excellent" rating for Technical, but it did not make a qualitative comparison of these "Excellent" Technical ratings. It appears that DIA simply determined that all four offerors' proposals were "comparable," and then based the award decision solely on price. Specifically, DIA noted that after determining that all four offerors were deemed to