- All documents evidencing or reflecting the bases for DIA's original decision to award the Contract to the Raven's Group, its subsequent decision to award to Rowe, its later decision to award to NOSLOT, and the most recent decision to award to Rowe.

- All Agency communications in connection with the RFP.

- All document relating to The Ravens Group's, Rowe's and NOSLOT's proposals, including but not limited to all internal agency correspondence, memoranda and notes referring or relating to the RFP, including those relating to the proposals.

- Any and all information and communications between the Agency and The Ravens Group, the agency and Rowe, and/or the agency and NOSLOT, relating to the RFP and the multiple award decisions.

***C. Ravens must explain the relevance of the documents it requests to a valid protest ground.***

To the extent that GAO allows Ravens to request documents relating to this protest, Rowe requests that Ravens request specific documents and explain its relevance to any valid protest ground as required by GAO's Bid Protest Regulations. *See* 4 C.F.R. §21.1 (d)(2).

**Conclusion**

Ravens' protest should be dismissed in its entirety. Both its Initial Protest and Supplemental Protest were filed before requesting a required debriefing. Therefore, Ravens' protest is premature and should be dismissed. Alternatively, each of the grounds of Ravens' protest fail to set forth sufficient factual or legal basis as required by

the GAO's Bid Protest Regulations. *See* 4 C.F.R. §§ 21.1(c)(4) and 21.5(a). And, where Ravens has alleged any facts, it is protesting issues of contract administration that are not appropriate for consideration by GAO under 4 C.F.R § 21.5(a). For all of the foregoing reasons as discussed in this motion to dismiss, Ravens' protest should be dismissed.

Very truly yours,

Kenneth B. Weckstein

Kenneth B. Weckstein
Pamela Reynolds

cc: Daryle Jordan, Esq.
Lt. Col. Frank March, Esq.

Rowe



DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2825; DSN 426; Fax ext. 1537
E-mail: Peter.Tran@hqda.army.mil

REPLY TO ATTENTION OF

October 24, 2006

Contract and Fiscal Law Division

**VIA FACSIMILE**

Ms. Mary G. Curcio, Esq.
Office of the General Counsel
U.S. Government Accountability Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of Rowe Contracting Services, Inc., B-296741.9

Dear Ms. Curcio:

Enclosed please find a letter from the Contracting Officer indicating the Agency's intent to take corrective action. Based upon this corrective action, the agency requests that the subject protests be dismissed as academic. *Dyna-Air Engineering Corp.*, B-278037, Nov. 7, 1997, 97-2 CPD ¶ 132.

If you have any questions regarding this matter, please contact MAJ Peter Tran at (703) 696-2825, facsimile (703) 696-1537.

Sincerely,

Peter H. Tran
Major, U.S. Army
Trial Attorney

Copies Furnished by facsimile:

Protester:

Kenneth Weckstein, Esq.. Epstein Becker & Green, P.C.,
Telephone: (202) 861-0900; Facsimile: (202) 296-2982

Contracting Officer:

Cheong Chon, Defense Intelligence Agency, Virginia Contracting Agency

[redacted]

Telephone: (202) 231-8416; Facsimile: (202) 231-2831

Field Attorney:

LtCol Joe Treanor, Esq., Defense Intelligence Agency
Telephone: (202) 231-2821; Facsimile: (202) 231-2831

DEFENSE INTELLIGENCE AGENCY
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

October 24, 2006

U-2053/AE-2A

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team 1, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296741.9: Protest of Rowe Contracting Services, Inc.

Contracting Officer's Notice of Corrective Action

RFP HHM402-05-R-0017 (the "Solicitation") for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building was issued on 14 April 2005. The Solicitation closed on 13 May 2005. Nine offers were received in response to the Solicitation. Award was made to The Ravens Group, LLC, on 17 June 2005. On 12 July 2005 and 19 July 2005, two separate protests were filed with the GAO (B-296741.2 and B-296914). The Agency notified GAO that it intended to take corrective action on 3 August 2005. Consistent with the notice to GAO, the Agency re-evaluated the proposals, conducted discussions and allowed offerors the opportunity to submit final proposal revisions. From the re-evaluation, a new award was made to Rowe Contracting Service, Inc. on 22 March 2006. On 29 March 2006, GAO notified the Agency that Ravens Group had filed a protest. The Agency notified GAO on April 3, 2006 that it intended to conduct a new source selection and issue a new source selection decision. On September 13, 2006, consistent with its notice to GAO, the Agency announced award would be made to NOSLOT pursuant to the new source selection conducted by a new source selection authority. Rowe filed the present protest before GAO on September 26, 2006.

The Government has determined that the awardee, NOSLOT, does not currently possess the Top Secret (TS/SCI) security clearance required by paragraph 24 (Clause 52.999-4031d) of the Solicitation and Amendment 0002. Because NOSLOT is presently ineligible for award, the Agency has decided to take the following corrective action. The Agency intends to terminate the contract with NOSLOT for convenience and conduct a new source selection based on the current proposals. The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection will be based on the offerors' previously submitted proposals. Once a new source selection is completed, a new Source Selection Decision will be issued, and the appropriate offeror will be awarded a contract for the reminder of the services required.

