# ENCLOSURES

| | DATE | DOCUMENT |
|---|---|---|
| Enclosure 1: | 6/17/05 | Fax to sign Award documents |
| Enclosure 2: | 6/23/05 | Fax Executed Contract |
| Enclosure 3: | 3/31/06 | Fax Rescission of Termination for Convenience |
| Enclosure 4: | 6/15/06 | Fax to sign HHM40205C0026/P00005 document |
| Enclosure 5: | 10/12/06 | Fax Rescission of Contract Termination Letter |

# Fax

To: Jacob Boland/The Ravens Group From: Ketra Henderson

Fax: 301-577-9097 Pages: 27 including cover

Phone: 202-[illegible] Date: June 17, 2005

Re: [illegible]

☐ Urgent ☐ For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

Comments:

Mr. Boland,
Please sign award document and fax back. The executed copy will be sent to [illegible] signature page. If you have any questions please give me a call.

Ketra Henderson

Contract Specialist

(202) 231-2879

(202) 231-2691

ENCLOSURE 1

# DEFENSE INTELLIGENCE AGENCY

Bolling AFB, ATTN: AE-2
Washington, DC 20340

Unclas Fax: 202 231-2831

## CONTRACTS MANAGEMENT OFFICE
## OFFICE OF THE ACQUISITION EXECUTIVE (AE)

TO: Mr. Ballard FROM: Juanita Jones

SUBJECT: Executed Contract HHM402-05-C-0026

Fax: 301-577-9097 Pages: 2
(Including cover sheet)

Phone: 202-231-3613 Date: 6/23/05

Comments:

ENCLOSURE 2

VIRGINIA CONTRACTING ACTIVITY
P.O. BOX 46563
WASHINGTON, D.C. 20005-6563

# Fax

| | | | |
|---|---|---|---|
| To: | THE RAVENS GROUP | From: | GUY A TORRES<br>(202) 231-8077 - Office<br>(202) 231-2831 - Fax |
| Fax: | 301-577-9097 | Pages: | Including Cover Sheet |
| Phone: | | Date: | 31 March 2006 |
| RE: | RECISSION OF TERMINATION FOR CONVENIENCE LTR 23 MARCH 2006. | | |

Urgent  For Review  Please Comment  Please Reply  Please Recycle

Mr. Ballard,

FYI

GUY A. TORRES

CONTRACTING OFFICER

ENCLOSURE 3

# DEFENSE INTELLIGENCE AGENCY

**Bolling AFB, ATTN: AE-2**
**Washington, DC 20340**

**Unclas Fax: 202 231-2831**

## CONTRACTS MANAGEMENT OFFICE
## OFFICE OF THE ACQUISITION EXECUTIVE (AE)

**TO:** Joseph Ballard **FROM:** Juanita Jones

**SUBJECT:** HHM402-05-C-0026/P00005

**Fax:** ~~202~~ 301-577-9097 **Pages:** 4 (Including cover sheet)

**Phone:** 202-231-3613 **Date:** 6/15/06

**Comments:** Your prompt attention is greatly appreciated.

ENCLOSURE 4

1115

Eden — File

# DEFENSE INTELLIGENCE AGENCY
Bolling AFB, ATTN: AE-2
Washington, DC 20340

Unclas Fax: 202 231-28[illegible]

## CONTRACTS MANAGEMENT OFFICE
## OFFICE OF THE ACQUISITION EXECUTIVE (AE)

TO: Joseph Ballard FROM: [illegible]

SUBJECT: Rescission of Contract Termination Letter

Fax: 301-577-9099 Pages: [illegible]
(Including cover sheet)

Phone: 202 231-3613 Date: [illegible]/12/06

Comments:

ENCLOSURE 5

PATRICK HENRY LLP
attorneys and counselors at law

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON I. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLE A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, FL*

ETHEL MITCHELL
*admitted in MD, DC, TX*
*US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC*
*USPTO Registration*

[redacted]

January 24, 2007

**Via U.S. Mail**
Ms. Vicki J. Walker
Contracting Officer
Capital District Contracting Center
Army Contracting Agency
Headquarters, Northern Region
9410 Jackson Loop—Suite 101
Fort Belvoir, Virginia 22060-5134

**Re: Freedom of Information Act (FOIA) Request**

Dear Ms. Walker:

Pursuant to the Freedom of Information Act, as amended (5 U.S.C. § 552), and on behalf of our client, F&L Construction, Inc. ("F&L"), we hereby submit this FOIA request as follows:

1. **Description of information sought**. A complete copy of any contract, including any amendments and extensions, awarded to a contractor by this contracting agency for the performance of trash "recycling" services at Walter Reed Army Medical Center and Forest Glen within the past six (6) months. On information and belief, the requested contract was awarded on or about October 1, 2006.

