SEYFARTH ATTORNEYS SHAW



these universally high ratings from the very same party t[redacted]f the 24 applicable subjects on the past performance questionnaire, Wachenhut Services, Inc. ("Wachenhut") gave Olympus 9 "Outstanding" ratings and 15 "Excellent" ratings. This includes the "Excellent" rating Olympus received under question 4(f), the same question where Wachenhut [redacted]lympus' other past performance reference, in addition to providing high ratings, also indicated that it had awarded Olympus a second contract.

Neither the Contracting Officer nor agency counsel provided any substantive response to this protest allegation in the supplemental Agency Report. Agency counsel devoted precisely one paragraph to addressing Olympus' protest of the agency's past performance evaluation. Without citing to the record or to any legal authority, agency counsel merely asserted that the past performance evaluation was reasonable, and that Olympus was not prejudiced by the agency's failure to adequately consider all of the past performance information available.

Similarly, the Contracting Officer failed to explain whether she considered the superior ratings that Olympus actually received from its past performance references. She merely focused on [redacted]arried on a long time," when, in fact, Olympus had quickly resolved issued the cure notice issue.

The SSA's determination that Olympus deserved a [redacted]e, and because it ignored the exclusively "Excellent" and "Outstanding" past performance ratings that Olympus received from all of its references.

**PROTECTED MATERIAL TO BE RELEASED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

SEYFARTH SHAW ATTORNEYS



**III. The Evaluation of Price Proposals Was Irrational Because The SSA Did Not Consider Whether Rowe's Failure [redacted] Over The Term Of The Contract Presented Performance Risk.**

[redacted] AR, Tab 41, pp. 15 and 33.

The SSA, who performed the price analysis of proposals, did not consider, or even note, this fact in the SSD. The SSA's entire analysis of Rowe's price proposal, which appears in the "Price/Cost Analysis" section of the SSD, consists of one sentence: "Rowe submitted the lowest priced offer and is capable of performing excellent quality work." AR, Tab 32, p. 13. There is no other document in the record that reflects the SSA's evaluation of price proposals in this approximately $20 million procurement.

The SSA does not do any better in responding to Olympus' protest allegation regarding her failure to consider whether Rowe's price structure over the five-year contract performance period created performance risk:

> [redacted] n was outcome determinative in the Agency's September 2006 decision to select NOSLOT for award instead of Rowe. However, the Agency took corrective action in response to the protests by Rowe, Raven and Olympus. [redacted]

---

[5] Consistent with FAR 52,222-43, Fair Labor Standards Act and Service Contract Act – Price Adjustment, none of the offerors included increases in labor rates over the term of the contract in their price proposals.

SEYFARTH ATTORNEYS SHAW



[redacted]

AR, Tab 39, p. 1 (emphasis added). It is not clear what the SSA means by the phrase; "As the Government was taking corrective action, it was noted [redacted] particularly because Rowe offered the wages that were specified in the applicable Service Contract Act Wage Determination, as did the other offerors. Most important, the SSA never even addresses the issue of her failure to consider whe[redacted].

Finally, even the Independent Government Cost Estimate (IGCE) included price increases for supplies and equipment over the five-year period. AR, Tab 32, p. 3. [redacted]

IV. **The Record In This Case Is Incomplete, Therefore GAO Cannot Determine Whether The Award To Rowe Is Reasonable.**

DIA has admitted that it is unable to produce a complete record to support the award to Rowe. For example, DIA cannot produce a complete copy of Rowe's final revised proposal. In response to Olympus' repeated requests for a complete copy of the proposal, the agency off-handedly noted that "whatever the TEB evaluated satisfied them to the extent that they rated Rowe as Excellent." AR, Tab 38, p.3.

In addition, in the SSD, the SSA refers to her consideration of three Olympus past performance evaluations, but counsel for DIA has stated that the SSA actually considered only two past performance evaluations. AR, Tab 32, p. 13; January 29, 2007 e-mail message from LTC Frank March. Despite agency counsel's assurance, GAO cannot ignore the specific reference in the SSD to a third past performance questionnaire response that purportedly offered a partially negative assessment of Olympus' past performance. See AR, Tab 32, pg. 13 [redacted] This reference was undoubtedly included in the SSD to bolster the agency's determination that Olympus on [redacted] t performance rating. The agency's failure to actually produce this phantom past performance questionnaire was therefore prejudicial to Olympus, and offers one more example of the agency's failure to conduct a fair and reasonable competition.

