# Exhibit 5

**Ken Weckstein**

---

**From:** Ken Weckstein
**Sent:** Thursday, February 01, 2007 4:16 PM
**To:** Mary Curcio (curciom@gao.gov)
**Cc:** Frank March (Frank.March@hqda.army.mil); Daryle A. Jordan Esquire
**Subject:** Protests of Ravens, B-296741

We are in receipt of the redacted copy of Mr. Jordan's letter of January 31, 2007 to GAO. As best we can tell, in the letter Ravens is admitting (or not denying) that it received the December 19, 2006 letter on December 19, 2006 at "the company's D.C. fax number." See January 31, 2007 letter at first paragraph, last sentence.

The GAO timeliness rules require that protests be filed "after the basis of protest is known or should have been known (whichever is earlier)...." 4 CFR 21.2(a)(2). If a company maintains a fax number, it is charged with knowledge of what is sent to that fax number--even if it has requested that faxes be sent to a different company fax number.

Similarly, FAR 15.506(a)(1) requires that companies request debriefings "within 3 days after the date on which that offeror has received notification of contract award...." Absent such a request, there cannot be a debriefing that is requested and required. Here, again, it appears that Ravens has admitted receiving notification of contract award at its D.C fax number on December 19, 2006. This also makes Ravens' protests untimely.

Thank you for considering these comments of awardee Rowe.

Kenneth B. Weckstein
Partner
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037-1156
(202) 861-1860 - Direct
(202) 861-0900 - Main
(202) 861-3560 - Fax
kweckstein@ebglaw.com
www.ebglaw.com
http://www.ebglaw.com/atty_bio_94.htm