**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| The Ravens Group, Inc.,<br>Plaintiff,<br>v.<br>United States,<br>Defendant,<br>and<br>Rowe Contracting Services, Inc.,<br>Third party/Intervenor. | CFC No. 07-243<br>Judge Baskir |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERVENOR ROWE CONTRACTING SERVICES, INC.'S RULE 52.1(b) MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com

Counsel for Intervenor

Date: May 18, 2007

~~**PROTECTED/CONFIDENTIAL MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS**
**PROTECTIVE ORDER**~~

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii-iii

STATEMENT OF ISSUES INVOLVED .......... 1

STATEMENT OF THE CASE .......... 2

Background .......... 2

Discussion .......... 6

I. Count I (Unfair Business Practices) fails as a matter of law and fact .......... 8

II. Count II (Irrational Contract Award) is subject to the Contract Disputes Act and therefore fails as a matter of fact and law .......... 9

III. Count III (Breach of the Implied Duty of Good Faith and Fair Dealing) fails because Ravens has not alleged legally sufficient bad faith and because there is no evidence of subjective bad faith of the Government .......... 13

IV. Count IV (Violation of FAR Notification Requirements) must fail as a matter of fact and law because Ravens was not prejudiced .......... 14

V. Count V (Unfair Business Practices) fails as a matter of fact and law .......... 15

VI. Count VI (Initial Award to The Ravens Group Was Proper) has no basis in law .......... 19

VII. Count VII (Totality of the Circumstances) fails as a matter of law .......... 20

Conclusion .......... 20

# TABLE OF AUTHORITIES

**CASES** page

*A&D Fire Protection, Inc. v. United States*,
72 Fed. Cl. 126 (2006) ....................6, 7, 16

*Alliant Techsystems, Inc. v. United States*,
178 F.3d 1260 (Fed. Cir. 1999) .................... 12

*Berdick v. United States*, 612 F.2d 533 (Ct. Cl. 1979) .................... 8

*Caldwell & Santmyer, Inc. v. Glickman*,
55 F.3d 1578 (Fed. Cir. 1995) .................... 13

*Comprehensive Health Services, Inc. v. United States*,
70 Fed. Cl. 700 (2000) .................... 13

*James M. Ellett Construction Co., Inc. v. United States*,
93 F.3d 1537 (Fed. Cir. 1996) .................... 10

*Lockheed Martin IR Imaging Systems, Inc. v. West*,
108 F.3d 319 (Fed. Cir. 1997) .................... 12

*Manson Construction Co. v. United States*,
64 Fed. Cl. 746 (2005) .................... 19

*Statistica, Inc. v. Christopher*,
102 F.3d 1577 (Fed. Cir. 1996) .................... 14

**STATUTES**

41 U.S.C. § 605(a) .................... 10

41 U.S.C. § 609 .................... 10

28 U.S.C. § 1491 .................... 8

28 U.S.C. § 1491(a)(1) .................... 8

28 U.S.C. § 1491(a)(2) .......... 10

**FEDERAL ACQUISITION REGULATION ("FAR")**

FAR § 1.403 .......... 12

FAR §17.207 .......... 11

FAR § 17.207(c)(3) .......... 11

FAR § 17.207(e) .......... 11

FAR § 17.208(g) .......... 12

FAR § 49.502(c) .......... 12

FAR § 52.217-9 .......... 12

FAR § 52.249-4 .......... 12

**GAO OPINIONS**

*Career Quest, a division of Syllan Careers, Inc. – Costs*, B-293435.5, April 13, 2005, 2005 CPD ¶ 79 .......... 19

**RULES OF CIVIL PROCEDURE**

RCFC Rule 52.1 .......... *passim*

## STATEMENT OF ISSUES INVOLVED

1. Whether the Plaintiff has asserted any viable causes of action in its Complaint.
2. To the extent that Plaintiff has even alleged a viable cause of action, whether judgment should be granted for Defendant and Intervenor because the Administrative Record demonstrates that the actions of the Defendant United States were not arbitrary, not capricious, not an abuse of discretion, and were otherwise in accordance with law.

## STATEMENT OF THE CASE

Pursuant to Rule 52.1(b) of the Rules of the Court of Federal Claims ("RCFC"), Intervenor Rowe Contracting Services, Inc. ("Rowe") hereby files its Memorandum of Points and Authorities in Support of its 52.1(b) Motion for Judgment on the Administrative Record ("Memorandum") against The Ravens Group, Inc. ("Ravens"). This Memorandum relies on the facts contained in the Administrative Record ("AR" or "Record") as well as in the Consolidated Statement of Facts to be submitted to the Court by the parties no later than June 11, 2007.

