# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

| | |
|---|---|
| The Ravens Group, Inc.,<br>Plaintiff,<br>v.<br>United States,<br>Defendant,<br>and<br>Rowe Contracting Services, Inc.,<br>Third party/Intervenor. | CFC No. 07-243<br>Judge Baskir |

## INTERVENOR ROWE CONTRACTING SERVICES, INC.'S RULE 11 MOTION FOR SANCTIONS

Pursuant to Rule 11(c) of the United States Court of Federal Claims, Intervenor Rowe Contracting Services, Inc. ("Rowe") hereby moves for sanctions against Plaintiff and its attorney for violations of Rules 11(b)(1), (2), (3) in filing the Complaint of The Ravens Group, Inc. ("Ravens"). Ravens has filed frivolous claims by failing to conduct a reasonable review of the legal and factual bases of its causes of action, in violation of Rule 11(b)(2). Ravens has failed to provide evidentiary support for its causes of action and failed to conduct a reasonable inquiry into the facts to support its allegations, in violation of Rule 11(b)(3). Ravens' filing of this Complaint is

for an improper purpose and is strategically designed to delay transition of the Contract at issue to Rowe, in violation of Rule 11(b)(1). Rowe submits that these violations merit the imposition of sanctions under Rule 11(c).

Ravens' improper conduct has caused Rowe to incur substantial costs in responding to Ravens' Complaint, including filing a motion to dismiss and filing this motion for sanctions. Rowe requests that the Court impose the following sanctions pursuant to Rule 11(c)(2):

1. Order Ravens and its attorney to pay to Rowe all reasonable attorneys' fees and other expenses incurred by Rowe in intervening in this action, including the attorney fees incurred by Rowe in filing its motion to dismiss and its motion for sanctions.
2. Enter an Order dismissing Ravens' Complaint with prejudice.
3. Pursuant to Rule 83.2(d), refer the matter of the misconduct of Plaintiff's attorney to the chief judge "for determination whether the matter should be referred to a disciplinary judge for a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate."

In further support of this Motion, Rowe respectfully refers the Court to the accompanying Memorandum of Law in Support of Intervenor Rowe Contracting Services, Inc.'s Rule 11 Motion for Sanctions.

Respectfully submitted,

/s/Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor

DATED: May 4, 2007

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2007 I caused a copy of the foregoing Intervenor Rowe Contracting Services, Inc.'s Rule 11 Motion for Sanctions to be served via email on the following:

Roger A. Hipp, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12072
Washington, DC 20530
Telefax No. (202) 307-0992

and via hand delivery and email on:

Daryle A. Jordan, Esquire
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, VA 22003.

/s/Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor