No. 07-243C
(Judge Baskir)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE RAVENS GROUP, INC.,
Plaintiff,
v.
THE UNITED STATES,
Defendant,
and
ROWE CONTRACTING SERVICES, INC.,
Intervenor.

# BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, IN PART, AND FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD (PUBLIC REDACTED VERSION)

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

May 25, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. The Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. Standard For Motion To Dismiss . . . . . . . . . . . . . . . . . . . 7

B. Standard For Procurement Challenges . . . . . . . . . . . . . 8

C. Standard For Judgment Upon The Administrative Record . . . . . . . . . . . . . . . . . . . . . . 10

II. The Court Should Dismiss Count I And Count V Of The Complaint, Or, In The Alternative, Grant Judgment Upon The Administrative Record . . . . . . . . . . . . . . . . . . . . . . . . . 12

III. The Court Should Dismiss Count II Of The Complaint For Failure To State A Claim Upon Which Relief Can Be Granted, Or, In The Alternative, Should Grant The United States Judgment Upon The Administrative Record . . . . . . . . . . . . 16

IV. The Court Should Dismiss Count III Of The Complaint For Lack Of Jurisdiction, Or, In The Alternative, Should Grant Judgment Upon The Administrative Record . . . . . . . . . . . . . 19

V. The Court Should Grant Judgment Upon The Administrative Record In Favor Of The United States Upon Count IV Of The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

VI. The Court Should Grant Judgment Upon The Administrative Record In Favor Or The United States Upon Count VI Because Ravens Cannot Show That The Agency Abused Its Discretion By Taking Corrective Action . . . . . . . . . . . . . . . . . . . . 25

VII. The Court Should Deny Ravens Any Relief For Count VII, Which Merely Summarizes Allegations From The Other Counts Of The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

# TABLE OF AUTHORITIES

## CASES

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Bannum, Inc. v. United States,
404 F.3d 1346 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 25

Biglane v. Under The Hill Corp.,
949 So.2d 9 (Miss. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Bogart v. United States,
531 F.2d 988 (Ct. Cl. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bromley Contracting Co. v. United States,
15 Cl. Ct. 100 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Califano v. Sanders,
430 U.S. 99 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Camp v. Pitts,
411 U.S. 138 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

Campbell v. United States,
2 Cl. Ct. 247 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CC Distrib., Inc. v. United States,
38 Fed. Cl. 771 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

CCL Serv. Corp. v. United States,
48 Fed. Cl. 113 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cincom Systems, Inc. v. United States,
37 Fed. Cl. 663 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

The Cube Corp. v. United States,
46 Fed. Cl. 368 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Citizens to Preserve Overton Park, Inc. v. Volpe,
401 U.S. 402 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Compliance Corp. v. United States,
22 Cl. Ct. 193 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CW Government Travel, Inc. v. United States,
61 Fed. Cl. 559 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Data Gen. Corp. v. Johnson,
78 F.3d 1556 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Data Monitor Systems, Inc. v. United States,
74 Fed. Cl. 66 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 26

Davis/HRGM Joint Venture v. United States,
51 Fed. Cl. 539 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

DGS Contract Serv., Inc. v. United States,
43 Fed. Cl. 227 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 26

Florida Power & Light v. Lorion,
470 U.S. 729 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Galen Med. Assocs. v. United States,
369 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Government Sys. Advisors, Inc. v. United States,
847 F.2d 811 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Griffy's Landscape Maint. LLC v. United States,
51 Fed. Cl. 667 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Harlow v. Fitzgerald,
47 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hi-Shear Tech. Corp. v. United States,
356 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Keco Indus., Inc. v. United States,
492 F.2d 1200 (Ct. Cl. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Kennedy v. United States,
19 Cl. Ct. 69 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Lions Raisins, Inc. v. United States,
51 Fed. Cl. 238 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ManTech Telecomm. & Info. Sys. Corp. v. United States,
49 Fed. Cl. 57, 72, n. 24 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Matthews v. United States,
72 Fed. Cl. 274 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Mike Hooks, Inc. v. United States,
39 Fed. Cl. 147 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

M.W. Kellogg Co. v. United States,
10 Cl. Ct. 17 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nicholson v. United States,
29 Fed. Cl. 180 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Omega World Travel, Inc. v. United States,
54 Fed. Cl. 570 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 26

Ramcor Servs. Group, Inc. v. United States,
185 F.3d 1286 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Redland Genstar, Inc. v. United States,
39 Fed. Cl. 220 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Sherwood v. United States,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Stephenson v. United States,
58 Fed. Cl. 186 (2003)_. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Synetics, Inc. v. United States,
45 Fed. Cl. 1, 5 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tech Systems, Inc. v. United States,
50 Fed. Cl. 216 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Williams v. United States,
71 Fed. Cl. 194 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Wood v. United States,
961 F.2d 195 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

STATUTES AND REGULATIONS

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. 1346(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1491(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 20

41 U.S.C. § 601-613 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

48 C.F.R. § 17.207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cal. Bus. & Prof. Code § 17200 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| THE RAVENS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-243C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROWE CONTRACTING SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Intervenor. | ) | |

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, IN PART, AND FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD (PUBLIC REDACTED VERSION)

Defendant, the United States, respectfully submits this brief in support of its motion to dismiss, in part, and for judgment upon the administrative record. In support of the motion, we rely upon the complaint, the administrative record, the parties' forthcoming consolidated statement of facts, the facts summarized herein, and this brief.

STATEMENT OF THE ISSUES

1. Whether this Court possesses jurisdiction to entertain a bidder's claims of unfair business practices committed by another bidder.

2. Whether the Government is entitled to judgment upon the administrative record upon plaintiff's claims based upon plaintiff's claims of unfair business practices committed by another bidder.

3. Whether the complaint states a claim upon which relief can be granted for "irrational contract award" where the complaint does not challenge the contracting officer's best-value determination.

4. Whether the Government is entitled to judgment upon the administrative record upon plaintiff's claim that the contract award was irrational.

5. Whether the Court possesses jurisdiction to entertain, in a bid protest action, claims seeking to enjoin the termination of an existing contract.

6. Whether the Government is entitled to judgment upon the administrative record upon plaintiff's claim that the Government breached the implied duty of good faith and fair dealing.

7. Whether the Government is entitled to judgment upon the

administrative record upon plaintiff's claim the Government failed to provide timely notice of certain events.

8. Whether the Government is entitled to judgment upon the administrative record upon plaintiff's claim that the contracting officer should not have taken corrective action in response to the NOSLOT bid protest.

## STATEMENT OF FACTS

The Defense Intelligence Agency ("DIA" or agency") issued solicitation no. HHM402-05-R-0017 on April 14, 2005. AR436-497.[1] The solicitation called for offers to provide custodial services at the Defense Intelligence Analysis Center located at Bolling Air Force Base. On June 17, 2005, contract no. HHM402-05-C-0026 was awarded to plaintiff, The Ravens Group, LLC ("Ravens"). AR61.

On June 29, 2005, NOSLOT Cleaning Services, Inc. ("NOSLOT"), filed a protest with the Government Accountability Office ("GAO"). AR39. NOSLOT's initial protest was dismissed as premature. AR74. NOSLOT filed a second bid protest on July 12, 2005. AR78. In its second protest, NOSLOT contended primarily that the contracting officer erred by

---

[1] "AR ___" refers to the administrative record.

determining that NOSLOT did not satisfy the solicitation's requirement that 20 percent of a bidder's work force have Level 6 security clearances. AR84-85.

On August 1, 2005, the contracting officer took corrective action in response to NOSLOT's protest. AR135. The notice of corrective action stated that the agency would re-evaluate the nine proposals that were submitted in response to the solicitation. Id. The notice of corrective action also stated that Ravens would be permitted to continue performance pending the re-evaluation. Id.

A series of additional GAO bid protests filed by Ravens, intervenor Rowe Contracting Services, Inc. ("Rowe"), and third party Olympus Building Services, Inc., followed. The agency took corrective action in response to some of the protests; GAO found that the remaining protests lacked merit.

The agency made a final re-evaluation of the previously submitted offers on December 15, 2006. AR901-917. The contracting officer gave "excellent" technical ratings to both Rowe and Ravens. AR908. The contracting officer also rated the past performance of both Rowe and Ravens as "excellent." AR912. The price offered by Rowe was

**[REDACTED]**.[2] AR 913. The price offered by Ravens was **[REDACTED]**. Id.

The contracting officer determined that Rowe's offer presented better value to the Government: "Because Rowe has equivalent ratings to . . . Ravens Group on both the Technical and Past Performance evaluation factors, Price again becomes the determinative factor. In this comparison, Rowe would present the better value than . . . Ravens Group because Rowe offers the lowest price for a comparable level of performance. . . . Although Ravens Group does propose **[REDACTED]**. I do not believe the benefit **[REDACTED]** warrants the steep price premium of **[REDACTED]** that Raven's proposal is offering." AR915.

SUMMARY OF THE ARGUMENT

Ravens has not challenged the agency's final evaluation of offers, nor has Ravens made any effort to explain how the contracting officer's determination that Rowe presented the best value to the Government was

in any way arbitrary or capricious. Instead, the complaint attacks the contract award indirectly, using theories that have no basis in law or the

[2] Confidential information has been redacted pursuant to the provisional protective order dated April 20, 2007.

administrative record.

The Court does not possess jurisdiction to entertain many of Ravens's claims, including "unfair business practices" and Ravens' request to enjoin the termination of its existing contract. Other counts of the complaint, such as the count for "irrational contract award" predicated upon the mere fact that the agency ranked offerors in different order prior to taking corrective action, fail to state a claim upon which relief can be granted. As for the remaining claims, the Court should grant judgment upon the administrative record in favor of the United States. Ravens cannot show that the contracting officer's determination that Rowe's offer presented the best value to the Government was arbitrary or capricious.

## ARGUMENT

### I. The Standard Of Review

There are three legal standards applicable to the Court's consideration of this matter. The first is the standard by which the Court must consider the Government's motion to partially dismiss for lack of jurisdiction. The second is the standard of review, codified at 28 U.S.C. § 1491(b)(4), by which the Court is to judge the substance of the challenged agency action in bid protests. This statutory provision, which

incorporates the "scope of review" provision of the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"), essentially codifies the standards that this Court traditionally has applied in its long-standing line of precedent in bid protest matters. Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 154 (1997). The third is the standard by which the Court must consider the motion for judgment upon the administrative record.

A. Standard For Motion To Dismiss

In considering a motion to dismiss for lack of jurisdiction, the Court must accept as true the complaint's undisputed allegations of fact and construe the facts in the light most favorable to the plaintiff. Williams v. United States, 71 Fed. Cl. 194, 197 (2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by, Harlow v. Fitzgerald, 47 U.S. 800 (1982)). As the plaintiff, however, Ravens bears the burden of establishing jurisdiction over its complaint. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (quoting Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990)). Unless the undisputed allegations of the complaint reveal a basis upon which the non-moving party may prevail, the Court must grant a motion to dismiss. Williams, 71 Fed. Cl. at 197 (citing Scheuer, 416 U.S. at 236). "[C]onclusory allegations

unsupported by any factual assertions will not withstand a motion to dismiss." CC Distrib., Inc. v. United States, 38 Fed. Cl. 771, 775 (1997) (quoting Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981)).

B. Standard For Procurement Challenges

Judicial review of the agency's actions in bid protest cases is not a de novo proceeding; rather, the scope of the review is limited to the administrative record. The proper standard of review is whether the agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law based solely upon the administrative record. 28 U.S.C. § 1491(b)(1), (4); 5 U.S.C. § 702, 706(2)(A); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001); see also Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971), overruled on other grounds by, Califano v. Sanders, 430 U.S. 99 (1977); Ramcor Servs. Group, Inc. v. United States, 185 F.3d 1286, 1290 (Fed. Cir. 1999); The Cube Corp. v. United States, 46 Fed. Cl. 368, 374 (2000); Synetics, Inc. v. United States, 45 Fed. Cl. 1, 5 (1999).

In determining whether the agency's action was arbitrary or capricious, the scope of the Court's review is very limited. Cincom

Systems, Inc. v. United States, 37 Fed. Cl. 663, 671 (1997). The proper focus of this Court's scrutiny is the agency's articulated rationale for the decision, and the administrative record underlying it. Camp v. Pitts, 411 U.S. 138, 142-43 (1973).

Moreover, in reviewing the agency's procurement decisions, the Court should recognize that the decision is entitled to a "presumption of regularity," Citizens to Preserve Overton Park, 401 U.S. at 415 (citations omitted), and that the Court should not substitute its judgment for that of the agency. Redland Genstar, Inc. v. United States, 39 Fed. Cl. 220 (1997); Cincom, 37 Fed. Cl. at 672; See also M.W. Kellogg Co. v. United States, 10 Cl. Ct. 17, 23 (1986) (holding that "deference must be afforded to an agency's . . . procurement decisions if they have a rational basis and do not violate applicable law or regulations"). Thus, the disappointed bidder "bears a heavy burden" and the procurement officer is "entitled to exercise discretion upon a broad range of issues confronting [her]." Impresa, 238 F.3d at 1332 (citations and quotes omitted). This burden "is not met by reliance on [the] pleadings alone, or by conclusory allegations and generalities." Bromley Contracting Co. v. United States, 15 Cl. Ct. 100, 105 (1988); see also Campbell v. United States, 2 Cl. Ct. 247, 249

(1983).

C. Standard For Judgment Upon The Administrative Record

Pursuant to RCFC 52.1, this Court reviews the agency's procurement decisions to determine whether they are supported by the already-existing administrative record. The standards applicable to a motion for judgment upon the administrative record differ from those applied in the context of a Rule 56 motion for summary judgment. Bannum, Inc. v. United States, 404 F.3d 1346, 1355-56 (Fed. Cir. 2005); Lions Raisins, Inc. v. United States, 51 Fed. Cl. 238, 246-47 (2001); Tech Systems, Inc. v. United States, 50 Fed. Cl. 216, 222 (2001) (explaining basis for summary judgment on the administrative record). Unlike a Rule 56 motion, "proceeding under RCFC [52.1] merely restricts the evidence to the agency record . . . ." Bannum, 404 F.3d at 1356. "Thus, the central inquiry on a motion for summary judgment -- whether the movant has proved its case as a matter of fact and law or whether a genuine issue of material fact precludes summary judgment -- has no bearing on a review of the administrative record . . . ." Tech Systems, 50 Fed. Cl. at 222; accord Bannum, 404 F.3d at 1356 (holding that RCFC [52.1] requires a different standard of review without the burden-shifting and presumptions required pursuant to RCFC 56).

Unlike a motion for summary judgment, the question of whether an issue of material fact is disputed has no bearing upon a review of the administrative record in a record review case, such as a bid protest. The inquiry, instead, is whether, given all the disputed and undisputed facts, the plaintiff has met its burden of proof that the contracting officer's decision was arbitrary, capricious, or contrary to law. Id. (citing CCL Serv. Corp. v. United States, 48 Fed. Cl. 113, 119 (2000)). In reviewing the agency's action under this narrow, deferential standard, "the focal point for judicial review should be the administrative record already in existence, not some record made initially by the reviewing court." Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985) (quoting Camp, 411 U.S. at 142); see also Bannum, 404 F. 3d at 1356 (holding that RCFC [52.1] is designed to provide for expedited trial upon a paper record and that the trial court is required to make factual findings based upon the record evidence).

## II. The Court Should Dismiss Count I And Count V Of The Complaint, Or, In The Alternative, Grant Judgment Upon The Administrative Record

Count I and count V of the complaint are both subtitled "Unfair Business Practices." These counts consist solely of allegations of unfair business practices by Rowe. Count I does not mention the agency at all. Count V conclusorily alleges that "DIA's actions were prejudicial," Compl. ¶ 73, but does not include any allegations of fact concerning the agency. "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." CC Distrib., Inc., 38 Fed. Cl. at 775 (citation omitted). Accordingly, the Court does not possess jurisdiction to entertain these counts. Alternatively, these counts fail to state a claim upon which relief can be granted.

The only defendant against whom suit may be properly brought in this Court is the United States. Matthews v. United States, 72 Fed. Cl. 274, 279 (2006) (citing Sherwood v. United States, 312 U.S. 584, 588-59 (1941); Bogart v. United States, 531 F.2d 988, 991 (Ct. Cl. 1976); and Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003)). Claims against any other entity or person fall outside the jurisdiction of the Court. Id. Counts I and V are directed solely at Rowe, not the Government. These

counts might or might not be viable in an action by Ravens against Rowe in another forum, but this Court does not possess jurisdiction to entertain claims by one bidder against another. Nicholson v. United States, 29 Fed. Cl. 180, 185 (1993) (dismissing count directed at private party for lack of jurisdiction); see also Kennedy v. United States, 19 Cl. Ct. 69, 75 (1989) ("if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court.").

Moreover, even if this Court possessed jurisdiction to entertain claims by one bidder against another, counts I and V would nonetheless fail to state a claim upon which relief can be granted. There is no Federal cause of action for unfair business practices. Some states have enacted unfair business practice statutes, e.g., Cal. Bus. & Prof. Code § 17200 et seq. However, there is no Federal unfair business practice statute, and Ravens's complaint does not invoke any Federal statute that might be analogous.

Some states recognize the tort of interference with business relations, e.g., Biglane v. Under The Hill Corp., 949 So.2d 9, 15-16 (Miss. 2007), a theory that might be available to Ravens in another forum. This Court, however, does not possess jurisdiction to entertain claims sounding

in tort. The Tucker Act's waiver of sovereign immunity is limited to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Federal Tort Claims Act confers exclusive jurisdiction upon the United States district courts to entertain tort claims against the United States. 28 U.S.C. 1346(b)(1); see, e.g., Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992).

Because the Court does not possess jurisdiction to entertain claims by a private party against another private party, the Court should dismiss counts I and V of the complaint for lack of jurisdiction. In the alternative, the Court should dismiss counts I and V of the complaint for failure to state a claim upon which relief can be granted, because there is no Federal cause of action for unfair business practices.

In the alternative, the Court should grant judgment upon the administrative record in favor of the Government for counts I and V. Ravens's allegations of unfair practices by Rowe, even if true, could not have affected the integrity of the bidding process because none of the alleged misconduct took place prior to the submission of bids. As the GAO correctly noted when it dismissed one of Ravens's protests, the sworn statements offered by Ravens (which are the same statements attached to Ravens's complaint in this case) do not indicate that Rowe obtained any

information about Ravens's bid before all bids had been submitted. AR281-282, 284-285.

Ravens, in its motion for a preliminary injunction, devotes only two paragraphs to the merits of this case, Pl. Mot. at 8-9, and cites a single case, Compliance Corp. v. United States, 22 Cl. Ct. 193 (1990), aff'd, 960 F.2d 157 (1992) (table). Compliance is distinguishable because that case involved proven misconduct that occurred prior to the submission of bids. 22 Cl. Ct. at 195. Based upon the agency's findings of pre-bid misconduct in that case, the contracting officer exercised his discretion to disqualify the plaintiff from the bidding process. Id. at 196. This Court found no abuse of discretion, and granted summary judgment in favor of the Government. Id. at 204.

Ravens's allegations, even if true, do not establish that Rowe obtained any information about Ravens's bid prior to the time Rowe submitted its own bid. Accordingly, the integrity of the bidding process was not affected, and Rowe could not have suffered any prejudice. For these reasons, the Court should grant judgment upon the administrative record in favor of the Government for counts I and V.

## III. The Court Should Dismiss Count II Of The Complaint For Failure To State A Claim Upon Which Relief Can Be Granted, Or, In The Alternative, Should Grant The United States Judgment Upon The Administrative Record

Count II of the complaint alleges that the award to Rowe was irrational, but Ravens does not present a legally cognizable theory for overturning the award. Count II alleges that, at different stages in the procurement process, the agency had ranked the proposals in different order. Compl. ¶ 41. The complaint further alleges that when the agency exercised its option to extend Ravens' current contract, the agency was required to make a determination that awarding the option "represented the 'best value'" to the Government pursuant to 48 C.F.R. § 17.207. Compl. ¶ 43. From these allegations, Ravens summarily concludes that the award to Rowe was somehow irrational.

Although Ravens's argument is far from clear, the first part of the argument appears to be that a contract award is inherently irrational if, prior to taking corrective action, the agency had ranked proposals in different order. Of course, if this theory were valid, then any corrective action that resulted in a re-ranking of offers would be irrational – an absurd result that conflicts with the contracting officer's well-established discretion

to take corrective action. E.g., Omega World Travel, Inc. v. United States, 54 Fed. Cl. 570, 574 (2002) ("Contracting officers are entitled to broad discretion to take corrective action if they determine 'that such action is necessary to ensure fair and impartial competition.' ") (quoting DGS Contract Serv., Inc. v. United States, 43 Fed. Cl. 227, 238 (1999)).

The second part of Ravens's argument appears to be that because the Government had made an initial award to Ravens, and exercised an option to extend that contract pending an award of a new contract, the agency could not have rationally have awarded the new contract to any party other than Ravens. We are not aware of any precedent or statutory basis for this illogical theory. The fact that the agency found that it was in the Government's best interest to let Ravens perform until the re-evaluation of offers was complete has no logical bearing upon the question of which of the offers, evaluated after the agency took corrective action, offered the best value. This theory, like the first theory, would lead to absurd results: if true, it would effectively preclude the agency from awarding a new contract to anyone other than an incumbent. It would also transform options to extend contracts into obligations to extend contracts, which is contrary to the well-settled rule that an option holder has no obligation to exercise an

option. See Hi-Shear Tech. Corp. v. United States, 356 F.3d 1372, 1380 (Fed. Cir. 2004) ("where a contract is renewable 'at the option of the Government,' the Government is under no obligation to exercise the option") (citing Government Sys. Advisors, Inc. v. United States, 847 F.2d 811, 813 (Fed. Cir. 1988)).

A contract award cannot be irrational merely because the agency ranked the offers in different order prior to taking corrective action. Nor can a new contract award be irrational merely because an agency initially awarded the contract to the protestor, prior to taking corrective action. Because neither of these theories states a cause of claim upon which relief can be granted, the Court should dismiss count II pursuant to RCFC 12(b)(6).

In the alternative, the Court should grant judgment upon the administrative record to the United States with respect to count II. The agency's source selection memorandum, AR901-917, fully explains the basis of the award to Rowe. The contracting officer gave "excellent" technical and past performance ratings to both Rowe and Ravens. The complaint does not challenge those ratings. The contracting officer then compared the prices offered by Rowe and Ravens, and concluded that

Rowe's presented better value because it was priced **[REDACTED]** lower than Ravens's. The contracting officer's decision was not arbitrary or capricious. Therefore, the Court should grant judgment upon the administrative record in favor of the United States for count II of the complaint.

## IV. The Court Should Dismiss Count III Of The Complaint For Lack Of Jurisdiction, Or, In The Alternative, Should Grant Judgment Upon The Administrative Record

Count III of the complaint alleges breach of the implied duty of good faith and fair dealing. The essence of count III is as follows: (1) the agency notified Ravens on October 12, 2006, that its contract would remain in effect until further notice; (Compl. ¶ 49); (2) in November 2006, the agency exercised the option for the second year of Ravens's contract (Compl. ¶ 50); (3) in December 2006, the agency awarded the contract to Rowe (Compl. ¶ 54); and (4) the agency did not "express any reservations," or "re-open discussions" with Ravens between November 2006 and December 2006 (Compl. ¶¶ 52, 55).

It is unclear whether Ravens is alleging a breach of the implied duty of good faith and fair dealing with respect to its existing contract, or a breach of the implied duty with respect to how the agency conducted the

competition for a new contract award. Ravens cannot prevail upon either theory.

Count III arguably alleges that it would be a breach of the implied duty of good faith for the agency to terminate Ravens' existing contract. Ravens' first request for relief is that "the Court enjoin DIA from terminating the Ravens Group Contract," Compl. at 18, which indicates Ravens's desire to use this bid protest action to prevent termination of its contract.

The Court does not possess jurisdiction in bid protest cases to enjoin the termination of an existing contract, or to entertain claims for breach of contract. The Court's jurisdiction to entertain bid protest actions is conferred by 28 U.S.C. § 1491(b), which authorizes the Court to render judgment upon "a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation with a procurement or proposed procurement."

Section 1491(b) does not confer jurisdiction to entertain claims for wrongful termination of contract or breach of contract. The Court so held in Data Monitor Systems, Inc. v. United States, 74 Fed. Cl. 66 (2006). The plaintiff in Data Monitor, like Ravens, was an incumbent contractor that

challenged the agency's decision to take corrective action and make a new contract award. Id. at 68-69. As part of its bid protest, the plaintiff sought to enjoin the agency from terminating its contract. Id. at 70. The Court held that it did not possess jurisdiction to enjoin the termination of an existing contract in a bid protest action. Id. at 71 (citing Griffy's Landscape Maint. LLC v. United States, 51 Fed. Cl. 667, 673 (2001) and Davis/HRGM Joint Venture v. United States, 51 Fed. Cl. 539, 541 (2001)). Similarly, claims for breach of contract may only be brought pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, which requires (among other things) that a claim first be submitted to the contracting officer. 74 Fed. Cl. at 71. Cf. CW Government Travel, Inc. v. United States, 61 Fed. Cl. 559, 579-80 (2004) (entertaining bid protest and CDA claim in a single action where the plaintiff had submitted a claim to the contracting officer).

Upon the other hand, if count III is interpreted to allege a breach of the duty of implied good faith and fair duty with respect to the agency's evaluation of bids for the new contract award, then count III is merely a restatement of count II that is subject to either the same standard or a higher standard. The United States Court of Appeals for the Federal Circuit has held that the Government breaches the implied duty of good

faith and fair dealing if its consideration of offers is arbitrary and capricious. Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The factors relevant to evaluating a claim for breach of the implied duty include: (1) subjective bad faith upon the part of the Government; (2) absence of a reasonable basis for the administrative decision; (3) the amount of discretion afforded to the procurement officials by applicable statutes and regulation; and (4) proven violations of pertinent statutes or regulations. Id. (citing Keco Indus., Inc. v. United States, 492 F.2d 1200, 1203 (Ct. Cl. 1974)).

As we demonstrated in the preceding section of this brief, Ravens cannot prove that the agency's decision to award the contract to Rowe lacked a reasonable basis. Nor has Ravens, in count III, alleged any violations of statutes or regulations. Therefore, Ravens's only remaining path to establishing a breach of the implied duty requires a showing of subjective bad faith. Because of the presumption of good faith, bad faith can only be established with clear and convincing evidence. Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1339 (Fed. Cir. 2002).

There is no evidence anywhere in the administrative record that

would support a finding that the agency acted with subjective bad faith toward Ravens. Because Ravens cannot show arbitrary or capricious conduct, a violation of a statute or regulation, or subjective bad faith, the Court should grant judgment upon the administrative record in favor of the United States for count III of the complaint.

## V. The Court Should Grant Judgment Upon The Administrative Record In Favor Of The United States Upon Count IV Of The Complaint

Count IV of the complaint alleges that the agency failed to promptly notify Ravens upon three occasions: (1) the filing of NOSLOT's GAO protest in June 2005; (2) the filing of NOSLOT's GAO protest in "September"; and (3) the contracting officer's decision to take corrective action on October 24, 2006. Ravens is not entitled to relief for any of these alleged violations.

In its complaint, Ravens does not explain how it could have been prejudiced by untimely notice of NOSLOT's June 29, 2005 bid protest. GAO dismissed that protest as premature on July 8, 2005. AR 74. Ravens' interests were in no way affected by this short-lived protest that had no effect whatsoever upon the contract award.

The allegation in paragraph 63 of the complaint that "DIA did not promptly notify The Ravens Group of NOSLOT's protest in September" is

vague and unsupported by the record. The allegation does not specify which year the alleged September notice violation is alleged to have occurred. There is no record of a September bid protest by NOSLOT. NOSLOT filed its bid protests on June 29, 2005 (AR39), and July 12, 2005 (AR78).

Ravens does not, in its complaint, identify what statutes or regulations were allegedly violated by the allegedly late notice of the contracting officer's October 24, 2006 corrective action. Even if there was a violation, there was no prejudice. The corrective action consisted of terminating the award to NOSLOT, to be followed by a new source selection based upon the previously submitted proposals. AR416. The corrective action benefitted Ravens by making Ravens eligible for an award in the new source selection. Ravens could not have been prejudiced by late notice of this corrective action.

"[T]o prevail in a protest the protestor must show not only a significant error in the procurement process, but also that the error prejudiced it.' " Galen Med. Assocs. v. United States, 369 F.3d 1324, 1330 (Fed. Cir. 2004) (quoting Data Gen. Corp. v. Johnson, 78 F.3d 1556, 1562 (Fed. Cir. 1996)). The United States Court of Appeals for the Federal

Circuit has held that a protestor can establish prejudice by showing a "substantial chance" that it would have received the award if the error was corrected. See Bannum, 404 F.3d at 1353 ("To establish prejudice Bannum was required to show that there was a 'substantial chance' it would have received the contract award but for . . . errors in the bid process.") (citations omitted).

Ravens cannot show that its allegations of late notice, even if true, prejudiced Ravens or prevented Ravens from receiving the award. Therefore, the Court should grant judgment upon the administrative record in favor of the United States for count IV.

VI. The Court Should Grant Judgment Upon The Administrative Record In Favor Or The United States Upon Count VI Because Ravens Cannot Show That The Agency Abused Its Discretion By Taking Corrective Action

In count VI, Ravens alleges that the agency properly awarded the contract to Ravens on June 17, 2005. Compl. ¶ 75. Ravens further alleges that NOSLOT's protest of the original award to Ravens was "invalid" because NOSLOT was not an interested party. Compl. ¶ 76. Therefore, subsequent re-evaluations of the offers were "invalid." Compl. ¶ 77.

Contracting officers are "entitled to broad discretion to take corrective

action if they determine 'that such action is necessary to ensure fair and impartial competition.' ") Omega World Travel, 54 Fed. Cl. at 574 (quoting DGS Contract Serv., 43 Fed. Cl. at 238). The Government is not obliged to admit an error as a precondition to proposing corrective action, nor is it necessary for an agency to conclude that the protest is certain to be sustained. Data Monitor Systems, 74 Fed. Cl. at 74 (citing ManTech Telecomm. & Info. Sys. Corp. v. United States, 49 Fed. Cl. 57, 72, n. 24 (2001)). If the agency has reasonable concerns that there were errors in the procurement, even if the protest could be denied, it is within the agency's discretion to take corrective action. Id.

Ravens cannot show that the agency abused its discretion by taking corrective action in response to the NOSLOT bid protest. NOSLOT presented a reasonable argument that it was an interested party that was eligible to be awarded the contract. AR81-102. NOSLOT specifically contended, with evidence from its proposal, that it exceeded the solicitation requirement that 20 percent of its workers have Level 6 security clearances. AR84-85.

The agency did not believe that NOSLOT's protest had merit. AR135. The agency nonetheless decided to take corrective action by re-

evaluating all of the proposals. Id. The decision to take corrective action was not an abuse of discretion. The evidence and arguments cited in NOSLOT's bid protest were sufficient to give the agency reasonable concerns that there could have been errors in the procurement. Because the agency did not abuse its discretion in taking corrective action in response to the NOSLOT bid protest, the Court should grant judgment upon the administrative record in favor of the United States upon count VI.

## VII. The Court Should Deny Ravens Any Relief For Count VII, Which Merely Summarizes Allegations From The Other Counts Of The Complaint

Count VII, titled "Totality of the Circumstances," does not include any new allegations or theories of liability. Instead, count VII merely summarizes the previous six counts of the complaint. Therefore, the Court should deny Ravens any relief pursuant to count VII for the same reasons that the Court should dismiss or grant judgment upon the administrative record in favor of the United States with respect to the other counts.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court: (1) dismiss counts I, II, III, V, and VII of the complaint; and (2) grant judgment upon the administrative record in favor of the United States upon

counts IV and VI of the complaint, and also grant judgment upon the administrative record in favor of the United States upon any of the other counts that survive our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Class. Unit - 8th Fl.
Washington, D.C. 20530
Tel.: (202) 305-3091

May 25, 2007

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, a copy of the foregoing “BRIEF IN SUPPORT OF DEFENDANT’S MOTION TO DISMISS, IN PART, AND FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD (PUBLIC REDACTED VERSION)” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp