**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| The Ravens Group, Inc.,<br>Plaintiff,<br>v.<br>United States,<br>Defendant,<br>and<br>Rowe Contracting Services, Inc.,<br>Third party/Intervenor. | CFC No. 07-243<br>Judge Baskir<br>PUBLIC VERSION |

**ROWE CONTRACTING SERVICES, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Intervenor Rowe Contracting Services, Inc. ("Rowe") hereby replies to Plaintiff's Opposition To Intervenor Rowe Contracting Services, Inc.'s Motion For Rule 11 Sanctions ("Ravens' Opposition To Sanctions"). For the reasons set forth below and in Rowe's Rule 11 Motion For Sanctions, the Court should enter sanctions against Rowe as requested in Rowe's Motion For Sanctions, including referring the matter of the misconduct of Plaintiff's attorney to the chief judge pursuant to Rule 83.2(d).

PROTECTED/CONFIDENTIAL MATERIAL
TO BE DISCLOSED ONLY IN ACCORDANCE WITH
U.S. COURT OF FEDERAL CLAIMS
PROTECTIVE ORDER

**DISCUSSION**

Starting in April 2006, The Ravens Group, Inc. ("Ravens") began falsely accusing Rowe of unfair business practices in connection with a procurement that was conducted by the U.S. Defense Intelligence Agency ("DIA"). Administrative Record ("AR" or "Record") at 182-90. Those allegations were based on three statements that Ravens obtained in an effort to support its bid protests before the U.S. Government Accountability Office ("GAO"). AR at 189-90; *see also* AR at 1059 (The third statement originally submitted with Ravens' April 6, 2006 protest was inadvertently omitted from the Record, but also appears in the Record at 1059 and as Exhibit C to Ravens' Complaint.). These three statements appeared to be dated April 6, 2006. One additional statement, dated June 1, 2006, was submitted with Ravens' June 1, 2006 Request for Reconsideration to GAO. AR at 228. Ravens' GAO protests relied on these statements, particularly the Statement of Milton Grant, to argue that Rowe had paid bribes to Ravens employees Wendy Scott and Ernest Fields to steal Ravens' proprietary data and use that data to win the DIA competition. *See, e.g.*, AR at 184-85, 193. In its GAO protests, Ravens also prominently argued that Rowe had improperly obtained Ravens' price information. *See, e.g.*, AR at 193, 206, 208, 226.

In making its arguments in 2006 to DIA and GAO, Ravens ignored the fact that its price had been publicly disclosed when DIA initially had selected Ravens for award in 2005 and when Ravens had begun performing the contract. AR at 233. Ravens also did not support its protests with statements from Wendy Scott or Ernest Fields, the two Ravens' employees who allegedly had received bribes from Rowe. AR at 182-90, 192-95, 223-39. Also, Ravens admits that it learned in June 2006 that DIA had properly released Ravens' contract price to Rowe. *See* Ravens' Opposition To Sanctions at Exhibit 9 at ¶ 5.

GAO rejected Ravens' protests. AR at 181, 241-43. Subsequently, DIA made new selection decisions based on the proposals previously submitted to it. In December 2006, DIA selected Rowe for award. AR at 1055. Ravens filed two additional protests with GAO (AR at 1038-41, 1042-59), which were rejected by GAO. AR at 1132-34. In April 2007, Ravens filed its Complaint with this Court.

Ravens' April 18, 2007 Complaint made the same allegations that Ravens had made in its April 6 and April 20, 2006 GAO protests, as well as its June 1, 2006 Request for Reconsideration. *Compare* Complaint *with* AR at 182-90, 192-95, 223-29. That included the allegations that Rowe had stolen Ravens' price information and bribed Ravens' employees. AR

at 184, 193-94, 226-27. Ravens' Complaint attached the same four April and June 2006 statements to support its allegations. *See* Complaint at Exhibits A-D. Ravens, again, did not bother to support its allegations with statements from or facts obtained from the Ravens' employees who allegedly had been bribed by Rowe. Ravens' Complaint also asserted two direct causes of action against Rowe, for which the Court does not have jurisdiction. *See* Counts I and V (alleging "Unfair Business Practices" against Rowe). Ravens' Complaint challenged DIA's issuance of an option under Ravens' contract and DIA's planned termination for convenience of Ravens' contract, without having first made those matters the subject of claims under the Contract Disputes Act. Ravens misquoted a provision of the Federal Acquisition Regulation ("FAR") and relied on that misquoted language to support a claim that DIA had found that Ravens' proposal had represented the "best value" to the Government.

Counsel for Rowe first pointed out some of the deficiencies in Ravens' Complaint in the initial status conference with the Court held on April 20, 2007. Counsel for Rowe indicated that he intended to file a motion for sanctions. The Court gave counsel for Ravens an opportunity to withdraw some of Ravens' claims before the next status conference scheduled for April 27, 2007. *See* April 20, 2007 Order at 3 ("At least some

of the Parties anticipate filing motions to dismiss, unless the Parties can reach an agreement about dropping counts from the case."). Ravens did not withdraw any of its claims.

By letter dated May 4, 2007, counsel for Rowe sent counsel for Ravens a copy of Rowe's motion for sanctions and supporting memorandum of law. A copy of Rowe's letter of May 4, 2007 is attached as Exhibit 1. In response, counsel for Ravens did not withdraw any of the claims in its Complaint. Instead, Ravens said that its inclusion of allegations that Rowe had stolen Ravens' price information had been "inadvertent." Ravens' Opposition to Sanctions at Exhibit 1. Ravens admitted that it had known in June 2006 (10 months before the Complaint was filed) that Rowe properly had known Ravens' prior price. *Id.* Ravens acknowledged that Rowe "did not employ improper business practices" to receive Ravens' contract price. *Id.* Ravens also said that it would be combining its Counts I and V. *Id.* Because Ravens did not withdraw any of its counts or address most of the assertions in Rowe's motion for sanctions, Rowe filed its motion for sanctions with the Court on May 25, 2007. On June 8, 2007, Ravens filed its opposition to Rowe's motion for sanctions.

Ravens still does not understand that its Complaint was improper, that its claims were not warranted by existing law, that it did not properly

investigate its allegations before it filed its Complaint and that its factual allegations did not have evidentiary support. Instead, Ravens concentrates on arguing that it has meritorious claims against DIA. However, the claims that Ravens discusses in Ravens' Opposition to Sanctions are not the counts that it asserted in its Complaint. Instead, in Ravens' Opposition To Sanctions, Ravens makes the following new arguments:

- DIA abused its discretion by failing to investigate Ravens' allegations of wrongdoing by Rowe,
- Rowe should have been given a lower technical rating, and
- DIA improperly assigned Rowe an Excellent rating for past performance.

Rowe submits that Ravens' new claims are frivolous. However, the fact that Ravens believes that the AR supports claims against DIA (and the fact that Rowe disagrees) has no bearing on whether Ravens should be sanctioned for the claims that Ravens actually made in its Complaint. Ravens' new allegations do not provide justification for the many Rule 11 violations in Ravens' Complaint.

Ravens' Opposition to Sanctions ignores the following:

1. The Court does not have jurisdiction over Plaintiff's Counts I and V (Unfair Business Practices) because they do not assert claims against the United States.

2. Contrary to Ravens' effort in Ravens' Opposition To Sanctions to show that it has claims that would justify a complaint, the actual Complaint filed by Ravens does not allege that "DIA Abused Its Discretion And Failed to Protect The Integrity of The Procurement System By Not Investigating Claims of Unfair Business Practices." Ravens' Opposition To Sanctions at 6-18. Ravens' Count I and V are titled Unfair Business Practices. Paragraphs 35-39 of the Complaint do not make any allegations against DIA. Paragraphs 68-73 of the Complaint make one conclusory allegation against DIA. Specifically, paragraph 73 asserts that DIA's actions prejudiced Ravens and violated law and regulation. Despite this, Ravens' Opposition to Sanctions now summarizes Counts I and V as asserting that "DIA abused its discretion when it failed to investigate allegations that Rowe had employed unfair business tactics." Ravens' Opposition To Sanctions at 5. Ravens' "rewriting" of the Complaint now (without amending or withdrawing the Complaint) does not

change what the Complaint says. The focus of the Motion For Sanctions is Ravens' Complaint.

3. Contrary to Ravens' effort in Ravens' Opposition To Sanctions to show that it has claims that would justify a complaint, the actual Complaint filed by Ravens does not allege that DIA misevaluated Rowe's proposal. Ravens' Complaint does not allege that DIA irrationally raised Rowe's past performance rating as argued at page 22 of Ravens' Opposition to Sanctions. Ravens' Complaint does not allege that DIA irrationally upgraded Rowe's technical proposal as argued at page 23 of Ravens' Opposition to Sanctions. While Ravens could not rely on facts in the AR to support allegations of misevaluation until it saw the AR, the fact remains that Ravens' Complaint does not allege, even generally, that DIA misevaluated Rowe's proposal. Again, the focus of the Motion For Sanctions is what Ravens alleged in its Complaint, not what it could have alleged.

4. Ravens' Opposition to Sanctions does not explain how it made eight separate false "inadvertent" factual allegations in its Complaint alleging that Rowe stole Ravens' pricing information. *See* Complaint at ¶¶ 17, 19, 35, 69 and 83.

5. Ravens' Complaint was based, in part, on its argument that pursuant to FAR 17.207, DIA had made a finding that Ravens represented the "best value" to the Government. Complaint at ¶¶ 29, 43, 45-6. The cited FAR provision does not include the language quoted by Ravens. Ravens' Opposition to Sanctions, at page 43, described that allegation in the Complaint as another "inadvertent misstatement."

6. Ravens fails to explain why it neglected to support its stale bribery allegations with any facts from its employees who allegedly received the bribes.

Rowe's Motion for Sanctions included other instances of misconduct by Ravens' counsel which will not be repeated here.

DIA selected Rowe for award on December 19, 2006. AR at 1055. Significantly, during the time that Ravens has pursued its unmeritorious protest actions at GAO and this Court, Ravens has continued to perform the contract work for DIA (under which Ravens has argued was the improperly issued option). For each day that performance by Rowe is delayed, Ravens receives significant revenues from DIA, Rowe is deprived of the revenues from the contract that was awarded to it in December 2006, and the Government overpays for the contract services. *Compare* AR at

913 (listing Rowe's contract price as $19,217,512.36) with AR at 233 (Ravens' contract price of $21,731,005.09). Based on Ravens' contract price at the time of its initial award, Ravens has likely received more than $2,000,000 in revenues over the past six months.

While Ravens has argued that it did not file its defective Complaint for an improper purpose, the fact is that Ravens has benefited financially from filing the Complaint, and Rowe and the United States have been harmed.

**CONCLUSION**

For the above reasons and those in Rowe's Motion For Sanctions, Rowe submits that sanctions should be imposed against Ravens and its counsel based on the Complaint filed by Ravens and Ravens' failure to withdraw or amend that Complaint. Rowe suspects that had Ravens put the same effort into investigating and drafting its Complaint that it put into responding to the Motion For Sanctions, Ravens would not have filed the Complaint that it did.

Respectfully submitted,

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)

kweckstein@ebglaw.com
Counsel for Intervenor

DATED: June 15, 2007

**Certificate of Service**

I hereby certify that on this 15th day of June, 2007, I caused a copy of the foregoing Rowe Contracting Services, Inc.'s. Reply in Support of Motion for Sanctions to be filed electronically. I understand that notice will be sent by the Court's electronic filing system to the following persons who can access the filing through the Court's system:

Roger A. Hipp, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12072
Washington, DC 20530
Telefax No. (202) 307-0992

Daryle A. Jordan, Esquire
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, VA 22003.

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor