**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| The Ravens Group, Inc.,<br>Plaintiff,<br>v.<br>United States,<br>Defendant,<br>and<br>Rowe Contracting Services, Inc.,<br>Third party/Intervenor. | CFC No. 07-243<br>Judge Baskir |

**MOTION FOR DESIGNATION OF PROTECTED MATERIAL**

Intervenor Rowe Contracting Services, Inc. ("Rowe") hereby files this Motion for Designation of Protected Material ("Motion") pursuant to the Provisional Protective Order dated April 20, 2007. This Court granted an extension for the parties to designate protected material by an Order entered on January 3, 2008. This Motion is filed by the revised deadline of January 18, 2008.

Rowe hereby requests that information relating to Rowe's price proposal and technical proposals remain protected and that any redactions to such information made to the public version of the Administrative Record

("AR") remain for five (5) years. Ravens and the Government do not object to Rowe's designation of protected material. Rowe does not object to any request made by Ravens or the Government to designate additional protected material.

Rowe hereby requests that the redactions made to information regarding Rowe's price or technical proposals in the public version of the AR remain in the following documents:

1. Facsimile from Kenneth B. Weckstein to Cheong J. Chon re: Protest of Row Contracting Services, Inc., dated September 25, 2006 (AR Tab 9, at 295-360)[1] (disclosing pricing information and attaching Rowe's price and technical proposals);

2. Legal Memorandum (AR Tab 11, at 424-435) (disclosing Rowe's pricing information and information from technical proposal);

3. Superseded Source Selection Decisions/PNMs (AR Tab 11, at 560-576) (disclosing pricing information and substantive information from Rowe's technical proposal);

[1] Rowe has provided the name of the document as it appears in the table of contents to the AR, the relevant tab number where it appears, and the AR page numbers for each document. Rowe notes that in some cases, information unrelated to Rowe's price or technical proposals also has been redacted. Rowe does not object to any request by Ravens or the Government to designate any such information as protected.

4. Rowe's Initial Proposal and Revised Proposal (AR Tab 11, at 589-698);

5. Technical Evaluation, Past Performance Questionnaires, Technical Evaluation Panel Consensus Report, and Source Selection Decision/PNM (AR Tab 11, at 848-856, 867-875, 895-900, and 901-917) (disclosing pricing information and substantive information from Rowe's technical proposal);

6. Facsimile from Grace Bateman to LTC Frank A. March and Kenneth B. Weckstein re: Second Supplemental Protest and Comments on the Agency Report on Olympus' First Supplemental Protest, dated February 20, 2007 (AR Tab 13, at 1135-1155) (disclosing Rowe's pricing and technical information);

7. Legal Memorandum B-296741.14, dated February 13, 2007; Contracting Officer's Statement, and Rowe's Price Proposal (AR Tab 13, at 1156-81) (disclosing Rowe's pricing and technical information);

8. Facsimile from Kenneth B. Weckstein to LTC Frank A. March re: Comments to Agency Report on Second Supplemental, dated February 28, 2007 (AR Tab 13, at 1218-1234) (disclosing Rowe's pricing and technical information);

9. Legal Memorandum B-296741.15, dated February 28, 2007, Contracting Officer Statement, undated (AR Tab 13 at 1235-1251) (disclosing Rowe's pricing and technical information);

10. Facsimile from Kenneth B. Weckstein to LTC Frank A. March re: Comments on Agency Report on Second Supplemental, dated February 28, 2007 (AR Tab 13, at 1253-67) (disclosing Rowe's pricing and technical information);

11. Facsimile from Grace Bateman to LTC Frank A. March and Kenneth B. Weckstein re: B-296741.15; Comments of Olympus Building Services, Inc. dated February 28, 2007 (AR Tab 13, at 1269-85) (disclosing Rowe's pricing information);

12. Facsimile from Grace Bateman to Mary G. Curcio re: B-296741.16, dated February 27, 2007 (AR Tab 14, at 1290-1310).

Rowe submits that the pricing information contained in the documents listed above are commercial or financial information, the disclosure of which would cause Rowe substantial competitive harm. In the context of requests made under the Freedom of Information Act, courts have acknowledged that the release of the types of information at issue here will likely cause substantial competitive harm. *See McDonnell Douglas Corp. v. United States Dep't of the Air Force*, 375 F.3d 1182 (D.C. Cir. 2004)

(pricing information for option years and vendor pricing CLINs withheld under exemption 4); *see also McDonnell Douglas v. Nat'l Aero. & Sp. Admin*., 180 F.3d 303 (D.C. Cir. 1999) (line item prices, labor rates, overhead and profit figures/percentages withheld under exemption 4).

Disclosure of Rowe's price proposal would provide an unfair advantage to Rowe's competitors in all near future competitions in which Rowe competes. Rowe's price proposal discloses labor rates, staffing plans, overhead and profit rates, and line item costs that are proprietary to Rowe. A competitor with such information may be able to predict accurately Rowe's price for upcoming near-term procurements for similar services.

Rowe further submits that its Technical Proposal and Revised Technical Proposal should also remain protected. The information disclosed in Rowe's Technical Proposal and Revised Technical Proposal is based on Rowe's experience in proving and maintaining custodial services at a number of government sites and is used on an ongoing basis by Rowe. The likelihood of competitive harm in these circumstances permits exception from disclosure. *See, e.g., National Parks & Conservation Ass'n v. Kleppe*, 547 F.2d at 684 ("Disclosure would provide competitors with valuable insights into the operational strengths and weaknesses of a

[company], while [its] competitors] could continue in the customary manner of 'playing their cards close to their chest'"); *see also Hecht v. United States Agency for International Development*, No. Civ. A. 95-263-SLR, 1996 WL 33502232 (D. Del. Dec. 18, 1996) (concluding that a "contractor's technical, operations, and managerial approaches are the type of material" that should be withheld from release under the Freedom of Information Act).

For the foregoing reasons, Rowe respectfully requests that this Court grant Rowe's Motion for Designation of Protected Material regarding Rowe's price and technical proposals as set forth above.

Respectfully submitted,

/s/ Kenneth B. Weckstein
Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor

DATED: January 18, 2008

**Certificate of Service**

I hereby certify that on this 18th day of January, 2008, I caused a copy of the foregoing Motion for Designation of Protected Material to be filed electronically. I understand that notice will be sent by the Court's electronic filing system to the following persons who can access the filing through the Court's system:

Roger A. Hipp, Esquire
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Room 12072
Washington, DC 20530
Telefax No. (202) 307-0992

Daryle A. Jordan, Esquire
Patrick Henry LLP
7619 Little River Turnpike
Suite 340
Annandale, VA 22003.

/s/ Kenneth B. Weckstein

Kenneth B. Weckstein
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1860
(202) 861-3560 (fax)
kweckstein@ebglaw.com
Counsel for Intervenor