CHEONG J. CHON
Contracting Officer

TOTAL P.002

*******************************
*** MULTI TX/RX REPORT ***
*******************************

| | | |
|---|---|---|
| TX/RX NO | 0148 | |
| INCOMPLETE TX/RX | | |
| TRANSACTION OK | (1) | 992025129749 |
| | (2) | 997032567883 |
| | (3) | 992028613560 |
| | (4) | 992022312831 |
| ERROR | | |

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT AND FISCAL LAW DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: January 18, 2007

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.12)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 11**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary G. Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle A. Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Kenneth B. Weckstein* | *Intervenor* | *202-861-0900* | *202-861-3560* |
| *Lt Col Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Cheong J. Chon* | *Contracting Officer* | *202-231-8416* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's Motion for Summary Dismissal of the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to LTC Frank March, Chief, Trial Team I at 703-696-2826 or DSN 426-2826.**

*HQ, U.S. ARMY LITIGATION CENTER*
*DEPARTMENT OF THE ARMY*
*CONTRACT AND FISCAL LAW DIVISION, USALSA*
*901 N. STUART STREET, SUITE 500*
*ARLINGTON, VA 22203-1837*
*Tracy.Williams@hqda.army.mil*
*(703) 696-2850 phone*
*(703) 696-1537 fax*

# *facsimile transmittal*

Date: January 18, 2007

Re: GAO Protest of **The Ravens Group, Inc. (B-296741.12)**

From: Tracy Williams, Paralegal Specialist

---

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 11**

| Name | Firm/Agency | Phone No. | Fax No. |
|---|---|---|---|
| *Mary G. Curcio* | *GAO* | *202-512-* | *202-512-9749* |
| *Daryle A. Jordan* | *Protester* | *703-256-7754* | *703-256-7883* |
| *Kenneth B. Weckstein* | *Intervenor* | *202-861-0900* | *202-861-3560* |
| *Lt Col Joe Treanor* | *DIA* | *202-231-2821* | *202-231-2831* |
| *Cheong J. Chon* | *Contracting Officer* | *202-231-8416* | *202-231-2831* |

## ***MESSAGE***

**Accompanying this header sheet is the Army's Motion for Summary Dismissal of the above referenced protest. If transmission problems occur, please contact Ms. Tracy Williams, (703) 696-2850, DSN: 426-2850. Direct all other questions to LTC Frank March, Chief, Trial Team I at 703-696-2826 or DSN 426-2826.**

Confidentiality Notice

This facsimile transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify this office immediately by telephone or arrange the return of documents.

**DEPARTMENT OF THE ARMY**
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON VA 22202-1837
(703)696-2826; DSN 426; FAX EXT. 1537
E-MAIL: frank.march@HQDA.ARMY.MIL

REPLY TO
ATTENTION OF

January 18, 2007

Contract and Fiscal Law Division

Mary G. Curcio, Esq.
Office of the General Counsel
U.S. General Accountability Office
441 G Street, NW
Washington, D.C. 20548
VIA FACSIMILE: 202-512-9749

Subject: Protest of The Ravens Group, Inc. (B-296741.12)

Dear Ms. Curcio:

Pursuant to 4 Code of Federal Regulations ("C.F.R.") § 21.3(b), enclosed please find the Army's motion to summarily dismiss the subject protest. Because this protest does not state legally sufficient grounds of protest, the Army does not plan to file an Agency Report ("AR") unless requested by the GAO. A redacted copy of this motion has been sent to Daryle A. Jordan, Esq., counsel for The Ravens Group, Inc. (hereafter "Protester" or "Ravens") on this date. This motion does contain protected material. Any comments by the Protester regarding this motion should be sent directly to your office with a copy forwarded to:

LTC Frank A. March
Contract and Fiscal Law Division, Team I
ATTN: JALS-KFLD
901 North Stuart Street, Suite 500
Arlington, Virginia 22203-1837

## I. Statement of the Facts

As Ravens notes in its protest, The Defense Intelligence Agency ("DIA") is on its fourth award decision in the procurement under protest. The previous award decisions were the subject of corrective actions.

In its latest protest, Ravens alleges two grounds of protest: A. DIA's award of a contract to Rowe is in bad faith; and B. DAI intentionally attempted to deny The Ravens Group an opportunity to challenge its new award decision. This motion addresses only the facts that relate to those two protest issues.

Protester was notified on December 19, 2006 that DIA awarded the contract under Request for Proposals ("RFP") HHM402-05-R-0017 to Rowe Contracting Service, Inc. ("Rowe"). (Enclosure 1) This award decision was based on a new source selection decision as a result of corrective action in a previous protest. (Enclosure 2) Protester was notified that the corrective action would consist of terminating the awarded contract and conducting a new source selection based on the current proposals. The notice of corrective action specifically stated: "The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection will be based on the offerors' previously submitted proposals."

## II. Argument

4 C.F.R. § 21.1(c)(4) requires a protest to "[s]et forth a detailed statement of the legal and factual grounds of protest including copies of relevant documents." In addition, 4 C.F.R. § 21.1(f) requires grounds for protest to be "legally sufficient." "These requirements contemplate that protesters provide, at a minimum, either allegations or evidence that the protester will prevail in its claim of improper agency action." American Analytical & Technical Services, Inc.,

B-292100, Jun. 11, 2003, 2003 U.S. Comp. Gen. LEXIS 93, at *5, citing Military Agency Servs. Pty., Ltd., B-290414 et al., Aug. 1, 2002, 2002 CPD ¶ 130 at 4 n.4. As discussed more fully below, the Protester's unsubstantiated allegations fail to meet this legal burden and should be dismissed.

**A. Protester has not shown bad faith.**

Protester's sole allegation of bad faith is that DIA promised it that it would re-open discussions with it and conduct new evaluations before making a new source selection decision. The facts do not support Protester's claim that DIA promised that it would conduct discussions. DIA did not make any such promise.

Protester chose to allege this ground of protest as bad faith. Protester's allegation, unsupported by documentation, does not rise to the level necessary to establish bad faith. To maintain a legally sufficient allegation of bad faith, a protester must submit essentially irrefutable proof that the contracting agency directed its actions with the specific and malicious intent to injure the protester. Telestar International Corp., B-247557, B-247557.2, June 18, 1992, 92-1 CPD ¶ 530. Protester has chosen to pursue this protest allegation as bad faith and referenced facts that are wrong, but that even if true do not substantiate its claim of bad faith. Additionally, Protester fails to produce documentary evidence to support its claim. Indeed, it is clear from the Agency's letter notifying the Protester of the intended corrective action that the Agency did NOT intend to hold discussions. (Enclosure 2) Protester was informed in the corrective action notice that the Agency would not be accepting revised proposals. That statement unequivocally precludes discussions. Finally, assuming arguendo that the Agency had a duty to hold discussions, which it did not, the Protester makes no claim that it was prejudiced by such lack of discussions.

**B. DIA did not deny The Ravens Group an opportunity to challenge the new award decision.**

Protester alleges that DIA faxed the award notice to the wrong facsimile number and delayed Protester's receipt of the award notice by nine days. The fact is that the Contracting Officer faxed the unsuccessful offeror notice to Protester on December 19, 2006. In that letter, Protester is informed that it may request a debriefing within three calendar days from receipt of the letter. Protester fails to establish how it received the notice nine days late.

Regardless of when Protester received its award notice, its rights to request a debriefing and file a protest run from the date of actual notice. Protester's remedy for late receipt of a notification is not to protest the fact that the notice was late, but rather to file a request for a debriefing or file a protest with the notation that it had just received its notice. As long as it establishes the date it received the notice, any timeliness rules imposed on Protester runs from its receipt of notice. Protester should have requested a debriefing within three days of receiving the notice or filed a protest within ten days of receiving the letter, if it believed it had a basis to file a protest. Protester's allegation that it received late notice is not a legally sufficient ground of protest and it was in no way prejudiced by any such late receipt.

**III. Conclusion**

For the reasons discussed above the Army respectfully requests that the protest be dismissed.

Sincerely,

Frank A. March
Lieutenant Colonel, U.S. Army
Chief, Trial Team I

Enclosures:
1. Ravens' notice of award

2. KO corrective action memorandum

Copies Furnished:

Protester:
Daryle A. Jordan, Esq.
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
Telephone: 703-256-7754
Facsimile: 703-256-7883

Intervenor :
Kenneth B. Weckstein, Esq.
Epstein Becker & Green, P.C.
1227 25th St., N.W., Suite 700
Washington, DC 20037
Telephone: 202-861-0900
Facsimile: 202-861-3560

Installation Attorney:
Virginia Contracting Activity/Defense Intelligence Agency
ATTN: Lt. Col. Joe Treanor, DIAC-DAP-2
Building 6000
Bolling Air Force Base
Washington, DC 20340-5100
Telephone: 202-231-2821
Facsimile: 202-231-2831

Directorate of Contracting:
Virginia Contracting Activity/Defense Intelligence Agency
ATTN: Cheong Chon, Contracting Officer
Building 6000
Bolling Air Force Base
Washington, DC 20840-5100,
Telephone: 202-231-8416
Facsimile: 202-231-2831

# Enclosure 1

**VIRGINIA CONTRACTING ACTIVITY**
**200 MACDILL BLVD., BLDG 6000**
**BOLLING AIR FORCE BASE**
**WASHINGTON, D.C. 20340-5100**

U-1083/AE-2A2

DEC 19 2006

Mr. Albert Sarabasa, Jr., President
D&A Building Services, Inc.
983 Explorer Cove
Altamonte Springs, FL 32701-7516

Dear Mr. Sarabasa:

Your firm responded to this Agency's Request for Proposal (RFP) HHM402-05-R-0017 for the Janitorial/Custodial Services for the Defense Intelligence Agency, Bolling AFB, Washington, DC. The RFP was issued to twenty (20) contractors and only nine (9) proposals were received. A competitive range was established and, as a result, there were five (5) offerors that qualified within the competitive range.

Upon careful reconsideration by the new Source Selection Authority, The following offeror's proposal was selected as being the best value to the Government, price and other factors considered:

ROWE contracting Services, Inc.
5150 Highway 22, Suite C11
Mandeville, LA 70471-3670

Total price including the base period and all options --- $19,217,512.36

If you desire a debriefing, please submit your request via fax to Cheong Chon at (202) 231-2831 within three (3) calendar days from receipt of this letter. The government will provide a written debriefing.

Your proposal indicated that considerable effort was involved in its preparation and DIA appreciates your effort.

Sincerely,

CHEONG S. CHON
Contracting Officer

# DEFENSE INTELLIGENCE AGENCY

Bolling AFB, ATTN: AE-2
Washington, DC 20340

Unclas Fax: 202 231-2831

## CONTRACTS MANAGEMENT OFFICE
## OFFICE OF THE ACQUISITION EXECUTIVE (AE)

TO: Mr. Ballard FROM: Ms. Chon

SUBJECT: Letter

Fax: (202) 756-7441 Pages: 2
(Including cover sheet)

---

Phone: Date: 19 Dec 06

Comments:

# Enclosure 2

**DEFENSE INTELLIGENCE AGENCY**
Office of the Acquisition Executive
Building 6000, Bolling AFB
Washington, D.C. 20340-5100

October 24, 2006

U-2053/AE-2A

MEMORANDUM FOR MAJ Peter Tran, HQ, U.S. Army Legal Service Agency, Contract Appeals Division, Team I, ATTN: JALS-CAI, 901 North Stuart Street, Suite 500, Arlington, Virginia 22203-1837

Subject: B-296741.9: Protest of Rowe Contracting Services, Inc.

Contracting Officer's Notice of Corrective Action

RFP HHM402-05-R-0017 (the "Solicitation") for the procurement of janitorial and custodial services for the Defense Intelligence Analysis Center (DIAC) and its new expansion building was issued on 14 April 2005. The Solicitation closed on 13 May 2005. Nine offers were received in response to the Solicitation. Award was made to The Ravens Group, LLC, on 17 June 2005. On 12 July 2005 and 19 July 2005, two separate protests were filed with the GAO (B-296741.2 and B-296914). The Agency notified GAO that it intended to take corrective action on 3 August 2005. Consistent with the notice to GAO, the Agency re-evaluated the proposals, conducted discussions and allowed offerors the opportunity to submit final proposal revisions. From the re-evaluation, a new award was made to Rowe Contracting Service, Inc. on 22 March 2006. On 29 March 2006, GAO notified the Agency that Ravens Group had filed a protest. The Agency notified GAO on April 3, 2006 that it intended to conduct a new source selection and issue a new source selection decision. On September 13, 2006, consistent with its notice to GAO, the Agency announced award would be made to NOSLOT pursuant to the new source selection conducted by a new source selection authority. Rowe filed the present protest before GAO on September 26, 2006.

The Government has determined that the awardee, NOSLOT, does not currently possess the Top Secret (TS/SCI) security clearance required by paragraph 24 (Clause 52.999-4031d) of the Solicitation and Amendment 0002. Because NOSLOT is presently ineligible for award, the Agency has decided to take the following corrective action. The Agency intends to terminate the contract with NOSLOT for convenience and conduct a new source selection based on the current proposals. The Agency will not be conducting a new technical evaluation of proposals or accepting revised proposals from any offerors. The new source selection will be based on the offerors' previously submitted proposals. Once a new source selection is completed, a new Source Selection Decision will be issued, and the appropriate offeror will be awarded a contract for the reminder of the services required.

CHEONG J. CHON
Contracting Officer

TOTAL P.002



TOTAL P.004

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON I. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX*
*US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC*
*USPTO Registration*

[redacted]

MARYLAND OFFICE
?0 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

January 22, 2007

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio, Senior Attorney
Procurement Law Control Group

**Re: Protest of The Ravens Group, Inc.**
**B-296741.12 and B-296741.13**
**Defense Intelligence Agency**

Dear Ms. Curcio:

The Ravens Group, Inc. ("Ravens Group") hereby responds to Rowe Contracting Services, Inc.'s ("Rowe") and the Defense Intelligence Agency's ("DIA") January 18, 2007, letters, requesting the Government Accountability Office ("GAO") to dismiss the above-referenced protests. In addition, this letter responds to GAO's January 11, 2007, letter, and requests that GAO deny the requests for dismissal, order DIA to issue an agency report, and the discovery information requested by The Ravens Group, and allow this protest to proceed.

At the outset, we are shocked to learn that DIA issued a "Contracting Officer's Notice of Corrective Action," dated October 24, 2006, to Rowe, but **did not provide The Ravens Group a copy of this important notice**. DIA and Rowe both reference this notice in their letters as bases for dismissing The Ravens Group's protest; however, this is the first time The Ravens Group has ever seen this notice. Major Peter Tran, DIA's counsel, provided a copy of the Notice of Corrective Action to Kenneth Weckstein, DIA's counsel, but as the letter conclusively illustrates, he did not provide a copy of the notice to The Ravens Group or its counsel. Further, DIA never directly provided The Ravens Group a copy of this communication. DIA's latest omission is further compelling evidence of DIA's bad faith, bias, and negligence.

PATRICK HENRY

attorneys and counselors at law

Government Accountability Office
January 22, 2007
Page 2

DIA has grossly mishandled this procurement action; it is irreparably flawed and cannot be corrected by merely reviewing the proposals yet again. GAO must direct DIA to issue a new solicitation, accept new proposals from interested offerors, establish a new source selection plan, appoint a new source selection authority, and make a new source selection decision. Any other resolution of this matter is unreasonable, irrational, and improper.

## I. GAO's (MARY CURCIO) JANUARY 11, 2007, EMAIL

In GAO's January 11th email, GAO suggests that The Ravens Group's ground D—Rowe's unfair and potentially unlawful business practices—was decided in an earlier protest. This is not true. Footnote 2, to GAO's July 14, 2006, decision in response to The Ravens Group's Request for Reconsideration (Case No. B-296741.7), acknowledges that The Ravens Group's reconsideration request included an employee sworn statement, dated June 1, 2006, concerning an April 3, 2006, admission by Scott Rowe, that Rowe had obtained "certain information about Ravens' proposal **while the agency was implementing the corrective action in response to the NOSLOT protest**, that is, before final proposal revisions (FPR) were submitted (emphasis added)." GAO ruled this information to be untimely for Protest No. B-296741.7 and thus did not consider the merit of this compelling evidence. The current protest, however, is a new protest. It was triggered by a new award decision.

The Protest Regulation, 4 CFR § 121.2 (Time for filing), states that protests shall be "filed not later than 10 days after the basis of protest is known or should have been known (whichever is earlier)." As noted above, DIA established a new source selection authority and made a new source selection award following GAO's July 14th decision. The Ravens Group did not learn (and could not have known) of the basis of this new protest until after DIA's December 19th award decision. Thus, the information in The Ravens Group's June 1, 2006, decision, is timely for purposes of this new award decision even if it were untimely for the previous protest.

Accordingly, the information in The Ravens Group's sworn statement, dated June 1, 2006, and attached to this protest, as supplemented, is timely, and should be considered on the merit. In addition, The Ravens Group's protest basis—that Rowe used unfair business tactics that placed The Ravens Group at a competitive disadvantage and prejudiced The Ravens Group, should likewise be reviewed on the merits in connection with this new protest action.

## II. RESPONSE TO ROWE'S JANUARY 18, 2007, LETTER

GAO should deny Rowe's for dismissal. As discussed below, Rowe has provided no valid basis for its request. In addition, Rowe relies on DIA's October 24th Notice of Corrective Action as grounds for dismissal of several of The Ravens Group's protest bases be denied. As noted above, however, DIA failed to provide The Ravens Group a copy of that notice.

PATRICK HENRY
attorneys and counselors at law



**A. DIA's Failure to Timely Provide The Ravens Group the Award Notice Deprived The Ravens Group of the Opportunity to Request a Debrief before filing its Protest**

In violation of the FAR and Federal procurement law, The Ravens Group did not have an opportunity to request a debrief in this case. As discussed in our initial December 29th protest, as supplemented, DIA did not provide The Ravens notice of its new award decision and the opportunity to request a debrief, until December 29, 2006. Given the date of the notice, one day before the long New Year's holiday weekend, the time of day of receipt, and the date on the face of the letter, The Ravens Group could not risk requesting a debrief and had to file its protest.

The Ravens Group did not receive the notice of the most recent award to Rowe, until late morning/early afternoon December 29, 2006. This was one day before the beginning of the long New Year's holiday weekend. Most government offices, including GAO closed early that day. DIA's letter, which was dated December 19, 2006, stated that The Ravens Group must request a debrief within three (3) business days of its receipt of the letter. Given DIA's history on this procurement action, including the fact that DIA sent the letter to a wrong number, the date (10 days following the date on the letter and one day before the long New Year's holiday weekend), and the time of day (many government agencies, including GAO released their employees early afternoon), The Ravens Group reasonably concluded that it did not have time to request a debrief, but rather, must immediately submit its protest to protect its right to protest the actions of the procuring agency.

**B. There is Substantial and Compelling Evidence of DIA's Bad Faith in this Procurement Action**

The Ravens Group's December 29th protest, as supplemented, provides substantial and compelling evidence of DIA's bad faith. First, by its words and actions, DIA lead The Ravens Group to believe that it had decided to award the contract to The Ravens Group. Even though DIA awarded The Ravens Group Option Year II of the Contract in November 2006 (without any reservation) in accordance with FAR requirements, DIA did not notify The Ravens Group of its continued discussions with other offerors or its intent to make a new source selection decision, source selection award, or that it would do so without discussions. The Protest Regulation, 4 CFR § 21.3(a) states that the contracting agency "shall immediately give notice of the protest to the contractor if award has been made or, if no award has been made, to all bidders or offerors who appear to have a substantial prospect of receiving an award."

Moreover, in previous protests filed by The Ravens Group, DIA always notified Rowe of those protests because Rowe contacted GAO and The Ravens Group and requested copies of those filings. Thus, DIA's failure to provide timely notice of Rowe's protest and its decision to take corrective action, violated the FAR and DIA's duty of good and fairness.

PATRICK HENRY
attorneys and counselors at law



This is not the first time, however, that DIA has failed to provide notice to The Ravens Group. Indeed, The Ravens Group attempted to contact DIA on several occasions (in writing ), to discuss the status of this procurement action. Thus, DIA knew that The Ravens Group was attempting to contact it regarding the procurement. Therefore, DIA's failure to respond to The Ravens Group's communications and its failure to provide critical information to The Ravens Group regarding this procurement, was intentional, in bad faith, and to the substantial prejudice of The Ravens Group.

In addition, DIA failed to notify The Ravens Group of its new awards decision until December 29th, one day before the long New Year's holiday. Given the fact that DIA used a number it knew to be incorrect, the date on the letter, the date it transmitted the letter to The Ravens Group, and the time of day it transmitted the letter, the letter was clearly intended by DIA to confuse The Ravens Group, and cause The Ravens Group to miss critical filing deadlines and thereby waive its right to challenge the unlawful actions of the procuring agency.

The December 29th protest as supplemented, and the information above, provide substantial evidence of DIA's bad faith.

**C. DIA Failed to Conduct Discussions with The Ravens Group in Violation of the FAR and Procurement Law**

DIA was required to conduct discussions with the companies it placed in the competitive range, including The Ravens Group. The FAR and case law discussed in our initial protest require such discussions with all companies in the competitive range.

In addition, in its January 18th letter, Rowe notes that DIA's October 24th Notice of Corrective Action, alerted the offerors, including The Ravens Group, of DIA's intention not to conduct discussions. As noted above, however, DIA did not provide The Ravens Group a copy of the October 24th notice. Rowe acknowledges that The Ravens Group could have asserted several bases for protest as a result of that notice, including protest of DIA's intent not to conduct discussions, discussions The Ravens Group considered absolutely essential if it were to receive fair consideration of its proposal. Therefore, it is undisputable that DIA's failure to provide the notice was prejudicial to The Ravens Group.

**D. The Ravens Group's Protest Grounds–that Award to Rowe is Irrational and Unreasonable, are Accurate, Supported by the Evidence, and <u>ARE NOT</u> based on Contract Administration Matters**

Rowe's assertion that The Ravens Group's protest grounds are based on contract administration matters is wrong. The Ravens Group's assertion that DIA's latest award decision is irrational is based on a lot of factors.

PATRICK HENRY
attorneys and counselors at law



First, it is undisputable that, on at least three (3) times, DIA has determined The Ravens Group to provide the "most advantageous" method of meeting DIA's requirement—the original award decision, the exercise of Option Year I, and now the exercise of Option Year II. DIA'a most recent determination that The Ravens Group represented the "most advantageous" award to the government, was made less than thirty (30) days before DIA's December 19th award letter to Rowe. Our point, an entirely reasonable one, is that it is irrational and unreasonable for DIA to make essentially simultaneous "best value" decisions to two (2) different contractors.

In addition to the above, this is the fourth (4th) "best value" award of this one procurement. This one procurement has been awarded six (6) times to three different contractors under the same solicitation, instructions, and evaluation factors. Under these circumstances, DIA's latest award decision is neither rational nor reasonable.

Our contention, that Rowe's Contract price, as reflected in DIA's December 19th letter, is irrational and unreasonable, is completely accurate and undisputed. Rowe's contention, however, that DIA awarded Rowe the base year of the contract is false. The Ravens Group has already performed the base year and Option Year I of this procurement, so DIA could not have awarded Rowe the base year of this procurement.

DIA's December 19th award notification letter states that Rowe's contract price is $19,217,512.36 for "the base period and all options." Since The Ravens Group has already performed the base period, Option I, and a part of Option II of the Contract, Rowe's stated contract price of $19,217,512.36 for the remaining period of the Contract, which is the same amount it offered for the complete contract of one (1) base period and four (4) option years, is clearly irrational and unreasonable. **Moreover, if DIA allows Rowe to amend its prices, it must also open discussions with The Ravens Group and allow The Ravens Group to amend its prices**.

Rowe also argues that The Ravens Group was required to raise this ground for protest within ten (10) days of its receipt of DIA's October 24th Notice of Corrective Action. Since, as noted several times above, we did not receive this notice until January 19, 2007, this ground for protest is timely filed.

### E. The Original Award to The Ravens Group was Proper as NOSLOT WAS NOT Eligible to Protest The Ravens Group's Original Award

Rowe's and DIA's submission provide undisputable evidence that the original award decision to The Ravens Group was proper and should not have been disturbed. NOSLOT was the only contractor to protest DIA's original award to The Ravens Group. But for NOSLOT's protest, this procurement action would have been resolved several years ago. According to DIA's October 24th Notice of Corrective Action, however, NOSLOT did not possess the "Top Secret" security clearance required by paragraph 24 (Clause 52.999-4031d) of the Solicitation

PATRICK HENRY
attorneys and counselors at law



and Amendment 0002." Thus, NOSLOT was not eligible for award at the time it protested the award to The Ravens Group. Therefore NOSLOT was not an interested party for purposes of protesting the original award to The Ravens Group, a fact DIA would have known at the time had it conducted this procurement action in a professional, competent, and careful manner. Given this revelation, however, NOSLOT's protest should be deemed by GAO has void *ab initio* and the award to The Ravens Group deem proper, conclusive, and final.

These new revelations regarding DIA's handling (or mishandling) of this procurement action confirm the need for GAO to direct DIA to conduct a new procurement action for this requirement, including issuance of a new solicitation, receipt of new proposals from interested contractors, establishment of a new source selection authority, and a new source selection decisions.

## III. RESPONSE TO DIA's JANUARY 18, 2007, LETTER

First, it is notable that DIA has repeatedly dodged the release of an agency report and other discovery requested by The Ravens Group, and therefore has avoided a necessary review of DIA's gross mishandling of this procurement action. Indeed, both DIA and Rowe have requested GAO to deny The Ravens Group the opportunity to review the documents leading to DIA's various and conflicting awards decisions. GAO should deny these requests, direct GAO to issue an agency report and the other discovery material requested by The Ravens Group, and allow this protest to proceed. Given the numerous and errors and intentional slights by DIA in this procurement, we urge GAO to direct DIA to issue an agency report so that DIA's actions may be properly reviewed.

### A. The Ravens Group has Produced Substantial Circumstantial and Direct Evidence of DIA's Bad Faith and Bias in this Procurement

We agree with LTC March that the "**Protester has not shown bad faith**;" however, DIA has. As discussed above, and in our December 29th protest, as supplemented, DIA has demonstrated several acts of bad faith. DIA found The Ravens Group to be the most advantageous in accordance with the FAR. It issued The Ravens Group Option Year II of the contract without any reservations or notice that it was continuing negotiations with other contractors. DIA did not notify The Ravens Group of its corrective action, even though it notified Rowe of this important information. DIA also did not notify The Ravens Group that it would not hold discussions. DIA also did not notify The Ravens Group that it was continuing negotiations with other contractors. DIA did so knowing The Ravens Group would rely on its award of Option Year II and its other communications as final and conclusive regarding award of this contract.

PATRICK HENRY
attorneys and counselors at law

Government Accountability Office
January 22, 2007
Page 7

The Ravens Group was prejudiced by DIA's failure to conduct discussions with it because Rowe had previously amended its technical and price proposals based on information it had improperly obtained about The Ravens Group.

**B. DIA Intentionally Attempted to Deprive The Ravens Group the Opportunity to Challenge its New Award Decision**

In addition, DIA intentionally did not send the notice of the award to The Ravens Group until December 29th, one day before the onset of a long holiday weekend even though the letter was dated December 19, 2006. The letter was also sent to a number DIA knew to be incorrect in order to delay The Ravens Group's receipt and thereby deny The Ravens Group the opportunity to request a debrief and pursue other rights to which it was entitled.

DIA refers to Enclosure 1 of its January 18th letter, and relies on this enclosure as proof The Ravens Group received DIA's December 19th letter on December 19th. First, although DIA includes a fax cover sheet, it notably does not include the fax confirmation sheet documenting DIA's transmittal and The Ravens Group's receipt of the December 19th correspondence. In addition, as previously discussed, the fax number on the cover is not the correct number. More importantly, the letter attached to the fax sheet, is addressed to Albert Sarabasa, President of D&A Building Services; **IT IS NOT ADDRESSED TO THE RAVENS GROUP**.

If The Ravens Group had done as DIA now suggests and requested a debrief on December 29th instead of filing its protest, DIA would have asserted, as it does now, that the December 19th letter was delivered to The Ravens Group on December 19th. It would have argued that The Ravens Group request for a debrief was untimely as made after three (3) business days after its alleged receipt. In addition, since December 29th was the tenth day following the date of the notice, DIA would have argued that The Ravens Group missed the deadline for filing a timely protest. DIA knows that The Ravens Group only choice on December 29th was to file a protest to protect its rights.

## IV. CONCLUSION

As we have argued on previous occasions, DIA has seriously mishandled this procurement action. The Ravens Group asks only that it be treated fairly. Therefore, we again request that GAO direct DIA to issue an agency report, including the discovery information requested by The Ravens Group, and allow this protest to proceed. In the alternative, we request that GAO direct DIA to initiate a new procurement action for this requirement, including the issuance of a new solicitation, the receipt of new proposals, the establishment of a new source selection authority and a new source selection decision.

PATRICK HENRY LLP
attorneys and counselors at law

Government Accountability Office
January 22, 2007
Page 8

The Ravens Group also requests the award of protest pursuit costs, including attorney fees, and such other relief as is appropriate.

Respectfully submitted,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

cc: Lieutenant Colonel Frank A. March, Esq.



PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: January 22, 2007

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **Response to GAO's January 11th Email, and DIA's and Rowe's January 18th letters in Connection with Protest-- B-296741.12** | Nine(9) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Lt Col. Frank March | U.S. Army Legal Services (Contract and Fiscal Law Division) | 703.696.2826 | 703.696.1537 |

COMMENTS:

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YUVORA NONG
admitted in VA, DC, FL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

[redacted]

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

January 24, 2007

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Mary G. Curcio, Senior Attorney
Procurement Law Control Group

Re: **Supplemental Protest of The Ravens Group, Inc.**
**B-296741.12**
**Defense Intelligence Agency**

Dear Ms. Curcio:

This letter is in response to your voicemail message today requesting The Ravens Group, Inc. ("Ravens Group") to respond by close of business today, to the Defense Intelligence Agency's ("DIA") email alleging that The Ravens Group received its recent notice of award to Rowe Contracting Services, Inc. ("Rowe"), on December 19, 2006, rather than December 29, 2006, the date The Ravens Group received the communication.

As the enclosed exhibits, including the Sworn Statement of Lieutenant General (Retired) Joe N. Ballard, shows, DIA faxed the questioned letter to a number it knew or should have known was not the appropriate number to which to fax such communications. Further, DIA previously established a practice and routine of following up its faxed communications, particularly those concerning the award or termination of the Contract, via email, U.S. mail, or the telephone. The Ravens Group did not receive the questioned letter until December 29, 2006, and the evidence strongly suggests that The Ravens Group's late receipt of the communication was intended by DIA.

PATRICK HENRY LLP
attorneys and counselors at law



General Ballard's Affidavit establishes that on or about June 17, 2005, shortly after it originally received award of the Contract, General Ballard personally notified the DIA Contracting Officer that the telephone number and fax number it provided DIA in its proposal was no longer the appropriate number at which to contact The Ravens Group. General Ballard's affidavit shows that he advised DIA that the correct fax number for communicating with The Ravens Group was 301.577.9097. This is confirmed by Enclosure 1. Enclosure 1 is a copy of a fax cover sheet from DIA to The Ravens Group requesting General Ballard to sign the "award document." Please note that 202.756.7441 is stricken and 301.577-9097 is inserted as the correct fax number.

Other such documents from DIA to The Ravens Group also confirm that DIA was aware of the correct number to which to fax formal communications to The Ravens Group. Enclosure 2 is a fax from DIA forwarded to The Ravens Group on June 23, 2005. It also contains the correct fax number. Enclosure 3 (Rescission of Termination), Enclosure 4 (a communication requiring General Ballard's "prompt attention"), and Enclosure 5 (Rescission of Contract Termination), all were faxed to the correct Ravens Group fax number. Enclosure 5 was faxed as recent as October 12, 2006. DIA's knowledge of The Ravens Group's correct fax number is undisputable. It is therefore inexplicable that DIA would choose to send an important fax during the holiday season to a number it knew to be inappropriate.

In addition, following DIA's failure to notify The Ravens Group of NOSLOT's first protest, DIA established a practice and routine of following up important communications to The Ravens Group with an email, telephone call, or with a hard copy of the communication through the U.S. mail. The Ravens Group relied upon DIA's use of The Ravens Group's correct fax number and DIA's follow up of faxed communications with email, telephone, or the U.S. mail. DIA apparently did not use The Ravens Group's correct fax number to forward the December 19th communication and did not follow up that mis-transmitted communication.

As General Ballard's affidavit shows, The Ravens Group did not receive the notice until December 29, 2006. Given the various other failures by DIA to timely notify The Ravens Group, including its failure to provide The Ravens Group a copy of DIA's October 24, 2006. Notice of Corrective Action, DIA should bear the burden of establishing that it delivered the questioned document.

PATRICK HENRY LLP
attorneys and counselors at law



The Ravens Group therefore requests again that DIA's and Rowe's request for dismissal be denied, and that this protest be allowed to proceed.

Respectfully submitted,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

Enclosures

cc: Lieutenant Colonel Frank A. March (w/Encls)

January 24, 2007

**Affidavit**

Re: Instruction to DIA regarding communication via telephone and fax

On June 17, 2005 I personally informed the DIA Contracting office of the correct fax number to contact The Ravens Group and on many occasions have corrected DIA when faxes were sent to the Washington DC office. This is also evident by several key correspondences faxed to this office/number during the past 18 months that was followed up by the DIA either by emails and/or phone calls to verify our receipt. The last date that we recall having to correct the DIA as to the proper fax number was March 24, 2006. Each notification since then was sent to 301-577-9097 until the fax in question of December 19, 2006. In spite of a call log that says otherwise we did not receive the December 19th fax until December 29th. DIA established a custom and practice of following up its faxed communications to The Ravens Group with an email, hard copy through the mail, or phone call, which The Ravens Group grew to rely upon. There is no record of any email/phone call to verify our receipt in this instance.

Joe N. Ballard — Date: 24 Jan 07

Sworn and subscribed to before me this 24th day of January, 2007.

Judith Armstrong
Notary Public
My Commission expires 4/29/07