2. **Fees**. We hereby authorize the Army to conduct its search and duplicate the requested record and we agree to pay the fees for such service up to $150.00. Please bill Patrick Henry LLP at the address at the top of this letter for the required payment amount. If the search and/or duplication will exceed $150.00, please contact the undersigned before proceeding.

Thank you in advance for your prompt response to this request.

Sincerely,

Daryle A. Jordan
Counsel to F&L Construction, Inc.

MARYLAND OFFICE
0 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: January 24, 2007

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **B-296741.12**<br>**Response to GAO's Voicemail today, January 24, 2007** | Eleven (11) |
| | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Lt Col. Frank March | U.S. Army Legal Services (Contract and Fiscal Law Division) | 703.696.2826 | 703.696.1537 |

COMMENTS:

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

From:Patrick/Henry LLP 703 256 7883 01/30/2007 19:34 #010 P.002

OCT-12-2006 11:28 AE-2A OCT 11 2001 P.0C

VIRGINIA CONTRACTING ACTIVITY
200 MACDILL BLVD., BLDG 6000
BOLLING AIR FORCE BASE
WASHINGTON, D.C. 20340-5100

U-0992/AE2A OCT 1 2006

Mr. Joseph Ballard
The Ravens Group LLC
1101 Pennsylvania Avenue, N.W. 6th Floor
Washington, DC 20004

Dear Mr. Ballard

This letter is to inform you that the termination for convenience letter dated 15 September 2006 for contract number HHM402-05-C-002 is hereby rescinded. The current contract remains in effect until further notice. Should I have any questions please contact the undersigned.

Sincerely,

CHEONG J. [illegible] ON
CONTRACTING OFFICER

TOTAL P.002

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: January 31, 2007

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **B-296741.12** | Eight (8) |
| Response to DIA's January 31st Email | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Lt Col. Frank March | U.S. Army Legal Services (Contract and Fiscal Law Division) | 703.696.2826 | 703.696.1537 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT.

PATRICK HENRY

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
*admitted in VA, DC*

MAYNARD M. HENRY, SR.
*admitted in VA, DC, PA, MI*

SHARON L. THEODORE-LEWIS
*admitted in MD, DC, NY, OH*

DARYLL A. JORDAN
*admitted in VA, DC, PA*

Of Counsel

YUVORA NONG
*admitted in VA, DC, H*

ETHEL MITCHELL
*admitted in MD, DC, TX, US Virgin Islands, Ghana*

MALIK N. DRAKE
*admitted in VA, DC, USPTO Registration*

[redacted]

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3400
Fax: 240.296.3487

**PROTECTED MATERIAL
TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

January 31, 2007

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio
Senior Attorney
Procurement Law Control Group

Re: **Protest No. B-296741.12**
**Defense Intelligence Agency**
**Response to DIA's January 31, 2007 Email**

Dear Ms. Curcio:

This letter responds to the Defense Intelligence Agency's ("DIA") January 31st email regarding the above-referenced protest. The September 14, 2006, attachment to DIA's email does not show that The Ravens Group received DIA's December 19th communication in a timely manner. To the contrary, as discussed below, DIA's email and attachment merely confirms our previous statement—that even after The Ravens Group notified DIA on several occasions, to fax all communications to fax number 301.577.9097, the fax number of The Ravens Group's principal office in Maryland, DIA continued from time-to-time to mis-send its fax communications to the company's D.C. fax number.

Juanita Jones, a DIA contracting official followed up the September 14, 2006, letter with a telephone call to General Ballard to confirm his receipt of the September 14th letter. General Ballard advised Ms. Jones again of the correct fax number, and, on October 12, 2006, when DIA sent The Ravens Group the "rescission of contract termination letter," DIA sent the communication to fax number 301.577.9097, the fax number at The Ravens Group's principal office in Maryland. See Enclosure 3 to The Ravens Group's January 24, 2007, submission. Thus, DIA's email and attachment also confirms that it was DIA's routine and custom, relied upon by The Ravens Group, to verify its fax communications to The Ravens Group by following up with a telephone call, email, or U.S. mail copy.

1121

HENRY



Enclosure 1 to our January 24th submission to GAO established, that as early as June 17, 2005, DIA was on notice of the correct fax number to which it was required to fax its communications to The Ravens Group. Enclosure 1 shows, that after striking through the D.C. fax number, DIA sent the **Contract award document** to The Ravens Group's fax number at its Maryland Office. Thus, by the time DIA faxed the December 19th letter, it had possessed actual knowledge of the correct fax number for The Ravens Group for over a year and a half. There is but one rational reason for DIA's decision to strike through the D.C. fax number and enter the Maryland fax number for transmission of the Contract award document to The Ravens Group. It was at The Ravens Group's request.

In addition, in a Novation Agreement, dated January 1, 2006, a full twelve (12) months before the December 19th "unsuccessful offeror notice [received by The Ravens Group December 29, 2006]," The Ravens Group notified DIA of its incorporation, its name change, and the location of its "principal office in Lanham, Maryland." See Novation Agreement, enclosed. This followed DIA's June 17, 2005, fax regarding the Contract award document. The Ravens Group clearly provided an authorized DIA official the correct fax number for its Maryland office as well as written notification of the location of its principal office in Maryland. We also understand that the Central Contractor Registration (CCR) lists The Ravens Group's Maryland office address and fax number, not the D.C. address or fax number. Of course, it was not necessary for DIA to go to the CCR to obtain The Ravens Group's correct fax number. The Ravens Group provided the number to DIA directly.

Regarding the distribution of our January 8, 2007, supplemental protest, we faxed a complete copy of that submission to the contracting officer on the same day we filed the supplemental protest with GAO. We forwarded the copy to the contracting officer because we had not been advised of the identity of DIA's counsel when we submitted the filing. Surely LTC March's client provided him a copy.

DIA's counsel has not demonstrated that The Ravens Group received DIA's December 19th correspondence in a timely manner. Rather, the September 14th letter confirms our previous discussion—that The Ravens Group had to remind DIA from time-to-time of The Ravens Group's new fax number at its Maryland office, and that DIA routinely followed up its fax communications to The Ravens Group with telephone calls, emails, or U.S. mail verifications.

As discussed in this letter and previously, DIA's fourth award of this single procurement to Rowe, is arbitrary, unreasonable, and unlawful. See Beta Analytics International, Inc. vs The United States and Maden Tech Consulting, Inc., 67 Fed. Cl. 384 (Jun. 25, 2006) (Navy acted arbitrarily and capriciously). The only fair and just way for DIA to correct its numerous and serious mistakes, errors, and omissions, is for DIA to conduct a new solicitation and award for this requirement.

**PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

PATRICK HENRY

General Accountability Office
January 31, 2007
Page 3

We request that GAO deny DIA's and Rowe's request for dismissal, and sustain this protest.

Respectfully submitted,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

Enclosure

cc: LTC Frank March, Esq. (w/Encl.)



PROTECTED MATERIAL: TO BE DISCLOSED ONLY IN ACCORDANCE WITH GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

www.patrickhenry.net

Feb 01 07 09:20a Patrick Henry LLP (703) 256-7883 p.4

## Novation Agreement

The Ravens Group, LLC (Transferor), a Limited Liability Company duly organized and existing under the laws of the State of Delaware with its principal office in Lanham, Maryland; The Ravens Group, Inc. (Transferee), a corporation duly organized and existing under the laws of the State of Maryland with its principal office in Lanham, Maryland; and the United States of America (Government) enter into this Agreement as of January 1, 2006.

(a) The parties agree to the following facts:

(1) The Government, represented by various Contracting Officers of the VIRGINIA CONTRACTING ACTIVITY, has entered into certain contracts with the Transferor, as shown in the attached list marked 'Exhibit A' and incorporated in this Agreement by reference. The term "the contracts," as used in this Agreement, means the above contracts and purchase orders and all other contracts and purchase orders, including all modifications, made between the Government and the Transferor before the effective date of this Agreement (whether or not performance and payment have been completed and releases executed if the Government or the Transferor has any remaining rights, duties, or obligations under these contracts and purchase orders). Included in the term "the contracts" are also all modifications made under the terms and conditions of these contracts and purchase orders between the Government and the Transferee, on or after the effective date of this Agreement.

(2) As of January 1, 2006, the Transferor has transferred to the Transferee a substantial portion of the assets of the Transferor by virtue of an Assignment and Assumption Agreement between the Transferor and the Transferee dated January 1, 2006.

(3) The Transferee has acquired said the assets of the Transferor by virtue of the above transfer.

(4) The Transferee has assumed all obligations and liabilities of the Transferor under the contracts by virtue of the above transfer.

(5) The Transferee is in a position to fully perform all obligations that may exist under the contracts.

(6) It is consistent with the Government's interest to recognize the Transferee as the successor party to the contracts.

(b) In consideration of these facts, the parties agree that by this Agreement --

(1) The Transferor confirms the transfer to the Transferee, and waives any claims and rights against the Government that it now has or may have in the future in connection with the contracts.

(2) The Transferee agrees to be bound by and to perform each contract in accordance with the conditions contained in the contracts. The Transferee also assumes all obligations and liabilities of, and all claims against, the Transferor under the contracts as if the Transferee were the original party to the contracts.

(3) The Transferee ratifies all previous actions taken by the Transferor with respect to the contracts, with the same force and effect as if the action had been taken by the Transferee.

(4) The Government recognizes the Transferee as the Transferor's successor in interest in and to the contracts. The Transferee by this Agreement becomes entitled to all rights, titles, and interests of the Transferor in and to the contracts as if the Transferee were the original party to the contracts. Following the effective date of this Agreement, the term "Contractor," as used in the contracts, shall refer to the Transferee.

(5) Except as expressly provided in this Agreement, nothing in it shall be construed as a waiver of any rights of the Government against the Transferor.

(6) All payments and reimbursements previously made by the Government to the Transferor, and all other previous actions taken by the Government under the contracts, shall be considered to have discharged those parts of the Government's obligations under the contracts. All payments and reimbursements made by the Government after the date of this Agreement in the name of or to the Transferor shall have the same force and effect as if made to the Transferee, and shall constitute a complete discharge of the Government's obligations under the contracts, to the extent of the amounts paid or reimbursed.

(7) The Transferor and the Transferee agree that the Government is not obligated to pay or reimburse either of them for, or otherwise give effect to, any costs, taxes, or other expenses, or any related increases, directly or indirectly arising out of or resulting from the transfer or this Agreement, other than those that the Government in the absence of this transfer or Agreement would have been obligated to pay or reimburse under the terms of the contracts.

(8) The Transferor guarantees payment of all liabilities and the performance of all obligations that the Transferee --

(i) Assumes under this Agreement; or

(ii) May undertake in the future should these contracts be modified under their terms and conditions. The Transferor waives notice of, and consents to, any such future modifications.

(9) The contracts shall remain in full force and effect, except as modified by this Agreement. Each party has executed this Agreement as of the day and year first above written.

**VIRGINIA CONTRACTING ACTIVITY**

**United States of America,**

**By** ______________________________

**Title** ______________________________



Jan 31 2007 11:06AM THE RAVENS GROUP, INC. 301 577-9097 p.5

Feb 01 07 09:21a Patrick Henry LLP (703) 256-7883 p.6

**The Ravens Group, LLC**

By ______________________________

Title President/CEO

**The Ravens Group, Inc.**

By ______________________________

Title President/CEO

CERTRIFICATE

I, Joe N. Ballard, certify that I am the Secretary of The Ravens Group, LLC; that Joe N. Ballard, who signed this Agreement for this corporation, was then Managing Member of this company; and that this Agreement was duly signed for and on behalf of this company by authority of its governing body and within the scope of its powers. Witness my hand and the seal of this company this 1st day of January 2006.

By ______________________________

CERTIFICATE

I, Tessie L. Ballard, certify that I am the Secretary of The Ravens Group, Inc.; that Joe N. Ballard, who signed this Agreement for this corporation, was then President of this corporation; and that this Agreement was duly signed for and on behalf of this corporation by authority of its governing body and within the scope of its corporate powers. Witness my hand and the seal of this corporation this 1st day of January 2006.

By ______________________________

*[Corporate Seal]*

## EXHIBIT A

The Ravens Group, LLC will novate the following federal contract effective for January 1, 2006, subject to the government's approval, to The Ravens Group, Inc.

a. USA MED RESEARCH ACQ ACTIVITY
ATTN: ARCHIE CARDWELL
820 CHANDLER STREET
FORT DETRICK, MD 21702-5014
CONTRACT #W81XWH-04-F0702

b. VA MEDICAL CENTER
ATTN: JOAN F. VAN MIDDLESWORTH
WAREHOUSE C60042
50 IRVING STREET, NW
WASHINGTON, DC 20422
P.O. #688-C60042

c. VIRGINIA CONTRACTING ACTIVITY
ATTN: AE-2
JUANITA JONES
BOLLING AFB, BLDG. 6000
WASHINGTON, DC 20340-5100
CONTRACT #HHM402-05-C-0026

d. CONTRACTING CENTER OF EXCELLENCE (CCE)
ARMY CONTRACTING AGENCY (ACA)
ATTN: PATRICIA A. DENARD
5200 ARMY PENTAGON
ROOM 1C243 THE PENTAGON
WASHINGTON, DC 20310-5200
CONTRACT #W74V8H-06-F-0035

e. A&MM SERVICE
VA MEDICAL CENTER
ATTN: SHARI M. KESECKER
510 BUTLER AVENUE
ROOM 2B-116
MARTINSBURG, WV 25401-0205
P.O. #613-C60110

f. UNITED CONCESSIONS, LLC
ATTN: STANLEY N. WEISS
200 MacDILL BLVD.
BLDG. 6000
BOLLING AFB, WASHINGTON, DC 20340
NO CONTRACT # (PRIVATE)

g. USA MED RESEARCH ACQ ACTIVITY
ATTN: ARCHIE CARDWELL
820 CHANDLER STREET
FORT DETRICK, MD 21702-5014
CONTRACT #W81XWH-05-F-0629

1127

Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003
(703) 256-7754
Fax: (703) 256-7883

# FAX COVER SHEET

FROM: Daryle A. Jordan
FAX No. 703.256.7883
PHONE No. 703.256.7754
Client/Matter: The Ravens Group, Inc.
Date: February 1, 2007

| DOCUMENTS | NUMBER OF PAGES (including cover)* |
|---|---|
| | |
| **B-296741.12** | Three (3) |
| 2nd Response to DIA's January 31st Email | |
| | |

**PLEASE DELIVER TO THE FOLLOWING INDIVIDUALS IN YOUR ORGANIZATION**

| NAME | ORGANIZATION | PHONE # | FAX # |
|---|---|---|---|
| Ms. Mary G. Curcio, Office of the General Counsel, GAO | Procurement Law Control Group | 202.512.4788 | 202.512.9749 |
| Lt Col. Frank March | U.S. Army Legal Services (Contract and Fiscal Law Division) | 703.696.2826 | 703.696.1537 |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

*NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT.

PATRICK HENRY LLP

7619 Little River Turnpike
Suite 340
Annandale, VA 22003
Tel: 703.256.7754
Fax: 703.256.7883

RICHARD E. PATRICK
admitted in VA, DC

MAYNARD M. HENRY, SR.
admitted in VA, DC, PA, MI

SHARON I. THEODORE-LEWIS
admitted in MD, DC, NY, OH

DARYLE A. JORDAN
admitted in VA, DC, PA

Of Counsel

YEVOKA NONG
admitted in VA, DC, IL

ETHEL MITCHELL
admitted in MD, DC, TX
US Virgin Islands, Ghana

MALIK N. DRAKE
admitted in VA, DC
USPTO Registration

[redacted]

**PROTECTED MATERIAL
TO BE DISCLOSED ONLY IN ACCORDANCE WITH
GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

February 1, 2007

**VIA FACSIMILE**
Office of the General Counsel
U.S. Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attention: Ms. Mary G. Curcio
Senior Attorney
Procurement Law Control Group

**Re: Protest No. B-296741.12
Defense Intelligence Agency
Second Response to DIA's January 31, 2007 Email**

Dear Ms. Curcio:

Please find enclosed a copy of an email from Guy Torres, a former DIA contracting officer. The email concerns DIA's failure to notify The Ravens Group of the protest filed by NOSLOT against the original award of the Contract to The Ravens Group. Relevant to our current protest, Mr. Torres acknowledged his understanding that the "notification" was to be faxed to 301.577.9097, The Ravens Group's fax number at its principal office in Lanham, Maryland. This also confirms our previous contention that DIA routinely followed up its fax communications with an email, telephone, or U.S. mail verification. In this case, Mr. Torres followed up his fax with an email.

Respectfully submitted,

Daryle A. Jordan
Counsel for The Ravens Group, Inc.

Enclosure

cc: LTC Frank March, Esq. (w/Encl.)

MARYLAND OFFICE
5900 Princess Garden Parkway
Suite 640
Lanham, MD 20706
Tel: 240.296.3488
Fax: 240.296.3487

**Daryle Jordan**

**From:** General Joe Ballard [jballard@theravensgroup.com]
**Sent:** Wednesday, January 31, 2007 11:36 PM
**To:** 'Daryle Jordan'
**Subject:** FW: Reference: notification faxed to 301 577-9097

**Importance:** High

Daryle

Here is clear proof that Guy Torres and his office was informed of our fax number. You have a copy of the letter that he faxed. Please note that he faxed it to the Lanham address.

B

-----Original Message-----
From: Torres, Guy A. [mailto:Guy.Torres@dia.mil]
Sent: Tuesday, August 30, 2005 5:28 PM
To: 'jballard'
Subject: RE: Reference: notification faxed to 301 577-9097

Mr. Ballard - I just faxed the letter to you.

v/r

-----Original Message-----
From: jballard [mailto:jballard@theravensgroup.com]
Sent: Monday, August 29, 2005 2:14 PM
To: guy.torres@dia.mil
Subject: FW: Reference: Modification to HHM402-05-R-0017 Email dated Thursday, August 11, 2005 3:33 PM

-----Original Message-----
From: jballard [mailto:jballard@theravensgroup.com]
Sent: Friday, August 26, 2005 12:19 PM
To: 'denise.carter@dia.mil'; joe ballard (jballard@theravensgroup.com)
Subject: FW: Reference: Modification to HHM402-05-R-0017 Email dated Thursday, August 11, 2005 3:33 PM

Denise thanks for taking my call. I am forwarding a copy of my email to Ms. Jones. I believe it is clear that I was never notified of a protest. It is also clear that we have worked in good faith with your organization.

I await your response prior to determining my next step.

Thanks,

Joe

-----Original Message-----
From: jballard [mailto:jballard@theravensgroup.com]
Sent: Monday, August 15, 2005 12:43 PM
To: 'Juanita.Jones@dia.mil'
Cc: joe ballard (jballard@theravensgroup.com)
Subject: Reference: Modification to HHM402-05-R-0017 Email dated Thursday, August 11, 2005 3:33 PM

GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

# Facsimile Transmission Sheet

**Date:** March 16, 2007 Number of pages, including this cover sheet: 6

**Re:** B-296741.12; B-296741.13
The Ravens Group, Inc.

**From:** Mary G. Curcio, Senior Attorney

| Name | Firm/Agency | Phone | Fax |
|---|---|---|---|
| Daryle A. Jordan, Esq. | Patrick Henry LLP | 703-256-7754 | 703-256-7883 |
| Major Peter H. Tran | Defense Intelligence Agency | 703-696-2825 | 703-696-1537 |

**Comments:** None

GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** The Ravens Group, Inc.

**File:** B-296741.12; B-296741.13

**Date:** March15, 2007

## DECISION

The Ravens Group, Inc. protests the award of a contract to Rowe Contracting Services, Inc. under request for proposals (RFP) No. HHM402-05-R-0017, issued by the Defense Intelligence Agency (DIA) for janitorial services.

We dismiss the protest.

The solicitation was issued on April 14, 2005 and DIA made award to Ravens on June 28. However, that award was challenged in a series of protests filed in our Office by various offerors, and subsequent corrective actions by DIA resulted in reevaluations and new award determinations, with award finally being made to Rowe.

Ravens challenges various aspects of the award decision. Our Bid Protest Regulations contain strict rules for the timely submission of protests. Under those Regulations, a protest based on other than a solicitation impropriety must be filed within 10 days after the protester knows or should have known the basis of protest. 4 C.F.R. § 21.2(a)(2) (2006). Ravens's challenges are raised in a January 8 protest, which is based on information contained in the award notice DIA faxed to Ravens on December 19. Supplemental Protest, Jan. 8, 2007, at 1. Ravens therefore knew or should have known of the basis for its January 8 protest no later than December 19, and its protest, filed more than 10 days later, is untimely.

Ravens claims that its January 8 protest is timely because DIA sent the December 19 award notice to the wrong fax number; this prevented Ravens from receiving the notice in a timely fashion. In this regard, the agency faxed the award notice to a 202 area code number on the cover sheet of its proposal. Ravens states that, on June 17, 2006, one of its principals specifically told the contracting officer to send formal communications to a different fax number (also on its proposal cover sheet), this one with a 301 area code. Ravens claims that, since that time, on a number of

occasions over the course of the procurement, it advised the agency that it had used the wrong–i.e., the 202 area code–number, but that the agency last used the 202 number in March 2006. Ravens concludes that the protest is timely because it did not receive the December 19 notice at its preferred 301 area code fax number until December 29.[1]

Ravens's argument is unpersuasive. The principal agency contracting officials who conducted this procurement–a contracting specialist who was responsible for the procurement until June 2006, and the current contracting officer, who became involved at that time–deny that they were ever given instructions by Ravens to send correspondence to the 301 area code number, E-mail from Army to GAO, Jan. 31, 2007, and the agency states that it does not know of any written instructions from Ravens to that effect. E-mail from Army to GAO, Jan. 26, 2007. DIA also notes that it has communicated with Ravens using the 202 area code number on a regular basis, and has submitted a copy of a notice that it faxed to Ravens at the 202 number as late in September 2006. Id. Ravens does not deny that the 202 area code number is under its control, and does not deny that the notice was received at that number on December 19. Nor has Ravens provided any evidence corroborating its claim that it asked the agency to send correspondence to the 301 area code number.[2] Given these facts, we find that faxing the award notice to the 202 area code number listed on Ravens's proposal was a reasonable means of providing the notice to Ravens, and that Ravens therefore was on notice of its protest grounds on December 19. Ravens's failure to monitor its fax machine does not excuse its failure to raise the issues in its supplemental protest within 10 days after December 19.[3]

---

[1] Ravens has not explained how the notice made its way from the location of the 202 area code fax machine to the location of the 301 area code machine. However, documentation Ravens submitted to our Office shows that the notice was faxed to the 301 area code number on December 29.

[2] Ravens argues that DIA should have known that the 301 area code number was its preferred fax number because in January 2006 Ravens provided DIA a novation agreement explaining that Ravens was incorporating and changing its name, and that its principal office was in Lanham, Maryland, with a 301 area code. In light of the evidence discussed above–including the fact that the agency used the 202 area code number as late as September 2006–this argument does not change our conclusion. In any case, we note that the novation agreement shows that Ravens's principal place of business also was in Lanham prior to the date of the agreement. Novation Agreement at 1.

[3] Ravens asserts that the agency previously followed up its faxes with a phone call, e-mail, or a mailed hard copy. However, the agency's prior actions are irrelevant given our conclusion that the December 19 fax was sufficient to put Ravens on notice of its protest grounds.

Ravens also argues that DIA improperly made award to Rowe without providing Ravens with discussions, as it allegedly promised to do in an October 12 letter. This argument is timely (since it was raised in Ravens's original protest, which was filed on December 29), but is clearly without merit. We have reviewed the letter (Ravens provided it to our Office in response to our specific request) and it does not even mention discussions.

The protest is dismissed.

Gary L. Kepplinger

SEYFARTH SHAW LLP
ATTORNEYS

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
Fax (202) 828-5393
www.seyfarth.com

# Facsimile Transmission

Date: February 20, 2007

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| **LTC Frank A. March** | Defense Intelligence Agency | 703-696-2826 | **703-696-1537** |
| **Ken Weckstein** | Epstein Becker & Green | 202-861-0900 | **202-861-3560** |

**FROM:** Grace Bateman
**PHONE:** (202) 828-5359
**RE:**

**REPLY FAX NO.: (202) 828-5393**

**File No:** 24134.016 **Number of Pages, Including Cover:** 21

- ☐ Hard copy to follow
- ☐ Per your request
- ☐ Please telephone me
- ☒ Hard copy will not follow
- ☐ Please review and revise if necessary

**MESSAGE:**

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (202) 463-2400 AS SOON AS POSSIBLE.**

DC1 30189168.1 / 24134-000016

SEYFARTH SHAW LLP
ATTORNEYS

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
202-463-2400
fax 202-828-5393
www.seyfarth.com

Writer's direct phone
(202) 828-5359

Writer's e-mail
gbateman@seyfarth.com

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

**PROTECTED MATERIAL TO BE RELEASED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

February 20, 2007

**VIA FACSIMILE 202-512-9749**
**AND U.S. MAIL**

Mary G. Curcio, Esq.
Senior Attorney
Procurement Law Division
Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Re: B-29674.14; Olympus Building Services, Inc.'s Second Supplemental Protest and Comments on the Agency Report on Olympus' First Supplemental Protest.

Dear Ms. Curcio:

The protester, Olympus Building Services, Inc. ("Olympus"), hereby files its Second Supplemental Protest and its Comments on the Agency Report on Olympus' First Supplemental Protest.

## SECOND SUPPLEMENTAL PROTEST

The bases for Olympus' Second Supplemental Protest are as follows:

1. DIA's Tradeoff Analysis is irrational because it is based upon a material error of fact regarding the manpower the awardee Rowe Contracting Services, Inc. ("Rowe") and Olympus are proposing. The SSA mistakenly concluded that Rowe offered five more employees than Olympus,

when, in fact, Olympus actually offered 31 more employees (Full-time Equivalents "FTE"s) than Rowe over the contract term. The SSA relied on this mistake of fact in deciding that Rowe's offer represented the best value.

2. In the alternative, GAO cannot determine whether the SSA's best value decision is reasonable in the absence of documents in the record that explain the SSA's comparative manpower analysis, or confirm whether the SSA performed any such analysis at all.

Olympus' Second Supplemental Protest is timely, in that it is filed within 10 days of February 14, 2007, the date on which DIA first provided to Olympus a copy of Rowe's price proposal which contains the data that the SSA relied on when she made the manpower comparison referenced in the agency's price analysis and best value decision. It is also filed within 10 days of February 15, 2007, the date on which Olympus received an e-mail message from DIA disclosing that the agency does not have any evaluation documents to support the SSA's analysis of the manpower the respective firms offered.

**I. The SSA's Tradeoff Analysis Is Fatally Flawed Because It Is Based Upon A Material Error Of Fact Regarding The Offerors' Proposed Manpower.**

**A. The SSA Mistakenly Concluded That Rowe Offered Five More Employees Than Olympus Offered.**

The SSA references and compares the manpower that Rowe and Olympus will provide in both the "Price/Cost Analysis" section of the Source Selection Decision ("SSD") and in the "Tradeoff Analysis" section of the SSD. AR, Tab 32, pp. 14 -16. In the "Price/Cost Analysis" section, the SSA determines that Olympus' price is reasonable and realistic, but then notes that Olympus' price exceeds Rowe's price b[redacted]ile offering[redacted] fewer employees than Rowe:

> OLYMPUS: Offered price is considered reasonable and realistic. However, the offered price is the second lowest among four offers

> and would cost the Government over $557,000 more than Rowe's offer. Also, Olympus' cost breakdown indicated that they are offering 51 employees, five fewer employees than the 56 employees offered by Rowe.

Id., at p. 14 (emphasis added).

Similarly, in the "Tradeoff Analysis" section of the SSD, the SSA compares the final four offerors and determines that Rowe's low price offer provides fo[redacted]employees, [redacted] more than the next lowest offeror, Olympus:

> Of the four final offerors, Rowe proposes the lowest priced offer at a firm-fixed-price in the total amount of $19, 217,912 including all labor [redacted]) more employees than the next lowest priced offeror, Olympus)

Id., at p. 15 (emphasis added). The SSA obviously thought the comparison between the manpower Rowe and Olympus offered was a major discriminator between offers, because she repeated this comparison in the next paragraph in the "Tradeoff Analysis" section of the SSD:

> Additionally, not only does Olympus propose a higher price [redacted] more) than Rowe, but it proposes this higher price while offering to s[redacted]less employees than Rowe proposes to do the work…Accordingly, in any comparison between Rowe and Olympus, Rowe would present the better value because Rowe not only offers a lower price, but Rowe does this while proposing to staff more [sic] [redacted]e more employees at the lower price.

Id., at p. 15 (emphasis added).

Finally, again highlighting the importance of the manpower issue in her decision, the SSA included the number of employees each bidder offered in a separate column in the "Summary Comparison" table at the conclusion of the "Tradeoff Analysis" section in the SSD. This separate column in the table again reflects the SSA's conclusion that Rowe offered [redacted] employees, compared with Olympus' [redacted]mployees.

**B. The SSA Mistakenly Concluded That Rowe Offered More Employees Than Olympus By Using A "Number Of Employees" Standard Rather Than An "FTE" Measure.**

The record does not contain any documents revealing how the SSA determined that Rowe offered five more employees than Olympus offered. Rowe's incoherent and incomplete final proposal does not state that it will offer to provide [redacted] employees. See, AR, Tabs 20 and 22. Similarly, Olympus' technical proposal does not state that Olympus will provide [redacted] employees. See, AR, Tabs 23 and 25.[1] The only documents in the record that clearly indicate the manpower Rowe and Olympus will provide are the offerors' price proposals. Specifically, both offerors' price proposals provide detailed information on the number of janitors, supervisors, and managers offered, and their full-time (8 hours per day, 40 hours per week, 2080 hours per year), or a part-time (20 hours per week, 1040 hours per year) status. AR, Tabs 40 and 41.

It is not possible to compare the respective manpower proposals by comparing the "number of employees" offered, as the SSA has done, becaus[redacted] part-time employees each working 20 hours per week are not equivalent to [redacted]ll-time employees each working 40 hours per week. To compare the manpower proposals, it is necessary to express both proposals in terms of "Full-time Equivalent" ("FTE") employees. Thus, one full-time 40-hour-per week employee would equal one FTE, and two part-time 20-hour per week employees would also equal one FTE. The following table summarizes Rowe's and Olympus' manpower proposals in terms of the number of FTEs offered. The data in this table came directly from Rowe's and Olympus' price proposals. AR Tabs 40, 41.

[1] It is possible that the SSA may have actually gotten the number "51" from the "No Wkers." Column for the DIAC in Rowe's price proposal, despite attributing this number to Olympus. See, AR, Tab 40, p.1.

**Rowe's Proposed Total Manpower (Janitorial and Management) For The DIAC And The Expansion Building)[2]**

| Contract Period | Total Annual Labor Hours | Total FTEs (Total Annual Labor Hours/2080) |
|---|---|---|
| 7-Month Base Period | [redacted] | |
| Option 1 | | |
| Option 2 | | |
| Option 3 | | |
| Option 4 | | |
| TOTAL | | |

**Olympus' Proposed Manpower Proposal (Janitorial and Management) For The DIAC And The Expansion Building[3]**

| Contract Period | Total Annual Labor Hours | Total FTEs (Total Annual Labor Hours/2080) |
|---|---|---|
| 7-Month Base Period | [redacted] | |
| Option 1 | | |
| Option 2 | | |
| Option 3 | | |
| Option 4 | | |
| TOTAL | | |

[2] Rowe's price proposal has separate pages for the DIAC and the Expansion Building for each contract period. The Total Annual Labor Hour column includes both janitorial and management employees. The first number in the parenthesis is for the DIAC, and the second is for the Expansion Building.

[3] Olympus' price proposal presents data on janitorial and management personnel on separate pages for each contract period. The first number in parenthesis in the Total Annual Labor Hours column is for janitorial personnel (including the group leader, but excluding the eight security escorts for non-cleared personnel) and the second number is for management. All Olympus data are for both the DIAC and the Expansion Building.