Accordingly, DIA's failure to produce a complete and accurate record to support its decision is a sufficient ground for GAO to sustain Olympus' protest.

## CONCLUSION

It is understandable that after nearly two years, four contract awards, and multiple bid protests, both DIA and GAO are eager for this procurement to be completed. However, it would be unfair to the offerors and it would compromise the integrity of the competitive procurement process for GAO to uphold the award to Rowe merely to complete this procurement. GAO does not have to stand in the shoes of agency evaluators to conclude that DIA has made material errors in selecting Rowe for award. It merely has to review the record in this procurement.

SEYFARTH ATTORNEYS SHAW LLP



In the alternative, the record of the agency's source selection decision is so incomplete that it is impossible for GAO to determine whether there is a reasonable basis for the award to Rowe. For these reasons, we request that GAO sustain Olympus' protests

Respectfully submitted,

SEYFARTH SHAW LLP

Grace Bateman
Amanda Weiner
Counsel for Olympus Building Services, Inc.

cc: LTC Frank A. March
Kenneth B. Weckstein, Esq.

SEYFARTH SHAW LLP ATTORNEYS

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
202-463-2400
fax 202-828-5393
www.seyfarth.com

Writer's direct phone
(202) 828-5359

Writer's e-mail
gbateman@seyfarth.com

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

April 27, 2007

**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

**VIA FACSIMILE 202-512-9749**
**AND U.S. MAIL**

Mary G. Curcio, Esq.
Senior Attorney
Procurement Law Division
Government Accountability Division
441 G Street, N.W.
Washington, D.C. 20548

Re: B-29674.14; B-29674.15; Request For Reconsideration Or Modification Of The Decision.

Dear Ms. Curcio:

Pursuant to 4 C.F.R.§ 21.14, the protester Olympus Building Services, Inc. ("Olympus") hereby requests that the Government Accountability Office ("GAO") reconsider or modify its April 20, 2007 decision denying the above-referenced protests in this $19 million procurement to provide janitorial services to the Defense Intelligence Agency ("DIA"). Olympus is next-in-line for

Protected Information To Be Disclosed Only
In Accordance With United States Court of
Federal Claims Protective Order

SEYFARTH SHAW ATTORNEYS LLP



award.[1] Olympus has two bases for this request for reconsideration or modification of GAO's April 20, 2007 decision ("Decision").

First, Olympus has timely raised ten separate grounds of protest and supported each ground of protest with evidence from the record. GAO's Decision states that it considered and rejected "all of Olympus's [sic] arguments" but GAO only presents a cursory discussion of five of the ten protest grounds in the Decision. GAO makes no reference whatsoever to Olympus' other five grounds of protest anywhere in the Decision. Without any reference to, or discussion of these five other protest grounds Olympus cannot know whether GAO based its decision to deny these grounds of protest on errors of fact or law, and is thus is denied the opportunity to move for reconsideration on these issues.

Second, GAO's Decision on the reasonableness of the agency's best value decision rests on a material error of fact: that the staffing levels the agency considered in the best value trade-off analysis accurately reflected the staffing levels in the offerors' proposals. The DIA Source Selection Authority ("SSA") has admitted that the SSA made errors in comparing offerors' staffing levels. These errors had a material impact when she used staffing levels as a discriminator in the best value determination. Olympus raised this issue in its protest ground 9. However, GAO ignored the presence of this obvious mistake in the best value decision when it upheld the agency's award to Rowe, and did not even discuss Olympus' protest ground 9 or this issue in the Decision.

---

[1] Olympus filed an initial protest on December 29, 2006 (B-29674.14), a supplemental protest on February 2, 2007, and a second supplemental protest on February 20, 2007. GAO has designated B-29674.15 to include both Olympus' first and second supplemental protests.

SEYFARTH ATTORNEYS SHAW LLP



## I. GAO's Decision Does Not Discuss Five Of The Ten Protest Grounds Olympus Timely Raised But GAO Rejected All Ten Protest Grounds.

### A. Olympus Raised Ten Separate Grounds Of Protest.

Olympus timely raised the following ten grounds of protest:

December 29, 2006 Protest

1. DIA did not properly apply the evaluation factors stated in the solicitation because it considered past performance twice, once as a sub-sub factor in the Technical evaluation, and again in the Past Performance evaluation.

2. DIA's past performance evaluation of Olympus' proposal was irrational because it was based upon an erroneous past performance evaluation and is inconsistent with DIA's previous evaluation of this same past performance information.

3. DIA did not perform a proper best value analysis because instead of performing a cost/price-technical tradeoff, it performed a technically acceptable, low price analysis.

4. DIA's best value determination is unreasonable because it is based on flawed technical and past performance evaluations.

February 2, 2007 Supplemental Protest

5. Rowe's final proposal is incomplete, incoherent, and unresponsive, and cannot form the basis for a valid Government contract.

6. DIA's price evaluation of Rowe's final proposal and the Source Selection Decision ("SSD") are fatally flawed because they do not reflect the performance risk in[redacted]

7. The SSA applied an unstated evaluation factor in using the number of employees offerors proposed as a discriminator in the best value decision.

8. DIA's past performance evaluation of Olympus' proposal is irrational because the evaluator ignored Olympus' "Excellent" and "Outstanding" ratings.

**PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

SEYFARTH SHAW LLP ATTORNEYS



February 20, 2007 Supplemental Protest

9. DIA's tradeoff analysis is irrational because it is based upon a material error of fact regarding the staffing levels Rowe and Olympus proposed.

10. GAO cannot determine whether the SSA's best value decision was reasonable in the absence of documents in the record that explain the SSA's comparative manpower analysis, or confirm whether the SSA performed any such analysis at all.

**B. GAO But Only Discussed Five Of Olympus' Ten Protest Grounds In Its Decision.**

GAO's April 20, 2007 Decision denying Olympus' protests correctly notes that "[i]n reviewing a protest against an agency's proposal evaluation, our role is limited to ensuring that the evaluation was reasonable and consistent with the terms of the solicitation and applicable statutes and regulations. Decision, p. 2. GAO then asserts that it considered all of Olympus' protest arguments and found them all to be without merit, but only discusses five of the ten arguments in the Decision.

> We have reviewed the record and find that all of Olympus's [sic] arguments are without merit and the evaluation and source selection were unobjectionable. We discuss several of Olympus's [sic] arguments below.

Id. (emphasis added). The five grounds of protest that GAO briefly discusses in its Decision are: Whether Olympus' proposal included the required security awareness plan (protest ground 5)[2];

[2] GAO only partially addresses protest ground 5 in the Decision. Olympus cited evidence in the record in supplemental protest to support its argument that Rowe's final proposal not only lacked a security awareness plan, it consisted of partially blank, unnumbered pages making it impossible for the agency to determine what Rowe had actually offered. February 2, 2007 supplemental protest, pp. 4-6. In response to this ground, DIA submitted one version of Rowe's final proposal for the record, Rowe submitted a second version that differed from DIA's version, and the agency later submitted a third version that differed from the previous two. (See e-mail messages dated February 9, 2007 from LTC March and from K. Weckstein). In the Agency Report, DIA's legal counsel dismissed Olympus' concern about the completeness of Rowe's final proposal by stating

Whether DIA properly evaluated Olympus' past performance (protest grounds 2 and 8)[3]; Whether DIA failed to consider performance risk inherent in Rowe's failure to include prices increases for supplies and equipment over the term of the contract (protest ground 6); and Whether DIA's consideration of offeror's staffing in the best value decision constituted application of an unstated evaluation factor (protest ground 7). GAO does not say one word in its decision about its consideration of the facts or law related to Olympus' protest grounds 1, 3, 4, 9 or 10. It merely rejected them without comment.

**C. Olympus Cannot Determine Whether GAO Made Errors Of Fact Or Law In Considering Five Of Olympus' Protest Grounds Because GAO Has Not Revealed Its Reasons For Rejecting Them.**

To obtain reconsideration or modification of a decision, the requesting party must show that GAO's decision contains errors of either fact or law, or the requesting party must present information that GAO has not previously considered that warrants reversal of modification of the decision. 4 C.F.R. § 21.14(a).[4] Richards Painting Co.—Reconsideration, B-232678, .2, 89-1 CPD ¶ 481 (reconsideration granted where prior GAO decision was based on an error of fact crucial to

---

that "it is obvious that whatever the TEB evaluated satisfied them to the extent that they rated Rowe as Excellent" for its final technical proposal. (The previous TEB had rated the same proposal incomplete and likely non-responsive.) Agency Report, Tab 31, p. 1; Tab 38, p. 3 (emphasis added). GAO did not consider any of these facts in the discussion of protest ground 5.

[3] GAO only partially addressed protest grounds 2 and 8 in the Decision. GAO did not address the reasonableness of DIA's initial determination that Olympus' past performance received an "Excellent" past performance rating, but based on the same past performance information, in the second evaluation Olympus only received a "Good" past performance rating. In addition, GAO failed to consider Olympus' argument that DIA's "Excellent" past performance rating of Rowe was not supported in the record, because Rowe had received a number of "Fair" and "Good" ratings. Olympus' Comments on the Agency Report, February 20, 2007, p. 15.

[4] See, "Procedures and Practices for Legal Decisions and Opinions," GAO Office of General Counsel, September 2006, pp. 9-10 "GAO will reconsider and revise a prior decision or opinion on a showing of a material error of fact or law." Id., at p. 10.

the holding.). See also, MadahCom, Inc.—Reconsideration, B-297261.2, 2005 CPD ¶ 209 (reconsideration granted where GAO applied the wrong regulation in determining that a protest was untimely); Federal Bureau of Investigation; Mid-Atlantic industries, Inc.—Reconsideration, B-245551, .2, .3; 92-1 CPD ¶ 507 (reconsideration granted and prior GAO decision reversed where new information the agency had not previously supplied to GAO revealed that the agency had held discussions and final offers were received prior to the award decision); Military Sealife Command; Texaco Refining and Marketing, Inc.—Reconsideration, B-232562, .3, .4; 89-1 CPD ¶ 550 (reconsideration granted where new information renders impracticable GAO's recommendation that the agency conduct additional discussions); Allen Organ Company—Reconsideration, B-231473, .2; 88-2 CPD ¶ 196 (reconsideration granted where GAO had dismissed the protest based upon a mistake of fact); Sam Gonzales, Inc.—Reconsideration, B-225542, .2 (87-1 CPD ¶ 306 (reconsideration granted where GAO had mistakenly determined that it did not have jurisdiction to consider the protest grounds.)

Here, GAO claims it considered "all of Olympus's [sic] arguments" but fails to discuss five of Olympus' ten protest grounds in its Decision. Without understanding the rationale for GAO's rejection of five of Olympus' ten protest grounds, Olympus cannot know whether GAO based its rejection of these five grounds upon errors of law or fact. Accordingly, GAO has prejudiced Olympus because it has deprived Olympus of the right to move for reconsideration on these issues, in violation of GAO's own rules and procedures. 4 C.F.R. § 21.14(a).

**II. GAO's Decision Upholding The Award To Rowe Ignored A Material Fact In The Record Regarding DIA's Use Of An Erroneous Staffing Comparison In The Best Value Decision.**

GAO's decision on the reasonableness of the agency's best value decision rests on a material error of fact: that the staffing levels the agency considered in the best value trade-off analysis accurately reflected the staffing levels in the offerors' proposals.

During the protest process, Olympus, Rowe, and DIA all agreed that the staffing analysis that the SSA used in making the best value decision was erroneous. Upon discovering the SSA's mistake, all three parties—Rowe, Olympus, and DIA—submitted revised staffing comparisons, each reaching a different conclusion. See, Agency Report, Tab 42, pp. 6-7; Olympus' February 20, 2007 Comments, pp. 4-7; and Rowe's February 28, 2007 Comments, pp. 4-10. However, DIA never revised its best value decision to take account of its previous errors. Nonetheless, GAO's decision upholding the award to Rowe did not consider or even give passing note to this issue, despite that Olympus raised this issue as protest ground 9.

**III. GAO's Incomplete And Unsupported Decision Prejudiced Olympus.**

GAO's hasty and incomplete decision in these protests prejudiced Olympus. Without an explanation of the grounds upon which GAO denied five of the ten protest grounds that Olympus raised, Olympus does not have the benefit of GAO's reasoning on these issues and cannot know whether GAO's decision on these issues is based upon any errors of fact or law. As set forth in Olympus' previous submissions, Olympus was prejudiced by DIA's actions in this procurement. Olympus believes that if GAO gives fair consideration to each of the ten protest grounds that Olympus has raised, GAO will sustain Olympus' protest on one or more of those grounds, because the record--such as it is— reveals that DIA made multiple, material errors in the technical, price, and past performance evaluations that prejudiced Olympus.

In the alternative, upon reconsideration, GAO should determine that the DIA's record in this procurement is so incomplete, there is not sufficient documentation for GAO to review in order to determine whether the agency acted reasonably in making the award to Rowe (Olympus protest ground 10). As next in line for award, Olympus has been prejudiced by DIA's decision to make a contract award to Rowe based upon the incomplete and incoherent record in this procurement, and continues to be prejudiced by GAO's failure to consider the adequacy of the procurement record in upholding DIA's award to Rowe.

**IV. Conclusion.**

This is a unique case. It has been nearly two years since DIA made the initial contract award in this procurement. Since then, all four offerors have protested, with a total of 15 protests being filed since June 2005.[5] DIA has taken repeated corrective action in response to these protests, canceling the initial award, making three successive awards, and then subsequently canceling two of them.

It is not surprising that GAO did not welcome the 14th and 15th protests which Olympus filed in December 2006 and February 2007, challenging DIA's fourth contract award, this time an award to Rowe. Olympus invested considerable time and resources in developing and supporting its ten protest grounds, and reasonably expected GAO to give fair consideration to each of these grounds and to explain the basis for its decision in each instance. GAO had until May 29, 2007 in which to issue its Decision in Olympus' protests. Instead of taking all of the time available to it, GAO rushed to judgment, no doubt in an effort to end this grossly-mishandled two-year procurement. In

[5] The initial awardee, The Ravens Group, Inc.("Ravens") has been performing the contract since 2005. On April 18, 2007, Ravens filed a Complaint for Injunctive and Declaratory Relief in the U.S. Court of Federal Claims alleging, among other things, that DIA's action in this procurement was "irrational, unreasonable, and in violation of law and regulation." This matter is still pending.

SEYFARTH SHAW LLP ATTORNEYS



rushing to judgment, GAO issued a brief, incomplete, and poorly reasoned decision, addressing only five of Olympus' ten grounds of protest. Even among the five issues that GAO addressed, it only partially addressed two of them, and misstated one of then. GAO's Decision in this case does not meet the standard of "well-researched, and well-reasoned decisions and opinions that GAO strives to produce."[6]

If GAO had carefully considered the record in this case, it would have concluded either that the award to Rowe is unreasonable, or that the record in this case is so deficient that GAO cannot reasonably determine whether the award to Rowe is reasonable. For the foregoing reasons, Olympus requests that GAO reconsider or modify its Decision, addressing in detail all ten of the grounds of protest that Olympus raised, and finding that one or more of them have merit.

Sincerely yours,

SEYFARTH SHAW LLP

Grace Bateman
Amanda Weiner
Counsel for Olympus Building Services, Inc.

cc: LTC Frank A. March
Kenneth B. Weckstein, Esq.
John M. Melody, Esq.

[6] GAO's "Procedures and Practices for Legal Decisions and Opinions," p. 5.

**PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH GAO PROTECTIVE ORDER**

DC1 30197205.1