### Background

Rowe is the awardee of a contract for janitorial services at the Bolling Air Force Base for the Defense Intelligence Agency ("DIA" or "Agency" or "Government") under Solicitation No. HHM402-05-R-0017 (the "Contract"). Rowe was found to be the best value to the Government and offerors were notified of the award to Rowe on December 19, 2006. *See, e.g.,* AR at 1055.

The December 2006 award to Rowe was preceded by a number of protests and corrective actions by the Agency. Initially, Ravens was selected for award on June 28, 2005. *See* AR at 241. The Agency notified offerors, including Rowe, of the Agency's award to Ravens by letter dated

June 27, 2005. *See* AR at 233. That letter disclosed Ravens' proposed price. *Id.*

The Agency later determined that the initial award to Ravens was improper and elected to take corrective action after a protest was submitted on June 29, 2005 by NOSLOT Cleaning Services, Inc. ("NOSLOT"). *See* AR at 135. As part of that corrective action, the offerors within the competitive range were invited to submit final proposal revisions ("FPRs"). *See id.* Ravens continued to perform under its contract pursuant to an override request from the Agency. *See* AR at 69. After FPRs were submitted in November 2005 (*see, e.g.*, AR at 654) and evaluated, the Agency found Rowe to represent the best value to the Government and awarded Rowe the Contract on March 22, 2006. *See* AR at 163. Upon award, the Agency requested Rowe to immediately begin the transition process. *See* Sworn Statement from Scott Rowe to Guy A. Torres, Contracting Officer, Defense Intelligence Agency, dated April 28, 2006, at Appendix, Exhibit 1[1]; *see also* AR at 151-60 (Ravens' March 27, 2006 Protest noting on page 1 that "DIA has granted the deemed new awardee

---

[1] Rowe has filed, in conjunction with this Motion, a Motion to Supplement the Record to add five additional documents to the Administrative Record, including Exhibits 1 and 2 attached to this Memorandum. Defendant does not oppose that motion.

permission to immediately begin interviewing The Ravens Group's personnel.").

On March 27, 2006, Ravens filed a protest against award to Rowe. *See* AR at 151. GAO notified the Agency of Ravens' protest on March 29, 2007; on March 31, 2007 Rowe was notified of the protest and the required stay of performance. *See* AR at 163.

As a result of Ravens' March 27, 2006 protest, the Agency elected to take corrective action, but did not request or accept new proposal revisions. *See* AR at 163. On April 6, 2006, GAO dismissed Ravens' protest as academic. *See* AR at 177.

On April 6, 2006, Ravens again protested the award to Rowe, and for the first of many times alleged that Rowe engaged in unfair business practices. *See* AR at 182-88. Ravens attached three sworn statements to support its allegations. *See* AR at 189-90; *see also* Redacted Sworn Statement by J. Jeff Robertson, at Appendix, Exhibit 2 (This is the third statement originally submitted with Ravens' April 6, 2006 protest but was inadvertently omitted from the Record. Exhibit 2 is the redacted version Rowe received with Ravens April 6, 2006 protest and appears in unredacted form at AR at 1059 and as Exhibit C to Ravens' Complaint.) A

fourth statement was attached to Ravens Request for Reconsideration submitted on June 1, 2006 to GAO. *See* AR at 228.

GAO dismissed Ravens' protests on May 19, 2006 and its Request for Reconsideration on July 14, 2006, finding that even if the allegations were taken as true, there was no competitive prejudice to Ravens. *See* AR at 221; *id.* at 241-42. Specifically, GAO determined that the alleged actions occurred after FPRs were received by the Agency. *See id.* at 221; *id.* at 242-43. Moreover, GAO found that DIA's proposed corrective action would not prejudice Ravens because the new award decision would be based on the proposals submitted prior to Rowe's alleged improper actions. *See id.* at 221; *id.* at 242. Also, DIA reviewed information that established that Rowe had not engaged in any improper conduct. *See* Appendix, Exhibit 1.

As a result of the corrective action, NOSLOT was selected for award. AR at 286. The Agency subsequently determined that award to NOSLOT was improper and took corrective action in October 2006. AR at 377. Again, the Agency did not request or accept new proposal revisions.

On December 19, 2006, the Agency, for the second time, determined that Rowe offered the best value to the Government and selected Rowe for award. *See* AR at 1055. Ravens protested that award decision to GAO. AR at 1038-41; *id.* at 1042-59. Ravens' protest was dismissed by GAO on

March 15, 2007. AR at 1132-34. Olympus Building Services, Inc. ("Olympus") also protested the Agency's selection of Rowe, but its protests were dismissed in part and denied in part by GAO. AR at 1033-34; *id.* at 1286-89.

Ravens filed this Complaint with the Court of Federal Claims on April 18, 2007 alleging seven counts: (1) Unfair Business Practices; (2) Irrational Contract Award; (3) DIA's Breach of the Implied Duty of Good Faith and Fair Dealing; (4) Violation of FAR Notification Provision; (5) Unfair Business Practices; (6) Initial Award to The Ravens Group was Proper; and (7) Totality of the Circumstances. For the reasons stated below, each of Ravens' causes of action fail as a matter of law and fact and judgment on the Administrative Record is appropriate.

**Discussion**

Pursuant to RCFC Rule 52.1(b), this Court may enter judgment on the administrative record where the plaintiff has failed to meet its burden of proof given the evidence in the record. *See A&D Fire Protection, Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006). Here, the various causes of action asserted by Ravens fail as a matter of law. Moreover, even if Ravens' Complaint is construed as asserting valid causes of action, the evidence in the record does not support the allegations.

Ravens' Complaint challenges the Agency's selection of Rowe for the above-mentioned Contract and seeks to enjoin the DIA from implementing its December 2006 contract award to Rowe. The standard of review for bid protest cases before the Court of Federal Claims is whether the Contracting Officer's selection should be set aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See A&D Fire Protection, Inc. v. United States,* 72 Fed. Cl. 126, 131-32 (2006) (citations omitted) (quotations omitted). As discussed in more detail below, the Administrative Record fails to show that the Agency's conduct was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance to law. Moreover, judgment should be entered against Ravens because this Court does not have jurisdiction over much of Ravens Complaint; Ravens' allegations are not borne out by the Record and, in many cases, are contradicted by the Record; Ravens has not alleged or shown prejudice; and much of Ravens' Complaint involves questions of contract administration for which Ravens has not exhausted its administrative remedies or followed the procedures of the Contract Disputes Act ("CDA").

For these reasons and those discussed below, Ravens' Complaint does not meet its burden of proving that the selection of Rowe was arbitrary, capricious, or otherwise not in accordance of law. Accordingly,

Rowe respectfully requests judgment be entered against Ravens on all counts pursuant to RCFC Rule 52.1(b).

## I. Count I (Unfair Business Practices) fails as a matter of law and fact.

Count I alleges unfair business practices against Rowe. Compl. ¶¶ 34-39. This Court does not have jurisdiction over this claim against Rowe. *See* 28 U.S.C. § 1491(a)(1).

Title 28 U.S.C. 1491(a)(1) states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon **any claim against the United States** founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages **in cases not sounding in tort.**

(emphasis added); *see also Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979) (finding that 28 U.S.C. 1491 does not confer jurisdiction over counts naming private individuals or causes of action sounding in tort, but only judgments on claims against the United States).

Ravens' Count I is not against the United States and also sounds in tort. Therefore, Count I must fail as a matter of law.

While the Court and Rowe may not rewrite Ravens' Complaint or speculate as to what Ravens "really" meant to allege, Rowe notes that in April 2006, it presented evidence to the Agency showing that Rowe did not

engage in any improper conduct. Appendix, Exhibit 1. It was reasonable for the Agency to consider and rely on that evidence in determining that award to Rowe was proper.

## II. Count II (Irrational Contract Award) is subject to the Contract Disputes Act and therefore fails as a matter of fact and law.

Ravens' Count II (Irrational Contract Award) challenges the Agency's contract award to Rowe and seeks to enjoin the Agency from terminating Ravens' contract with DIA. Compl. ¶¶ 40-47. Ravens has not alleged that the Agency's evaluation of Rowe was contrary to the stated evaluation criteria or that Rowe did not represent the best value to the Government based on the stated criteria of the Solicitation. The Solicitation stated that award would "be made to the responsible offeror whose offer, conforming to the solicitation, is determined to be the best overall value to the Government, price and other factors considered." *See* AR at 475. Ravens does not dispute that Rowe was properly found to be the best value under the Solicitation. Rather, Ravens has attempted to convert the exercise of an option year under its contract into a best value determination under the Solicitation. Ravens suggests that because the Agency exercised Option Year 2 of Ravens' contract, the Agency's award to Rowe was "inexplicable, irrational, and unreasonable." *See* Compl. ¶ 47.

First, the exercise of an option year is governed by the CDA because it concerns issues of contract administration. This claim is not properly before this Court. Title 41 U.S.C. 605(a) states:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

This Court does not have jurisdiction over CDA claims where a claim has not been submitted to the contracting officer for decision and/or a final decision has not been rendered by the contracting officer. *See* 28 U.S.C. § 1491(a)(2) ("The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by . . . a contractor . . . on which a decision of the contracting officer has been issued . . . ."); *see also* 41 U.S.C. § 609; *James M. Ellett Construction Co., Inc. v. United States*, 93 F.3d 1537, 1541 (Fed. Cir. 1996) (stating that for Court of Federal Claims' "jurisdiction under the CDA, there must be both a valid claim . . . and a contracting officer's final decision on that claim").

The Record does not reveal that Ravens submitted any claim to the Contracting Officer. Ravens does not even allege to have done so. Likewise, the Record does not reveal a final decision by the Contracting Officer. Accordingly, Ravens claim against the Agency for its conduct in

exercising the option years is not properly before this Court and therefore must fail as a matter of fact and law.

Even looking past the jurisdictional bar to this claim, the Record does not show that the Agency's exercise of the option years foreclosed its right to make award to a different offeror pursuant to the criteria of the Solicitation. Distinct from the evaluation of proposals under the Solicitation, in exercising option years, the Agency was required to look to FAR section 17.207, which requires a determination that "[t]he exercise of the option is the most advantageous method of fulfilling the Government's need, price and other factors . . . considered . . . ." *See* FAR § 17.207(c)(3). Moreover, an agency must consider the need for "continuity of operations" in determining whether to exercise an option. *See* FAR § 17.207(e). This is a separate and distinct analysis from the best value determination provided for in the Solicitation. And there is also nothing in the Record to suggest that the exercise of the option year was a "best value" determination as Ravens claims. Rather, DIA determined that, given the then pending protests, the exercise of the option was the most advantageous method of fulfilling the Government's need for "continuity of operations."

There is also no evidence that in exercising Option Years 1 or 2 the Agency relinquished its right to make contract award under the Solicitation

to an offeror other than Ravens. Indeed, title 48 C.F.R. 52.217-9 is the standard FAR clause for the exercise of option years for service contracts. *See* 48 C.F.R. § 17.208(g); *see, e.g.,* AR at 463. That clause does not authorize DIA to exercise option years with reservations or conditions. In fact, any conditions or reservations would have required a deviation approved by the agency head. *See* FAR § 1.403 (Individual Deviations). There is no evidence in the Record that such any deviation was sought for Ravens. And, absent such a deviation, exercise of any option with conditions or reservations would have voided the option. *See Lockheed Martin IR Imaging Systems, Inc. v. West*, 108 F.3d 319, 323 (Fed. Cir. 1997); *see also Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1275 (Fed. Cir. 1999). Moreover, the Agency had no reason to exercise the Option Years 1 or 2 with any conditions or reservations. The standard Termination for Convenience clause at FAR section 52.249-4 allowed the Government to terminate Ravens' contract "in whole or in part, when it is in the Government's interest." *See* 48 C.F.R. § 49.502(c); *see, e.g.,* AR at 468. Therefore, DIA's conduct in exercising option years in Ravens' contract did not make its later award to Rowe arbitrary, capricious, or otherwise not in accordance with law. Accordingly, Count II fails as a matter of fact and law.

### III. Count III (Breach of the Implied Duty of Good Faith and Fair Dealing) fails because Ravens has not alleged legally sufficient bad faith and because there is no evidence of subjective bad faith by the Government.

Ravens' Count III complains of the Agency's conduct in exercising Option Year 2 of Ravens' contract while the Agency was still performing its corrective action. Compl. ¶ 51. It is well-settled that in order to assert a claim that the Government has violated the implied duty of good faith and fair dealing, a plaintiff must provide "'well-nigh irrefragable proof' that the government had a specific intent to injure" the contractor. *See Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578, 1581 (Fed. Cir. 1995); *see also Comprehensive Health Services, Inc. v. United States,* 70 Fed. Cl. 700, 721 (2000) (dismissing a claim for alleged breach of the implied duty of good faith and fair dealing for failing to provide evidence of subjective bad faith). There is no evidence in the record to meet this burden here. In fact, the evidence shows that the Agency's actions were reasonable and not contrary to law.

To support Count III, Ravens claims it understood that the exercise of Option Year 2 constituted the Agency's "final determinative" action regarding the challenged procurement. Compl. ¶ 53. There is nothing in the Record to support this contention. Furthermore, the idea that the exercise of an option year in this case guaranteed the award of the

Contract to Ravens is without support in law or common sense. As discussed with regard to Count II above, the Agency's exercise of Option Years 1 and 2 of Ravens' contract did not foreclose the Agency's right to award the Contract to a different offeror.

**IV. Count IV (Violation of FAR Notification Requirements) must fail as a matter of fact and law because Ravens was not prejudiced.**

Count VI (Violation of FAR Notification Requirements) is a claim against DIA for DIA's alleged failure to provide notice to Ravens of protests in 2005 and of a Notice of Corrective Action issued on October 24, 2006. Compl. ¶¶ 61-66. The Record, in fact, shows that Ravens was not prejudiced by any alleged lack of notice. Prejudice is an essential element for any valid cause of action for a bid protest type action. *See Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed. Cir. 1996).

The alleged lack of notices of the protests in 2005 did not prejudice Ravens. After the protests in 2005, the Agency accepted FPRs in November 2005. *See, e.g.,* AR at 654. All offerors within the competitive range, including Ravens, were permitted to file FPRs. *See* AR at 135, 255. Therefore, the alleged lack of notices had no bearing on the FPR submitted by Ravens, the evaluation of Ravens' proposal or Rowe's proposal, or the best value determination that resulted in award to Rowe. Ravens simply

was not prejudiced by any purported lack of notice relating to the 2005 protests.

Similarly, Ravens was not prejudiced by any lack of receipt of the October 24, 2006 Notice of Corrective Action. Ravens does not allege that it was unaware of the protest that was resolved by the corrective action. And there is nothing in the record that shows that the Agency notified Ravens (or any other offeror) that the procurement had been cancelled. Thus, Ravens knew or should have known that the procurement (that it now challenges) was pending and open. The exercise of Option Year 2 does not change the fact that Ravens suffered no prejudice. Under applicable law, performance by Ravens under Option Year 2 was not discretionary once the Government exercised the option. Options in Government contracts may be exercised by the Government, not the contractor. Ravens had no right to refuse to accept or perform the option. Ravens has failed to prove it was prejudiced by the alleged lack of notices and therefore Count IV fails as a matter of law.

## V. Count V (Unfair Business Practices) fails as a matter of fact and law.

Ravens' Count V (Unfair Business Practices) asserts again the same cause of action against Rowe as in its Count I. *See* Compl. ¶¶ 67-73. For

the same reasons discussed above regarding Count I, Ravens' Count V fails as a matter of fact and law. *See* Section I above.

Under this Count, Ravens also seeks to enjoin DIA from terminating Ravens' contract. Compl. ¶ 73. But even if this Court were to ignore the jurisdictional bar to this claim, as stated above, a Contracting Officer's selection will only be set aside where it is shown the conduct was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See A&D Fire Protection, Inc. v. United States,* 72 Fed. Cl. 126, 131-32 (2006). The Record simply does not show that the Agency's actions here were arbitrary, capricious, or otherwise contrary to law.

Indeed, Ravens has raised a number of spurious allegations against Rowe in its Complaint that it repeatedly argued before both GAO and DIA. *See* AR at 182-90 (Ravens' April 6, 2006 Protest); *id.* at 192-95 (Ravens' April 20, 2006 Supplemental Protest); *id.* at 197-98 (Letter from Ravens to Guy Torres, Contracting Officer, dated April 21, 2006); *id.* at 223-29 (Ravens' June 1, 2006 Request for Reconsideration). The gist of Ravens' allegations of improper business practices are that Rowe: (1) improperly obtained Ravens' pricing information; (2) bribed two Ravens employees to obtain confidential and proprietary information; and (3) obtained information about Ravens' technical proposal. The allegations are based on the same

four statements that GAO found did not support Ravens' allegations of unfair business practices by Rowe. *Compare* Complaint, Exhibits A-D *with* AR at 191-92; Appendix, Exhibit 2 (unredacted version at AR at 1059); and AR at 228. This stale "evidence" fails to support Ravens' allegations. Yet, Ravens has attached the exact same four statements to its Complaint. *See* Ravens' April 18, 2007 Complaint, Exhibits A-D.

First, the Record shows that Rowe properly received Ravens' pricing information in June 2005 when the Agency notified all offerors of the initial award to Ravens. *See* AR at 233. The notification letter contained Ravens' total proposed price. *Id.*

Second, Ravens relies solely on one sworn statement by Milton Grant (marked as Exhibit B to Raven's Complaint) to support its accusation that Rowe bribed two Ravens employees to obtain confidential information about Ravens. In his statement, Milton Grant admits that any information allegedly received was only after award to Rowe. Such information, by definition, could not have been used to enhance Rowe's proposal before award. Grant's statement actually says that $500 was given to Wendy Scott and Ernest Fields "for help and information to transition the contract . . . ." Complaint, Exhibit B. And in fact, Rowe did not pay any bribes to

employees of Ravens to obtain confidential information. Appendix, Exhibit 1.

GAO held that this exact same statement by Milton Grant did not establish that Rowe used any confidential or proprietary information of Ravens in Rowe's proposal. *See* AR at 243 (*The Ravens Group, Inc. – Reconsideration*, B-296741.7, July 14, 2006) ("Further in this regard, Ravens stated in its April 6 protest that its employees admitted that Rowe had paid them for information regarding Ravens's schedule and employees 'during the pendency of the Ravens Group's Protest.' Ravens' protests, as discussed above, were submitted after Rowe received the contract award and, therefore, after Rowe's FPR had been submitted."). Ravens ignores the fact that Milton Grant admits that Rowe's interaction with Fields and Scott was for purposes of transition.

Simply put, the four statements attached to Ravens' Complaint are Ravens sole "evidence" of Rowe's unfair business practices. Each of these statements were submitted to both GAO and DIA. GAO rejected Ravens' allegations and evidence twice – first in a May 2006 dismissal (AR at 220-21) and then again in July 2006 when it rejected Ravens' Request for Reconsideration (*see id.* at 241-43). DIA received a detailed sworn statement from Rowe disputing Ravens' allegations. *See* Appendix, Exhibit

1. Having received evidence regarding Ravens' allegations from both Ravens and Rowe, the Agency reasonably determined that no improper conduct had occurred and has continued to oppose Ravens' challenges to the Agency's award decision. The Record shows that the Agency did not act arbitrarily, capriciously, or otherwise contrary to law in its review of Ravens' allegations.

### VI. Count VI (Initial Award to The Ravens Group Was Proper) has no basis in law.

Count VI (Initial Award to The Ravens Group Was Proper) must fail as a matter of law. Ravens alleges that because NOSLOT was later found to be ineligible for award, the Agency's corrective action was "invalid." *See* Complaint ¶ 77. This contention has no basis in law. DIA legally may decide to take corrective action and make a new source selection decision regardless of the existence of a valid protest. *See, e.g., Career Quest, a division of Syllan Careers, Inc. – Costs*, B-293435.5, April 13, 2005, 2005 CPD ¶ 79 (rejecting awarding costs where protestor had not filed a "clearly meritorious" protest and the agency elected to take corrective action); *see Manson Construction Co. v. United States*, 64 Fed. Cl. 746, 752 n.6 (2005) (stating that "[a]lthough decisions of the GAO are not binding on this court, they can be used for guidance when they are found to be reasonable and persuasive"). As a matter of law, this cause of action fails.

**VII. Count VII (Totality of the Circumstances) fails as a matter of law.**

Ravens' final cause of action for Totality of the Circumstances is merely a compilation of Counts I through VI. For the same reasons discussed above, this cause of action fails as a matter of fact and law.

**Conclusion**

For the above reasons, Intervenor Rowe requests that this Court enter judgment on the Administrative Record against Ravens on all counts of its Complaint for Ravens' failure to state valid causes of action and for Ravens' failure to demonstrate that the Agency's selection of Rowe was arbitrary, capricious, or otherwise not in accordance with law.

Respectfully submitted,

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor

DATED: May 18, 2007

## Certificate of Service

I hereby certify that on this 18th day of May, 2007, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Intervenor Rowe Contracting Services, Inc.'s Rule 52.1(b) Motion for Judgment on the Administrative Record and Appendix to be filed electronically. I understand that notice will be sent by the Court's electronic filing system to the following persons who can access the filing through the Court's system:

Roger A. Hipp, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12072
Washington, DC 20530
Telefax No. (202) 307-0992

Daryle A. Jordan, Esquire
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, VA 22003.

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor